**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE ASSOCIATION-GROUP INSURANCE LITIGATION | : : : : : | MDL DOCKET NO. _____ |

**MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND
CONSOLIDATION IN THE
NORTHERN DISTRICT OF TEXAS**

Pursuant to 28 U.S.C. § 1407, Defendants UICI, Mid-West National Life

Insurance Company of Tennessee ("Mid-West), and The MEGA Life and Health

Insurance Company ("MEGA") (collectively, the "Moving Defendants") respectfully

submit this memorandum in support of their Motion Pursuant to 28 U.S.C. §1407 for

Transfer and Consolidation in the Northern District of Texas, Dallas Division, for pre-

trial proceedings (the "Transfer Motion").

## I. PRELIMINARY STATEMENT

Currently, there are eleven similar association-group insurance actions

pending across the country (collectively, the "Actions") related to insurance provided by

 

MEGA and Mid-West.[1]  Absent consolidation, these cases will produce eleven sets of nearly identical discovery requests and depositions.  Further, there is a substantial likelihood of inconsistent rulings if the cases are not consolidated for discovery and pre-trial proceedings.

Transfer of these actions to one, centrally located court would satisfy all of the goals of multidistrict litigation.  Indeed, this is a classic case for consolidation under the MDL statute:

- The Actions "involv[e] one or more common questions of fact" in that the allegations in each action centers on the alleged interrelationships between UICI, MEGA, and Mid-West and two not-for-profit associations and the alleged non-disclosure of these interrelationships to the plaintiffs in the Actions (together, "Plaintiffs");

- The transfer will further the "convenience of parties and witnesses" by avoiding redundant depositions and reducing the burden imposed on parties required to respond to duplicative discovery requests; and

- The transfer "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pre-trial fact development in what are likely to be highly complex actions – thus minimizing waste and inefficiency in the discovery process.

Further, the most appropriate transferee court is the Northern District of Texas.  The corporate headquarters for all of the corporate defendants and the NASE, one

---

[1] Association-group insurance is a particular type of health insurance available in certain states.  In simple terms, under certain state guidelines, association members are afforded an opportunity to collectively purchase health insurance from a health insurance company.

42




of the Associations, are within the Northern District of Texas.[2] Likewise, these

defendants' documents are maintained in the Northern District of Texas. Finally, the

Northern District of Texas is the geographic center between the districts in which the

majority of the Actions are pending. District Judge Sidney A. Fitzwater and Senior

District Judge Barefoot Sanders have significant experience handling complex,

multidistrict cases, and each is particularly well-suited to handle the pre-trial management

of these Actions.

## II. RELEVANT FACTUAL BACKGROUND

1.    The Actions. Midwest and MEGA sell health insurance in a variety of

states across the country. In certain of those states, their health insurance is sold as

"association-group" insurance, which means (in basic terms) that their health insurance is

sold strictly to members of certain associations. MEGA, in certain states, sells

association-group insurance to members of the National Association for the Self

Employed (the "NASE"). Mid-West, in certain states, sells association-group insurance

to members of the Alliance for Affordable Services (the "Alliance"). UICI is the parent

company of MEGA and Mid-West. MEGA and Mid-West are both wholly-owned

subsidiaries of UICI.

2.    In all the Actions, Plaintiffs allege, among other things, that negligent

and/or intentional misrepresentations were made in connection with the marketing of

memberships in the NASE and/or the Alliance (collectively the "Associations") and their

---

[2] The registered mailing address for the other not-for-profit association is also within the
Northern District of Texas.

43

 

purchase of health insurance from MEGA or Mid-West. Plaintiffs claim they were

defrauded by the Moving Defendants because they were never advised of certain alleged

interrelationships between the Moving Defendants, the NASE and the Alliance before

joining the Associations and obtaining health insurance coverage from Midwest and

MEGA.[3]

    3.    <u>Overlapping Pleadings</u>. The Actions bear strong factual resemblance to

one another. A brief review of the common factual allegations contained in these

pleadings makes this clear:

    a.    The <u>Portune</u> and <u>Correa</u> Actions:[4] The <u>Correa</u> and <u>Portune</u>

complaints nearly mirror each other and, like all Actions referenced in this Transfer

Motion, contain factual averments rooted in fraudulent non-disclosure theories. For

example, in their complaints, the <u>Portune</u> plaintiffs and the <u>Correa</u> plaintiff allege:

> Defendants represented that by joining the ALLIANCE,
> Plaintiff[s] would receive quality group health insurance
> without paying expensive individual rates. Defendants
> represented that they selected UICI and MID-WEST to
> provide group insurance through negotiations to avoid high
> individual rates . . . *Defendants failed to advise [Plaintiffs]*

---

[3]    In addition to the Moving Defendants, the NASE, and the Alliance, the Actions also include other secondary defendants, including individual sales agents. Because the allegations contained in Plaintiffs' original pleadings are generally devoid of factual averments or causes of action related to these secondary defendants, they are not the primary focus of the Transfer Motion.

[4]    The Schedule of Actions is appended to the Transfer Motion as Attachment A and incorporated herein by reference. It contains the full citation to each action. Likewise, each current complaint or petition is found in the Moving Defendants' Exhibits in Support of Motion Pursuant to 28 U.S.C. § 1407 for Transfer and Consolidation in the Northern District of Texas, as Exhibits 1-11 and will be referenced herein as Def.'s Ex. "____."

MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND
CONSOLIDATION IN THE
NORTHERN DISTRICT OF TEXAS            Page 4
C:\DOCUMENTS AND SETTINGS\LOISEAU\LOCAL SETTINGS\TEMP\C.DATA.NOTES\BRIEF IN SUPPORT OF MULTIDISTRICT
TRANSFER_#345590.DOC

44

 

> *that UICI and its wholly-owned subsidiaries, including*
> *MID-WEST, were aware of the ALLIANCE marketing*
> *scheme, supported the scheme and profited by it.*

(Correa Compl. ¶ 32 (Def.'s Ex. 1); Portune Compl. ¶ 34 (Def.'s Ex. 3) (emphasis added).)

      b.    The Garcia, Tomlin, and Bailey Actions: The Garcia case is brought on behalf of a proposed statewide (Texas) class. This is the only purported class action. The factual averments contained in the Garcia petition are virtually identical to those contained in the Tomlin and Bailey complaints and echo the allegations of deceptive sales practices seen in all the Actions.[5] For example, under the "Relationship of the Parties" heading in the Garcia petition and the Tomlin, and Bailey complaints, the plaintiffs aver that the associations and the Moving Defendants:

> [I]ntentionally concealed from Plaintiffs many material
> facts, including, but not limited to: 1) *all Defendants are*
> *under common ownership and control*; 2) *NASE is merely a*
> *marketing tool and profit center for Mega Life*; 3) the
> association "benefits" consist of nothing more than
> discounts and "information services" of negligible value
> which can commonly be obtained free of charge in
> connection with many purchases and services such as credit
> card ownership and travel club memberships; [and] 4) the
> "benefits package" is purchased by the NASE from a
> fulfillment company for approximately $2.00 per month per
> member but the NASE collects $15 or more per month
> from each member for these benefits.

(Garcia Pet. ¶ 4.01 (Def.'s Ex. 11); Tomlin Compl. ¶ 12 (Def.'s Ex. 4); Bailey Compl. ¶ 13 (Def.'s Ex. 5) (emphasis added).)

---

[5]    The petition in Garcia differs from the Tomlin and Bailey complaints (and the complaint or petition in the other pending Actions) in that it contains additional factual allegations typical in a class action pleading.

