JUN.24.2003   1:15PM   MITCHELL MCNUTT & SAMS PA                    NO.822   P.2



IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF CHICKASAW COUNTY, MISSISSIPPI

HAROLD D. WEBSTER, MELVIN GLENN GRESHAM          PLAINTIFFS
and SANDRA GRESHAM

VS.                                              CAUSE NO. H-2003-043

MEGA LIFE AND HEALTH INSURANCE COMPANY,
NASE GROUP INSURANCE TRUST FUND, NATIONAL
ASSOCIATION FOR THE SELF-EMPLOYED aka NASE,
WILLIAM L. PHIPPS, DAVID BERNARD, CHAD MILLS,
AND JOHN DOES 1-20                               DEFENDANTS

## FIRST AMENDED COMPLAINT

### (JURY TRIAL REQUESTED)

COME NOW Plaintiffs, Harold D. Webster, Melvin Glenn Gresham and Sandra

Gresham, by and through their attorneys, and bring this civil complaint against Defendants,

Mega Life and Health Insurance Company (hereinafter "Mega Life"), NASE Group Insurance

Trust Fund (hereinafter "NASE Group") and National Association for the Self Employed a/k/a

NASE (hereinafter "NASE"), William L. Phipps, David Bernard, Chad Mills, and John Does 1-

20, and in support of the same would show the following:

## I.

## INTRODUCTION

1.      The Plaintiffs are, or at the time of the sale giving rise to this cause of action

were, adult resident citizens of the State of Mississippi. The Defendant Mega Life is an

insurance company licensed to do business, and actually doing business, in the State of

Mississippi. Plaintiff, Harold D. Webster, was sold what was represented to be a health

insurance policy in the State of Mississippi, Chickasaw County, by the Defendant Mega Life

FILED

JUN 18 2003
Complaint
SANDRA N. WILLIS
CIRCUIT CLERK
CHICKASAW COUNTY
BOOK ____ PAGE P.

Page 1

EXHIBIT 9

235

through Defendants' agents, William L. Phipps, David Bernard, Chad Mills and John Does 1-20, pursuant to a scheme of deceptive sales practices developed by, supported by, and conducted with the knowledge of and to the benefit of the Defendants Mega Life, NASE Group and NASE. Plaintiffs, Melvin Glenn Gresham and Sandra Gresham, were also sold what was represented to be a health insurance policy in the State of Mississippi, Benton County, by the Defendant Mega Life through Defendants' agents, William L. Phipps, David Bernard, Chad Mills and John Does 1-20, pursuant to a scheme of deceptive sales practices developed by, supported by, and conducted with the knowledge of and to the benefit of the Defendants Mega Life, NASE Group and NASE.

2.    Mega Life, NASE Group and NASE are under common control and ownership and operate as a unified business arrangement. However, the arrangement is designed to create the impression that each entity operates independently. NASE purports to be a "non-profit" association formed by the "self employed" for the purpose of advancing the interest of small business owners. In fact, though, it was formed, and is operated, by Mega Life Insurance Company as a marketing tool and profit center. The "association" arrangement is used solely for the purpose of generating profits through "association dues" and avoiding state insurance regulations by the use of "group trust" and "association" insurance certificates which Mega Life contends can be altered, modified or cancelled by an "agreement" between Mega Life and NASE Group. Consumers are deceived by this arrangement into believing that NASE is an independent entity which evaluates various insurance policies in order to obtain the best available "group insurance" when, in fact, the association, trust and insurance company are jointly owned and controlled and the only insurance made available to NASE members are Mega Life products.

Complaint                                                                                    Page 2



3. John Does 1-20 are insurance agents who may have aided to some degree in the sale or deceptive practices and fraud alleged herein, but whose identity and addresses are unknown at this time; therefore, upon complete identification and location, the complaint will be amended to add the specific agents.

## PARTIES

4.     Plaintiff, Harold D. Webster, is, and at the time of the transactions complained of was, an adult resident citizen of the First Judicial District of Chickasaw County, Mississippi, residing at 205 Scott Street, Houston, Mississippi. Plaintiffs, Melvin Glenn Gresham and Sandra Gresham are adult resident citizens of the Benton County, Mississippi, residing at 748 Main Street North, Ashland, Mississippi.

5.     Defendant Mega Life is a foreign insurance company organized and existing under the laws of the state of Oklahoma. At all times alleged herein, Mega Life was registered to do and actually doing business in the state of Mississippi. Mega Life's registered agent for service of process in the State of Mississippi is as follows:

> CT Corp. Systems of Mississippi
> 631 Lakeland East Drive
> Flowood, MS 39232

Process may be served on the Defendant Mega Life by service on its registered agent at said address or by service on the Mississippi Commissioner of Insurance.

6.     The Defendant NASE Group Insurance Trust Fund is a purported "trust" organized and existing under the laws of a state as yet undetermined. At all times alleged herein, NASE Group was doing business in the State of Mississippi. This entity does not maintain a

Complaint

237

registered agent in Mississippi but may be served with process upon Marsha Brown, Manager, NASE Group Insurance Trust Fund, 2121 Precinct Line Road, Hurst, Texas 76054.

7.    Defendant National Association for the Self Employed a/k/a NASE is a foreign corporation organized and existing under the laws of the State of Texas.  At all times alleged herein, NASE was registered to do and actually doing business in the State of Mississippi. NASE's registered agent for service of process in the State of Mississippi is as follows:

> CT Corp. Systems of Mississippi
> 631 Lakeland East Drive
> Flowood, MS 39232

8.    Defendant William L. Phipps, is an adult resident citizen of Lee County, Mississippi, and may be served with process at his business address of National Association for the Self Employed, 304 Spring Street, Suite A, Tupelo, MS 38804, Telephone Number (662) 842-0084.

9.    Defendant, David Bernard, is an adult non-resident citizen of the State of Mississippi who may be served with process at his last known residence address of 8017 Nelson Street, New Orleans, LA 70125.

10.   Defendant, Chad Mills, is an adult resident citizen of Pontotoc County, Mississippi and may be served with process at his residence address of 135 Country Club Lane, Pontotoc, MS 38863.

### JURISDICTION AND VENUE

11.   Defendants include a foreign insurance company and other corporate entities doing business in the State of Mississippi and adult resident citizens of the State of Mississippi. One of the Plaintiffs reside in Chickasaw County, Mississippi and some of the tortious actions

Complaint

238

which give rise to this Complaint occurred and/or accrued in Chickasaw County, Mississippi. This Court has jurisdiction over this matter and the parties herein and Chickasaw County is the proper venue for this cause of action pursuant to the Mississippi Code Annotated, as amended, and Rule 82 of the Mississippi Rules of Civil Procedure. Each claim herein includes a tort which was committed in whole or in part in the State of Mississippi.

## NO FEDERAL JURISDICTION

12.    Each claim for relief stated in this Complaint is based exclusively on state law and no federal causes of action are alleged. Plaintiff unequivocally stipulates that no claim is being made or will be made pursuant to any federal law. Plaintiff is making specific factual nonclusory allegations directed at the individual Defendants. The individual Defendants are the persons who made initial contact with Plaintiffs on behalf of the Defendants, verbally stated the misrepresentations alleged below, and are not the employees of any corporate Defendants. Defendants are adult resident citizens of the State of Mississippi and are alleged in this Complaint to have had personal knowledge that the representations which Defendants made to Plaintiffs were not true and that Defendants intended thereby to deceive the Plaintiffs into purchasing the insurance and association memberships sold by Mega Life and NASE and that Defendants personally profited from making the misrepresentations by reason of receiving a commission on the sale of the insurance and association membership to Plaintiffs. If the factual allegations made in this Complaint against Defendants are found by the trier of fact to be true, Plaintiffs will be entitled under the laws of Mississippi to recover a judgment personally and individually against each Defendant for the causes of action alleged. For this reason, there is no federal diversity jurisdiction existing and removal to Federal court by the Defendants will be improper.

Complaint

Page 5

239

## RELATIONSHIP OF THE PARTIES

13.    The agent Defendants, WILLIAM L. PHIPPS [hereinafter "Phipps"], DAVID

BERNARD [hereinafter "Bernard"], CHAD MILLS [hereinafter "Mills"], and JOHN DOES 1-

20, are sales agents for Mega Life/NASE or were such sales agents at the time the acts

complained of herein were committed.    These Defendants also served as independent

representatives of the Plaintiffs in seeking to obtain for them the best possible insurance for the

best price.  Said Defendants represented to Plaintiffs that NASE was an independent, not-for-

profit association of the self-employed and small business owners formed and operated for the

specific purpose of providing various benefits to its members, the principal benefit being "group

insurance" at "group rates".   These Defendants intentionally concealed from Plaintiffs many

material facts including but not limited to: 1) all Defendants are under common ownership and

control; 2) NASE is merely a marketing tool and profit center for Mega Life; 3) the association

"benefits" consist of nothing more than discounts and "information services" of negligible value

which can commonly be obtained free of charge in connection with many purchases and services

such as credit card ownership and travel club memberships; 4) the "benefits package" is

purchased by NASE from a fulfillment company for a fixed price per month per member but

NASE collects more per month from each member for these benefits; and, 5) each member signs

a "proxy" in connection with the application process and thereby inadvertently relinquishes his

right to be informed of association meetings and to vote on matters affecting the association's

operations.

14.    Mega Life Insurance Company is solely or principally owned by Ron Jensen who

is one of the original developers of the "association/group trust" method of marketing

Complaint                                                               Page 6

240

 

individually underwritten health insurance. This marketing arrangement was developed for three principal reasons: 1) by issuing a master "group policy" to a "trust" and issuing only "certificates" to the individual insureds, the insurance company seeks to insulate the insured/insurer relationship from the "certificate holder" so that the insurance company and the "trust" (which is an entity created by and under the exclusive control of the insurance company) can modify the policy at will without obtaining the consent of the individual insureds; 2) designating insurance as "group insurance" bypasses the more stringent regulations applicable (in most states) to individually underwritten health insurance; and, 3) the insurance company insures the association will be "not for profit" because the insurance company has "management agreements" by which the insurance company removes all the profit from the association. These "management agreements" give the insurance company (or a "management company" controlled by the insurance company) complete control over the association's accounts. The association's typically generate millions of dollars in profits monthly and this money is funneled to the insurance company and its owners under the terms of the "management agreements". Consumers, such as Plaintiffs, are never informed of the existence of these agreements and never have occasion to discover them because under the terms of the proxy, they relinquish their right to obtain information about the association's finances. Members of a *legitimate* association are notified of, and given the opportunity to participate in, regularly scheduled meetings where the membership votes to elect officers and are informed of executive decisions. However, in sham arrangements, such as the one organized by the Defendants, every effort is made to insure the association "members" never have access to accurate information which would reveal the true nature of the arrangement.

Complaint

Page 7

241

15.    NASE Group was formed by Mega Life for the sole purpose of being the "named insured" under the NASE "group policy". This "trust" is deceptively named for the purpose of creating the impression that it acts in the capacity of "trustee" for the association members in connection with the "group insurance policy". In fact, the "trust" is nothing more than a token entity formed solely for the purpose of acting as the "insured" under the "group policy" and thereby allowing Mega Life to completely control the insurer/insured relationship.

16.    NASE purports to be an "independent, not for profit" association formed by and for the benefit of the self employed and small business owners. In fact though, NASE originated as a "shelf corporation" formed to be held two years and then transformed into an "association". NASE originated in Texas where state law prohibits the formation of an association solely for the purpose of marketing insurance, prohibits an association from marketing insurance unless it has been in existence for two years and requires that the consumer be informed of any relationships between the association and any insurance company endorsed by the association. Because of these statutes, the corporate Defendants devised the arrangement described above solely for the purpose of circumventing the law.

17.    Plaintiffs purchased the Mega Life policy based upon the misrepresentations made by the agent Defendants and by the corporate Defendants in the marketing and policy/membership information provided to Plaintiffs which:

a.    Represented NASE was an independent, non-profit association of similarly interested self employed persons, the purpose of which was to obtain benefits for its members based on the objective criteria of cost/value when, in fact, NASE is

Complaint                                                                        Page 8

242

solely a marketing tool of Mega Life and does not evaluate, compare or consider any other insurance for its members;

b.    Failed to disclose the common ownership/control among the corporate Defendants and deceptively represented the Defendants were separate and independent;

c.    Failed to disclose the cost of the association "benefits" and implied those benefits were unique to NASE when, in fact, they are commonly obtainable and of negligible value;

d.    Failed to disclose the amount and character of the "association dues", administrative fees and other costs of obtaining insurance from Mega Life;

e.    Failed to disclose that the initial premium rates offered to consumers were below the amount actuarially calculated for the purpose of inducing purchases of the Mega Life policy (referred to in the industry as "teaser rates") when all Defendants knew significant premium increases were routinely scheduled and implemented for the purpose of eliminating insureds from the policyholder population over a predetermined time period so that insureds with health problems would remain in a consistently diminishing premium pool and as the premium rates were raised to exorbitant levels, these insureds would be eliminated form the insured population. Mega Life, and virtually all insurers, continually sift the insured population by issuing a "new" or reclassified policy after a predetermined number of policies are insured so that a block of policies can be "closed" and the rates raised to exorbitant levels which forces all the well

Complaint                                                                    Page 9

243

policy holders into different policies and eliminates insureds with health problems when the premiums reach unaffordable levels.

### STATEMENT OF FACTS AND CAUSES OF ACTION

18.    The facts stated above are incorporated herein.

19.    The corporate Defendants maintain a nationwide sales force of solicitors who contact consumers by phone or mail and arrange appointments for Defendants' sales agents. The agents misrepresent the Mega Life policy as being "group insurance" available only to NASE members and obtained by the association at significant savings because of the associations "group buying power". In fact, association "members" paid more for their insurance than they would have for comparable "non association" individually underwritten health insurance.

