A CERTIFIED TRUE COPY

FEB 20 2004

ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK, U.S. DISTRICT COURT

MAR -1 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*mc (Gx) Debbie Correa vs.*
*UICI, et al.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 20 2004

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1578

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE UICI "ASSOCIATION-GROUP" INSURANCE LITIGATION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 23 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of the six actions in the Northern District of Mississippi, two actions in the Central District of California, and one action in the Northern District of California as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants UICI, Mid-West National Life Insurance Co. of Tennessee and The MEGA Life & Health Insurance Company for coordinated or consolidated proceedings of these actions in the Northern District of Texas. Two associations that are also named as defendants in the actions, the Alliance for Affordable Services and the National Association for the Self-Employed, join in the motion for transfer to the Northern District of Texas. Plaintiffs in the two Central District of California actions oppose the motion. Plaintiffs in the other actions before the Panel, after initially objecting to the motion in whole or in part, now support transfer under Section 1407 to the Northern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of allegations that the moving defendants engaged in a scheme to sell health insurance by fraudulently concealing relationships between the moving defendants and the association defendants. Centralization under Section 1407 is

---

[1] The parties have notified the Panel of three related actions pending in the Southern District of Mississippi and one related action pending in the Northern District of Mississippi. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). The Section 1407 motion, as filed, also pertained to two additional actions: *Lloyd H. Grigsby, et al. v. MEGA Life & Health Insurance Co., et al.*, W.D. Oklahoma, C.A. No. 5:03-764; and *Frank Garcia, et al. v. MEGA Life & Health Insurance Co., et al.*, S.D. Texas, C.A. No. 7:03-194. These two actions were remanded to their respective state courts on September 25, 2003, and November 19, 2003, respectively. Accordingly, the question of Section 1407 transfer with respect to both actions is now moot.

ENTERED
CLERK, U.S. DISTRICT COURT

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

MAR 2 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____

Certified a true copy of an instrument on file in my office on 2-23-04
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

101

-2-

thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the two Central District of California actions oppose the motion, in part, on the ground that their actions do not share sufficient questions of fact with the other actions to warrant transfer. We find their arguments unpersuasive. We point out that each action seeks to redress harm allegedly caused by the defendants in their sale of health insurance to the plaintiffs, including their failure to disclose relationships between certain of the defendants, and that the allegations of wrongful conduct are substantially similar across all actions. We note that at least one other action involves allegations against the same association and insurance company named as defendants in the Central District of California actions. We also note that the insurance company named in the Northern District of Mississippi actions and the insurance company named in the Central District of California actions are both wholly owned subsidiaries of the same parent corporation, which is also named as a defendant in several actions. Finally, we emphasize that the motion to remand to state court pending in one Central District of California action, as well as similar motions pending in other actions, can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

We are persuaded that the Northern District of Texas is an appropriate transferee forum for this litigation. We note that i) the Northern District of Texas is now the unopposed choice of the parties supporting centralization; and ii) the location of the moving defendants' headquarters within the Northern District of Texas implies that relevant witnesses and documents are likely to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable A. Joe Fish for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1578 -- In re UICI "Association-Group" Insurance Litigation

### Central District of California

*Debbie Correa v. UICI, Inc., et al.*, C.A. No. 2:03-4778
*Albert J. Portune, et al. v. UICI, Inc., et al.*, C.A. No. 2:03-7442

### Northern District of California

*Sandra Lacy v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 4:03-2852

### Northern District of Mississippi

*Herman Tomlin, et al. v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 1:03-114
*William E. Bailey, et al. v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 1:03-180
*Harold D. Webster, et al. v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 1:03-274
*Robert Pride, et al. v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 2:03-147
*Robert Clark, et al. v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 2:03-246
*Billy Randall Bishop v. MEGA Life & Health Insurance Co., et al.*, C.A. No. 3:03-103