UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



**ORIGINAL**
OCT 1 5 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| EUGENE A. GOLEBIOWSKI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES INC. [UICI] (d/b/a THE INSURANCE CENTER, UGA-ASSOCIATION FIELD SERVICES, and ENROLLERS FOR THE NATIONAL ASSOCIATION FOR THE SELF EMPLOYED); UNITED GROUP SERVICE CENTERS, INC.; UICI MARKETING INC.; SPECIALIZED ASSOCIATION SERVICES INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED a/k/a NASE, and JOHN DOES 1-20<br><br>Defendants. | Civil Action No. 3:04-cv-00831-G<br><br>In re UICI "Association-Group" Insurance Litigation, MDL 1578<br>*Related Actions*:<br>Case No. 3:04-cv-00470-G<br>Case No. 3:04-cv-00928-G<br>Case No. 3:04-cv-00929-G<br>Case No. 3:04-cv-01285-G<br>Case No. 3:04-cv-01286-G<br>Case No. 3:04-cv-01842-G |
| SANDRA LACY,<br><br>Plaintiff,<br>v.<br><br>MEGA LIFE AND HEALTH INSURANCE COMPANY; MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE; NASE GROUP INSURANCE TRUST; NATIONAL ASSOCIATION FOR THE SELF EMPLOYED aka NASE; UNITED GROUP ASSOCIATION, INC.; ALLIANCE FOR AFFORDABLE SERVICES; THE BUSINESS AND PROFESSIONAL SERVICE INDUSTRY TRUST; CORNERSTONE MARKETING OF AMERICA; UICI, INC.; AND DOES 1 THROUGH 200,<br>Defendants. | Civil Action No. 3:04-cv-00470-G<br><br>In re UICI "Association-Group" Insurance Litigation, MDL 1578<br>*Related Actions*:<br>Case No. 3:04-cv-00831-G<br>Case No. 3:04-cv-00928-G<br>Case No. 3:04-cv-00929-G<br>Case No. 3:04-cv-01285-G<br>Case No. 3:04-cv-01286-G<br>Case No. 3:04-cv-01842-G |

▬▬▬▬ FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT                                PAGE 1
DA1:\360854\16\7QFQ16!.DOC\78416.0047

### ▬▬▬ FINAL ORDER AND JUDGMENT
### APPROVING CLASS ACTION SETTLEMENT

This Court, having on July 6, 2004 entered an order conditionally certifying a Settlement Class, Preliminarily Approving the Proposed Settlement, appointing Class Plaintiffs and Class Counsel, and approving the Notice Program, subsequently conducted a Final Approval Hearing to determine whether the Stipulation of Settlement and Release (the "Stipulation") entered into on May 14, 2004, on behalf of the Parties was fair, reasonable, adequate, and in the best interest of the Settlement Class. All capitalized terms used in this Order have the meaning as defined in the Stipulation, which is incorporated herein by reference. After considering: (1) the memoranda submitted on behalf of the respective Parties, (2) the Stipulation and all exhibits thereto, (3) the record of this proceeding, including the evidence presented at the hearing, (4) the Verifier's report submitted by Judge Frank Andrews pursuant to the July 21, 2004 Court order, (5) the representations and arguments of counsel for the respective Parties, and (6) the relevant law based upon the findings of fact and law identified below and implicit in this order:

IT IS ORDERED, ADJUDGED, AND DECREED that:

A.  **Certification of the Settlement Class**

  1. The Settlement Class is so numerous that the joinder of all members is impracticable.

  2. There are questions of law and/or fact common to the Settlement Class.

  3. The claims or defenses of the Class Plaintiffs are typical of the claims or defenses of the Settlement Class Members.

4.  Class Plaintiffs have fairly and adequately protected the interests of the Settlement Class.

5.  Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Proposed Settlement.

6.  The Settlement Class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the Settlement Class for purposes of the conclusiveness of this judgment.

7.  The questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.

8.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interest of the Class Members in individually controlling the prosecution of the separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action.

9.  The certification of the Settlement Class is hereby confirmed.

**B.  Notice to the Settlement Class Members**

10. The Class Notice was distributed on August 2, 2004, by first-class mail to all known Putative Settlement Class Members for whom Defendants have addresses in their records. Also on August 2, 2004, the Summary Notice of Settlement was published in *USA Today* and *The New York Times*. In addition, information relevant to the Settlement, including the Class Notice and exhibits thereto, the Stipulation, the Accident Coverage policy, and the Request for Exclusion form, was available on an internet website established by the Claims Administrator



solely for purposes of the Settlement. Further, Putative Settlement Class Members could also obtain information about the Proposed Settlement by writing to a dedicated P.O. Box, calling a dedicated national toll-free telephone number, or sending a request via facsimile to a dedicated facsimile number.