45




c.    The <u>Bishop</u>, <u>Pride</u>, <u>Webster</u>, and <u>Clark</u> Actions: The complaints in <u>Bishop</u>, <u>Pride</u>, <u>Webster</u>, and <u>Clark</u> substantially parallel the factual averments found in the <u>Garcia</u>, <u>Tomlin</u>, and <u>Bailey</u> pleadings. The complaints make the same "common ownership and control" averments found in the <u>Garcia</u>, <u>Tomlin</u>, and <u>Bailey</u> pleadings; contain factual allegations couched in terms of negligent and/or intentional concealment also found in the <u>Garcia</u>, <u>Tomlin</u>, and <u>Bailey</u> pleadings; and, at times, borrow exact language from the <u>Garcia</u>, <u>Tomlin</u>, and <u>Bailey</u> pleadings. (Compare <u>Bishop</u> Compl. ¶ 11 (Def.'s Ex. 8) (alleging that "Defendants . . . intentionally concealed from Plaintiff many material facts including but not limited to: 1) all Defendants are under common ownership and control . . . 4) the 'benefits package' is purchased by the NASE from a fulfillment company for approximately $2.00 per month per member . . . ."), <u>Pride</u> Compl. ¶ 23 (Def.'s Ex. 6), <u>Clark</u> Compl. ¶ 12 (Def.'s Ex. 7), and <u>Webster</u> Compl. ¶ 23 (Def.'s Ex. 9) with <u>Garcia</u> Pet. ¶ 4.01 (Def.'s Ex. 11), <u>Tomlin</u> Compl. ¶ 12 (Def.'s Ex. 4), and <u>Bailey</u> Compl. ¶ 13 (Def.'s Ex. 5).)

d.    The <u>Grigsby</u> Action: The <u>Grigsby</u> plaintiffs similarly aver that MEGA, UICI, and the NASE "colluded to defraud" them by making negligent and intentional misrepresentations regarding the independence of the NASE. (<u>Grigsby</u> Pet. ¶ 11 (Def.'s Ex. 10).)

e.    The <u>Lacy</u> Action: Plaintiff <u>Lacy</u> brings suit against all the Moving Defendants, alleging fraudulent and negligent misrepresentations arising from the "fail[ure] to adequately and meaningfully disclose" the alleged interrelationships between the Association and the Moving Defendants. (<u>Lacy</u> Compl. ¶ 21 (Def.'s Ex. 2).)

46

 

## III. ARGUMENT AND AUTHORITIES

A.     THE ACTIONS SHOULD BE TRANSFERRED AND COORDINATED OR CONSOLIDATED FOR PRE-TRIAL PROCEEDINGS.

       Title 28 U.S.C. § 1407(a) sets forth three criteria to guide the Judicial Panel on Multidistrict Litigation (the "MDL Panel") in its determination of whether transfer is appropriate: (1) the cases "involv[e] one or more common questions of fact," (2) the transfer would further "the convenience of parties and witnesses," and (3) the transfer "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407 (2000). Weaving the factual and legal circumstances raised by the Actions through these three statutory guideposts leads to one conclusion – transfer pursuant to § 1407 is appropriate.

     1.     The Actions Involve One or More Common Questions of Fact.

       Section 1407(a) requires that cases to be transferred "involv[e] one or more common questions of fact." 28 U.S.C. § 1407(a) (2000). As demonstrated by the overlapping factual averments cited above, the Actions undoubtedly stem from a common factual core. The allegations contained in each petition or complaint overlap significantly, involve the same set of defendant associations and insurers, and, in most instances, assert identical legal theories. (Compare Garcia Pet. ¶ 3.02 (Def.'s Ex. 11) ("Consumers are deceived by this arrangement . . .), Webster Compl. ¶ 2 (Def.'s Ex. 9), Bishop Compl. ¶ 2 (Def.'s Ex. 8), Pride Compl ¶ 2 (Def.'s Ex. 6), Bailey Compl. ¶ 2 (Def.'s Ex. 5), and Tomlin Compl. ¶ 2 (Def.'s Ex. 4) with Portune Compl. ¶ 15 (Def.'s Ex. 3) ("[M]embers are never told of the relationships"), Lacy Compl. ¶ 15 (Def.'s Ex.

47




2), Correa Compl. ¶ 13 (Def.'s Ex. 1), Grigsby Pet. ¶ 14 (Def.'s Ex. 10), and Clark

Compl. ¶ 2 (Def.'s Ex. 7).)  Each action seeks to redress harm allegedly caused by the

failure to disclose relations between certain of the defendants.  (See Garcia Pet. ¶ 9.01

(Def.'s Ex. 11); Webster Compl. ¶ 30 (Def.'s Ex. 9); Bishop Compl. ¶ 27 (Def.'s Ex. 8);

Pride Compl. ¶ 51 (Def.'s Ex. 6); Bailey Compl. ¶ 29 (Def.'s Ex. 5); Tomlin Compl. ¶ 28

(Def.'s Ex. 4); Portune Compl. ¶ 41 (Def.'s Ex. 3); Lacy Compl. ¶ 40 (Def.'s Ex. 2);

Correa Compl. ¶ 20 (Def.'s Ex. 1); Grigsby Pet. ¶ 17 (Def.'s Ex. 10); Clark Compl. ¶ 28

(Def.'s Ex. 7).)

      Further, the alleged interrelationships between the Moving Defendants and

the Associations will be undoubtedly the subject of overlapping pretrial motions and

discovery in all of the Actions.  (See Garcia Pet. ¶ 4.01 (Def.'s Ex. 11); Webster Compl.

¶ 23 (Def.'s Ex. 9); Bishop Compl. ¶ 11 (Def.'s Ex. 8); Pride Compl. ¶ 23 (Def.'s Ex. 6);

Bailey Compl. ¶ 13 (Def.'s Ex. 5); Tomlin Compl. ¶ 12 (Def.'s Ex. 4); Portune Compl.

¶ 34 (Def.'s Ex. 3); Lacy Compl. ¶ 21 (Def.'s Ex. 2); Correa Compl. ¶ 32 (Def.'s Ex. 1);

Grigsby Pet. ¶ 11 (Def.'s Ex. 10); Clark Compl. ¶ 12 (Def.'s Ex. 7).)  The factual

circumstances of the alleged interrelationships between the Moving Defendants and the

defendant Associations are also complex.  For example, in each case, Plaintiffs allege that

the Associations were structured by UICI as mere "marketing tool[s]" and "profit

center[s]" for Mid-West and MEGA, their wholly-owned subsidiaries.  (See Garcia Pet.

¶ 4.01 (Def.'s Ex. 11); Webster Compl. ¶ 13 (Def.'s Ex. 9); Bishop Compl. ¶ 11 (Def.'s

Ex. 8); Pride Compl. ¶ 23 (Def.'s Ex. 6); Bailey Compl. ¶ 13 (Def.'s Ex. 5); Tomlin

Compl. ¶ 12 (Def.'s Ex. 4); Portune Compl ¶ 15 (Def.'s Ex. 3); Lacy Compl. ¶ 15 (Def.'s

48



Ex. 2); <u>Correa</u> Compl. ¶ 13 (Def.'s Ex. 1); <u>Grigsby</u> Pet. ¶ 11 (Def.'s Ex. 10); <u>Clark</u>

Compl. ¶ 12 (Def.'s Ex. 7).)  The complexity of these factual issues should further

persuade the Panel that transfer of the eleven cases is appropriate here.  <u>See, e.g., In re</u>

<u>Clark Oil & Refining Corp. Antitrust Litig.</u>, 364 F. Supp. 458, 459 (J.P.M.L. 1973)

(discussing the complexity of factual issues as relevant to the transfer inquiry).

   Given the factual commonalities and complex nature of the Actions,

coordination or consolidation of the Actions for pre-trial purposes is proper.  <u>See, e.g., In</u>

<u>re "Factor VIII or IX Concentrate Blood Prods.," Prod. Liab. Litig.</u>, 853 F. Supp. 454,

455 (J.P.M.L. 1993) (discussing common questions of fact regarding defendants'

conduct); <u>In re Alert Income Partners Sec. Litig.</u>, 788 F. Supp. 1230, 1231 (J.P.M.L.

1992) (describing common questions of fact concerning alleged misrepresentations and

omissions of information).

   **2.**   **Coordination or Consolidation Will Further the Convenience of**
      **Parties and Witnesses.**

   Transfer and coordination or consolidation of these Actions will also

further "the convenience of parties and witnesses."  28 U.S.C. § 1407(a) (2000).  Moving

Defendants anticipate that Plaintiffs in these Actions will each seek to separately depose

many of the same individuals and discover a significant number of the same documents.

<u>In re Alert Income Partners</u>, 788 F. Supp. at 1231.  Without coordination or

consolidation, there is a strong potential for duplicative discovery demands and redundant

depositions.  <u>Id.</u>

49



Consolidation will solve this problem by enabling a single judge to formulate a pre-trial case management program that will minimize witness inconvenience and overall expense for all the parties. The total savings in time and expense resulting from this coordination or consolidation will ultimately benefit all parties to the association-group insurance litigation. See, e.g., In re Cuisinart Food Processor Antitrust Litig., 506 F. Supp. 651, 655 (J.P.M.L. 1981) (stating that transfer would "effectuate a significant overall savings of cost and a minimum inconvenience to all concerned with the pretrial activities"); In re Stirling Homex Corp. Sec. Litig., 405 F. Supp. 314, 316 (J.P.M.L. 1975) ("[W]e are confident that Section 1407 treatment will allow the . . . plaintiffs to experience a net savings of time, effort and expenses through pooling their resources with other plaintiffs in the transferee district who share similar interests.").