20.    The marketing scheme implemented by Mega Life is employed both in the presentation of its sales agents, the companies marketing materials and on its internet sites. NASE maintains a web page at www.nase.org which contains links for "affordable health insurance for the self employed" and invites viewers to "click here to request a free quote." When those links are highlighted, a page appears captioned "NASE. Affordable Health Insurance" and states that "the group negotiating power of NASE makes it possible to offer valuable benefits to our members. One of these benefits is access to health insurance coverage. The NASE endorses several financially strong insurance carriers that offer a variety of products and plans customized to meet the special needs of the self employed individual or small business owners."

21.    Users of the web page are never informed that the only insurance company offered to NASE members is Mega Life which is a financially related insurance company and

Complaint

244

JUN.24.2003   1:59PM    MITCHELL MCNUTT & SAMS PA                NO.882   P.13

jointly controlled with the association. On this same page, there is a link to "NASE's endorsement standards" and upon clicking that link a page appears which list several purported "criteria" for endorsement of insurance. Again, the web page viewers are never informed that Mega Life is the only health insurance company offered to NASE "members". From the home page, there is a link to a page captioned "member benefits" and, again, at the top of this page is a banner link to "affordable health insurance for the self employed". Another link captioned "full listing of benefits" contains a statement "Endorsed health coverage. The NASE is continually searching quality benefit programs for you. Your membership in the NASE makes it possible for us to negotiate valuable benefits and competitive rates". It then states that "because of the different products available in each state across the Nation, and the unique needs of each individual, we are not able to post general information about endorsed health coverage".

22.    This statement is made so that the web page does not conspicuously link to Mega Life Health Insurance Company in order to create the impression that there is not a connection between Mega Life and NASE. This type of deception is typical of the Defendants' advertisement and creation of the false impression that Mega Life and NASE are not jointly owned and commonly controlled. The Defendants written marketing materials provided to Plaintiffs create the same mis-impressions and deceptions. Defendant's brochure and outline of coverage fail to disclose the Defendant's relationships and misrepresent that NASE has no connection to Mega Life. Defendants intended that the Plaintiffs act upon the representations in the manner reasonably contemplated which was by purchasing association membership and insurance, and thereby incurring unnecessary and hidden expenses in the form of membership

Complaint                                                        Page 11

dues, administrative fees, set up fees, and, ultimately, inflated health insurance premiums. Such conduct constitutes intentional misrepresentation.

23.    At the time of the sale of the insurance and association membership to the Plaintiffs, each Defendant knew that the initial premium rate charged for the health insurance was a "teaser rate" which was artificially low and set at an amount below that which had been actuarially recommended. These "teaser rates" were utilized to induce consumers into believing that the offered insurance was actually bargain priced as a result of the association's "group buying power". However, at the time of the sale, all Defendants knew that the premiums were artificially low and would be exorbitantly raised over time. At the time of the sale of the insurance and association membership to the Plaintiffs, each Defendant knew that Mega Life intended to engage in a scheduled series of premium increases over a period of thirty-six to forty-eight months designed to price the insurance at such an amount that no ordinary consumer could afford to pay the premiums. This is done specifically for the purpose of putting the book of business into a "death spiral" so that any insureds with health problems would be isolated and eventually eliminated from the insured population.

24.    All misrepresentations complained of were made by the Defendants knowingly and intentionally specifically for the purpose of inducing Plaintiffs to purchase the association membership and the health insurance policy. Such conduct constitutes intentional fraud.

25.    Further, the Defendants made false and material misrepresentations to Plaintiffs with the intention that Plaintiffs act upon the representations in the manner reasonably contemplated and Plaintiffs was unaware that the representations were false. Plaintiffs had a

Complaint                                                                                   Page 12

246

right to rely on the representations and the Plaintiff's damages were proximately caused by the false representations and their reliance thereon.

26. Defendants made material misrepresentations to the Plaintiffs with the willful intent of inducing the Plaintiffs to purchase and to maintain a policy of health insurance and association membership through Mega Life and NASE. Plaintiffs relied upon the Defendants misrepresentations in making the decision to purchase the insurance and association membership and the conduct of Defendants as herein described constitutes fraud, fraudulent inducement and/or fraudulent misrepresentation. Further, the Defendants materially suppressed, concealed and failed to disclose true and accurate information regarding the transactions between the Defendants and the Plaintiffs as described above and such conduct constitutes suppression/concealment and/or failure to disclose.

27. Once the Plaintiffs purchased the insurance based on the above and foregoing misrepresentations and fraudulent concealment, the defendants in this case engaged in subsequent affirmative acts of fraudulent concealment which were designed to, and did, conceal the fraudulent manner in which the policy and parties had been sold and represented. The Defendant Mega Life also engaged in bad faith practices in the handling of claims under the policy of insurance, refusing to pay for the Plaintiffs' medical treatment by doctors whose services were supposed to be covered by the Mega Life plan.

## DAMAGES

28. The conduct of the Defendants as described above was intentional, deceptive, grossly negligent, willful, wanton, and in reckless disregard of Plaintiffs' rights, entitling Plaintiff to the recovery of punitive damages.

Complaint

Page 13

247

JUN.24.2003  2:03PM    MITCHELL MCNUTT & SAMS PA                    NO.882    P.:5

29.    Further, the Defendants Mega Life and NASE breached their duty of good faith and fair dealing to the Plaintiffs which is implied in the contracts between those Defendants and Plaintiffs.

30.    As a direct and proximate result of each and all of the acts and omissions of the Defendants complained of herein, Plaintiffs suffered economic damages for which Defendants are liable, jointly and severally, to the Plaintiffs. Among the damages suffered by Plaintiffs are excess premiums, association dues and charges, administrative fees and scheduled increased premiums, plus accrued interest on each excess charge or fee imposed upon the transaction by fraud on the Plaintiffs.

31.    All Defendants are jointly and severally liable by reason of their joint enterprise/civil conspiracy by which all Defendants engaged in common plan or scheme to commit a fraud upon Plaintiffs as above described. Each corporate Defendant is a separate entity and the individual Defendant is not employed by any of the corporate entities.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand trial by jury and a judgment of and from the Defendants, jointly and severally, in an amount to be determined by the jury in this matter for the Plaintiffs's actual damages and punitive damages assessed against the Defendants together with all costs of court , prejudgment interest, and interest at the highest lawful rate from and after the date of judgment.

THIS the 18th day of June, 2003.

Respectfully submitted,

MICHAEL D. GREER'- MS Bar No. 5002
One of the Attorneys for the Plaintiffs

Complaint

Page 14

248

MICHAEL D. GREER
GREER, PIPKIN & RUSSELL
P.O. Box 907
117 N. Broadway Street
Tupelo, MS 38802-0907
Telephone: (662) 842-5345
Telecopier: (662) 842-6870

RICHARD T. PHILLIPS – Bar No. 4170
SMITH, PHILLIPS, MITCHELL & SCOTT
P.O. Box 1586
Batesville, MS 38606
Telephone: (662) 563-4613
Fax: (662) 563-1546

ATTORNEY FOR PLAINTIFFS

Complaint

Page 15

249

 

May 07 03 09:07p                                                    p.3

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

LLOYD H. GRIGSBY and
FRANCES R. GRIGSBY, husband and wife,          )
                                               )        MAY - 2 2003
        Plaintiffs,                            )
                                               )     PATRICIA PRESLEY, COURT CLERK.
                                               )     by_____
v.                                             )              Deputy
                                               )
THE MEGA LIFE AND HEALTH                       )     Case No.
INSURANCE COMPANY; NATIONAL                    )
ASSOCIATION FOR THE SELF-                      )
EMPLOYED; and UICI,                            )
                                               )
        Defendants.                            )

## PETITION

1.      Plaintiffs are residents of Tulsa, Tulsa County, State of Oklahoma.

2.      Defendant, The Mega Life and Health Insurance Company, is an Oklahoma
corporation.

3.      Defendant, National Association for the Self-Employed, is a Texas corporation doing
business in the State of Oklahoma.

4.      Defendant, UICI, is a Delaware corporation doing business in the State of Oklahoma.

5.      The Mega Life and Health Insurance Company has its principle office in Oklahoma
City, Oklahoma County, State of Oklahoma. Therefore, under Okla. Stat. tit. 12 §134 and §137,
Oklahoma County is a proper venue for this action.

6.      On May 29, 2001, Plaintiffs applied for a policy of major medical insurance with
Defendant, Mega Life and Health Insurance Company  In connection with purchase of the policy,
Plaintiffs were enrolled in the National Association for the Self-Employed.

7.      The policy was issued in Oklahoma, covering both Plaintiffs.

**EXHIBIT 10**

250



8.    Plaintiff, Frances Grigsby, suffered illness including cancer, for which she obtained treatment, while the policy was in full force and effect and all premiums due thereon had been paid.

9.    Plaintiffs made due demand on Defendants for payment of the policy benefits, and met all conditions precedent for payment of those benefits.

10.    Defendants colluded to defraud the Plaintiffs by the misrepresentations and practices described herein.

11    Defendants, by and through their authorized agents, represented to Plaintiffs at the time of application:

a.    that the Plaintiffs were purchasing insurance coverage as good as their previous major medical insurance policy;

b.    that the Plaintiffs were purchasing typical major medical insurance coverage providing comprehensive benefits for most all necessary medical expenses after certain deductible and copayments;

c.    that the National Association for the Self-Employed was a totally independent association which had used its group purchasing power to search out and negotiate the most advantageous group health insurance coverage for the Association members;

d.    that its agent was an enroller for the National Association for the Self-Employed as opposed to an insurance sales agent;

e.    that the National Association for the Self-Employed was not primarily formed nor did it exist primarily for the marketing of insurance;

f.    that Plaintiffs were purchasing true group insurance benefitting from the many advantages typical to the insuring of a large group of people;

g.    that the National Association of Self-Employed was a group existing primarily to assist the self-employed and small business community in achieving its professional goals; and

h.    that Defendants intentionally concealed, pursuant to an established practice, the many inside policy limits scheduled into the policy and the true nature and extent of the

2



limitations of this insurance product.

12.     All of Defendants' representations were false when made, made with knowledge that they were untrue or made recklessly, without regard to their truth.

13.     All of Defendants' representations were made with the intention that Plaintiffs rely on them.

14.     Plaintiffs reasonably relied on Defendants' representations and were defrauded in the purchase of the insurance and association membership Defendants sold and issued to them.

15.     Defendants refused to provide the benefits that were promised.

16.     In their handling of Plaintiffs' claims, and as a matter of routine business practice in handling like claims under these policies, Defendant The Mega Life and Health Insurance Company, breached its duty to deal fairly and act in good faith towards the Plaintiffs by:

a.     failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Defendant knew that they were entitled to those benefits;

b.     failing to properly investigate Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.     withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

d.     refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or law;

e.     refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

f.     refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.     failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs'

3

252



claims;

h.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

i.    forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.    failing to properly evaluate any investigation that was performed; and

k.    restricting claims with knowledge of the coverage promises represented to its insureds and the misrepresentations used in the sale of its policies.

all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to the Defendant.

17.    As a proximate result of the Defendants' misrepresentations and breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered the loss of the policy coverage, anxiety, frustration, mental and emotional distress, financial hardship, attorney expenses and other incidental damages.

18.    Defendants have acted intentionally, affirmatively, dishonestly and with malice towards others or have been guilty of reckless disregard for the rights of others entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs pray judgment against the Defendants in an amount in excess of $10,000.00 actual damages and an amount in excess of $10,000.00 punitive damages with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

4

253

May 07 03 03:09p                                                          p.7

STEVEN S. MANSELL OBA# 10584
MARK A. ENGEL. OBA# 10796
STEVEN S. ASHMORE OBA# 17514
MANSELL. ENGEL & ASHMORE
101 Park Avenue. Suite 665
Oklahoma City. OK  73102
(405) 232-4100 Phone
(405) 232-4140 Fax
ATTORNEYS FOR PLAINTIFFS

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

5

254

Sent JUN.23.2003 @ 4:59PM M.H   JOVRG & MARTINO+0480;   Jun. 29 3:70.727   P. 4/29 2

CAUSE NO. DC-03-135

FRANK GARCIA and CYNTHIA ALANIZ,
On Behalf Of Themselves and a Class of
Persons Similarly Situated

VS.

MEGA LIFE AND HEALTH
INSURANCE COMPANY, NASE
GROUP INSURANCE TRUST,
NATIONAL ASSOCIATION FOR THE
SELF-EMPLOYED aka NASE AND
UICI, INC.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

OF STARR COUNTY

381ˢᵗ JUDICIAL DISTRICT

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION AND MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Frank Garcia and Cynthia Alaniz complains of Defendants, Mega Life and Health Insurance Company (hereinafter "Mega Life"), NASE Group Insurance Trust(hereinafter "NASE Group"), National Association for the Self Employed a/k/a NASE (hereinafter "NASE") and UICI, Inc. and show as follows:

### I.

### DISCOVERY CONTROL PLAN

This case is proceeding on Level 3 pursuant to Rule 190.1 of the Texas Rules of Civil Procedure and Plaintiff requests entry of an appropriate scheduling order.

### II.

### PARTIES, SERVICE AND VENUE

2.01   Plaintiff Frank Garcia is a resident of Hidalgo County, Texas.

2.02   Plaintiff Cynthia Alaniz is a resident of Starr County, Texas and her joinder herein

Plaintiffs' First Amended Original Petition and Motion for Class Certification                 Page 1

**EXHIBIT 11**

SENT 'JUN.23.2003 ᵐ 4:59PM ᴾ·M    IOVAS & MARTIN884040C;    Jun· 23 3:20.727    P.5/29. 3

is permissible pursuant to T.R.C.P. 40.