11. The Class Notice concisely and clearly states in plain, easily understood language all of the information required under Rule 23(c)(2)(B); specifically, the nature of the action, the definition of the class certified, the class claims, issues, or defense that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and the binding effect of a class judgment on class members under Rule 23(c)(3). See FED. R. CIV. P. 23(c).

12. The Class Notice sufficiently apprised the Putative Settlement Class Members of the terms of the Proposed Settlement, their right to object to the Settlement, and their right to opt-out of the Settlement, and the avenues available for them to obtain additional information. See FED. R. CIV. P. 23(e).

13. The Notice Program, implemented pursuant to the Stipulation, complies in all respects with Rule 23(c)(2) and 23(e) and (1) constitutes reasonable and the best practicable notice; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise Putative Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, their right to object to or exclude themselves from the Proposed Settlement, and to appear at the Final Approval Hearing; (3) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure, and any other applicable rules of the Court.

C.  **Approval of the Settlement**

14.  The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Proposed Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in and by the Stipulation; and the Court has subject matter jurisdiction to approve the Stipulation, including all exhibits thereto.

15.  Under applicable law, including Federal Rule of Civil Procedure 23, the Stipulation was entered in good faith, at arms' length, and is fair, reasonable and adequate, and in the best interest of the Settlement Class.

16.  The Settlement delivers immediate, substantial, and creative benefits to the Settlement Class in a timely manner while resolving highly complex issues that would require expensive and lengthy litigation.

17.  The Stipulation was the result of extensive and intensive arms' length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation. There is no evidence of collusion or fraud.

18.  Class Counsel and Defendants' Counsel were assisted by qualified experts in making a determination as to the fairness and adequacy of the Proposed Settlement, and the experts were prepared to testify if the case proceeded to trial.

19.  The investigation conducted in the Related Actions to date suffices to enable the Parties and the Court to make an informed decision as to the fairness and adequacy of the Proposed Settlement.



20. The Verifier, Judge Frank Andrews, confirmed Defendants' compliance with the Portability Injunction, Disclosures, Marketing Material Revisions, and Association Procedure forms of Settlement Consideration.

21. The Related Actions raised complex and vigorously contested issues of law and fact that would result in complex, expensive, and lengthy litigation. Moreover, the Class Plaintiffs faced significant risks in establishing liability and damages, and in maintaining a class action through trial.

22. The Release is tailored to address the specific Association-Group Allegations.

23. The Court hereby declares (1) the Stipulation to be binding on all Settlement Class Members; and (2) the Stipulation to be preclusive in all pending and future lawsuits or other proceedings whether in state or federal court. The Parties and their counsel are hereby directed to comply with and consummate the terms of the Stipulation.

24. Each and every term and condition of the Stipulation and the Stipulation as a whole including its exhibits, is approved as proposed, and the Stipulation is made part of this Final Order and Judgment and is to be effective, implemented, and enforced as provided in the Stipulation.

### D. Opt-outs to the Proposed Settlement.

25. Pursuant to this Court's previous deadline for the filing of opt-outs—September 17, 2004—any and all opt-outs received with a postmark after September 17, 2004 are disallowed, and not subject to review.

### E. The Request for Discovery Is Denied

26. The Objectors' request to conduct limited discovery into the settlement negotiations is denied because the Objectors have failed to establish the proper foundation for

such discovery. Specifically, this Court denies discovery because the Objectors fail to lay a foundation indicating that the Settlement may be collusive.

F. <u>Release and Dismissal of Related Actions</u>

27. All claims of the Settlement Class as set forth in the Stipulation, under the terms and conditions of the Stipulation, against each of the Released Parties are hereby **DISMISSED, WITH PREJUDICE**, each party to bear its own costs, and Released Parties are forever discharged from any claims or liabilities relating to the Related Actions and/or the Released Claims, in accordance with the Stipulation.

28. Upon entry of this Order, the Release provisions set forth in the Stipulation shall be given full force and effect immediately. By operation of this Final Judgment, and pursuant to the Stipulation, the Parties and each of the Settlement Class Members are deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims asserted in the Related Actions, or which could have been asserted in the Related Actions, whether or not a Settlement Class Member completes and submits an Accident Coverage Application or Membership Discount Application.