### 3. Coordination or Consolidation Will Promote the Just and Efficient Conduct of These Actions.

Most importantly, transfer and coordination or consolidation of these Actions will "promote the just and efficient conduct of [the] actions." 28 U.S.C. Section 1407(a) (2000); see also In re Food Lion Inc., 73 F.3d 528, 532 (4th Cir. 1996) ("The multidistrict statute was enacted as a means of conserving judicial resources."). Significant for the purposes of this criterion are the aggregate cost savings and the total conservation of judicial resources to be gained by the transfer. See In re Vernitron Sec. Litig., 462 F. Supp. 391, 393-94 (J.P.M.L. 1978). Further, avoiding inconsistent outcomes regarding similar or identical legal and factual allegations promotes justice and, thus, furthers the goals of §1407. See, e.g., In re Helicopter Crash Near Marsh Island, La., 461 F. Supp. 675, 676 (J.P.M.L. 1978) ("Transfer is . . . necessary in order to

50

prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the time and efforts of the parties and the judiciary.").

Where "an analysis of the complaints reveals a commonality of factual issues," transfer "is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings." In re A.H. Robins Co. "Dalkon Shield" IUD Prods. Liab. Litig., 406 F. Supp. 540, 542 (J.P.M.L. 1975). This principle applies here. The Actions all involve the same set of defendants and all seek redress for the same allegedly fraudulent concealment of interrelationships. (Garcia Pet. ¶ 4.01 (Def.'s Ex. 11); Webster Compl. ¶ 23 (Def.'s Ex. 9); Bishop Compl. ¶ 11 (Def.'s Ex. 8); Pride Compl. ¶ 23 (Def.'s Ex. 6); Bailey Compl. ¶ 13 (Def.'s Ex. 5); Tomlin Compl. ¶ 12 (Def.'s Ex. 4); Portune Compl ¶ 34 (Def.'s Ex. 3); Lacy Compl. ¶ 21 (Def.'s Ex. 2); Correa Compl. ¶ 32 (Def.'s Ex. 1); Grigsby Pet. ¶ 11 (Def.'s Ex. 10); Clark Compl. ¶ 28 (Def.'s Ex. 7).) Coordination or consolidation of these like Actions in a single district will, thus, obviate the need for redundant depositions and discovery requests, streamline this litigation, and ensure that contradictory rulings are not made. See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (centralization "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel and the judiciary"); In re Silicone Gel Breast Implants Prods. Liab. Litig., 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (same).

In no case has a trial date been set. Further, in no case has any meaningful discovery taken place. Thus, transfer will not delay the progress of any of the Actions.

51

 

Without consolidation, a small group of corporate officers will be required to divide their time and resources among the pretrial demands of eleven separate lawsuits in four different states – all moving at a similar pace and simultaneously proceeding through discovery.[6] Narrowing the universe of districts in which discovery disputes are heard from eleven to one reduces the inefficient consumption of valuable judicial and corporate resources. Coordination or consolidation further benefits Plaintiffs through the pooling of shared discovery. See. e.g., In re Temporomandibular Joint (TMJ) Implants, 844 F. Supp at 1554.

The Moving Defendants anticipate that a host of prospective "tag-along" cases factually related to these Actions will be filed in the near future. Association-group insurance litigation has received national publicity and the number of related cases filed, thus far, has continued at a steady pace. See, e.g., Chad Terhune, Nonprofit Groups That Tout Insurance Have Hidden Links, THE WALL STREET JOURNAL, November 21, 2002, available at http://www.legacyalliance.net/articles/news/uici.htm (Def.'s Ex. 23). Thus,

---

[6]     In several cases, motions to remand are pending in the purported transferor courts. The pendency of these motions does not, however, reduce the efficiencies to be gained from coordinating these very similar cases. Instead, several common removal-related issues could be determined by the transferee court. See, e.g., In re Rezulin Prods. Liab. Litig., 168 F. Supp.2d 136, 142 (S.D.N.Y. 2001) (transferee court ruling on fraudulent joinder issues in conjunction with motions to remand filed in transferor courts); In re Ford Motor Co. Ignition Switch Prods. Liab. Litig., 19 F. Supp.2d 263, 265, 272 (D. N. J. 1998) (transferee court adjudicating remand motions filed in transferor courts in multidistrict litigation); In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig., No. 1203, MDL Pre-trial Order No. 2567 (E.D. Pa. 1998) (transferee court extensively analyzing the fraudulent joinder issue).

52

 

the anticipated total cost savings to be had through transfer, while sizeable now, is likely to increase in the future.[7]

Given the common factual questions raised by these Actions, extensive discovery will be duplicated absent coordination or consolidation of the Actions. In particular, the depositions of defendants' executives and employees will likely be taken multiple times on the same subjects. Moreover, many of the same pre-trial disputes are likely to arise in each case (e.g., issues concerning the nature and scope of discovery, privilege matters, and whether allegations of fraud have been pleaded with particularity). Justice will be served by preventing the likelihood of inconsistent judicial outcomes on these issues.

**B.     THE PANEL SHOULD TRANSFER THESE ACTIONS TO THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION.**

    **1.     The Northern District of Texas Is the Most Convenient and Central Forum.**

The eleven Actions are presently pending in six separate districts in four different states. However, despite the geographic dispersion of the Actions, one district stands apart as the geographic and corporate center to this dispute – the Northern District of Texas.

This Panel has indicated that, pursuant to the language of 28 U.S.C. § 1407(a), one important factor in determining where to transfer actions for coordinated

---

[7]     For example, McCommon v. Mega Life and Health Insurance Co., is a recently-filed action similar to those before the MDL Panel. It is currently pending in state court, although Defendants anticipate removal of the action to the Southern District of Mississippi.

53

 

or consolidated multidistrict litigation is the convenience of the parties and witnesses.

See e.g., In re Rio Hair Naturalizer Prods. Liab. Litig., 904 F. Supp. 1407, 1408 (J.P.M.L.
1995). With respect to this factor, the Panel has indicated that it will consider such
matters as the parties' principal place of business and the location of the documents and
witnesses necessary to conduct the pretrial proceedings. See, e.g., In re Air Crash
Disaster Near Coolidge, Ariz., 362 F. Supp. 572, 573 (J.P.M.L. 1973) (location of
documents and anticipated witnesses important to consolidation decision); In re "Factor
VIII or IX Concentrate Blood Prods.", 853 F. Supp. at 455 (transferring to district where
two of the four defendants had significant contacts). This factor strongly favors the
Northern District of Texas, Dallas Division.

      Mid-West, MEGA, UICI and the NASE are all headquartered within the
Northern District of Texas.[8] Specialized Association Services, another corporate
defendant in several actions, is also a Texas corporation headquartered within the
Northern District of Texas. Many of the witnesses and documents that are likely to be
the subject of anticipated pre-trial discovery are, thus, located in this jurisdiction and the
Dallas division. Further, plaintiffs' counsel for three of the actions, including the
purported Texas class action, is located in Waco, Texas, which is closer to the Northern

---

[8]    MEGA is incorporated in Oklahoma, but its corporate headquarters for its health
insurance business is in North Richland Hills, Texas, which is in the Northern District of
Texas; Mid-West is incorporated in Tennessee, but its corporate headquarters is in the
Northern District of Texas; UICI is incorporated in Delaware, but is corporate
headquarters is in the Northern District of Texas; and the NASE is incorporated in Texas
with its corporate headquarters in the Northern District of Texas. The only other
principal defendant, the Alliance, is incorporated in Washington D.C., where no action is
currently pending. However, its registered mailing address is in Hurst, Texas, which is in
the Northern District of Texas.

54

District of Texas than any other district in which any Action is pending.  Additionally,

because the purported state-wide class action is pending in Texas (where all plaintiffs to

this potential class necessarily reside), the convenience of these witnesses is furthered by

this location.  Finally, the Northern District of Texas is the geographic center between

most of the actions – those located in California and those located in Mississippi.[9]

   In similar circumstances, this Panel has transferred multidistrict litigation

to the sites of the defendant's corporate headquarters, the district where the greatest

number of witnesses and documents are likely to be found, or the district most centrally

located between pending actions.  See, e.g., In re Salomon Bros. Treasury Sec. Litig., 796

F. Supp. 1537, 1538 (J.P.M.L. 1992) ("Salomon's allegedly illegal activities took place in

New York at Salomon's corporate headquarters, and documents and witnesses relating to

Salomon's conduct are located there"); see also In re Rio Hair Naturalizer Prods., 904 F.