2.03    Defendant Mega Life is an insurance company organized and existing under the laws of the state of Oklahoma, with its principal place of business located in Texas. Mega Life is therefore a citizen and resident of both Texas and Oklahoma. At all times alleged herein, Mega Life was registered to do and actually doing business in the state of Texas. Mega Life's registered agent for service of process in the state of Texas is as follows:

> Robert Burns Vlach, Esquire
> 4001 McEwen Drive, Suite 200
> Dallas, Texas 75244

2.04    The Defendant NASE Group Insurance Trust is a purported "trust" organized and existing under the laws of a state as yet undetermined. At all times alleged herein, NASE Group was doing business in the State of Texas. This entity does not maintain a registered agent in Texas and this proceeding arises out of the business done in this state to which Defendant is a party. Service, may be made upon the President, Vice President or Registered Agent for service of the corporation, NASE Group Insurance Trust Fund, 2121 Precinct Line Road, Hurst, Texas 76054.

2.05    Defendant National Association for the Self Employed a/k/a NASE is a corporation organized and existing under the laws of the state of Texas with its principal place of business located in Texas. At all times alleged herein, NASE was registered to do and actually doing business in the state of Texas. NASE's registered agent for service of process in the state of Texas is as follows:

> Robert Hughes
> 2735 Villa Creek Drive #150
> Dallas, Texas 75234

2.06    Defendant UICI is the parent of Defendant Mega Life. UICI was set up by Ron

Plaintiffs' First Amended Original Petition and Motion for Class Certification          Page 2

256

JUN. 23. 2003 ⌖ 4:59PM;  P.MF    JOVAS & MARTINE8+0480;    Jun-⌖  03  3:25PM;    NO.727    P.6-29
                                                                                              Page 4

Jensen as a publically traded entity to take Jensens "association" health insurance concept publically and generate significant funds for Jensen personally as a result thereof.  UICI is a Delaware corporation with its principal place of business in the state of Texas.  UICI's registered agent for service of process in the state of Texas is as follows:

> Robert Burns Vlach, Esquire
> 4001 McEwen Drive, Suite 200
> Dallas, Texas 75244

2.07    Venue is proper in Starr County pursuant to T.C.P.R.C. §15.002(a)(1) because Plaintiffs were solicited in Starr County by Mega Life's agent to purchase the policy at issue, Plaintiffs paid association dues and the premiums for the policy in Starr County, the policy was delivered to Plaintiff Alaniz in Starr County and the policy is performable in Starr County.  In addition, Plaintiff Cynthia Alaniz is a resident of Starr County.  All, or substantially all of the misrepresentations complained of were made to Plaintiff Frank Garcia by Defendants in Starr County, and all the misrepresentations by Defendants to Cynthia Alaniz were made in Starr County and the damages were incurred in Starr County.  In addition, all of the money which is the subject of the Plaintiffs' claims for conversion were converted in Starr County.

### III.

### INTRODUCTION

3.01    Plaintiff, Cynthia Alaniz is a resident of Starr County and Frank Garcia is a resident of Hidalgo County, although all or substantially all of the misrepresentations complained of were made to this Plaintiff in Starr County.  The Defendant Mega Life is an insurance company licensed to do business, and actually doing business, in the State of Texas.  Plaintiffs were sold what was represented to be a health insurance policy in the State of Texas, Starr County, by the Defendant

Plaintiffs' First Amended Original Petition and Motion for Class Certification

Page 3

257



Sent JUN.23.2003 ☆ 5:00PM P.M    JONES & MARTIN:984-0480;    Jun. 03 3:25   NO.727    P.7/29
                                                                                        Page 5

Mega Life through Defendant's agent pursuant to a scheme of deceptive sales practices developed by, supported by, and conducted with the knowledge of and to the benefit of all Defendants.

3.02    Mega Life, NASE Group and NASE are under common control and ownership and operate as a unified business arrangement. However, the arrangement is designed to create the impression that each entity operates independently. NASE purports to be a "non-profit" association formed by the "self employed" for the purpose of advancing the interest of small business owners. In fact, though, it was acquired by Ron Jensen, the principal founder of Mega in its current from, and is operated by Mega Life, or its parent, UICI, as a marketing tool and profit center. The "association" arrangement is used solely for the purpose of generating profits through "association dues" and avoiding state insurance regulations by the use of a "group trust" and issuance of "association" insurance certificates which Mega Life contends can be altered, modified or cancelled by an "agreement" between Mega Life and NASE Group. Consumers are deceived by this arrangement into believing that NASE is an independent entity which evaluates various insurance policies in order to obtain the best available "group insurance" when, in fact, the association, trust and insurance company are jointly owned and controlled and the only insurance made available to NASE members are Mega Life products.

IV.

RELATIONSHIP OF THE PARTIES

4.01    Defendants Mega Life and NASE represented to Plaintiffs, and the Class described below, through its marketing materials that NASE was an independent, not for profit association for the self employed and small business owners formed and operated for the specific purpose of providing various benefits to its members, the principal benefit being "group insurance" at "group

Plaintiffs' First Amended Original Petition and Motion for Class Certification            Page 4

258



rates". In connection with the sale of the insurance and association membership, Defendants further intentionally concealed from Plaintiffs many material facts including but not limited to: 1) all Defendants are under common ownership and control; 2) NASE is merely a marketing tool and profit center for Mega Life; 3) the association "benefits" consist of nothing more than discounts and "information services" of negligible value which can commonly be obtained free of charge in connection with many purchases and services such as credit card ownership and travel club memberships; 4) the "benefits package" is purchased by NASE from a fulfillment company for approximately $2.00 per month per member but NASE collects $15 or more per month from each member for these benefits; and, 5) the associations are controlled by Defendants in a manner designed to deprive the members of any participation in the administration of the associations.

4.02    Mega Life is solely owned by UICI, which is principally owned by Ron Jensen and/or the family who is one of the original developers of the "association/group trust" method of marketing individually underwritten health insurance. This marketing arrangement was developed for three principal reasons: 1) by issuing a master "group policy" to a "trust" and issuing only "certificates" to the individual insureds, the insurance company seeks to insulate the insured/insurer relationship from the "certificate holder" so that the insurance company and the "trust" (which is an entity created by and under the exclusive control of the insurance company) can modify the policy at will without obtaining the consent of the individual insureds; 2) designating insurance as "group insurance" bypasses the more stringent regulations applicable (in most states) to individually underwritten health insurance; and, 3) the insurance company insures the association will be "not for profit" because the Defendants or related persons or entities have "management agreements" or benefit provider agreements by which the insurance company removes all the profit from the

Plaintiffs' First Amended Original Petition and Motion for Class Certification    Page 5



Sent JUN.23.2003 * 5:00PM P-MF   OVRS & MARTIN92+0480;      Jun-  03  3:40:47    P.9/29
                                                                          Page 7

association. These "management agreements" and provider agreements give the insurance company (or a "management company" controlled by the insurance company) complete control over the association's accounts. The association's typically generate millions of dollars in profits monthly and this money is funneled to the insurance company and its owners under the terms of the "management agreements". Consumers, such as Plaintiffs, are never informed of the existence of these agreements and never have occasion to discover them because Defendants control and operate the association in a manner to exclude the association members from any participation in the operation of the association. Members of a *legitimate* association are notified of, and given the opportunity to participate in, regularly scheduled meetings where the membership votes to elect officers and are informed of executive decisions. However, in sham arrangements, such as the one organized by the Defendants, every effort is made to insure the association "members" never have access to accurate information which would reveal the true nature of the arrangement.

4.03    NASE Group was formed for the sole purpose of being the "named insured" under the NASE "group policy" of Jensen's choosing. This "trust" is deceptively named for the purpose of creating the impression that it acts in the capacity of "trustee" for the association members in connection with the "group insurance policy". In fact, the "trust" is nothing more than a token entity formed solely for the purpose of acting as the "insured" under the "group policy" and thereby allowing Mega Life to completely control the insurer/insured relationship.

4.04    NASE purports to be an "independent, not for profit" association formed by and for the benefit of the self employed and small business owners. In fact though, NASE originated as a "shelf corporation" formed to be held two years and then transformed into an "association". NASE originated in Texas where state law prohibits the formation of an association solely for the purpose

260

of marketing insurance, prohibits an association from marketing insurance unless it has been in existence for two years and requires that the consumer be informed of any relationships between the association and any insurance company endorsed by the association. Because of these statutes, the corporate Defendants devised the arrangement described above solely for the purpose of circumventing the law.

4.05   Plaintiffs purchased the Mega Life policy based upon the misrepresentations made by Defendants and by the corporate Defendants in the marketing and policy/membership information provided to Plaintiffs which:

a.   Represented NASE was an independent, non-profit association of similarly interested self employed persons, the purpose of which was to obtain benefits for its members based on the objective criteria of cost/value when, in fact, NASE is solely a marketing tool of Mega Life and UICI and Defendants do not evaluate, compare or consider any other insurance for its members;

b.   Failed to disclose the common ownership/control among the corporate Defendants and deceptively represented the Defendants were separate and independent;

c.   Failed to accurately disclose the cost of the association "benefits" and implied those benefits were unique to NASE when, in fact, they are commonly obtainable and of negligible value;

d.   Failed to accurately disclose the amount, purpose and character of the "association dues", administrative fees and other costs of obtaining insurance from Mega Life;

e.   Failed to disclose that the initial premium rates offered to consumers were below the amount actuarially calculated for the purpose of inducing purchases of the Mega Life

261



policy (referred to in the industry as "teaser rates") when all Defendants knew significant premium increases were routinely scheduled and implemented for the purpose of eliminating insureds from the policyholder population over a predetermined time period so that insureds with health problems would remain in a consistently diminishing premium pool and as the premium rates were raised to exorbitant levels, these insureds would be eliminated form the insured population. Mega Life continually sifts the insured population by issuing a "new" or reclassified policy after a predetermined number of policies are insured so that a block of policies can be "closed" and the rates raised to exorbitant levels which forces all the well policy holders into different policies and eliminates insureds with health problems when the premiums reach unaffordable levels.

All of these misrepresentations were made to, and relied upon by, Plaintiffs in Starr County, Texas.

**V.**

## NO FEDERAL JURISDICTION

5.01    No Class Member has more than $10,000 in actual damages and Plaintiffs states they will not ask for judgment of more than $20,000 (including treble damages) per Class Member nor more than $5,000 attorney's fees per Class Member. There is no aggregation of damages in the Fifth Circuit and therefore the minimum jurisdictional limits of the Federal courts are not met. Plaintiffs unequivocally state they will not seek more than $25,000 per Class Member inclusive of all damages of every nature, attorney's fees, cost, interest and any other amount which a Class Member may be entitled to recover under the applicable law. In addition, there is no diversity of citizenship because

Plaintiffs' First Amended Original Petition and Motion for Class Certification    Page 8

262

NASE, Mega Life and UICI all have their principal place of business in Texas and NASE is a Texas corporation.

5.02    Further, Plaintiff unequivocally states no Federal cause of action is or will be alleged and no ERISA plan member is or will be included in any class sought to be certified. Plaintiffs' insurance policy is not part of any ERISA plan and is paid for solely by Plaintiffs.

## VI.

## CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed or have occurred.

## VII.

## AGENCY

Unless otherwise stated, whenever it is alleged in this pleading that Defendants committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it means that Defendants were acting or failing to act through their authorized agents, servents or employees acting with either express, implied, apparent and/or ostensible authority; or that Defendants subsequently ratified these acts, failures to act, representations, statements or conduct. Plaintiffs further plead that each Defendant acted as the authorized agent of the other Defendant with either express, implied, apparent and/or ostensible authority, or that each Defendant subsequently ratified the acts, failures to act, representations, statements or conduct of every other Defendant. Plaintiffs, therefore, allege that each Defendant is jointly and severally liable for all damages of Plaintiffs alleged herein.

## VIII.

## STATEMENT OF FACTS AND CAUSES OF ACTION

Plaintiffs' First Amended Original Petition and Motion for Class Certification                Page 9

263

 

SENT JUN.23.2003 至 5:02PM; P.M    JOVAS & MARTINE8+0480;    Jun-__-03  3:29PM;    NO.727    P.13/29
Page 11/20

8.01    The facts stated above are incorporated herein.

8.02    The corporate Defendants maintain a nationwide sales force of solicitors who contact consumers by phone or mail and arrange appointments for Defendant's sales agents. The agents misrepresent the Mega Life policy as being "group insurance" available only to NASE members and obtained by the association at significant savings because of the associations "group buying power". In fact, association "members" paid more for their insurance than they would have for comparable "non association" individually underwritten health insurance.

8.03    The marketing scheme implemented by Mega Life is employed both in the presentation of its sales agents, the companies marketing materials and on its internet sites. NASE maintains a web page at www.nase.org which contains links for "affordable health insurance for the self employed" and invites viewers to "click here to request a free quote." When those links are highlighted, a page appears captioned "NASE. Affordable Health Insurance" and states that "the group negotiating power of NASE makes it possible to offer valuable benefits to our members. One of these benefits is access to health insurance coverage. The NASE endorses several financially strong insurance carriers that offer a variety of products and plans customized to meet the special needs of the self employed individual or small business owners." These statements are false.

8.04    Users of the web page are never informed that the only insurance company offered to NASE members is Mega Life which is a financially related insurance company and jointly owned and controlled with the association. On this same page, there is a link to "NASE's endorsement standards" and upon clicking that link a page appears which list several purported "criteria" for endorsement of insurance. Again, the web page viewers are never informed that Mega Life is the only health insurance company offered to NASE "members". From the home page, there is a link

Plaintiffs' First Amended Original Petition and Motion for Class Certification    Page 10

264

JUN.23.2023  5:02PM  M.MS.    OVRS & MARTIN88+0480;       Jun-1  13  3:30.727    P.14/28
Page 12/20

to a page captioned "member benefits" and, again, at the top of this page is a banner link to "affordable health insurance for the self employed". Another link captioned "full listing of benefits" contains a statement "Endorsed health coverage. The NASE is continually searching quality benefit programs for you. Your membership in the NASE makes it possible for us to negotiate valuable benefits and competitive rates". It then states that "because of the different products available in each state across the Nation, and the unique needs of each individual, we are not able to post general information about endorsed health coverage".