29. The complaints of Golebiowski and Lacy in the Related Actions, both in their individual and representative capacities, are hereby dismissed with prejudice, without attorneys' fees or costs charged to any Party except as set forth in the Stipulation and as separately approved by this Court.

30. The Court hereby bars and permanently enjoins: (1) all Settlement Class Members and all persons acting on behalf of or in concert or participation with such Settlement Class Members, from filing, commencing, prosecuting, intervening in, or participating in any lawsuit, either directly or indirectly, in any jurisdiction on behalf of any Settlement Class

Member, based upon or arising from any of the Released Claims asserted in the Related Actions or which could have been asserted in the Related Actions; and (2) all Putative Settlement Class Members who have not timely and validly excluded themselves from the Settlement Class, and all persons acting on behalf of or in concert or participation with such Settlement Class Members from bringing a class action on behalf of any Settlement Class Members or seeking to certify a class which includes any Settlement Class Members in any lawsuit (including by seeking to amend a pending complaint to include class action allegations, or seeking class certification of a pending action) based upon or arising from any of the Released Claims asserted in the Related Actions, or which could have been asserted in the Related Actions.

### G.   Injunctive Relief

31.   Defendants The MEGA Life and Health Insurance Company and Mid-West National Life Insurance Company of Tennessee, pursuant to the terms of the Stipulation, are hereby mandatorily enjoined to maintain and continue to follow procedures by which (a) the termination or cancellation of Association Membership will not be grounds for termination of health insurance coverage as defined by 42 U.S.C. § 300gg-91(b)(1), subject to the exceptions in 42 U.S.C. § 300gg-91(c), and (b) the termination or cancellation of health insurance coverage will not be grounds for termination of Association Membership.

### H.   Attorney Fees, Costs

32.   Pursuant to the Stipulation, the adjudication of attorneys' fees is not a preclusive factor to the final approval of the Settlement. As expressly referenced in the Stipulation, the approval and amount of attorneys' fees awarded to Class Counsel will be ruled upon separately from this Final Judgment and Order approving the Settlement.

### I. Adequacy of Class Counsel

33. The Court finds that class counsel adequately represents the interests of Class Members.

34. The Objectors fail to offer any evidence of adversity of interest, collusion, or nonfeasance or any other legal or factual basis for their objection to the adequacy of representation. All Objections to the adequacy of Class Plaintiffs and Class Counsel are hereby overruled.

35. The Objectors' Motion for Intervention is denied. Intervention is not appropriate because the Objectors fail to show that their interests are not the same as that of the named parties, and that their intervention would not create the possibility of further delay. See In re Ford Motor Co. Bronco II Prods. Liab. Litig., No. MDL-991, 1995 WL 15182, *4 (E.D. La. Jan. 12, 1995).

### J. Class Plaintiff Payments

36. The Court hereby approves of the payment to Class Plaintiffs Golebiowski and Lacy in the amount of $15,000 each, to be paid by Defendants.

### K. Objections to the Proposed Settlement

37. Pursuant to this Court's previous deadline for the filing of objections—September 17, 2004—any and all objections received with a postmark after September 17, 2004 are disallowed, and not subject to review.

38. The objection filed on behalf of Lynn Thomas, Heather Thomas, Michael J. Thomas, and Carolyn Thomas, by and through counsel, Pedersen and Jackson ("Idaho Objection"), has been withdrawn and thus, does not require a review by this Court.

39.  The Court has carefully considered each of the remaining objections filed in response to the Class Notice. Several of these objections lack any factual or legal substantiation, and are thus lacking relevance to the Court's consideration of approval of the Settlement. See In re Rio Hair Naturalizer Prods. Liab. Litig., No. MDL 1055, 1996 WL 780512, at *11 (E.D. Mich. Dec. 20, 1996). Some of the objections complain about matters that are not relevant to approval of the Settlement. Any remaining objections lack substantive merit in the context of this Settlement. Accordingly, for these reasons, as well as the Court's other findings regarding the fairness, reasonablness, and adequacy fo the Settlement, and the adequacy of Class Notice, all remaining objections to the Settlement are overruled.

L.  **Continuing Jurisdiction**

40.  The Court retains continuing and exclusive jurisdiction over this matter for all purposes necessary or proper: (1) for the consummation, administration, supervision, interpretation, construction, and/or enforcement of the Stipulation and the Final Order and Judgment; (2) to protect and effectuate the Final Order and Judgment; and (3) for any other necessary purpose.

JUDGMENT RENDERED AND SIGNED, on this 15 day of October, 2004.

_____
United States District Court Judge