Supp. at 1408 ("Although that district was not suggested by any of the parties . . . the

Eastern District of Michigan provides a geographically central location for this

nationwide litigation."); see also In re Air Crash Disaster at Sioux City, Iowa, 128 F.R.D.

131, 132 (J.P.M.L. 1989) (noting that "relevant documents can likely be found within this

district at [defendant's] headquarters"); In re Baldwin-United Corp. Litig., 581 F. Supp.

739, 741 (J.P.M.L. 1984) ("[M]any of the parties, potential witnesses and relevant

documents are located in the Southern District of New York (where defendant broker

dealer firms have their principal offices and headquarters."); In re Commonwealth

---

[9]  The Grigsby action is pending in Oklahoma City, Oklahoma, which is also
extremely close to Dallas and is accessible through a one-hour flight.

55

Oil/Tesoro Petroleum Sec. Litig., 458 F. Supp. 225, 230 (J.P.M.L. 1978) ("Furthermore, the corporate headquarters of COCO and TESORO are located in the Western District of Texas and, as a result, many relevant documents and witnesses are located there.").

Here, the balance of party and witness convenience and judicial efficiency favors the transfer of these Actions to the Northern District of Texas, Dallas Division, for coordination or consolidation.

    2.    **District Judge Sidney A. Fitzwater and Senior District Judge Barefoot Sanders Are Particularly Well-Suited to Handle the Pre-Trial Management of the Actions.**

Title 28 U.S.C. § 1407(b) requires the MDL Panel to transfer the actions to a specific judge (or judges) who will oversee the pre-trial management of the actions. 28 U.S.C. § 1407(b). Important to this determination can be a particular judge's expertise in handling complex multidistrict matters. See, e.g., In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig., 990 F. Supp. 834, 836 (J.P.M.L. 1998) (transferring to the Eastern District of Pennsylvania even though no action was currently pending there, in part, to transfer "to a distinguished jurist well versed in the intricacies of centralized pretrial proceedings under Section 1407"); In re Silicone Gel Breast Implants, 793 F. Supp. at 1100-01 (same). Here, based on their particular skill and experience handling complex matters, United States District Judge Sidney A. Fitzwater and United States Senior District Judge Barefoot Sanders are both particularly well-suited to oversee the pre-trial management and coordination or consolidation of these Actions.

Judge Fitzwater is a member of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States and has previously handled

56

complex insurance-related actions transferred from the MDL Panel.[10]  See In re Great Southern Life Ins. Co. Sales Practices Litig., MDL No. 1214; see also In re American Airlines, MDL No. 1019.  Further, Judge Fitzwater's docket is current.  See Report on Motions, Bench Trials and Civil Cases Pending 3/32/03, 1 ALMANAC OF THE FEDERAL JUDICIARY 54 (2003) ("Report") (Def.'s Ex. 27).  No pending motions appear on the latest six-month Report.  Id.[11]

Senior District Judge Barefoot Sanders is also well-suited to oversee pre-trial coordination here.[12]  He served for seven and a half years as a member of the MDL Panel under Chairman Judge John Nangle, served as Chair of the Judicial Conference Committee on the Judicial Branch, and has extensive experience in coordinating complex, multidistrict litigation.  See Judicial Panel on Multidistrict Litigation Reorganized, THE THIRD BRANCH, available at http://www.uscourts.gov/ttb/june00ttb/jreorg.html (Def.'s Ex. 29).  For example, Judge Sanders successfully consolidated twenty-six lawsuits brought by 157 investors against

---

[10]     A biography of Judge Sidney A. Fitzwater is attached as Def.'s Ex. 24.

[11]     The parties to these Actions will benefit from a transfer to Judge Fitzwater.  His temperament is especially fitting of complex, multiparty cases and his proclivity toward courtroom professionalism and orderly management in the administration of his docket engenders confidence that he will manage the pre-trial coordination or consolidation of the Actions with ease.  See Judge Sidney A. Fitzwater, Toward a Renaissance of Professionalism in Trial Advocacy, 20 TEX. TECH L. REV. 787 (1990) ("The call for a rebirth of professionalism is premised . . . upon the recognition that uncivil and discourteous trial advocacy must be eliminated so that justice will not be denied either by reason of excessive cost or unjustified delay.") ( Def.'s Ex. 25); see also Judge Sidney A. Fitzwater, Professionalism:  Viewing the Justice System as a Macrocosm, TEX. BAR J. 1086 (October 1990) (Def.'s Ex. 26).

[12]     A biography of Senior Judge Barefoot Sanders is attached as Def.'s Ex. 28.

57

 

various entities related to Quinn-L Corporation for alleged violations of federal securities and anti-racketeering laws. See Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 759 F. Supp. 1216, 1218 (N.D. Tex. 1990), aff'd in part, rev'd in part, 960 F.2d 1286 (5th Cir. 1992); see also In re Southwestern Life Ins. Co. Sales Practice Litig., MDL No. 1528. Until recently, Judge Sanders also oversaw judicially-imposed desegregation efforts by the Dallas Independent School District. See Eva-Marie Ayala, School Desegregation Order Lifted, THE FORT WORTH STAR-TELEGRAM, June 6, 2003 (Def.'s Ex. 30).

Judge Sanders' reputation as a distinguished jurist capable of effectively coordinating complex multidistrict matters is without question. All parties to the Actions would benefit greatly from his multidistrict knowledge coordinating the pre-trial management of the association-group insurance litigation. As is the case with Judge Fitzwater, Judge Sanders' docket is current. See Report (Def.'s Ex. 27).

### IV. CONCLUSION AND REQUESTED RELIEF

The consolidation of these common Actions will further "the convenience of parties and witnesses" and "[will] promote the just and efficient conduct of [the] Actions." Therefore, pursuant to 28 U.S.C. §1407, the Moving Defendants respectfully request the MDL Panel to enter an order transferring the Actions to the United States District Court for the Northern District of Texas, Dallas Division, for coordinated or consolidated pre-trial proceedings and, with the consent of that court, to the docket of Judge Sidney A. Fitzwater or Judge Barefoot Sanders. The Moving Defendants also request any other relief to which they may be entitled.

MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND
CONSOLIDATION IN THE
NORTHERN DISTRICT OF TEXAS
DAI:\345590\1117\NQ111.DOC 78416.0030

Page 18

58



DATED:  September 22, 2003

Respectfully submitted,

_Holly E. Loiseau_ (signature)

Ralph I. Miller
T. Ray Guy
Yvette Ostolaza
Robert R. Summerhays
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court
Suite 300
Dallas, TX 75201-6950
Telephone:  214-746-7700
Facsimile:  214-746-7777

David B. Hird
Holly E. Loiseau
WEIL, GOTSHAL & MANGES LLP
1501 K Street, Suite 100
Washington, D.C.  20005-1411
Telephone:  202-682-7000
Facsimile:  202-857-0940

Counsel for Defendants UICI, Mid-West
National Life Insurance Company of
Tennessee, and The MEGA Life and Health
Insurance Company

MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND
CONSOLIDATION IN THE
NORTHERN DISTRICT OF TEXAS
DA1:\345590\11:7#NQ11!.DOC\78416.0030

Page 19

59

 

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by certified mail, return receipt requested, on September 22, 2003, on the persons listed on the attached Master Panel Service List for Plaintiffs and Defendants.

Holly E. L'oiseau

MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND
CONSOLIDATION IN THE
NORTHERN DISTRICT OF TEXAS
DAL:345590\11\7#NQ11!.DOC.78416.0030

Page 20

60



# MASTER PANEL SERVICE LIST

Joseph T. Acquaviva, Jr., Esq.
Amy L. Thomas, Esq.
Wilson Cain & Acquaviva-OKC
300 NW 13th St., Suite 100
Oklahoma City, OK 73103

Attorneys for Defendants The MEGA Life and Health Insurance Company and UICI in
<u>Garcia v. The MEGA Life and Health Insurance Company</u>.


Sheryl Bey, Esq.
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Attorney for Defendant The MEGA Life and Health Insurance Company in <u>Webster v.
The MEGA Life and Health Insurance Co.</u>, <u>Tomlin v. The MEGA Life and Health
Insurance Company</u>, <u>Bishop v. The MEGA Life and Health Insurance Company</u>, <u>Bailey
v. The MEGA Life and Health Insurance Company</u>, and <u>Clark v. The MEGA Life and
Health Insurance Company</u>.


Andre H. Cronthall, Esq.
Sheppard Mullin Richter & Hampton
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071-1448

Attorney for Defendants UICI and Mid-West National Life Insurance Company of
Tennessee in <u>Correa v. UICI</u> and for Defendants UICI, Mid-West National Life Insurance
Company of Tennessee, and Michael Davis in <u>Portune v. UICI</u>.