8.05   This statement is made so that the web page does not conspicuously link to Mega Life Health Insurance Company in order to create the impression that there is not a connection between Mega Life and NASE. This type of deception is typical of the Defendants' advertisement and creation of the false impression that Mega Life and NASE are not jointly owned and commonly controlled. The Defendants written marketing materials provided to Plaintiffs create the same misimpressions and deceptions. Defendant's brochure and outline of coverage fail to disclose the Defendant's relationships and misrepresent that NASE has no connection to Mega Life. Defendants intended that the Plaintiffs act upon the representations in the manner reasonably contemplated which was by purchasing association membership and insurance, and thereby incurring unnecessary and hidden expenses in the form of membership dues, administrative fees, set up fees, and, ultimately, inflated health insurance premiums. Such conduct constitutes intentional misrepresentation.

8.06   At the time of the sale of the insurance and association membership to the Plaintiffs, each Defendant knew that the initial premium rate charged for the health insurance was a "teaser rate" which was artificially low and set at an amount below that which had been actuarially

Plaintiffs' First Amended Original Petition and Motion for Class Certification        Page 11

265

recommended. These "teaser rates" were utilized to induce consumers into believing that the offered insurance was actually bargain priced as a result of the association's "group buying power". However, at the time of the sale, all Defendants knew that the premiums were artificially low and would be exorbitantly raised over time. At the time of the sale of the insurance and association membership to the Plaintiffs, each Defendant knew that Mega Life intended to engage in a scheduled series of premium increases over a period of thirty-six to forty-eight months designed to price the insurance at such an amount that no ordinary consumer could afford to pay the premiums. This is done specifically for the purpose of putting the book of business into a "death spiral" so that any insureds with health problems would be isolated and eventually eliminated from the insured population. Defendant Mega Life designs its premiums so that they will escalate at a predetermined rate over an approximate 36 month period so that the policy will become uncompetitively expensive and the policyholder population will continually sift to eliminate insureds who have had policies for three years. This insures a continual influx of insureds who are subject to waiting periods and contestability period.

8.07   All misrepresentations complained of were made by the Defendants knowingly and intentionally specifically for the purpose of inducing Plaintiffs to purchase the association membership and the health insurance policy. Such conduct constitutes intentional fraud.

8.08   Further, the Defendants made false and material misrepresentations to Plaintiffs with the intention that Plaintiffs act upon the representations in the manner reasonably contemplated and Plaintiffs were unaware that the representations were false. Plaintiffs had a right to rely on the representations and the Plaintiffs' damages were proximately caused by the false representations and their reliance thereon. No reasonable person informed of all the facts would purchase Defendant's

Plaintiffs' First Amended Original Petition and Motion for Class Certification          Page 12

266

insurance with the required association membership.

8.09   Defendants made material misrepresentations to the Plaintiffs with the willful intent of inducing the Plaintiffs to purchase and to maintain a policy of health insurance and association membership through Mega Life and NASE.   Plaintiffs relied upon the Defendants misrepresentations in making the decision to purchase the insurance and association membership and the conduct of Defendants as herein described constitutes fraud, fraudulent inducement and/or fraudulent misrepresentation.  Further, the Defendants materially suppressed, concealed and failed to disclose true and accurate information regarding the transactions between the Defendants and the Plaintiffs as described above and such conduct constitutes suppression/concealment and/or failure to disclose.

8.10   The Texas Administrative Code requires any relationship between an association and insurance holding company to be revealed to the applicant at the time of the purchase of their policy. 28 T.A.C. § 21.07(d) reads as follows in this respect:

> An advertisement may not state or imply that an insurer, agent or policy has been approved or endorsed by an . . . association, or other organization, unless such is a fact, and unless any proprietary relationship between the entity and the insurer or agent is disclosed.  If the entity making the endorsement or testimonial has been formed by the insurer or agent, or is owned or controlled by the insurer or agent, or the person or persons who own or control the insurer, this fact shall be disclosed in the advertisement.

None of the Defendants comply with this mandated provision of the Texas Administrative Code in that the relationship between the Defendants, including the control and financial interest of Defendants therein, is never disclosed to members of NASE and Mega Life insureds.

8.11   In addition, Article 3.51-6 of the Texas Insurance Code only authorizes issuance of insurance through an association if the association "is maintained in good faith for purposes other

267

than that of obtaining insurance." In this case, NASE is used and controlled by Defendants solely for purposes of marketing insurance of Defendants's subsidiary, Defendants, and generating $40 per member, per month, in association dues and administration fees. In fact, NASE was originally purchased as a shelf corporation, or originally formed, specifically for the purpose of forming an association to hold a "group" insurance policy. The entire arrangement is calculated to defraud the insurance buying public by (1) controlling modification and termination of this "group" policy without notice to, or the consent of, the policyholders; (2) misrepresenting to policyholders the nature of the association "benefits;" (3) intentionally creating the impression that the association membership dues were necessary to obtain the "benefits" of association membership by representing the association was "non-profit" and actually run and administered by its members when, in fact, Defendants hand picked the association's board of directors and render the association "non-profit" by stripping the association of millions of dollars in profits monthly; (4) structuring the arrangement to appear as though the "members" actually make nominations and vote on association directors when, in fact, the "members" are never advised of their voting rights and the same are exercised solely by someone under the control of Defendants; (5) holding fake "membership" meetings in remote and inconvenient locations to ensure few or no members will attend and providing in bylaws that personal attendance is required to vote for association directors; (6) providing no or insufficient notice of member meetings; (7) refusing to provide members with copies of association financial reports; and (8) operating the association in violation of the non-profit corporation laws by failing to actually hold meetings of association members for purposes of conducting association business and by operation NASE or the sole and exclusive benefit and profit of Defendants.

Plaintiffs' First Amended Original Petition and Motion for Class Certification          Page 14

268

JUN. 23. 2003    5:05PM    F. MA.  JOVAS & MARTINE8+0480;    Jun. 2  J3  3:5NO.727    P.19/26 16/20

## IX.

## CAUSES OF ACTION

9.01    Defendants' conduct as complained of herein constitutes a violation of the Texas Insurance Code, Article 21.21, § 4, in that Defendants have used false and deceptive advertising and sales practices in connection with the sale of insurance in the State of Texas. Plaintiffs, individually and on behalf of the Class, therefore, sues for a refund of all association dues and administration fees paid by the Class, and a declaratory judgment that Defendants are not entitled to collect such fees into the future. Plaintiffs further sue on behalf of themselves and the class for Defendants violations of 28 T.A.C. §21.07(d) and requests a refund and disgorgement of all profits generated from all amounts obtained by Defendants during the time the information required to be disclosed was concealed.

9.02    Defendants' conduct also constitutes a conversion and a breach of contract in that Defendants have no authorization or agreement whatsoever to collect an administration fee. Plaintiffs, individually and on behalf of the Class, therefore, sues for refund of all administration fees, and further sues for a declaratory judgment that Defendants are not entitled to collect the same into the future.

9.03    Plaintiffs are entitled to recover treble damages pursuant to the applicable provisions of the Texas Insurance Code for which they sue. In no event, however will Plaintiffs seek to collect more than $25,000.00 in total damages and attorney's fees per class member.

9.04    Plaintiffs, individually and on behalf of a Class, sue for return all association dues and administrative fees, and for a declaratory judgment that Defendants are not entitled to collect the same into the future.

Plaintiffs' First Amended Original Petition and Motion for Class Certification    Page 15

269.

9.05    Plaintiffs further request the appointment of an auditor to audit the books and records of Defendants for purposes of determining the amount of illegal dues and fees received by said Defendants and the allocation thereof between the Defendants and any other culpable entities pursuant to Tex. R. Civ. P. 172.

9.06    Plaintiffs are entitled to recover attorneys' fees pursuant to the applicable provisions of the Texas Insurance Code and the Texas Civil Practice and Remedies Code, and Plaintiffs, therefore, sue for such attorneys' fees pursuant to said statutory provisions and all other applicable statutory provisions.

9.07    Plaintiffs request a Declaratory Judgment pursuant to Chap. 37, T.C.P.R.C. declaring that Defendant's business arrangement violates the provisions of the Tex. Ins. Code as herein alleged and that Plaintiffs and the Class be awarded their cost and attorney's fees.

## X.

## MOTION FOR CLASS CERTIFICATION

A.    **Prerequisites Are Met by the Proposed Class.**

Plaintiffs bring this suit on behalf of themselves and on behalf of all those similarly situated and as representatives of a class pursuant to Tex. Ins. Code, Art. 21.21 §18. The Court should enter an order certifying a class as follows:

> All Texas residents who are or were members of National Association for the Self-Employed who also bought insurance through Defendants Insurance Company during the period beginning four (4) years prior to the filing of this suit through the date of the trial of this cause. Plaintiffs further seek certification of such sub-classes of the primary class as are necessary or appropriate. Specifically excluded from the Class is any person whose insurance policy issued by Defendant Mega Life constitutes any part of an ERISA plan.

1.    **Numerosity**

Plaintiffs' First Amended Original Petition and Motion for Class Certification            Page 16

270

There are purportedly over 100,000 members of the Class.

**2.    Commonality**

The claims raised by Plaintiffs are common to all members of the Class. All members of the Class are paying an administration fee without any contract allowing for the collection of such and without receiving any benefit therefor. All members of the Class are also paying unconscionable association dues which are not reasonable in relation to the benefits provided, which are actually generating substantial profit for what is purported to be a non-profit organization, and which are being collected in a deceptive manner as described herein because the relationship between Defendants has not been disclosed as required by the Texas Insurance Code and applicable regulations.

**3.    Typicality**

The claims of Plaintiffs are typical of the claims of the Class in that all members of the Class are paying the exact same administrative fee and association dues as Plaintiffs and are, therefore, being damaged in the same manner.

**4.    Adequacy**

Plaintiffs and their counsel are adequate representatives of the Class.

**B.    Plaintiff Class is Maintainable.**

The Plaintiffs Class is maintainable as required by Tex. Ins. Code, Art. 21.21 §18.

## XI.

## JURY DEMAND

Plaintiffs has paid the appropriate fee for a jury and demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be

Plaintiffs' First Amended Original Petition and Motion for Class Certification          Page 17

271

JUN.23.2003   5:04PM, P.M.   /DVRS & MARTIN&8+0480;   Jun-2  03  3:35PM;   NO.727   P.21/29   Page 19/20

cited to appear and answer herein, that the Court certify this case as a class action pursuant to Tex. Ins. Code, Art. 21.21 §18 as requested, and that upon final trial hereof, Plaintiffs recover their actual damages, both individually and on behalf of the Class, declaratory relief as requested, treble damages, attorneys' fees, pre-judgment and post-judgment interest, costs of court, and such other and further relief to which they may show themselves justly entitled, both individually and on behalf of the Class. However, Plaintiffs in no event will ever seek recovery in any form for any single Class Member in excess of $25,000.00 and specifically exclude from the Class sought to be certified any Mega Life insured whose insurance policy was part of any ERISA plan.

Respectfully submitted,

Law Office of
RENE P. MONTALVO, P.C.

By: _____

Rene P. Montalvo
State Bar No. 14280400
P.O. Box 16
Rio Grande City, Texas 78582-0016
TELEPHONE: 956/488-1266
FACSIMILE: 956/488-0480

David H. Martin
State Bar No. 13057850
John L. Malesovas
State Bar No. 12857300
MALESOVAS & MARTIN, L.L.P.
P.O. Box 1709
Waco, Texas 76703
Telephone: (254) 753-1777
Telecopier: (254) 755-6400

ATTORNEYS FOR PLAINTIFFS

272

JUN.23.28      . A: P.M   DYAS & MARTINEZ+0480;      Jun. 03  3:31PM;      NO.727   P.22/26
                                                                                    Page 20/20

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument of record has been served by [ ] certified mail, return receipt requested, [ ] facsimile or [ ] hand delivery, this 22nd day of June, 2003, to the following counsel of record:

Jaime Saenz
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
956/541-2170

T. Ray Guy
Richard Archibald
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201-6950
214/746-7777

Mike Francis
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
214/999-4667

Rene P. Montalvo
State Bar of Texas ID No.: 14280400

03-014Jettorneclrdpet.wpd/S

Plaintiffs' First Amended Original Petition and Motion for Class Certification         Page 19

273

# U.S. District Court

### Central District of California (Western Div.)

### CIVIL DOCKET FOR CASE #: 03-CV-4778

### Debbie Correa v. UICI, et al

Filed: 07/03/03
Assigned to: Judge Florence-Marie Cooper
Jury demand: Defendant
Referred to: Discovery Carolyn Turchin
Demand: $0,000
Nature of Suit: 110
Lead Docket: None
Jurisdiction: Diversity
Dkt # in LA Cnty Supr Crt : is BC293192
Cause: 28:1441 Notice of Removal - Insurance Contract

DEBBIE CORREA
    plaintiff

William M Shernoff
FAX 909-625-6915
[COR LD NTC]
Evangeline Garris
[COR LD NTC]
Shernoff Bidart Darras
600 S Indian Hill Blvd
Claremont, CA 91711-5498
909-621-4935

Randy D Curry
FAX 949-863-3333
[COR LD NTC]
Randy D Curry Law Offices
2424 SE Bristol Ave
Ste 250
Newport Beach, CA 92660
949-863-1268

    v.

UICI
    defendant

Andre J Cronthall
[term 09/09/03]
FAX 213-620-1398
[COR LD NTC]
Sheppard Mullin Richter &
Hampton
333 S Hope St, 48th Fl
Los Angeles, CA 90071-1448
213-620-1780

**EXHIBIT 12**

274

U.S. District Court  .(v2.4) Docket Report 

RICHARD SAUNDERS
    defendant
  [term  08/18/03]

DOES, 1 through 100, inclusive
    defendant

DEBBIE CORREA

          plaintiff

  v.