Randy D. Curry, Esq.
Law Offices of Randy D. Curry
2424 SE Bristol Avenue, Suite 250
Newport Beach, CA 92660

Attorneys for Plaintiff Debbie Correa in <u>Correa v. UICI</u> and for Plaintiffs Albert J.
Portune and Leslie Portune in <u>Portune v. UICI</u>.

61



Marion Wesley Frazier, Esq.
Dwight M. Francis, Esq.
Michael H. Francis, Esq.
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

Attorneys for Defendants the National Association for the Self Employed and the NASE
Group Insurance Trust in Garcia v. The MEGA Life and Health Insurance Company.

Alice Garber, Esq.
Christopher J. Cox, Esq.
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Attorneys for Defendants UICI, The MEGA Life and Health Insurance Company, and
Mid-West National Life Insurance Company of Tennessee in Lacy v. The MEGA Life
and Health Insurance Company.

Baldemar Garza, Esq.
Attorney at Law
200 E. Second Street
Rio Grande City, TX 78582

Attorneys for Defendants UICI and The MEGA Life and Health Insurance Company in
Garcia v. The MEGA Life and Health Insurance Company.

Michael D. Greer, Esq.
Greer, Pipkin & Russell
P.O. Box 907
117 N. Broadway Street
Tupelo, MS 38802-0907

Attorneys for Plaintiffs Herman Tomlin and Gary Harrison in Tomlin v. The MEGA Life
and Health Insurance Company, for Plaintiffs William E. Bailey, Mike Ellis, Windell E.
Pounds, and Clara Mae Pounds in Bailey v. The MEGA Life and Health Insurance
Company, for Plaintiffs Robert Pride, Effie D. Pride, Etheldra D. Haynie, Brandon A.
Mayo, Thomas A. Mills, Johnny Moore, Gary Nanney, and Royce Spears in Pride v. The
MEGA Life and Health Insurance Company, for Plaintiffs Harold D. Webster, Melvin
Glenn Gresham, and Sandra Gresham in Webster v. The MEGA Life and Health
Insurance Company, and for Plaintiffs Robert Clark and Donna R. Clark in Clark v. The
MEGA Life and Health Insurance Company.

62



Arnulfo Guerra, Jr., Esq.
Guerra & Guerra
1900 W. University, Suite 6 PMB40
Edinburg, TX 78539

Attorneys for Plaintiffs Frank Garcia, Cynthia Alaniz, and a purported class of persons
similarly situated in Garcia v. The MEGA Life and Health Insurance Company.


T. Ray Guy, Esq.
Yvette Ostolaza, Esq.
Robert R. Summerhays, Esq.
Angela C. Wennihan, Esq.
Weil Gotshal & Manges
200 Crescent Court, Suite 300
Dallas, TX 75201

Attorneys for Defendants UICI and The MEGA Life and Health Insurance Company in
Garcia v. The MEGA Life and Health Insurance Company.


John Samuel Hill, Esq.
Lamar Bradley Dillard, Esq.
Mitchell, McNutt & Sams
105 S. Front Street
Tupelo, MS 38804


Attorneys for Defendants William Phipps, Robert Wesley Pittman, and John Does 1-20 in
Clark v. The MEGA Life and Health Insurance Company, for Defendants Chad Mills,
Robert Wesley Pittman, Barry Lee, and John Does 1-20 in Pride v. The MEGA Life and
Health Insurance Company, for Defendants William Phipps and John Does 1-20 in
Tomlin v. The MEGA Life and Health Insurance Company, for Defendants Barry Lee,
Chad Mills, William Phipps, and John Does 1-20 in Bailey v. The MEGA Life and
Health Insurance Company, and for Defendants William Phipps, David Bernard, Chad
Mills, and John Does 1-20 in Webster v. The MEGA Life and Health Insurance
Company.


John Lee Malesovas, Esq.
David H. Martin, Esq.
Malesovas & Martin, LLP
425 Austin Avenue
Waco, TX 76701

Attorneys for Plaintiffs Frank Garcia, Cynthia Alaniz, and a purported class of persons
similarly situated in Garcia v. The MEGA Life and Health Insurance Company.

63



Steven S. Mansell, Esq.
Mark A. Engel, Esq.
Steven S. Ashmore, Esq.
Mansell, Engel & Ashmore
101 Park Ave., Suite 665
Oklahoma City, OK 73102

Attorneys for Plaintiffs Lloyd H. Grigsby and Frances R. Grigsby in Grigsby v. The MEGA Life and Health Insurance Company.


Brian K. Mazen, Esq.
William E. von Behren, Esq.
Meserve Mumper & Hughes, LLP
300 S. Grand Ave., 24th Floor
Los Angeles, CA 90071-3185

Attorneys for Defendants the Alliance for Affordable Services, Specialized Association Services, William Callaghan, Jr., and Howard Segal in Portune v. UICI, and for Defendants the Alliance for Affordable Services, William Callaghan, Jr., Howard Segal, Paul Pevsner, M.D., Danelle Nixon, and Ace Loomis in Correa v. UICI.


Rene P. Montalvo, Esq.
Law Office of Rene P. Montalvo, P.C.
206 North Britton Street, Suite C
PO Box 16
Rio Grande City, TX 78582

Attorney for Plaintiffs Frank Garcia, Cynthia Alaniz, and a purported class of persons similarly situated in Garcia v. The MEGA Life and Health Insurance Company.


Joe D. Pegram, Esq.
1405 Jackson Ave.
P.O. Box 389
Oxford, MS 38655

Attorney for Plaintiff Billy Randall Bishop in Bishop v. The MEGA Life and Health Insurance Company.


Richard T. Phillips, Esq.
Smith, Phillips, Mitchell & Scott
103 Bates Street
P.O. Box 1586
Batesville, MS 38606

Attorney for Plaintiffs Robert Clark and Donna R. Clark in Clark v. The MEGA Life and Health Insurance Company, and for Plaintiffs Robert Pride, Effie D. Pride, Etheldra D.

64




Haynie, Brandon A. Mayo, Thomas A. Mills, Johnny Moore, Gary Nanney, and Royce Spears in <u>Pride v. The MEGA Life and Health Insurance Company</u>.


Kennedy P. Richardson, Esq.
Marion's Inn
1611 Telegraph Ave., Suite 707
Oakland, CA 94612-2145

Attorney for Defendants the National Association for the Self Employed and the Alliance for Affordable Services in <u>Lacy v. The MEGA Life and Health Insurance Company</u>.


Jamie Arturo Saenz, Esq.
Rodriguez , Colvin & Chaney, LLP
1201 E. Van Buren
Brownsville, TX 78522

Attorney for Defendants UICI and the MEGA life and Health Insurance Company in <u>Garcia v. The MEGA Life and Health Insurance Company</u>.


William M. Shernoff, Esq.
Evangeline F. Garris, Esq.
Shernoff Bidart & Darras, LLP
600 S. Indian Hill Blvd.
Claremont, CA 91711-5498

Attorneys for Plaintiff Debbie Correa in <u>Correa v. UICI</u> and for Albert J. Portune and Leslie Portune in <u>Portune v. UICI</u>.


Edward J. Simone, Esq.
Michael J. Reiser, Esq.
Law Offices of Reiser & Simone
1806 Bonanza Street
Walnut Creek, CA 94596

Attorneys for Plaintiff Sandra Lacy in <u>Lacy v. The MEGA Life and Health Insurance Company</u>.


Robert D. Tomlinson, Esq.
Coree L. Sinclair, Esq.
McKinney & Stringer-OKC
Corporate Tower
101 N. Robinson Ave., Suite 1300
Oklahoma City, OK 73102-5504

65



Attorneys for Defendant the National Association for the Self Employed in <u>Grigsbv v. The MEGA Life and Health Insurance Company</u>.


Victor Vincent Vicinaiz, Esq.
Roerig Oliveira and Fisher
506 E. Dove Ave.
McAllen, TX 78504

Attorneys for Defendant the National Association for the Self Employed in <u>Garcia v. The MEGA Life and Health Insurance Company</u>.


Thomas A. Wicker, Esq.
Michael D. Tapscott, Esq.
Holland, Ray, Upchurch & Hillen, P.A.
322 Jefferson Street
Tupelo, MS 38804

Attorneys for Defendant the National Association for the Self Employed in <u>Tomlin v. The MEGA Life and Health Insurance Company</u>, <u>Bishop v. The MEGA Life and Health Insurance Company</u>, <u>Bailey v. The MEGA Life and Health Insurance Company</u>, <u>Clark v. The MEGA Life and Health Insurance Company</u>, <u>Webster v. The MEGA Life and Health Insurance Company</u>, and <u>Pride v. The MEGA Life and Health Insurance Company</u>.