UICI; MIDWEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE;
ALLIANCE FOR AFFORDABLE SERVICES, -; CORNERSTONE AMERICA;
SPECIALIZED ASSOCIATION SERVICES; WILLIAM CALLAGHAN, JR;
HOWARD SEGAL; PAUL PEVSNER, MD; DANELLE NIXON; ACE LOOMIS;
RICHARD SAUNDERS; DOES, 1 through 100, inclusive

        defendant


# DOCKET   PROCEEDINGS


DATE   #        DOCKET   ENTRY


| DATE | # | DOCKET ENTRY |
|---|---|---|
| 7/3/03 | 1 | NOTICE OF REMOVAL by defendant Midwest Natl Life from Superior Court of the State of California, Los Angeles County, Central District (Case Number: BC293392) with confermed copy of summons and complaint referred to Discovery Carolyn Turchin. (rrey) (Entry date 07/09/03) |
| 7/3/03 | 2 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Midwest Natl Life (rrey) (Entry date 07/09/03) |
| 7/3/03 | 4 | NOTICE to adverse party of filing of notice of removal by defendant Midwest Natl Life (bp) (Entry date 07/10/03) |
| 7/3/03 | 5 | JOINDER by defendant Alliance for Afford joining notice of removal [4-1] (bp) (Entry date 07/10/03) |
| 7/3/03 | 6 | NOTICE by plaintiff Debbie Correa  of no related case or previously filed or currently pending action that arises from the same or substantially identical transactions, happenings or events of this action. (bc) (Entry date 07/15/03) |
| 7/9/03 | 3 | STANDING ORDER requiring submission on information regarding removal by Judge Florence-Marie Cooper (bp) (Entry date 07/10/03) |
| 7/18/03 | 7 | Submission of information regarding removal complaint [1-1] |

276

U.S. District Court  (v2.4) Docket Report  

(bp) [Entry date 07/21/03]

7/28/03 8    RETURN OF SUMMONS AND PROOF OF SERVICE executed upon
defendant Howard Segal; Service by State Statute on 7/18/03
by serving summons and complaint to the above named
defendant by certified mail (copy of returned receipt of
certified mail attached) (bp) [Entry date 07/29/03]
[Edit date 07/29/03]

7/28/03 9    RETURN OF SUMMONS AND PROOF OF SERVICE executed upon
defendant Ace Loomis; Service by Federal Statute on 7/15/03
by serving summons and complaint to the above named
defendant by certified mail (copy of signed returned
receipt attached) (bp) [Entry date 07/29/03]

7/29/03 10   RETURN OF SUMMONS AND PROOF OF SERVICE executed upon
defendant William Callaghan Jr; Service by State Statute on
7/18/03 by serving summons and complaint to the above named
defendant by certified mail (Copy of the signed returned
receipt attached) (bp) [Entry date 07/30/03]

8/6/03 11    STIPULATION and ORDER that the deadline for defendants to
file its FRCP 12 motions be extended to August 11, 2003 by
Judge Florence-Marie Cooper (bp) [Entry date 08/07/03]

8/7/03 12    STIPULATION and ORDER by Judge Florence-Marie Cooper
extending time to answer removal complaint [1-1] to 9/8/03
as to defendant Howard Segal (bp) [Entry date 08/08/03]

8/8/03 13    RETURN OF SUMMONS AND PROOF OF SERVICE executed upon
defendant Paul H. Pevsner, M.D.; Service by State Statute
on 7/26/03 by serving summons and complaint by certified
mail (returned receipt of certified mail not attached) (bp)
[Entry date 08/11/03]

8/8/03 14    RETURN OF SUMMONS AND PROOF OF SERVICE executed upon
defendant Midwest National Life Insurance Company of
Tennessee; Service by State Statute on 6/6/03 by serving
summons and complaint to Gladys Aguilera, agent for service
at CT Corporation. (bp) [Entry date 08/11/03]

8/8/03 15    RETURN OF SUMMONS AND PROOF OF SERVICE executed upon
defendant Alliance for Affordable Services; Service by
State Statute on 6/6/03 by serving summons and complaint to
Gladys Aguilera, agent for service for CT Corporation. (bp)
[Entry date 08/11/03]

8/8/03 16    NOTICE OF MOTION AND MOTION by defendant Midwest Natl Life
for more definite statement ; motion hearing set for
10:00 9/2/03 (bp) [Entry date 08/11/03]

6/8/03 17    NOTICE of motion for more definite statement of Mid-West
National Life Insurance by defendant Midwest Natl Life (bp)
[Entry date 08/11/03]

8/8/03 18    REQUEST by defendant Midwest Natl Life for Judicial Notice
in support of motion for more definite statement [16-1] (bp)
[Entry date 08/11/03]

8/8/03 19    NOTICE OF MOTION AND MOTION by defendant Midwest Natl Life
to strike motion hearing set for 10:00 9/2/03 (bp)
[Entry date 08/11/03]

277

| 8/8/03 | 20 | DECLARATION of Henry C. Wang by defendant Midwest Natl Life in support of motion to strike [19-1], and motion for more definite statement [16-1] (bp) [Entry date 08/11/03] |
|---|---|---|
| 8/11/03 | 21 | JOINDER by defendant Alliance for Afford joining the motion for more definite statement [16-1] (bp) [Entry date 08/13/03] |
| 8/11/03 | 22 | JOINDER by defendant Alliance for Afford joining motion to dismiss [16-1] (bp) [Entry date 08/13/03] |
| 8/11/03 | 23 | JOINDER by defendant Alliance for Afford joining the motion to strike [19-1] (bp) [Entry date 08/13/03] |
| 8/12/03 | 24 | NOTICE OF DISCREPANCY AND ORDER by Judge Florence-Marie Cooper ordering notice of joinder submitted by defendant Alliance for Afford received on 8/8/03 to be fld and processed; fld date to be the date the doc was stamped "received but not fld" w/the Clerk (bp) [Entry date 08/13/03] |
| 8/12/03 | 25 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Alliance for Afford - (bp) [Entry date 08/13/03] |
| 8/15/03 | 26 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Midwest Natl Life (bp) [Entry date 08/18/03] |
| 8/18/03 | 27 | FIRST AMENDED COMPLAINT [1-1] by plaintiff Debbie Correa terminating defendant Richard Saunders; jury demand. Summons not issued (bp) [Entry date 08/19/03] |
| 8/25/03 | 28 | MINUTES: finding the motion to strike [19-1] moot., finding the motion for more definite statement [16-1] moot. by Judge Florence-Marie Cooper CR: Not Present (bp) [Entry date 08/26/03] |
| 8/28/03 | 29 | ATTORNEY SUBSTITUTION: terminating attorney Henry C Wang for Midwest Natl Life, attorney Henry C Wang for Midwest Natl Life, attorney Geoffrey T Tong for Midwest Natl Life, attorney Margaret Levy for Midwest Natl Life by defendant UICI, defendant Midwest Natl Life and substituting attorney Andre J Cronthall by Judge Florence-Marie Cooper (bp) [Entry date 08/29/03] |
| 9/4/03 | 30 | STIPULATION and ORDER by Judge Florence-Marie Cooper extending time to answer amended complaint [27-1] to 9/6/03 as to defendants' UICI, and Midwest Natl Life (bp) [Entry date 09/05/03] |
| 9/8/03 | 31 | CERTIFICATION OF INTERESTED PARTIES filed by defendants' William Callaghan Jr, Howard Segal, Paul Pevsner, and Ace Loomis (bp) [Entry date 09/09/03] |
| 9/8/03 | 32 | NOTICE OF MOTION AND MOTION by defendants' UICI, and Midwest Natl Life for more definite statement of the claims asserted in plaintiff's first amended complaint motion hearing set for 10:00 10/14/03 (bp) [Entry date 09/09/03] |
| 9/8/03 | 33 | NOTICE OF MOTION AND MOTION by defendants' UICI, and Midwest Natl Life to dismiss ; motion hearing set for 10:00 10/14/03 (bp) [Entry date 09/09/03] |

278

| 9/8/03 | 34 | NOTICE OF MOTION AND MOTION by defendants' UICI, and Midwest Natl Life to strike portions of plaintiff's first amended complaint motion hearing set for 10:00 10/14/03 :bp] [Entry date 09/09/03] |
| 9/8/03 | 35 | REQUEST by defendants' UICI, and Midwest Natl Life for Judicial Notice in support of motion to dismiss [33-1] (bp) [Entry date 09/09/03] |
| 9/8/03 | 36 | DECLARATION of Catherine A. Tempa by defendants' UICI, and Midwest Natl Life in support of motion to strike portions of plaintiff's first amended complaint [34-1], motion to dismiss [33-1], motion for more definite statement of the claims asserted in plaintiff's first amended complaint [32-1] (bp) [Entry date 09/09/03] |
| 9/8/03 | 37 | NOTICE OF MOTION AND MOTION by defendant Howard Segal to dismiss for lack of personal jurisdiction ; motion hearing set for 10:00 10/14/03. Lodged proposed order (bp) [Entry date 09/09/03] |
| 9/8/03 | 38 | NOTICE OF MOTION AND MOTION by defendant William Callaghan Jr to dismiss for lack of personal jurisdiction motion hearing set for 10:00 10/14/03. Lodged proposed order (bp) [Entry date 09/09/03] |
| 9/8/03 | 39 | NOTICE OF MOTION AND MOTION by defendant Paul Pevsner to dismiss for lack of personal jurisdiction motion hearing set for 10:00 10/14/03. Lodged proposed order (bp) [Entry date 09/09/03] |
| 9/8/03 | 40 | NOTICE OF MOTION AND MOTION by defendant Ace Loomis to dismiss for lack of personal jurisdiction motion hearing set for 10:00 10/14/03. Lodged proposed order (bp) [Entry date 09/09/03] |
| 9/8/03 | 41 | JOINDER by defendant Alliance for Afford joining defendants Mid-West National and UICI's motion to dismiss [33-1] (bp) [Entry date 09/09/03] |
| 9/8/03 | 42 | JOINDER by defendant Alliance for Afford joining defendants Mid-West Insurance and UICI's motion to strike portions of plaintiff's first amended complaint [34-1] (bp) [Entry date 09/09/03] |
| 9/8/03 | 43 | PROOF OF SERVICE by defendant Alliance for Afford on 9/8/03, of motion to dismiss for lack of personal jurisdiction. (bp) [Entry date 09/09/03] |
| 9/9/03 | 44 | ATTORNEY SUBSTITUTION: terminating attorney Margaret Levy, of Manatt Phelps & Phillips LLP for UICI by defendant UICI and substituting attorney, Andre J. Cronthall by Judge Florence-Marie Cooper (bp) [Entry date 09/10/03] |
| 9/10/03 | 45 | Corrected notice of motion and motion for a more definite statement of the claims asserted in plaintiff's first amended complaint by defendants' UICI, and Midwest Natl Life to motion for more definite statement of the claims asserted in plaintiff's first amended complaint [32-1] (bp) [Entry date 09/11/03] |
| 9/10/03 | 46 | Corrected motion to dismiss first amended complaint by defendants' UICI, and Midwest Natl Life [33-1] (bp) |

279



[Entry date 09/11/03]

9/10/03   47      Corrected by defendants' UICI, and Midwest Natl Life motion
                  to strike portions of plaintiff's first amended complaint
                  [34-1] (bp) [Entry date 09/11/03]

---

Case Flags:
(CTx)

---

END OF DOCKET: 2:03cv4778

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/15/2003 08:46:28 | | |
| PACER Login: | wg0006 | Client Code: | 78416.0030-2416 |
| Description: | docket report | Search Criteria: | 2:03cv04778 |
| Billable Pages: | 9 | Cost: | 0.63 |

280

 

# U.S. District Court
## California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:03-cv-02852

Lacy v. Mega Life and Health Insurance Company et al
Assigned to: Hon. Claudia Wilken
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Dkt# in other court: RG03-92881
Cause: 28:1446 Petition for Removal

Date Filed: 06/18/03
Jury Demand: None
Nature of Suit: 890
Jurisdiction: Federal Question

**Plaintiff**

**Sandra Lacy**

represented by

**Edward J. Simone**
Law Offices of Reiser & Simone
1806 Bonanza Street
Walnut Creek, CA 94596
(925) 256-0500
Fax : (925) 256-0700

**Michael J. Reiser, Esq.**
Law Offices of Reiser & Simone
1806 Bonanza Street
Walnut Creek, CA 94596
(925)256-0400
Fax : 925-256-0700
Email: verdicts@pacbell.net

V.

**Defendant**

**Mega Life and Health Insurance Company**

represented by

**Alice Garber**
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650/802-3230
Fax : 650-802-3100
Email: alice.garber@weil.com

**Christopher J. Cox**
Weil Gotshal & Manges
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650/802-3029
Email: chris.cox@weil.com

**Mid-West National Life Insurance
Company of Tennessee**

represented by

**Alice Garber**
(See above for address)

**Christopher J. Cox**

281

Nase Group Insurance Trust

National Association For The Self
Employed

represented by
Brian Keith Mazen
Meserve Mumper & Hughes LLP
300 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
213-620-0300
Email: bmazen@mmhllp.com

Kennedy P. Richardson
Marion's Inn
1611 Telegraph Avenue
Suite 707
Oakland, CA 94612-2145
(510) 451-6770
Fax : (510) 451-1711
Email: kpr@marionsinn.com

William E. von Behren
Meserve Mumper & Hughes LLP
300 South Grand Avenue
24th Floor
Los Angeles, CA 90071
213/620-0300
Email: bvonbehren@mmhllp.com

*aka*
NASE

United Group Association Inc.