66

## DISTRICT COURTS

United States District Court
Central District of California, Western Division
760 United States Courthouse
255 East Temple Street
Los Angeles, CA 90012
Case No. 03-CV-4778
Judge Florence-Marie Cooper


United States District Court
Central District of California, Eastern Division
George E. Brown Jr. Federal Building and Courthouse
3470 Twelfth Street
Riverside, CA 92501
Case No. 03-CV-1060
Judge Robert J. Timlin


United States District Court,
Northern District of California, Oakland Division
1301 Clay Street, 4th Floor
Oakland, CA 94612
Case No. 4:03-CV-02852
Judge Claudia Wilken


United States District Court
Northern District of Mississippi, Eastern Division
301 West Commerce, Street, Room 342*
Aberdeen, MS 39730
Case No. 03-CV-114.
Case No. 03-CV-180
Case No. 03-CV-274
Chief Judge Glen H. Davidson


United States District Court
Northern District of Mississippi, Delta Division
388 Federal Building
911 Jackson Ave,
Oxford, MS 83655-1238
Case No. 03-CV-147
Senior Judge Neal B. Biggers
Case No. 03-CV-246
Chief Judge Glen H. Davidson (*see address listed above)

67



United States District Court
Northern District of Mississippi, Western Division
335 Federal Building
911 Jackson Ave,
Oxford, MS 83655-1238
Case No. 03-CV-103
Judge Michael P. Mills


United States District Court
Western District of Oklahoma, Oklahoma City Division
200 N.W. 4th Street, Room 5406
Oklahoma City, OK 73102
Case No. 03-CV-764
Judge Joe Heaton


United States District Court
Southern District of Texas, McAllen Division
Texas Commerce Center
1701 West Business Highway 83
McAllen, TX 78501
Case No. 03-CV-194
Judge Randy Crane

68



**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE ASSOCIATION-GROUP      :
INSURANCE LITIGATION        :       MDL DOCKET NO. _____
                             :
                             :

### REASON WHY ORAL ARGUMENT SHOULD BE HEARD

Pursuant to 28 U.S.C. § 1407 and Rule 16.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), movants UICI, Mid-West National Life Insurance Company of Tennessee, and The MEGA Life and Health Insurance Company (the "Movants") respectfully submit this request for oral argument in conjunction with the Movants' Motion to Transfer the Association-Group Insurance Litigation to a single district court for coordinated or consolidated pre-trial proceedings.

The factual complexity and procedural posture of these association-group insurance cases and the geographic dispersement of the cases are such that oral argument will benefit the MDL Panel in its deliberations and ultimate decision-making role. Further, as opposition from the plaintiffs is anticipated, this Motion is particularly appropriate for argument.

69

 

## REQUESTED RELIEF

**WHEREFORE**, Movants request relief pursuant to Rule 16.1, the MDL Panel

hear oral argument before taking matters under submission related to the requested

transfer of the association-group litigation to a single forum for coordinated or

consolidated pre-trial proceedings.

**DATED:** September 22, 2003

Respectfully submitted,

Ralph I. Miller
T. Ray Guy
Yvette Ostolaza
Robert R. Summerhays
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court
Suite 300
Dallas, TX 75201-6950
Telephone: 214-746-7700
Facsimile: 214-746-7777

David B. Hird
Holly E. Loiseau
WEIL, GOTSHAL & MANGES LLP
1501 K Street, Suite 100
Washington, D.C. 20005-1411
202-682-7000
Fax: 202-857-0940

Counsel for Defendants UICI, Mid-West
National Life Insurance Company of
Tennessee, and The MEGA Life and Health
Insurance Company

70

 

## MASTER PANEL SERVICE LIST

Joseph T. Acquaviva, Jr., Esq.
Amy L. Thomas, Esq.
Wilson Cain & Acquaviva-OKC
300 NW 13th St., Suite 100
Oklahoma City, OK 73103

Attorneys for Defendants The MEGA Life and Health Insurance Company and UICI in
Garcia v. The MEGA Life and Health Insurance Company.


Sheryl Bey, Esq.
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Attorney for Defendant The MEGA Life and Health Insurance Company in Webster v.
The MEGA Life and Health Insurance Co., Tomlin v. The MEGA Life and Health
Insurance Company, Bishop v. The MEGA Life and Health Insurance Company, Bailey
v. The MEGA Life and Health Insurance Company, and Clark v. The MEGA Life and
Health Insurance Company.


Andre H. Cronthall, Esq.
Sheppard Mullin Richter & Hampton
333 S. Hope Street, 48th Floor
Los Angeles, CA 90071-1448

Attorney for Defendants UICI and Mid-West National Life Insurance Company of
Tennessee in Correa v. UICI and for Defendants UICI, Mid-West National Life Insurance
Company of Tennessee, and Michael Davis in Portune v. UICI.


Randy D. Curry, Esq.
Law Offices of Randy D. Curry
2424 SE Bristol Avenue, Suite 250
Newport Beach, CA 92660

Attorneys for Plaintiff Debbie Correa in Correa v. UICI and for Plaintiffs Albert J.
Portune and Leslie Portune in Portune v. UICI.

72



Marion Wesley Frazier, Esq.
Dwight M. Francis, Esq.
Michael H. Francis, Esq.
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

Attorneys for Defendants the National Association for the Self Employed and the NASE Group Insurance Trust in <u>Garcia v. The MEGA Life and Health Insurance Company</u>.

Alice Garber, Esq.
Christopher J. Cox, Esq.
Weil Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Attorneys for Defendants UICI, The MEGA Life and Health Insurance Company, and Mid-West National Life Insurance Company of Tennessee in <u>Lacy v. The MEGA Life and Health Insurance Company</u>.

Baldemar Garza, Esq.
Attorney at Law
200 E. Second Street
Rio Grande City, TX 78582

Attorneys for Defendants UICI and The MEGA Life and Health Insurance Company in <u>Garcia v. The MEGA Life and Health Insurance Company</u>.

Michael D. Greer, Esq.
Greer, Pipkin & Russell
P.O. Box 907
117 N. Broadway Street
Tupelo, MS 38802-0907

Attorneys for Plaintiffs Herman Tomlin and Gary Harrison in <u>Tomlin v. The MEGA Life and Health Insurance Company</u>, for Plaintiffs William E. Bailey, Mike Ellis, Windell E. Pounds, and Clara Mae Pounds in <u>Bailey v. The MEGA Life and Health Insurance Company</u>, for Plaintiffs Robert Pride, Effie D. Pride, Etheldra D. Haynie, Brandon A. Mayo, Thomas A. Mills, Johnny Moore, Gary Nanney, and Royce Spears in <u>Pride v. The MEGA Life and Health Insurance Company</u>, for Plaintiffs Harold D. Webster, Melvin Glenn Gresham, and Sandra Gresham in <u>Webster v. The MEGA Life and Health Insurance Company</u>, and for Plaintiffs Robert Clark and Donna R. Clark in <u>Clark v. The MEGA Life and Health Insurance Company</u>.

73




Arnulfo Guerra, Jr., Esq.
Guerra & Guerra
1900 W. University, Suite 6 PMB40
Edinburg, TX 78539.

Attorneys for Plaintiffs Frank Garcia, Cynthia Alaniz, and a purported class of persons
similarly situated in <u>Garcia v. The MEGA Life and Health Insurance Company</u>.


T. Ray Guy, Esq.
Yvette Ostolaza, Esq.
Robert R. Summerhays, Esq.
Angela C. Wennihan, Esq.
Weil Gotshal & Manges
200 Crescent Court, Suite 300
Dallas, TX 75201

Attorneys for Defendants UICI and The MEGA Life and Health Insurance Company in
<u>Garcia v. The MEGA Life and Health Insurance Company</u>.


John Samuel Hill, Esq.
Lamar Bradley Dillard, Esq.
Mitchell, McNutt & Sams
105 S. Front Street
Tupelo, MS 38804


Attorneys for Defendants William Phipps, Robert Wesley Pittman, and John Does 1-20 in
<u>Clark v. The MEGA Life and Health Insurance Company</u>, for Defendants Chad Mills,
Robert Wesley Pittman, Barry Lee, and John Does 1-20 in <u>Pride v. The MEGA Life and
Health Insurance Company</u>, for Defendants William Phipps and John Does 1-20 in
<u>Tomlin v. The MEGA Life and Health Insurance Company</u>, for Defendants Barry Lee,
Chad Mills, William Phipps, and John Does 1-20 in <u>Bailey v. The MEGA Life and
Health Insurance Company</u>, and for Defendants William Phipps, David Bernard, Chad
Mills, and John Does 1-20 in <u>Webster v. The MEGA Life and Health Insurance
Company</u>.