Alliance For Affordable Services

represented by
Brian Keith Mazen
(See above for address)

Kennedy P. Richardson
(See above for address)

William E. von Behren
(See above for address)

The Business and Professiional Service
Industry Trust

Cornerstone Marketing of America

UICI, Inc.

represented by
Alice Garber
(See above for address)

Christopher J. Cox
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 06/18/2003 | 1 | NOTICE OF REMOVAL *ino process* from Alameda County Superior Court. Their case number is RG03-92881. (Filing fee $150 receipt number 3348636). Filed by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee . |

282

| | | |
|---|---|---|
| | | (ga, ) Modified on 7/24/2003 (cp, ). (Entered: 06/24/2003) |
| 06/18/2003 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 10/15/2003. Case Management Conference set for 10/22/2003 at 10:30 AM.. Signed by Judge James Larson on 6/18/03. (Attachments: # 1 Standing Order)(ga, ) (Entered: 06/24/2003) |
| 06/18/2003 | | CASE DESIGNATED for Electronic Filing. (ga, ) (Entered: 06/24/2003) |
| 06/19/2003 | 3 | Joinder re 1 by Alliance For Affordable Services, National Association For The Self Employed. (ga, ) (Entered: 06/24/2003) |
| 06/23/2003 | 4 | Unopposed motion *to extend time to answer or otherwise respond to complaint* filed by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee. (ga, ) Modified on 9/11/2003 (cp, ). (Entered: 06/25/2003) |
| 06/23/2003 | 5 | DECLARATION in Support re 4 *of Alice Garber* filed by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee. (Related document(s) 4) (ga, ) (Entered: 06/25/2003) |
| 06/23/2003 | 6 | CERTIFICATE/PROOF OF SERVICE by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee re 4, 5 (ga, ) (Entered: 06/25/2003) |
| 06/24/2003 | 7 | CERTIFICATE/PROOF OF SERVICE by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee re 4, 5 (ga, ) (Entered: 06/25/2003) |
| 06/30/2003 | 8 | ORDER granting extension of time to answer by 7/15//03. Signed by Judge James Larson on 6/30/03. (ga, ) Additional attachment(s) added on 9/11/2003 (cp, ). (Entered: 07/02/2003) |
| 07/01/2003 | 9 | STIPULATION *extending time to answer by 7/15/03* by National Association For The Self Employed. (ga, ) (Entered: 07/02/2003) |
| 07/15/2003 | 10 | MOTION to Dismiss *Memorandum of Points and Authorities In Support* filed by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee, UICI, Inc.. Motion Hearing set for 9/3/2003 09:30 AM. (Garber, Alice) (Entered: 07/15/2003) |
| 07/15/2003 | 11 | DECLARATION in Support re 10 *by Alice Garber* filed by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee, UICI, Inc.. (Attachments: # 1 Exhibit 1)(Related document(s)10) (Garber, Alice) (Entered: 07/15/2003) |
| 07/15/2003 | 12 | DECLARATION in Support re 10 *of Connie Palacios* filed by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee, UICI, Inc.. (Related document(s)10) (Garber, Alice) (Entered: 07/15/2003) |
| 07/15/2003 | 13 | Proposed Order re 10 *Granting Motion to Dismiss* by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee, UICI, Inc.. (Garber, Alice) (Entered: 07/15/2003) |
| 07/15/2003 | 14 | NOTICE re 10 *Motion to Dismiss* by Mega Life and Health Insurance Company, Mid-West |

283

| | | National Life Insurance Company of Tennessee, UICI. Inc.. (Garber. Alice) (Entered: 07/15/2003) |
|---|---|---|
| 07/15/2003 | 15 | MOTION for Joinder *Joinder of Defendants The National Association For The Self-Employed and The Alliance For Affordable Services to Defendant's Mega Life and Health Insurance Company and Midwest National Life Insurance Company's Notice of Motion and Motion to Dismiss* filed by Alliance For Affordable Services. National Association For The Self Employed. Motion Hearing set for 9/3/2003 09:30 AM. (Mazen. Brian) (Entered: 07/15/2003) |
| 07/17/2003 | 16 | Letter *Regarding Consent* from Judge Larson. (Attachments: # 1 # 2)(jlsec. ) (Entered: 07/17/2003) |
| 07/18/2003 | 17 | Declination to Proceed Before a U.S. Magistrate Judge by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee. UICI. Inc.. (Garber. Alice) (Entered: 07/18/2003) |
| 07/21/2003 | 18 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (wh. ) (Entered: 07/21/2003) |
| 07/21/2003 | 19 | ORDER REASSIGNING CASE. Case reassigned to Judge Claudia Wilken for all further proceedings. Judge James Larson no longer assigned to case. Signed by Executive Committee on 07/21/03. (mab. COURT STAFF) (Entered: 07/21/2003) |
| 07/24/2003 | 20 | CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE: Case Management Conference set for 10/24/2003 at 01:30 PM. Motion Hearing set for 9/5/2003 10:00 AM.. Signed by Judge Claudia Wilken on 7/24/03. (sec, ) (Entered: 07/24/2003) |
| 07/25/2003 | 21 | CERTIFICATE/PROOF OF SERVICE by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee. UICI. Inc. re 20 *Case Management Scheduling Order For Reassigned Civil Case* (Garber. Alice) (Entered: 07/25/2003) |
| 08/07/2003 | 22 | Application for Substitution of Attorney by Alliance For Affordable Services. (Richardson, Kennedy) (Entered: 08/07/2003) |
| 08/07/2003 | 23 | Application for Substitution of Attorney by National Association For The Self Employed. (Richardson. Kennedy) (Entered: 08/07/2003) |
| 08/14/2003 | 24 | MOTION for Pro Hac Vice *Special Admission* filed by Sandra Lacy. (Reiser. Michael); $60.00 filing fee paid. 8/20/03. receipt #4408265. Modified on 8/20/2003 (ke. COURT STAFF). (Entered: 08/14/2003) |
| 08/15/2003 | 25 | MOTION to Remand *plaintiff's notice of motion to remand* filed by Sandra Lacy. Motion Hearing set for 9/26/2003 10:00 AM. (Reiser. Michael) (Entered: 08/15/2003) |
| 08/15/2003 | 26 | Proposed Order filed by Sandra Lacy. (Reiser. Michael) Modified on 8/18/2003 (cp, ). (Entered: 08/15/2003) |
| 08/15/2003 | 27 | ******DUPLICATE ENTRY, SEE DOCUMENT #25****** MOTION to Remand filed by |

284

| | | |
|---|---|---|
| | | Sandra Lacy. Motion Hearing set for 9/26/2003 10:00 AM. (Reiser, Michael) Modified on 8/18/2003 (cp, ). (Entered: 08/15/2003) |
| 08/15/2003 | 28 | *Points and authorities in support of motion to remand* filed by Sandra Lacy. (Reiser, Michael) Modified on 8/18/2003 (cp, ). (Entered: 08/15/2003) |
| 08/15/2003 | 29 | *Opposition to Defendant's Motion to Dismiss, and Request for Remand* filed by Sandra Lacy. (Reiser, Michael) Modified on 8/18/2003 (cp, ). (Entered: 08/15/2003) |
| 08/18/2003 | 30 | CLERK'S NOTICE Continuing Motion Hearing Motion Hearing set for 9/26 2003 10:00 AM. (sec, COURT STAFF) (Entered: 08/18/2003) |
| 08/22/2003 | 31 | STIPULATION re 27, 28, 29, 10, 25 *Extension for filing defendants' brief* by Alliance For Affordable Services, National Association For The Self Employed. (Richardson, Kennedy) (Entered: 08/22/2003) |
| 08/26/2003 | 32 | ORDER re 31 GRANTING STIPULATION TO EXTEND DEADLINE FOR FILING . Signed by Judge Claudia Wilken on 8/26/03. (sec, COURT STAFF) (Entered: 08/26/2003) |
| 09/04/2003 | 33 | STIPULATION *To Extend Time For Defendants To File A Response In Opposition To Plaintiff Sandra Lacy's Motion To Remand And A Reply In Support of Defendants' Motion To Dismiss; and Stipulated [Proposed] Order For Continuance Of Hearing On Same Until October 24, 2003* by Mega Life and Health Insurance Company, Mid-West National Life Insurance Company of Tennessee, UICI. Inc.. (Garber, Alice) (Entered: 09/04/2003) |
| 09/11/2003 | 34 | CLERK'S NOTICE to counsel for defendants MEGA. Mid-West re: Failure to E-File (cp, ) (Entered: 09/11/2003) |
| 09/11/2003 | 35 | CLERK'S NOTICE to counsel for NASE, The Alliance re: Failure to E-File (cp, ) (Entered: 09/11/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/15/2003 08:59:15 | | |
| PACER Login: | wg0006 | Client Code: | 78-416.0030-2416 |
| Description: | Docket Report | Case Number: | 4:03-cv-02852 |
| Billable Pages: | 4 | Cost: | 0.28 |

285

**Case Removed on 9/16/03; Docket Sheet Unavailable**

**EXHIBIT 14**

286

# U.S. District Court

## Northern District of Mississippi (Eastern)

## CIVIL DOCKET FOR CASE #: 03-CV-114

### Tomlin, et al v. Mega Life and Health, et al

Filed: 03/04/03
Assigned to: Chief Judge Glen H. Davidson
Jury demand: Plaintiff
Demand: $0,000
Nature of Suit: 110
Lead Docket: None
Jurisdiction: Diversity
Dkt # in USDC NDMS : is 3:03cv38-D-A
Dkt # in USDC NDMS : is 1:03cv83-D-D
Cause: 28:1441 Notice of Removal-Contract Dispute

| | |
|---|---|
| HERMAN TOMLIN<br>plaintiff | Michael D. Greer<br>[COR LD NTC]<br>GREER & PIPKIN<br>P.O. Box 907<br>Tupelo, MS 38802-0907<br>(662) 842-5345<br><br>David H. Martin<br>[COR LD NTC]<br>MALESOVAS & MARTIN, LLP<br>425 Austin Avenue<br>Waco, TX 76701<br>(254) 753-1777 |
| GARY HARRISON<br>plaintiff | Michael D. Greer<br>(See above)<br>[COR LD NTC]<br><br>David H. Martin<br>(See above)<br>[COR LD NTC] |
| v. | |
| MEGA LIFE AND HEALTH INSURANCE<br>COMPANY<br>defendant | Sheryl Bey<br>[COR LD NTC]<br>BAKER, DONELSON, BEARMAN &<br>CALDWELL<br>P.O. Box 14167<br>Jackson, MS 39236<br>(601) 351-2400 |

**EXHIBIT 15**

287

 
NASE GROUP INSURANCE TRUST

      defendant

NATIONAL ASSOCIATION FOR THE           Thomas A. Wicker
SELF-EMPLOYED                          [COR LD NTC]
aka                                    HOLLAND RAY UPCHURCH & HILLEN
NASE                                   P. O. Drawer 409
      defendant                         Tupelo, MS 38802
                                       (601) 842-1721

WILLIAM L. PHELPS                      John Samuel Hill
      defendant                         [COR LD NTC]
                                       MITCHELL, MCNUTT & SAMS
                                       P. O. Box 7120
                                       Tupelo, MS 38902-7120
                                       (601) 842-3871


# DOCKET   PROCEEDINGS


| DATE | # | DOCKET ENTRY |
|------|---|--------------|
| 3/4/03 | 1 | NOTICE OF REMOVAL by Mega Life and Health from Monroe County Circuit Court for contract dispute; FILING FEE $ 150 RECEIPT # 70405 (jla) |
| 3/4/03 | -- | **Set Jury Flag (jla) |
| 3/4/03 | -- | NOTICE OF ASSIGNMENT Chief Judge Glen H. Davidson and Magistrate Judge Jerry A. Davis (jla) |
| 3/4/03 | 2 | JOINDER by William L. Phelps in [1-1] removal notice by Mega Life and Health (jla) |
| 3/4/03 | 3 | JOINDER by Nat'l Association fo in [1-1] removal notice by Mega Life and Health (jla) |
| 3/5/03 | 4 | Corporate statement by Mega Life and Health identifying UICI as parent corporations. (dlh) |
| 3/11/03 | 5 | ORDER, resetting Answer deadline to 4/10/03 for Mega Life and Health ( signed by Magistrate Judge Jerry A. Davis on 3/11/03) Date of Entry: 3/11/03 (mng) |
| 3/13/03 | 6 | MOTION by William L. Phelps to Extend Time to answer [6-1] motion referred to Magistrate Judge Jerry A. Davis (jla) |
| 3/14/03 | 7 | AGREED ORDER reset Answer deadline to 4/10/03 for Nat'l Association ( signed by Magistrate Judge Jerry A. Davis on 3/14/03) Date of Entry: 3/14/03 (dlh) |

288

 
3/14/03  8    ORDER reset Answer deadline to 4/10/03 for Mega Life and
              Health ( signed by Magistrate Judge Jerry A. Davis  on
              3/14/03)  Date of Entry: 3/14/03 (dlh)

3/18/03  9    MOTION by Herman Tomlin, Gary Harrison to Remand (jla)

3/21/03  10   ORDER granting [6-1] motion to Extend Time to answer,
              reset Answer deadline to 4/10/03 for William L. Phelps (
              signed by Magistrate Judge Jerry A. Davis on 3/21/03; Date
              of Entry: 3/21/03 (dlh) [Entry date 03/24/03]

3/25/03  11   ORDER, Response to Motion reset to 4/17/03 for [9-1]
              motion to Remand ( signed by Chief Judge Glen H. Davidson
              on 3/25/03)  Date of Entry: 3/25/03 (jla)

4/2/03   12   ORDER, reset Answer deadline to 4/10/03 for William L.
              Phelps ( signed by Magistrate Judge Jerry A. Davis  on
              4/2/03)  Date of Entry: 4/2/03 (dlh)

4/8/03   13   MOTION by Herman Tomlin, Gary Harrison for David H. Martin
              to Appear Pro Hac Vice [13-1] motion referred  to
              Magistrate Judge Jerry A. Davis (dlh)

4/9/03   --   Pro Hac Vice Fee Paid by attorney Michael D. Greer for
              attorney David H. Martin; Amount $ 25.00 Receipt # 70499
              (dlh)

4/10/03  14   MOTION by Nat'l Association fo to Dismiss (dlh)

4/10/03  15   ORDER granting [13-1] motion for David H. Martin to Appear
              Pro Hac Vice on behalf of plaintiffs ( signed by Magistrate
              Judge Jerry A. Davis on 4/10/03)  Date of Entry: 4/10/03
              (dlh)