John Lee Malesovas, Esq.
David H. Martin, Esq.
Malesovas & Martin, LLP
425 Austin Avenue
Waco, TX 76701

Attorneys for Plaintiffs Frank Garcia, Cynthia Alaniz, and a purported class of persons
similarly situated in <u>Garcia v. The MEGA Life and Health Insurance Company</u>.

74

 

Steven S. Mansell, Esq.
Mark A. Engel, Esq.
Steven S. Ashmore, Esq.
Mansell, Engel & Ashmore
101 Park Ave., Suite 665
Oklahoma City, OK 73102

Attorneys for Plaintiffs Lloyd H. Grigsby and Frances R. Grigsby in Grigsby v. The MEGA Life and Health Insurance Company.


Brian K. Mazen, Esq.
William E. von Behren, Esq.
Meserve Mumper & Hughes, LLP
300 S. Grand Ave., 24th Floor
Los Angeles, CA 90071-3185

Attorneys for Defendants the Alliance for Affordable Services, Specialized Association Services, William Callaghan, Jr., and Howard Segal in Portune v. UICI, and for Defendants the Alliance for Affordable Services, William Callaghan, Jr., Howard Segal, Paul Pevsner, M.D., Danelle Nixon, and Ace Loomis in Correa v. UICI.


Rene P. Montalvo, Esq.
Law Office of Rene P. Montalvo, P.C.
206 North Britton Street, Suite C
PO Box 16
Rio Grande City, TX 78582

Attorney for Plaintiffs Frank Garcia, Cynthia Alaniz, and a purported class of persons similarly situated in Garcia v. The MEGA Life and Health Insurance Company.


Joe D. Pegram, Esq.
1405 Jackson Ave.
P.O. Box 389
Oxford, MS 38655

Attorney for Plaintiff Billy Randall Bishop in Bishop v. The MEGA Life and Health Insurance Company.


Richard T. Phillips, Esq.
Smith, Phillips, Mitchell & Scott
103 Bates Street
P.O. Box 1586
Batesville, MS 38606

Attorney for Plaintiffs Robert Clark and Donna R. Clark in Clark v. The MEGA Life and Health Insurance Company, and for Plaintiffs Robert Pride, Effie D. Pride, Etheldra D.

75



Haynie, Brandon A. Mayo, Thomas A. Mills, Johnny Moore, Gary Nanney, and Royce Spears in Pride v. The MEGA Life and Health Insurance Company.


Kennedy P. Richardson, Esq.
Marion's Inn
1611 Telegraph Ave., Suite 707
Oakland, CA 94612-2145

Attorney for Defendants the National Association for the Self Employed and the Alliance for Affordable Services in Lacy v. The MEGA Life and Health Insurance Company.


Jamie Arturo Saenz, Esq.
Rodriguez , Colvin & Chaney, LLP
1201 E. Van Buren
Brownsville, TX 78522


Attorney for Defendants UICI and the MEGA life and Health Insurance Company in Garcia v  The MEGA Life and Health Insurance Company.


William M. Shernoff, Esq.
Evangeline F. Garris, Esq.
Shernoff Bidart & Darras, LLP
600 S. Indian Hill Blvd.
Claremont, CA 91711-5498

Attorneys for Plaintiff Debbie Correa in Correa v. UICI and for Albert J. Portune and Leslie Portune in Portune v. UICI.


Edward J. Simone, Esq.
Michael J. Reiser, Esq.
Law Offices of Reiser & Simone
1806 Bonanza Street
Walnut Creek, CA 94596

Attorneys for Plaintiff Sandra Lacy in Lacy v. The MEGA Life and Health Insurance Company.


Robert D. Tomlinson, Esq.
Coree L. Sinclair, Esq.
McKinney & Stringer-OKC
Corporate Tower
101 N. Robinson Ave., Suite 1300
Oklahoma City, OK 73102-5504

76


Attorneys for Defendant the National Association for the Self Employed in <u>Grigsby v.</u>
<u>The MEGA Life and Health Insurance Company</u>.

Victor Vincent Vicinaiz, Esq.
Roerig Oliveira and Fisher
506 E. Dove Ave.
McAllen, TX 78504

Attorneys for Defendant the National Association for the Self Employed in <u>Garcia v. The</u>
<u>MEGA Life and Health Insurance Company</u>.

Thomas A. Wicker, Esq.
Michael D. Tapscott, Esq.
Holland, Ray, Upchurch & Hillen, P.A.
322 Jefferson Street
Tupelo, MS 38804

Attorneys for Defendant the National Association for the Self Employed in <u>Tomlin v.</u>
<u>The MEGA Life and Health Insurance Company</u>, <u>Bishop v. The MEGA Life and Health</u>
<u>Insurance Company</u>, <u>Bailey v. The MEGA Life and Health Insurance Company</u>, <u>Clark v.</u>
<u>The MEGA Life and Health Insurance Company</u>, <u>Webster v. The MEGA Life and Health</u>
<u>Insurance Company</u>, and <u>Pride v. The MEGA Life and Health Insurance Company</u>.

<u>MASTER PANEL SERVICE LIST</u>                                                   **Page 6**
C:\DOCUMENTS AND SETTINGS\LOISEAU\LOCAL SETTINGS\TEMP\C.DATA.NOTES\MASTER SERVICE LIST - MULTI DISTRICT
LITIGATION_#345498.DOC

77



## DISTRICT COURTS

United States District Court
Central District of California, Western Division
760 United States Courthouse
255 East Temple Street
Los Angeles, CA 90012
Case No. 03-CV-4778
Judge Florence-Marie Cooper


United States District Court
Central District of California, Eastern Division
George E. Brown Jr. Federal Building and Courthouse
3470 Twelfth Street
Riverside, CA 92501
Case No. 03-CV-1060
Judge Robert J. Timlin


United States District Court,
Northern District of California, Oakland Division
1301 Clay Street, 4th Floor
Oakland, CA 94612
Case No. 4:03-CV-02852
Judge Claudia Wilken


United States District Court
Northern District of Mississippi, Eastern Division
301 West Commerce, Street, Room 342*
Aberdeen, MS 39730
Case No. 03-CV-114
Case No. 03-CV-180
Case No. 03-CV-274
Chief Judge Glen H. Davidson


United States District Court
Northern District of Mississippi, Delta Division
388 Federal Building
911 Jackson Ave,
Oxford, MS 83655-1238
Case No. 03-CV-147
Senior Judge Neal B. Biggers
Case No. 03-CV-246
Chief Judge Glen H. Davidson (*see address listed above)

78

 

United States District Court
Northern District of Mississippi, Western Division
335 Federal Building
911 Jackson Ave,
Oxford, MS 83655-1238
Case No. 03-CV-103
Judge Michael P. Mills


United States District Court
Western District of Oklahoma, Oklahoma City Division
200 N.W. 4th Street, Room 5406
Oklahoma City, OK 73102
Case No. 03-CV-764
Judge Joe Heaton


United States District Court
Southern District of Texas, McAllen Division
Texas Commerce Center
1701 West Business Highway 83
McAllen, TX 78501
Case No. 03-CV-194
Judge Randy Crane

79



## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION



| | |
|---|---|
| IN RE ASSOCIATION-GROUP INSURANCE LITIGATION | MDL DOCKET NO. _____ |

### MOVING DEFENDANTS' EXHIBITS IN SUPPORT OF
### MOTION PURSUANT TO 28 U.S.C. § 1407 FOR TRANSFER
### AND CONSOLIDATION IN THE NORTHERN DISTRICT OF TEXAS

Defendants UICI, Mid-West National Life Insurance Company of

Tennessee, and The MEGA Life and Health Insurance Company (collectively, the

"Moving Defendants") respectfully submit these exhibits in support of their motion

pursuant to 28 U.S.C. § 1407 for transfer and consolidation of the association-group

litigation in the Northern District of Texas, Dallas Division, for pre-trial proceedings:

| Exhibit No. | Description |
|---|---|
| 1 | First Amended Complaint and Demand for Jury Trial filed in *Debbie Correa v. UICI, Mid-West National Life Insurance Company of Tennessee, Alliance for Affordable Services, Cornerstone America, Specialized Association Services, William Callaghan, Jr., Howard Segal, Paul Pevsner, M.D., Danelle Nixon, Ace Loomis* |
| 2 | Complaint for Unfair Business Practices and Injunctive Relief filed in *Sandra Lacy v. MEGA Life and Health Insurance Company, an Oklahoma Insurance Company; Mid-West National Life Insurance Company of Tennessee, a Tennessee Insurance Company; NASE Group Insurance Trust; National Association for the Self Employed aka NASE, a Texas Corporation; United* |