4/10/03  16   MOTION by William L. Phelps to Dismiss (dlh)

4/11/03  17   MOTION by Mega Life and Health to Dismiss (jla)

4/16/03  18   MOTION by Herman Tomlin, Gary Harrison to Hold in Abeyance
              [17-1] motion to Dismiss by Mega Life and Health, [16-1]
              motion to Dismiss by William L. Phelps, [14-1] motion to
              Dismiss by Nat'l Association fo  pending ruling on motion
              to remand (dlh)

4/16/03  19   ORDER, Response to Motion reset to 4/24/03 for [9-1]
              motion to Remand ( signed by Chief Judge Glen H. Davidson
              on 4/16/03)  Date of Entry: 4/16/03 (dlh)

4/21/03  20   ORDER granting ore tenus motion, Response to Motion reset
              to 4/28/03 for [9-1] motion to Remand ( signed by Chief
              Judge Glen H. Davidson  on 4/21/03)  Date of Entry:
              4/21/03 (jla)

4/23/03  21   ORDER granting [18-1] motion to Hold in Abeyance [17-1]
              motion to Dismiss by Mega Life and Health, [16-1] motion to
              Dismiss by William L. Phelps, [14-1] motion to Dismiss by
              Nat'l Association fo: plaintiffs shall have 15 days after
              the date of entry of the Court's decision on the motion to
              remand to respond to motions to dismiss (signed by Chief
              Judge Glen H. Davidson  on 4/23/03)  Date of Entry:
              4/23/03 (jla)

289


4/25/03  22   MOTION by Mega Life and Health for establishment of remand-related discovery period, and to Extend Time to respond to motion to remand (mhg)

5/1/03  23   ORDER Response to Motion reset to 5/27/03 for [9-1] motion to Remand for defendant National Association for the Self-Employed ( signed by Chief Judge Glen H. Davidson on 5/1/03)   Date of Entry: 5/1/03 (dlh) [Entry date 05/05/03]

5/2/03  24   JOINDER by Nat'l Association fo  in [22-2] motion to Extend Time to respond to motion to remand by Mega Life and Health (dlh) [Entry date 05/05/03]

5/5/03  25   ORDER granting [22-2] motion to Extend Time to respond to motion to remand, Response to Motion reset to 5/24/03 for [9-1] motion to Remand for defendant MEGA ( signed by Chief Judge Glen H. Davidson on 5/5/03)   Date of Entry: 5/5/03 (dlh)

5/12/03  26   CONSENT ORDER that the plaintiffs have additional time to respond to MEGA's motion for remand related discovery up to 5/30/03; a date for MEGA's response to the plaintiffs' motion to remand will be set by the court at the time it rules on MEGA's motion for remand related discovery ( signed by Chief Judge Glen H. Davidson on 5/12/03)  Date of Entry: 5/12/03 (dlh) [Edit date 07/07/03]

5/15/03  27   ORDER granting [22-1] motion for establishment of remand-related discovery period; plaintiffs have until 5/30/03 to respond to motion for remand related discovery (signed by Chief Judge Glen H. Davidson on 5/15/03)   Date of Entry: 5/15/03 (jla)

5/30/03  28   ORDER granting [22-1] motion for establishment of remand-related discovery period, Response to Motion reset to 8/15/03 for [9-1] motion to Remand ( signed by Chief Judge Glen H. Davidson on 5/30/03)   Date of Entry: 5/30/03 (dlh)

5/30/03  --   Mailed copy of order and standard operating procedure re E-Government Act of 2002 to counsel (dlh)

6/20/03  --   SUMMONS(ES) issued for NASE Group Insurance (dlh)

6/27/03  29   MOTION by Herman Tomlin, Gary Harrison to Extend Time to serve process [29-1] motion referred to Magistrate Judge Jerry A. Davis (mhg)

6/27/03  30   ORDER granting [29-1] motion to Extend Time to serve process within 60 days (signed by Magistrate Judge Jerry A. Davis on 6/27/03)   Date of Entry: 6/27/03 (jla)

7/16/03  31   CONSENT ORDER, Response to Motion reset to 8/31/03 for [9-1] motion to Remand; directing that remand related discovery be completed by 8/31/03 (signed by Chief Judge Glen H. Davidson on 7/16/03)   Date of Entry: 7/16/03 (jla)

7/29/03  32   NOTICE by Mega Life and Health  to take deposition of Herman Tomlin, Patty Tomlin and Gary Harrison 8/14/03 Tupelo (dlh)

290

U.S. District Court ● ● (v2.4) Docket Report ● ● Page 5 of 5

6/4/03  33   ORDER Response to Motion reset to 9/30/03 for [5-1] motion
             to Remand ( signed by Chief Judge Glen H. Davidson on
             8/4/03)   Date of Entry: 5/4/03 (dlh)

8/11/03  34  SUMMONS Returned Executed as to NASE Group Insurance
             7/23/03 Answer due on 8/23/03 for NASE Group Insurance (jla)

8/12/03  35  AMENDED MOTION by Nat'l Association fo to Dismiss
             referring to: [14-1] motion to Dismiss by Nat'l Association
             fo (dlh)

---

### Case Flags:
### JURY
### CJRA U

---

### END OF DOCKET: 1:03cv114

| PACER Service Center | |
|---|---|
| **Transaction Receipt** | |
| 09/15/2003 11:09:06 | |
| **PACER Login:** wg0006 | **Client Code:** 78416.0030-2416 |
| **Description:** docket report | **Search Criteria:** 1:03cv00114 |
| **Billable Pages:** 6 | **Cost:** 0.42 |

291


# U.S. District Court

## Northern District of Mississippi (Eastern)

### CIVIL DOCKET FOR CASE #: 03-CV-180

### Bailey, et al v. Mega Life and Health, et al

Filed: 04/24/03
Assigned to: Chief Judge Glen H. Davidson
Jury demand: Plaintiff
Demand: $0,000
Nature of Suit: 370
Lead Docket: None
Jurisdiction: Diversity
Dkt # in Chickasaw Co. Circui : is 2003-16
Cause: 28:1441 Notice of Removal-Fraud

| | |
|---|---|
| WILLIAM E. BAILEY<br>plaintiff | Michael D. Greer<br>[COR LD NTC]<br>GREER & PIPKIN<br>P.O. Box 907<br>Tupelo, MS 38802-0907<br>(662)842-5345 |
| MIKE ELLIS<br>plaintiff | Michael D. Greer<br>(See above)<br>[COR LD NTC] |
| WINDELL E. POUNDS<br>plaintiff | Michael D. Greer<br>(See above)<br>[COR LD NTC] |
| CLARA MAE POUNDS<br>plaintiff | Michael D. Greer<br>(See above)<br>[COR LD NTC] |
| v. | |
| MEGA LIFE AND HEALTH INSURANCE<br>COMPANY<br>defendant | Sheryl Bey<br>[COR LD NTC]<br>BAKER, DONELSON, BEARMAN &<br>CALDWELL<br>P.O. Box 14167<br>Jackson, MS 39236<br>(601) 351-2400 |
| NASE GROUP INSURANCE TRUST<br>defendant | Sheryl Bey<br>(See above)<br>[COR LD NTC] |

**EXHIBIT 16**

292


NATIONAL ASSOCIATION FOR THE          Michael D. Tapscott
SELF-EMPLOYED                         [COR LD NTC]
aka                                   HOLLAND RAY UPCHURCH & HILLEN
NASE                                  P. O. Drawer 409
        defendant                     Tupelo, MS 38802
                                      (601) 842-1721


BARRY LEE                             John Samuel Hill
        defendant                     [COR LD NTC]
                                      MITCHELL, MCNUTT & SAMS
                                      P. O. Box 7120
                                      Tupelo, MS 38802-7120
                                      (601) 842-3871


CHAD MILLS                            John Samuel Hill
        defendant                     (See above)
                                      [COR LD NTC]
                                      Lamar Bradley Dillard
                                      [COR LD NTC]
                                      MITCHELL, MCNUTT & SAMS
                                      P. O. Box 7120
                                      Tupelo, MS 38802-7120
                                      (601) 842-3871


WILLIAM L. PHIPPS                     John Samuel Hill
        defendant.                    (See above)
                                      [COR LD NTC]
                                      Lamar Bradley Dillard
                                      (See above)
                                      [COR LD NTC]


# DOCKET   PROCEEDINGS

DATE    #         DOCKET   ENTRY


4/24/03   1       NOTICE OF REMOVAL by Mega Life and Health from Chickasaw
                  County Circuit Court for fraud; FILING FEE $ 150  RECEIPT #
                  71796 (jla)

4/24/03   --      **Set Jury Flag (jla)

4/24/03   --      NOTICE OF ASSIGNMENT  Chief Judge Glen H. Davidson  and
                  Magistrate Judge Jerry A. Davis (jla)

4/24/03   2       JOINDER by National Assn for th  in [1-1] removal notice
                  by Mega Life and Health (jla)

4/28/03   3       NOTICE of Attorney Appearance for Chad Mills, William L.
                  Phipps  by John Samuel Hill, Lamar Bradley Dillard (dlh)

4/28/03   4       MOTION by Chad Mills, William L. Phipps to Extend Time to

293

| | | |
|---|---|---|
| | | fire answer [4-1] motion referred to Magistrate Judge Jerry A. Davis (dlh) |
| 4/30/03 | 5 | Corporate statement by Mega Life and Health identifying UICI as parent corporations. (dlh) |
| 5/2/03 | 6 | MOTION by National Assn for th to Extend Time to file answer to amended complaint [6-1] motion referred to Magistrate Judge Jerry A. Davis (dlh) |
| 5/5/03 | 7 | ORDER reset Answer deadline to 5/27/03 for Mega Life and Health ( signed by Chief Judge Glen H. Davidson on 5/5/03) Date of Entry: 5/5/03 (dlh) |
| 5/12/03 | 8 | CERTIFICATE of State Court Clerk (jla) |
| 5/12/03 | 9 | COMPLAINT for fraud; jury demand; filed in state court 2/13/03 (jla) |
| 5/12/03 | -- | SUMMONS(ES) issued for Mega Life and Health; issued in state court 4/16/03 (jla) |
| 5/12/03 | 10 | ACKNOWLEDGEMENT OF SERVICE as to William L. Phipps 4/15/03 Answer due on 5/5/03 for William L. Phipps; filed in state court 4/23/03 (jla) |
| 5/12/03 | 11 | ACKNOWLEDGEMENT OF SERVICE as to NASE Group Insurance 4/23/03 Answer due on 5/13/03 for NASE Group Insurance; filed in state court 5/2/03 (jla) |
| 5/14/03 | 12 | CONSENT ORDER Extending Time to 5/27/03 for Mega Life and Health to respond to complaint ( signed by Magistrate Judge Jerry A. Davis on 5/14/03) Date of Entry: 5/14/03 (rke) [Edit date 07/30/03] |
| 5/14/03 | 13 | AGREED ORDER granting [6-1] motion of National Association to Extend Time to file answer to amended complaint until 5/29/03 ( signed by Magistrate Judge Jerry A. Davis on 5/14/03) Date of Entry: 5/14/03 (rke) [Edit date 07/30/03] |
| 5/14/03 | 14 | ORDER granting [4-1] motion to Extend Time for Chad Mills and William L. Phipps to file answer by 5/27/03 signed by Magistrate Judge Jerry A. Davis on 5/14/03) Date of Entry: 5/14/03 (rke) [Edit date 07/30/03] |
| 5/28/03 | 15 | MOTION by Chad Mills to Dismiss (dlh) |
| 5/28/03 | 16 | MOTION by William L. Phipps to Dismiss (dln) |
| 5/28/03 | 17 | MOTION by Mega Life and Health to Dismiss (dlh) |
| 6/2/03 | 18 | MOTION by National Assn for th to Dismiss (jla) |
| 6/2/03 | 19 | MOTION by William E. Bailey, Mike Ellis, Windell E. Pounds, Clara Mae Pounds to Hold in Abeyance [18-1] motion to Dismiss by National Assn for th, [17-1] motion to Dismiss by Mega Life and Health, [16-1, motion to Dismiss by William L. Phipps, [15-1] motion to Dismiss by Chad Mills (jla) |
| 6/2/03 | 20 | ORDER granting [19-1] motion to Hold in Abeyance [18-1] motion to Dismiss by National Assn for th, [17-1] motion to |

294

| | | |
|---|---|---|
| | | Dismiss by Mega Life and Health, [16-1] Motion to Dismiss by William L. Phipps, [15-1] motion to Dismiss by Chad Mills; plaintiffs shall have 15 days after the date of the entry of the decision on the motion to remand to respond to motions to dismiss ( signed by Chief Judge Glen H. Davidson on 6/2/03)   Date of Entry: 6/2/03 (jla) |
| 6/4/03 | 21 | AMENDMENT TO MOTION by Chad Mills, William L. Phipps to Dismiss referring to: [16-1] motion to Dismiss by William L. Phipps, [15-1] motion to Dismiss by Chad Mills (jla) |
| 6/6/03 | 22 | MOTION by William E. Bailey, Mike Ellis, Windell E. Pounds, Clara Mae Pounds to Extend Time to serve process [22-1] motion referred to Magistrate Judge Jerry A. Davis (jla) |
| 6/6/03 | -- | SUMMONS(ES) issued for Barry Lee (jla) |
| 6/11/03 | 23 | ORDER granting [22-1] motion to Extend Time to serve process; plaintiffs are granted an additional 45 days to serve process upon Barry Lee (signed by Magistrate Judge Jerry A. Davis on 6/11/03)   Date of Entry: 6/11/03 (jla) |
| 6/20/03 | -- | SUMMONS(ES) issued for NASE Group Insurance (dlh) |
| 6/23/03 | 24 | SUMMONS Returned Executed as to Barry Lee 6/16/03 Answer due on 7/6/03 for Barry Lee (mhg) |
| 7/8/03 | 25 | MOTION by Barry Lee to Dismiss (jla) |
| 7/14/03 | 26 | MOTION by William E. Bailey, Mike Ellis, Windell E. Pounds, Clara Mae Pounds to Hold in Abeyance [25-1] motion to Dismiss by Barry Lee (jla) |
| 7/14/03 | 27 | ORDER granting [26-1] motion to Hold in Abeyance [25-1] motion to Dismiss by Barry Lee; plaintiffs shall have 15 days of the Court's decision on the motion to remand to respond to Lee's motion to dismiss (signed by Chief Judge Glen H. Davidson on 7/14/03)   Date of Entry: 7/14/03 (jla) |
| 7/22/03 | 28 | RESPONSE by Barry Lee to [26-1] motion to Hold in Abeyance [25-1] motion to Dismiss by Barry Lee by Clara Mae Pounds, Windell E. Pounds, Mike Ellis, William E. Bailey (jla) |
| 8/11/03 | 29 | SUMMONS Returned Executed as to NASE Group Insurance 7/23/03 Answer due on 8/23/03 for NASE Group Insurance (jla) |
| 8/12/03 | 30 | AMENDED MOTION to Dismiss referring to: [16-1] motion to Dismiss by National Assn for th (dlh) |