80




| Exhibit No. | Description |
|---|---|
| | *Group Association, Inc.; Alliance for Affordable Services; The Business and Professional Service Industry Trust; Cornerstone Marketing of America; UICI, Inc., a Delaware Corporation and Does 1 through 200* |
| 3 | Complaint filed in *Albert J. Portune and Leslie Portune v. UICI, Mid-West National Life Insurance Company of Tennessee, Alliance for Affordable Services, Cornerstone America, Specialized Association Services, William Callaghan, Jr., Howard Segal, Paul Pevsner, M.D., Danelle Nixon, Ace Loomis, Michael Davis, and DOES 1 through 100, inclusive* |
| 4 | Complaint filed in *Herman Tomlin and Gary Harrison v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE, William L. Phelps, and John Does 1 through 20* |
| 5 | Complaint filed in *William E. Bailey, Mike Ellis, Windell E. Pounds and Clara Mae Pounds v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE, Barry Lee, Chad Mills, William L. Phipps, and John Does 1 through 20* |
| 6 | Second Amended Complaint filed in *Robert Pride, Effie D. Pride, Etheldra D. Haynie, Brandon A. Mayo, Thomas A. Mills, Johnny Moore, Gary Nanney, Royce Spears, and Hudson Williams v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE, Chad Mills, Robert Wesley Pittman, Barry Lee, and John Does 1 through 20* |
| 7 | Complaint filed in *Robert Clark and Donna R. Clark vs. MEGA Life and Health Insurance Company, NASE Group Insurance Trust Fund, National Association for the Self-Employed aka NASE, William L. Phillps, Robert Wesley Pittman, and John Does 1 through 20* |
| 8 | Amended Complaint filed in *Billy Randall Bishop vs. David S. Barnard, MEGA Life and Health Insurance Company, NASE Group Insurance Trust and National Association for the Self-Employed aka NASE* |
| 9 | First Amended Complaint filed in *Harold D. Webster, Melvin Glenn Gresham and Sandra Gresham vs. MEGA Life and Health Insurance Company, NASE Group Insurance Trust Fund, National Association for the Self-Employed aka NASE, William L. Phipps, David Bernard, Chad Mills, and John Does 1 through-20* |
| 10 | Petition filed in *Lloyd H. Grigsby and Frances R. Grigsby, husband and wife v. The MEGA Life and Health Insurance Company; National Association for the Self-Employed; and UICI* |
| 11 | Plaintiffs' First Amended Original Petition and Motion for Class Certification |

81

| Exhibit No. | Description |
|---|---|
| | filed in *Frank Garcia and Cynthia Alaniz, on behalf of Themselves and a Class of Persons Similarly Situated v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE and UICI, Inc.* |
| 12 | Docket Sheet for *Debbie Correa v. UICI, Mid-West National Life Insurance Company of Tennessee, Alliance for Affordable Services, Cornerstone America, Specialized Association Services, William Callaghan, Jr., Howard Segal, Paul Pevsner, M.D., Danelle Nixon, Ace Loomis* |
| 13 | Docket Sheet for *Sandra Lacy v. MEGA Life and Health Insurance Company, an Oklahoma Insurance Company; Mid-West National Life Insurance Company of Tennessee, a Tennessee Insurance Company; NASE Group Insurance Trust; National Association for the Self Employed aka NASE, a Texas Corporation; United Group Association, Inc.; Alliance for Affordable Services; The Business and Professional Service Industry Trust; Cornerstone Marketing of America; UICI, Inc., a Delaware Corporation and Does 1 through 200* |
| 14 | Docket Sheet for *Albert J. Portune and Leslie Portune v. UICI, Mid-West National Life Insurance Company of Tennessee, Alliance for Affordable Services, Cornerstone America, Specialized Association Services, William Callaghan, Jr., Howard Segal, Paul Pevsner, M.D., Danelle Nixon, Ace Loomis, Michael Davis, and DOES 1 through 100, inclusive* |
| 15 | Docket Sheet for *Herman Tomlin and Gary Harrison v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE, William L. Phelps, and John Does 1 through 20* |
| 16 | Docket Sheet for *William E. Bailey, Mike Ellis, Windell E. Pounds and Clara Mae Pounds v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE, Barry Lee, Chad Mills, William L. Phipps, and John Does 1 through 20* |
| 17 | Docket Sheet for *Robert Pride, Effie D. Pride, Etheldra D. Haynie, Brandon A. Mayo, Thomas A. Mills, Johnny Moore, Gary Nanney, Royce Spears, and Hudson Williams v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE, Chad Mills, Robert Wesley Pittman, Barry Lee, and John Does 1 through 20* |
| 18 | Docket Sheet for *Robert Clark and Donna R. Clark vs. MEGA Life and Health Insurance Company, NASE Group Insurance Trust Fund, National Association for the Self-Employed aka NASE, William L. Phillps, Robert Wesley Pittman, and John Does 1 through 20* |

82



| Exhibit No. | Description |
|---|---|
| 19 | Docket Sheet for *Billy Randall Bishop vs. David S. Barnard, MEGA Life and Health Insurance Company, NASE Group Insurance Trust and National Association for the Self-Employed aka NASE* |
| 20 | Docket Sheet for *Harold D. Webster, Melvin Glenn Gresham and Sandra Gresham vs. MEGA Life and Health Insurance Company, NASE Group Insurance Trust Fund, National Association for the Self-Employed aka NASE, William L. Phipps, David Bernard, Chad Mills, and John Does 1 through-20* |
| 21 | Docket Sheet for *Lloyd H. Grigsby and Frances R. Grigsby, husband and wife v. The MEGA Life and Health Insurance Company; National Association for the Self-Employed; and UICI* |
| 22 | Docket Sheet for *Frank Garcia and Cynthia Alaniz, on behalf of Themselves and a Class of Persons Similarly Situated v. MEGA Life and Health Insurance Company, NASE Group Insurance Trust, National Association for the Self-Employed aka NASE and UICI, Inc.* |
| 23 | Chad Terhune, Nonprofit Groups that Tout Insurance Have Hidden Links, THE WALL STREET JOURNAL, November 21, 2002, available at http://www.legacvalliance.net/articles/news/uici.htm |
| 24 | Biography of Judge Sidney A. Fitzwater |
| 25 | Judge Sidney A. Fitzwater, Toward a Renaissance of Professionalism in Trial Advocacy, 20 TEX. TECH L. REV. 787 (1990) |
| 26 | Judge Sidney A. Fitzwater, Professionalism: Viewing the Justice System as a Macrocosm, TEX. BAR J. 1086 (October 1990) |
| 27 | Report on Motions, Bench Trials and Civil Cases Pending 3/32/03, 1 ALMANAC OF THE FEDERAL JUDICIARY 54 (2003) |
| 28 | Biography of Senior Judge Barefoot Sanders |
| 29 | Judicial Panel on Multidistrict Litigation Reorganized, THE THIRD BRANCH, available at http://www.uscourts.gov/ttb/june00ttbb/jreorg.html |
| 30 | Eva-Marie Ayala, School Desegregation Order Lifted, THE FORT WORTH STAR-TELEGRAM, June 6, 2003 |

MOVING DEFENDANTS' EXHIBITS IN SUPPORT OF
MOTION PURSUANT TO 28 U.S.C. § 1407 FOR TRANSFER
AND CONSOLIDATION IN THE NORTHERN DISTRICT OF TEXAS                    **Page 4**
DA1:\345724\02\7#RG02:DOC\78416.0030

83

 

DATED:  September 17, 2003

Respectfully submitted,



Yvette Ostolaza
Robert R. Summerhays
Angela C. Wennihan
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, TX 75201-6950
214-746-7700
Fax: 214-746-7777

David B. Hird
Holly E. Loiseau
WEIL, GOTSHAL & MANGES LLP
1501 K Street, Suite 100
Washington, D.C. 20005-1411
202-682-7000
Fax: 202-857-0940

Counsel for Defendants
UICI; Mid-West National Life Insurance
Company of Tennessee; and The MEGA
Life and Health Insurance Company

MOVING DEFENDANTS' EXHIBITS IN SUPPORT OF
MOTION PURSUANT TO 28 U.S.C. § 1407 FOR TRANSFER
AND CONSOLIDATION IN THE NORTHERN DISTRICT OF TEXAS
DA1:\457240217\RG02!.DOC\78416.0030

Page 5

84