**Case Flags:**
**JURY**
**CJRA U**

**END OF DOCKET: 1:03cv180**





| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 09/15/2003 11:09:54 | | | |
| **PACER Login:** | wg0006 | **Client Code:** | 78416.0030-2416 |
| **Description:** | docket report | **Search Criteria:** | 1:03cv00180 |
| **Billable Pages:** | 5 | **Cost:** | 0.35 |

296


## U.S. District Court

## Northern District of Mississippi (Delta)

## CIVIL DOCKET FOR CASE #: 03-CV-147

### Pride, et al v. Mega Life and Health, et al

Filed: 04/24/03
Assigned to: Senior Judge Neal B. Biggers
Jury demand: Plaintiff
Demand: $0,000
Nature of Suit: 370
Lead Docket: None
Jurisdiction: Diversity
Dkt # in Panola Circuit Ct. : is 2002-439BP2
Cause: 28:1441 Notice of Removal-Insurance Contract

| | |
|---|---|
| ROBERT PRIDE<br>plaintiff | Richard T. Phillips<br>[COR LD NTC]<br>SMITH, PHILLIPS, MITCHELL &<br>SCOTT<br>P.O. Drawer 1586<br>Batesville, MS 38606<br>(662) 563-4613<br><br>Michael D. Greer<br>[COR LD NTC]<br>GREER & PIPKIN<br>P.O. Box 907<br>Tupelo, MS 38802-0907<br>(662) 842-5345 |
| EFFIE D. PRIDE<br>plaintiff | Richard T. Phillips<br>(See above)<br>[COR LD NTC]<br><br>Michael D. Greer<br>(See above)<br>[COR LD NTC] |
| ETHELDRA D. HAYNIE<br>plaintiff | Richard T. Phillips<br>(See above)<br>[COR LD NTC]<br><br>Michael D. Greer<br>(See above)<br>[COR LD NTC] |
| BRANDON A. MAYO | Richard T. Phillips |

**EXHIBIT 17**

297

```
                    plaintiff              (See above)
                                           [COR LD NTC]

                                           Michael D. Greer
                                           (See above)
                                           [COR LD NTC]

        GARY NANNEY                        Richard T. Phillips
             plaintiff                     (See above)
                                           [COR LD NTC]

                                           Michael D. Greer
                                           (See above)
                                           [COR LD NTC]

        ROYCE SPEARS                       Richard T. Phillips
             plaintiff                     (See above)
                                           [COR LD NTC]

                                           Michael D. Greer
                                           (See above)
                                           [COR LD NTC]

        HUDSON WILLIAMS                    Michael D. Greer
             plaintiff                      [term 05/12/03]
          [term 05/12/03]                  (See above)
                                           [COR LD NTC]

        THOMAS A. MILLS                    Richard T. Phillips
             plaintiff                     (See above)
                                           [COR LD NTC]

                                           Michael D. Greer
                                           (See above)
                                           [COR LD NTC]

        JOHNNY MOORE                       Richard T. Phillips
             plaintiff                     (See above)
                                           [COR LD NTC]

                                           Michael D. Greer
                                           (See above)
                                           [COR LD NTC]


             v.


        MEGA LIFE AND HEALTH INSURANCE     Sheryl Bey
        COMPANY                            [COR LD NTC]
             defendant                     BAKER, DONELSON, BEARMAN &
                                           CALDWELL

                                           P.O. Box 14167
                                           Jackson, MS 39236
                                           (601) 351-2400

        HASE GROUP INSURANCE TRUST         Michael D. Tapscott
             defendant                     [COR LD NTC]
                                           HOLLAND RAY UPCHURCH & HILLEN
                                           P. O. Drawer 409
                                           Tupelo, MS 38802
                                           (601) 842-1721

        NATIONAL ASSOCIATION FOR THE       Michael D. Tapscott
```

298

U.S. District Court ● ● .(v2.4) Docket Report ● ●                          Page 3 of 7

SELF-EMPLOYED                          (See above)
aka                                    (COR LD NTC)
NASE
        defendant

CHAD MILLS                             Lamar Bradley Dillard
        defendant                      (COR LD NTC)
                                       MITCHELL, MCNUTT & SAMS
                                       P. O. Box 7120
                                       Tupelo, MS 39802-7120
                                       (601) 842-3871

ROBERT WESLEY PITTMAN                  Lamar Bradley Dillard
        defendant                      (See above)
                                       (COR LD NTC)

BARRY LEE                              Lamar Bradley Dillard
        defendant                      (See above)
                                       (COR LD NTC)


# DOCKET  PROCEEDINGS


DATE    #          DOCKET   ENTRY


4/24/03  1         NOTICE OF REMOVAL (Panola Co. Circuit Court) by Mega Life
                   and Health ; FILING FEE $ 150.00  RECEIPT # 71741 (Complaint
                   Attached As Exhibit) (nsm) [Edit date 04/24/03]

4/24/03  --        NOTICE OF ASSIGNMENT  Senior Judge Neal B. Biggers  and
                   Magistrate Judge S. Allan Alexander (nsm)

4/24/03  2         JOINDER by Nat'l Association fc  in (1-1) removal notice
                   by Mega Life and Health (kmt) [Entry date 04/29/03]

4/24/03  --        **Set Jury Flag (nsm) [Entry date 04/29/03]

4/28/03  3         NOTICE of Attorney Appearance for Chad Mills, Robert Wesley
                   Pittman  by Lamar Bradley Dillard (kmt)

4/28/03  4         MOTION by Chad Mills, Robert Wesley Pittman to Extend Time
                   to file their answer (4-1) motion referred to Magistrate
                   Judge S. Allan Alexander (kmt)

4/29/03  5         MOTION by Robert Pride, Effie I. Pride, Etheldra D. Haynie,
                   Brandon A. Mayo, Gary Manney, Royce Spears, Hudson
                   Williams, Thomas A. Mills, Johnny Morro to Extend Time to
                   Serve Process (5-1) motion referred  to Magistrate Judge
                   S. Allan Alexander (nsm)

4/30/03  6         ORDER  granting (4-1) motion to Extend Time to file their
                   answer,   reset Answer deadline to 5/12/03 for Robert
                   Wesley Pittman, for Chad Mills ( signed by Magistrate

299



U.S. District Court             (v2.4) Docket Report                                    Page 4 of 7

Judge S. Allan Alexander on 04/30/03 (kmt)

5/1/03    7    Corporate statement by Mega Life and Health identifying
               UICI as parent corporations. (kmt)

5/1/03    8    CERTIFICATE of State Court Clerk (kmt)

5/1/03    9    COMPLAINT for breach of contract filed in the Circuit Court
               of Panola County, MS on 12/31/02; jury demand (kmt)

5/1/03    10   AMENDED COMPLAINT by Robert Pride, Effie D. Pride, Etheldra
               D. Haynie, Brandon A. Mayo, Gary Nanney, Royce Spears,
               Hudson Williams, Thomas A. Mills, Johnny Moore amending
               [9-1] complaint; jury demand Filed in the Circuit Court of
               Panola County on 02/07/03 (kmt)

5/1/03    11   SUMMONS Returned Executed as to NASE Group Insurance
               3/31/03 Answer due on 4/20/03 for NASE Group Insurance
               filed in the Circuit Court of Panola County, MS on 04/07/03
               (kmt)

5/1/03    12   SUMMONS Returned Executed as to Chad Mills 3/31/03 Answer
               due on 4/20/03 for Chad Mills Filed in the Circuit Court of
               Panola County, MS on 04/07/03 (kmt)

5/1/03    13   SECOND AMENDED COMPLAINT by Robert Pride, Effie D. Pride,
               Etheldra D. Haynie, Brandon A. Mayo, Gary Nanney, Royce
               Spears, Hudson Williams, Thomas A. Mills, Johnny Moore
               amending [9-1] complaint; jury demand (Filed in the Circuit
               Court of Panola County, MS on 04/21/03) (kmt)

5/1/03    14   MOTION by NASE Group Insurance to Extend Time to File a
               Responsive Pleading [9-1] motion referred to Magistrate
               Judge S. Allan Alexander (tab) [Edit date 05/06/03]

5/1/03    15   SUMMONS Returned Executed as to Nat'l Association fo 4/23/03
               Answer due on 5/13/03 for Nat'l Association fo (Filed in the
               Circuit Court of Panola County) (kmt)
               [Edit date 05/06/03]

5/2/03    16   MOTION by Mega Life and Health to Extend Time to Answer
               [9-1] motion referred to Magistrate Judge S. Allan
               Alexander (nsm) [Edit date 05/06/03]

5/2/03    17   ORDER granting [9-1] motion to Extend Time to File a
               Responsive Pleading, reset Answer deadline to 5/29/03 for
               NASE Group Insurance ( signed by Magistrate Judge S. Allan
               Alexander on 05/01/03) (kmt) [Entry date 05/05/03]
               [Edit date 05/06/03]

5/7/03    18   ORDER granting [16-1] motion to Extend Time to Answer,
               reset Answer deadline to 5/27/03 for Mega Life and Health
               ( signed by Magistrate Judge S. Allan Alexander on
               05/07/03) (dcap)

5/9/03    19   NOTICE of Voluntary Dismissal pursuant to Rule 41(a) as to
               Hudson Williams; that all claims of this individual,
               plaintiff Hudson Williams, only, are hereby dismissed
               without prejudice. (tab) [Entry date 05/12/03]

5/19/03   20   RESPONSE by NASE Group Insurance to [9-1] motion to Extend
               Time to Serve Process by plaintiffs (nsm,
               [Entry date 05/20/03]

300

U.S. District Court  (v2.4) Docket Report    Page 5 of 7

5/19/03   21   MOTION by Robert Pride to Remand (nsm) [Entry date 05/20/03]

5/28/03   22   MOTION by Mega Life and Health to Dismiss Plaintiffs'
               Complaint (kmt)

5/29/03   23   MOTION by Chad Mills to Dismiss (kmt)

5/29/03   24   MOTION by Robert Wesley Pittman to Dismiss (kmt)

5/29/03   25   ORDER  granting [5-1] motion to Extend Time to Serve Process
               deadline will be 6/29/03; (signed by Magistrate Judge S.
               Allan Alexander on 5/29/03. Date of Entry: 5/29/03. nfs.
               [Entry date 05/30/03] [Edit date 05/30/03]

5/30/03   26   MOTION by NASE Group Insurance to Dismiss Complaint (kmt)

6/3/03    27   MOTION by Robert Pride, Effie D. Pride, Etheidra D. Haynie,
               Brandon A. Mayo, Gary Nanney, Royce Spears, Thomas A.
               Mills, Johnny Moore to Hold in Abeyance [26-1] motion to
               Dismiss Complaint by NASE Group Insurance, [24-1] motion to
               Dismiss by Robert Wesley Pittman, [23-1] motion to Dismiss
               by Chad Mills, [22-1] motion to Dismiss Plaintiffs'
               Complaint by Mega Life and Health (kmt)
               [Entry date 06/04/03]

6/5/03    28   AMENDED MOTION by Chad Mills, Robert Wesley Pittman to
               Dismiss referring to: [24-1] motion to Dismiss by Robert
               Wesley Pittman, [23-1] motion to Dismiss by Chad Mills (kmt

6/6/03    --   SUMMONS(ES) issued for Barry Lee (jla)

6/10/03   29   RESPONSE by Mega Life and Health  in opposition to [21-1]
               motion to Remand by Robert Pride (nsm)

6/10/03   30   ORDER Granting Motion to Extend Time, Response to Motion
               reset to 6/9/03 for [21-1] motion to Remand ( signed by
               Magistrate Judge S. Allan Alexander on 06/09/03) (nsm)

6/11/03   31   JOINDER by NASE Group Insurance  in [29-1] opposition
               response  by Mega Life and Health (kmt)

6/12/03   32   ORDER  granting [27-1] motion to Hold in Abeyance [26-1]
               motion to Dismiss Complaint by NASE Group Insurance, [24-1]
               motion to Dismiss by Robert Wesley Pittman, [23-1] motion
               to Dismiss by Chad Mills, [22-1] motion to Dismiss
               Plaintiffs' Complaint by Mega Life and Health ( signed by
               Senior Judge Neal B. Biggers  on 06/11/03) (nsm)
               [Entry date 06/13/03]

6/12/03   33   ORDER Granting ore tenus Motion of Defendant NASE to Extend
               time until 06/15/03 to Respond to Motion to Remand. (
               signed by Senior Judge Neal B. Biggers on 06/11/03) (nsm.
               [Entry date 06/13/03]

6/12/03   34   CONSENT ORDER Granting MEGA Life and Health Insurance
               Company an Additional " days to respond to Motion to
               Remand, up to and including 06/09/03. ( signed by Senior
               Judge Neal B. Biggers on 06/11/03) (nsm)
               [Entry date 06/13/03]

6/12/03   35   MOTION by Mega Life and Health to Withdraw Exhibits (tab

301