CONFIDENTIAL

# STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Settlement dated as of [May 14, 2004] (the "Stipulation"), is made and entered into by and among the following Parties to the Related Actions as defined herein: (i) the Plaintiffs, on behalf of themselves and a class of similarly situated persons, by and through their counsel of record in the Related Actions; and (ii) the Defendants, by and through their counsel of record in the Related Actions. The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge and settle the Related Actions and the Released Claims, upon and subject to the terms and conditions hereof.

## I. THE RELATED ACTIONS.

The Plaintiffs in the following lawsuits have filed suit on behalf of purchasers of health insurance from The MEGA Life and Health Insurance Company ("MEGA") and/or Mid-West National Life Insurance Company of Tennessee ("Mid-West") and/or purchasers of association memberships from the National Association for the Self-Employed, Inc. (the "NASE") and/or Americans for Financial Security, Inc. ("AFS") and/or the Alliance for Affordable Services (the "Alliance") against MEGA, Mid-West, UICI (MEGA and Mid-West's parent company) ("UICI"), the NASE, AFS, the Alliance and/or various other defendants (collectively, the "Defendants"), each asserting substantially similar allegations regarding certain activities involving, and the purported interrelationships among UICI, MEGA, Mid-West, the NASE, AFS, and/or the Alliance, and the purported failure to disclose those relationships (collectively, the "Related Actions"):

1. *Lacy v. MEGA Life and Health Insurance Company, et al.*, United States District Court for the Northern District of California, Oakland Division, Civil Case No. C03-02852 CW, filed by plaintiff Sandra Lacy on behalf of herself and in representation of the general public of California; and

2. *Golebiowski v. MEGA Life and Health Insurance Company, et al.*, United States District Court for the Northern District of Mississippi, Eastern Division, Civil Action No. 1:03CV620 D-D, filed by plaintiff Eugene A. Golebiowski on behalf of himself and a class of persons similarly situated.

On September 22, 2003, Defendants UICI, MEGA, and Mid-West moved to transfer the Related Actions and other similar cases pending in the federal courts to the Judicial Panel of Multidistrict Litigation (the "MDL Panel") for coordination and consolidation in the Northern District of Texas. The NASE and the Alliance joined in the efforts to transfer the Related Actions to the MDL Panel.

The Parties now desire to settle all of the Related Actions through the establishment of a national class. Upon transfer of the Related Actions to the United States District Court for the Northern District of Texas or another federal court acceptable to the Parties and solely for purposes of this Stipulation and the settlement proposed herein (the "Proposed Settlement"), Defendants agree to certification of a national class, including Plaintiffs and the Members of the Settlement Class as defined herein.





CONFIDENTIAL

The Parties intend for this Stipulation to be in full and final settlement and disposition of the Related Actions and the Released Claims subject to the Court's certification of a national settlement class and approval of the Proposed Settlement set forth in this Stipulation. Plaintiffs and Defendants agree to be bound by the Stipulation, pending Final Approval of the Proposed Settlement.

## II. NO ADMISSION OF WRONGDOING OR LIABILITY BY DEFENDANTS.

The Defendants believe the Related Actions are without merit and the Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Related Actions and other similar pending actions. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against any of them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Related Actions. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs have suffered damage or that the Plaintiffs were harmed by the conduct alleged in the Related Actions.

The Defendants have nonetheless concluded that further litigation of the Related Actions and other similar pending actions would be protracted and expensive and that it is desirable that the Related Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Related Actions and the Released Claims. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Related Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT TO CLASS.

Plaintiffs and Class Counsel believe that the claims asserted in the Related Actions have merit and that the evidence developed to date supports the claims. However, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Related Actions against the Defendants through trial and appeals. Plaintiffs and Class Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Related Actions and the Released Claims, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Class Counsel also are mindful of the inherent problems of proof under and possible defenses to the claims asserted in the Related Actions. Plaintiffs and Class Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Plaintiffs and the Settlement Class.

Based on their evaluation, Plaintiffs and Class Counsel have determined that the terms of the Settlement as set forth in this Stipulation are in the best interest of the Plaintiffs and the Settlement Class.

CONFIDENTIAL

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties to this Stipulation, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto and to the Settlement Class from the Proposed Settlement, that the Related Actions as against the Defendants and all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

### 1. Certain Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Accident Coverage" shall mean the personal accident coverage benefits to the Settlement Class described herein at Paragraph 4.1. The Accident Coverage must be substantially in the form and must include benefits equal to or greater than those provided in the attached Exhibit 1.

1.2 "Accident Coverage Application" shall mean the forms (attached hereto as Exhibits 2A and 2B) that Insured Class Members must complete and submit to the Claims Administrator in accordance with Paragraphs 4.1 and 19.2, to receive the Accident Coverage described in Paragraph 4.1.

1.3 "AFS" shall mean Americans for Financial Security, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, related or affiliated entities, and past or present officers, directors, and employees.

1.4 "The Alliance" shall mean the Alliance for Affordable Services and any or all of its predecessors, successors, parents, subsidiaries, divisions, related or affiliated entities, and past or present officers, directors, and employees.

1.5 "Association" or "Associations" shall mean the NASE, AFS, and/or the Alliance.

1.6 "Association Procedure" shall mean the benefits to the Settlement Class set forth herein at Paragraph 4.6.

1.7 "Authorized Claimant" shall mean any Settlement Class Member who completes and files an Accident Coverage Application and/or a Membership Discount Application for certain benefits described in Paragraphs 4.1 and 4.2 of this Stipulation and whose Accident Coverage Application and/or a Membership Discount Application has been allowed.

1.8 "Claims Administrator" shall mean the firm of Rust Consulting, Inc., or the person or entity otherwise selected by the Parties and approved by the Court for the purpose of disseminating the Class Notice and Summary Notice of Settlement in accordance with the



DA1:\356729\22\7N9522!.DOC\78416 0030

CONFIDENTIAL

terms of the Notice Program, as described in Paragraph 11.1, and handling inquiries from Settlement Class Members as set forth herein.

1.9 "Class Counsel" shall mean Malesovas & Martin, LLP, John L. Malesovas, David H. Martin, P.O. Box 1709, Waco, Texas 76703, and Smith, Phillips, Mitchell & Scott, Richard T. Phillips, P.O. Box 1586, Batesville, Mississippi 38606.

1.10 "Class Notice" and "Summary Notice of Settlement" shall mean the Court-approved forms of notice of the conditional certification of the Settlement Class and of the Final Approval Hearing to the Putative Settlement Class Members, copies of which are attached hereto as Exhibits 3 and 4, respectively.

1.11 "Court" shall mean the transferee court of the Related Actions in the United States District Court for the Northern District of Texas, Dallas Division or another federal court acceptable to the Parties.

1.12 "Defendants" shall mean UICI, MEGA (including UGA–Association Field Services, a division of MEGA), Mid-West (including Cornerstone America, a division of Mid-West), the NASE, The Business and Professional Service Industry Trust, UICI Marketing, Inc., United Group Service Centers, Inc., the Alliance, AFS, Specialized Association Services, Inc., the NASE Group Insurance Trust Fund, and each of their respective predecessors, successors, parents, subsidiaries, divisions, directors, assigns, related or affiliated entities, any entity in which any of them has a controlling interest, or a trust of which any of them is the settlor, or which is for the benefit of any of them, as well as any trustees of such trusts.

1.13 "Defendants' Counsel" shall mean Weil Gotshal & Manges, LLP, Ralph I. Miller, T. Ray Guy, Yvette Ostolaza, 200 Crescent Court, Suite 300, Dallas, Texas 75201, and Dwight M. Francis, Gardere Wynne Sewell, LLP, 1601 Elm Street, Suite 6000, Dallas, Texas 75201.

1.14 "Disclosure" or "Disclosures" shall mean the benefits to the Settlement Class as set forth herein at Paragraph 4.4 and attached hereto as Exhibit 5.

1.15 "Effective Date" shall mean the first date by which all of the events and conditions specified in Paragraph 13 of the Stipulation shall have been met and have occurred.

1.16 "Final" shall mean when the last of the following with respect to the Final Judgment (Exhibit 6) approving the Stipulation shall have occurred: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Final Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Final Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the conclusive determination of any and all such motions and/or appeals in such a manner as to permit the

CONFIDENTIAL

consummation of the settlement substantially in all material respects in accordance with the terms and conditions of this Stipulation. For purposes of this Paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and reimbursement of costs and disbursements awarded to Class Counsel.

1.17 "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to certify the Settlement Class, approve this Stipulation, approve payment of fees and expenses, enter the Final Judgment, and make such other final rulings as are contemplated by this Stipulation.

1.18 "Final Judgment" and/or "Final Approval" and/or "Final Order" shall mean the final judgment by which the Court certifies the Settlement Class, approves this Stipulation, approves payment of fees and expenses, and makes such other final rulings as are contemplated by this Stipulation. The Final Judgment will be substantially in the form attached hereto as Exhibit 6, subject to the Court's modification after the Final Approval Hearing, and with such additional orders as may be determined by the Court only when this Stipulation expressly leaves matters to the determination of the Court.

1.19 "Health Insurance Donation" shall mean the benefits to the Settlement Class set forth herein at Paragraph 4.7.

1.20 "*In re UICI "Association-Group" Insurance Litigation*" shall mean the consolidated action pending in the U. S. District Court for the Northern District of Texas or another federal court acceptable to the Parties, upon transfer and consolidation of the Related Actions.

1.21 "Insured" or "Insured Class Member" shall mean all Persons who had coverage at any time during the period commencing August 1, 1998, and ending on [5-14-04] under (a) an individual health insurance policy issued by MEGA or Mid-West or assumed by MEGA or Mid-West or (b) a certificate representing the right to participate in an individually-underwritten group health insurance policy issued by MEGA or Mid-West or assumed by MEGA or Mid-West (i) to any of the Associations, as defined herein, or (ii) to any trust established for the benefit of any of the Associations or of which any of the Associations is the settlor.

1.22 "Marketing Material Revisions" shall mean the benefits to the Settlement Class set forth herein at Paragraph 4.5.

1.23 "Member" or "Association Member" shall mean all persons who purchased an Association Membership from the NASE, the Alliance, or AFS during the period commencing August 1, 1998, and ending on [__]. 5-14-04

1.24 "Membership Discounts" or "Discounted Membership" shall mean the benefits to the Settlement Class and the procedures set forth herein at Paragraph 4.2.

CONFIDENTIAL

1.25 "Membership Discount Application" shall mean the form that Settlement Class Members who elect to rejoin their respective Association pursuant to Paragraph 4.2 must complete and submit to the Claims Administrator in accordance with Paragraphs 4.2 and 19.2 to receive the Membership Discounts described in Paragraph 4.2 (Membership Discount Applications for the NASE, the Alliance, and AFS are attached hereto as Exhibits 9A, 9B, and 9C, respectively).

1.26 "MEGA" shall mean The MEGA Life and Health Insurance Company, an Oklahoma corporation, and any or all of its predecessors, successors, parents, subsidiaries, divisions, related or affiliated entities, and past or present officers, directors, and employees.

1.27 "Mid-West" shall mean Mid-West National Life Insurance Company of Tennessee, a Tennessee corporation, and any or all of its predecessors, successors, parents, subsidiaries, divisions, related or affiliated entities, and past or present officers, directors, and employees.

1.28 The "NASE" shall mean the National Association for the Self-Employed, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, related or affiliated entities, and past or present officers, directors, and employees.

1.29 "Notice Program" shall mean the program for disseminating and publishing the Class Notice and Summary Notice of Class Settlement, respectively, as set forth herein at Paragraph 11.1.

1.30 "Objection Date" shall mean the date agreed upon by the Parties or otherwise ordered by the Court for Settlement Class Members to object to the Stipulation's terms or provisions and submit any required statements, proof, or other materials and/or argument.

1.31 "Opt-Out Deadline" shall mean the date agreed upon by the Parties or otherwise ordered by the Court, by which any Putative Settlement Class Members who do not wish to be included in the Settlement Class and participate in the Stipulation must complete the acts necessary to properly effect such election.

1.32 "Party" or "Parties" shall mean the Defendants and the Plaintiffs (including the Members of the Settlement Class) and their respective representatives.

1.33 "Person" shall mean an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees, and members of the California general public.

1.34 "Plaintiffs" or "Class Plaintiffs" shall mean Eugene A. Golebiowski and Sandra Lacy on behalf of themselves, the Members of the Settlement Class, and the California general public.

1.35 "Portability Injunction" shall mean the benefits to the Settlement Class set forth herein at Paragraph 4.3.

CONFIDENTIAL

1.36 "Preliminary Approval Hearing" shall mean the hearing set by the Court to preliminarily approve this Stipulation and conditionally certify the Settlement Class.

1.37 "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Stipulation and conditionally certifying the Settlement Class. The Preliminary Approval Order shall be in the form attached hereto as Exhibit 7.

1.38 "Putative Settlement Class Members" shall mean all Persons who are within the scope of the definition of "Settlement Class," including those who validly and timely request exclusion from the Settlement Class, as provided herein.

1.39 "Related Actions" shall mean the actions listed in Section I of this Stipulation.

1.40 "Related Parties" shall mean each of a Defendant's past or present directors, officers, employees, insurers, co-insurers, reinsurers, shareholders, partners, attorneys, accountants or auditors, banks or investment banks, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any individual Defendant and/or member(s) of his family.

1.41 "Release" or "General Release" shall mean the release set forth in Paragraph 2.

1.42 "Released Claims" shall mean collectively all claims (including "Unknown Claims" as defined below) demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, currently accrued or unaccrued, whether concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, fraud, fraudulent inducement, non-disclosure, intentional fraud, fraudulent misrepresentation, suppression, concealment, fraudulent concealment, failure to disclose, false advertising, marketing fraud, joint enterprise, conspiracy, fraudulent sales schemes, consumer fraud, constructive trust, conversion, breach of fiduciary duty, breach of the duty of good faith and fair dealing, breach of trust duties, unjust enrichment, deception, professional negligence, negligent misrepresentation, intentional misrepresentation, bad faith, deceptive advertising and/or unfair or unlawful trade practices, or violations of any state or federal statutes, rules, or regulations including, without limitation, claims under Texas Business and Commerce Code, Texas Administrative Code, Texas Insurance Code, California Insurance Code, Mississippi Insurance Code, California Business and Professions Code Sections 17200 et seq. and 17500 et seq. (collectively, "Section 17200"), or any other claims by any Plaintiff or member of the Settlement Class against any of the Released Parties related to

(i) the marketing, solicitation, application, acceptance, sale, purchase, operation, retention, premium increases, premium payment, administration, or termination of any health policy or certificate issued or assumed by MEGA or Mid-West during the Settlement Class Period; or



DA1:\356729\22\7N9522!.DOC\78416.0030

CONFIDENTIAL

(ii) the marketing, solicitation, application, acceptance, sale, purchase, operation, retention, administration, or termination of any NASE, AFS, or Alliance membership during the Settlement Class Period; or

any and all claims, disputes, and conduct that were asserted or could have been asserted in the Related Actions, or any acts or omissions of any of the Defendants in connection therewith including, but not limited to, claims arising from, based upon, or related to the following allegations that:

(a) Any Released Party failed to disclose or misrepresented any relationship with any other Released Party;

(b) The initial premium charged for any of MEGA or Mid-West's health insurance products was less than the amount that was necessary or actuarially recommended for the coverage provided;

(c) Any requirement that membership in any Association as a prerequisite to procuring health insurance from MEGA or Mid-West constitutes a violation of any statutory or common law;

(d) Any Released Party required membership in any Association as a prerequisite to maintaining health insurance with MEGA or Mid-West;

(e) Any Released Party violated any state or federal law by reason of its relationship to any other Released Party or by reason of any amount of money collected by any Released Party from any Member of the Settlement Class or from any other Released Party;

(f) Any Released Party constituting an Association is not a valid association to which a policy of group insurance may be issued, including that such Association was not formed, organized, established, or maintained in good faith for purposes other than that of obtaining insurance;

(g) Any Released Party otherwise violated any state or federal law in the organization, formation, operation, management, control, or use of the Associations, the trusts, or the Defendants' legal or tax status; or

(h) Any Released Party made any misrepresentation or failed to disclose any fact related to any benefit or attribute of the Associations.

Excluded from the Released Claims are any specific claims by an individual based on the payment, adjustment, or partial or total denial of insurance benefits or representations regarding the nature or scope of health insurance coverage and any damages arising therefrom, and any specific claims by an individual based on the partial or total denial of non-health insurance Association benefits or representations regarding the non-health insurance Association benefits under any Association membership and any damages arising therefrom.

CONFIDENTIAL

1.43 "Released Parties" shall mean each and all of the Defendants and their Related Parties.

1.44 "Settlement" or "Proposed Settlement" or "Settlement Agreement" or "Stipulation" shall mean this Stipulation of Settlement and Release regarding the Related Actions, including but not limited to all conditions, releases, consideration, remedies, and other terms set forth herein, in the exhibits hereto, or in the related documents referenced herein.

1.45 "Settlement Class" shall mean (a) all Insured Class Members; and/or (b) current or former Members of the NASE and/or AFS and/or the Alliance from August 1, 1998 to [ 5-14-04 ]. Excluded from the Settlement Class are (a) those Persons who request exclusion pursuant to the Class Notice sent to Putative Settlement Class Members; (b) each and every former sales representative who formerly acted as an agent of MEGA and/or Mid-West pursuant to the terms of an independent contractor agent agreement with MEGA and/or Mid-West, as the case may be, or enrollers who sold memberships in the NASE, AFS, or the Alliance as independent contractors; and (c) Defendants.

1.46 "Settlement Class Member" or "Member of the Settlement Class" shall mean a Person who falls within the definition of the Settlement Class as set forth herein at Paragraph 1.45 and who does not choose to opt-out as set forth herein at Paragraph 9.

1.47 "Settlement Class Period" shall mean the period commencing on August 1, 1998 and ending on [ 5-14-04 ].

1.48 "UICI" shall mean UICI, a Delaware corporation, and any or all of its predecessors, successors, parents, subsidiaries, divisions, related or affiliated entities, and past or present officers, directors, and employees.

1.49 "Unknown Claims" shall mean any Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to object to or opt out of this Settlement.

1.50 "Verifier" shall mean Judge Frank Andrews or the person or entity otherwise selected by the Parties and approved by the Court for the purpose of certifying the Defendants' compliance with the Portability Injunction, the Disclosures, the Marketing Material Revisions, and the Association Procedure, as set forth in Paragraphs 4.3, 4.4, 4.5, and 4.6. The Verifier's certification shall be completed within forty-five (45) days from the date of the Preliminary Approval Order. An order appointing Judge Frank Andrews as verifier and an affidavit of Judge Andrews in support of same are attached hereto as Exhibits 10 and 11, respectively.

2. Release

2.1 Upon entry of the Final Order, Plaintiffs and all Members of the Settlement Class, on behalf of themselves, their heirs, executors, personal representatives, administrators, successors, assigns, agents, and all persons they represent, including the



DA1:\356729\22\7N9522!.DOC\78416 0030

California general public, agree to, shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever settled, released, relinquished, and discharged each and all of the Defendants and each and all of their past or present agents, enrollers, directors, officers, employees, insurers, co-insurers, reinsurers, shareholders, partners, attorneys, accountants or auditors, banks or investment banks, predecessors, successors, parents, subsidiaries, divisions, assigns, heirs, and related or affiliated entities from the Related Actions and Released Claims, whether or not a Settlement Class Member executes and delivers an Accident Coverage Application and/or Membership Discount Application. Plaintiffs and Members of the Settlement Class are releasing all Released Claims including, but not limited to, personal claims and/or representative claims made on behalf of others.

2.2 Plaintiffs, on behalf of themselves and on behalf of the Members of the Settlement Class and the California general public, will execute and deliver this Stipulation. Only those Insured Class Members filing a valid and timely Accident Coverage Application (attached hereto as Exhibits 2A and 2B) shall be entitled to participate in the Accident Coverage as indicated in Paragraph 4.1 of this Stipulation. Those Settlement Class Members who elect to rejoin their respective Association must file a valid and timely Membership Discount Application for the respective Association (attached hereto as Exhibits 9A, 9B, and 9C), to be entitled to receive the Membership Discount as indicated in Paragraph 4.2 of this Stipulation. This Settlement and Release does not affect the rights of Putative Settlement Class Members who timely and properly opt-out of the Settlement Class.

2.3 With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Upon the Effective Date, the Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Release is specifically intended to include and does include Released Claims that the Parties might not now know or expect to exist in their respective favors at the date hereof, even if knowledge of such Released Claims might have otherwise materially affected the granting of this Release. The Parties represent and warrant to each other that the Release is executed and delivered by each of them based upon their respective independent analysis of facts and circumstances. The Parties specifically acknowledge that such facts might hereafter prove to be different from the facts that are known or believed to exist, but each Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to, and by operation of the Final Judgment does, fully, finally, and forever settle and

CONFIDENTIAL

release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this Release is a part.

2.4 The Stipulation is intended to fully and finally adjudicate all Released Claims under California Business and Professions Code sections 17200 et seq. and 17500 et seq. (collectively, "Section 17200") with respect to any of the Released Claims or conduct alleged in any of the Related Actions. The Stipulation is further intended to bar any future Section 17200 actions arising from or related to any of the Released Claims or conduct alleged in any of the Related Actions. The relief provided in the Stipulation is intended to benefit all Members of the Settlement Class and members of the California general public. Plaintiff Sandra Lacy hereby agrees to sign the Certification attached hereto as Exhibit 8, which certifies that she represented the general public of California in the Related Action styled *Lacy v. MEGA Life and Health Insurance Company, et al.*, Civil Case No. C03-02852 CW, and she believes that the Stipulation is in the best interest of the general public of California.

2.5 Plaintiffs and Members of the Settlement Class further generally release all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel, Plaintiffs or Members of the Settlement Class, or any of them, in connection with or related in any manner to the Released Claims, the Related Actions, the facts set forth in the Related Actions, the Settlement, or the administration of such Settlement, except to the extent otherwise specified in this Stipulation.

3. **Adjournment**

3.1 Within three (3) business days after execution of this Stipulation, the Parties agree to file, in each and every Related Action, a joint stipulation of adjournment pending Final Approval of the Settlement by the Court.

4. **The Settlement Consideration**

The Stipulation contemplates a multi-pronged approach to settlement, which provides substantial benefit and value to Plaintiffs and Members of the Settlement Class through each and all of the following consideration (the "Settlement Consideration"), and to the California general public through the Settlement Consideration set forth in Paragraphs 4.3, 4.4, 4.5, 4.6, 4.7, and 4.8, the receipt and sufficiency of which is acknowledged by all the Parties hereto:

4.1 Accident Coverage For All Insured Class Members.

(a) Upon completion and submission of an Accident Coverage Application (attached hereto as Exhibits 2A and 2B) by an Insured Class Member, MEGA and/or Mid-West and/or the Chesapeake Life Insurance Company

("CLICO") and/or another licensed insurance company with the same or better A.M. Best rating as MEGA and Mid-West will issue Accident Coverage, subject to regulatory approval in the appropriate jurisdictions, free of charge for a period of four (4) months or, if an Insured Class Member applies and pays for one (1) month of coverage (at a cost of $3 for an individual insured or $6.50 for a family), MEGA and/or Mid-West and/or CLICO and/or another licensed insurance company with the same or better A.M. Best rating as MEGA and Mid-West will issue the Accident Coverage for a period of seven (7) months.

(b) The Accident Coverage may be renewed by an Insured Class Member for twelve (12) additional months for a fee of $36.00 for an individual or $78 for a family (the "Renewal Fee"). If renewed by the Insured Class Member, the Accident Coverage will be non-cancelable, except for fraud and as otherwise provided therein. Accordingly, if a four (4) month period of Accident Coverage is renewed by payment of the Renewal Fee, MEGA and/or Mid-West and/or CLICO and/or another licensed insurance company with the same or better A.M. Best rating as MEGA and Mid-West will agree to maintain this Accident Coverage in force for a total of sixteen (16) months. If the Insured Class Member pays one (1) month of premium to purchase seven (7) months of Accident Coverage and thereafter elects to renew by payment of the Renewal Fee, MEGA and/or Mid-West and/or CLICO and/or another licensed insurance company with the same or better A.M. Best rating as MEGA and Mid-West will agree to maintain this Accident Coverage in force for a total of nineteen (19) months.

(c) Accident Coverage Application. To receive the Accident Coverage, an Insured Class Member must complete and return (to the address provided) an Accident Coverage Application within seventy-five (75) days of the date the Court signs the Final Judgment approving the Settlement or within seventy-five (75) days of the date MEGA and/or Mid-West and/or CLICO and/or another licensed insurance company with the same or better A.M. Best rating as MEGA and Mid-West provides a copy of the Accident Coverage Application to an Insured Class Member after receiving any required regulatory approval of the Accident Coverage and all necessary forms in the state where the Insured Class Member resides, whichever is later. To renew the Accident Coverage, an Insured Class Member must do so either at the time the Accident Coverage Application is submitted or prior to expiration of the four (4) or seven (7) month period referred to in the foregoing paragraph (a). Payment must be made by check or bank draft at the time of the renewal notice.

4.2 The Membership Discounts. As provided hereinafter in this Paragraph 4.2, Class Members are eligible to receive discounted memberships in the NASE, the Alliance, and AFS. Discounts are prospective only and will be automatically applied to current Members' accounts when the Settlement is Final. Any Member that is not in one of the membership

categories specifically designated below will be given a $1.00 per month discount for six (6) months. Following the designated discount periods, Members' accounts will automatically be charged the undiscounted rates for their membership levels. Former Members who want to rejoin at the discounted rates must complete and return to the address provided a Membership Discount Application for their respective Association (attached hereto as Exhibits 9A, 9B, and 9C) within seventy-five (75) days of the date the Court signs the Final Judgment approving the Settlement and failure to timely submit the Membership Discount Application shall forever bar the former Association Member from receiving the discount described in this Paragraph 4.2.

(a) The NASE. Discounts will be offered at the following levels:

(i) Premier: $3.00 per month discount for twelve (12) months; and

(ii) Access: $1.00 per month discount for six (6) months;

(b) The Alliance. Discounts will be offered at the following levels:

(i) Key: $4.00 per month discount for twelve (12) months;

(ii) Protection: $1.50 per month discount for twelve (12) months; and

(iii) Basic: $1.00 per month discount for twelve (12) months.

(c) AFS. Discounts will be offered at the following levels:

(i) Premier: $2.00 per month discount for twelve (12) months; and

(ii) Access: $1.00 per month discount for six (6) months.

4.3 Portability Injunction. Within 120 business days after the Effective Date and as part of the Final Judgment, MEGA and Mid-West agree to enter into an agreed injunction that will specifically provide as follows: "The Insurance Companies have, will maintain, and will continue to follow procedures by which (a) the termination or cancellation of Association Membership will not be grounds for termination of health insurance coverage as defined by 42 U.S.C. § 300gg-91(b)(1) subject to the exceptions in 42 U.S.C. § 300gg-91(c); and (b) the termination or cancellation of health insurance coverage will not be grounds for termination of Association Membership." The Class Notice will specifically provide as follows: "The Insurance Companies and the Associations have confirmed compliance with certain internal

operating procedures regarding Association Membership. These procedures are more fully described in the Stipulation, which is on file with the Court."

4.4 Disclosure. The Class Notice will include the Disclosures contained in Exhibit 5 attached hereto. MEGA and Mid-West will also include the Disclosures in their insurance application packets, and the NASE, AFS, and the Alliance will include the Disclosures on their websites.

4.5 Marketing Material Revisions. Within 120 business days from the date the Court signs the Final Judgment approving the Settlement and this Stipulation becomes Final, Defendants will delete all statements, if any exist, from their marketing materials and websites to the effect that:

(a) Association Membership is required to maintain health insurance;

(b) The Associations "endorse" MEGA or Mid-West's health insurance; and

(c) The Associations audit MEGA or Mid-West's financial records.

4.6 Association Procedure. An Association Member may cancel his or her Membership at any time by providing written notice to the Association by mail, facsimile, and/or email. As soon as is practicable following receipt of the written notice of termination, the Association will cancel the automatic withdrawal of Association dues from the Association Member's bank account. To the extent that the Association is unable to cancel withdrawals scheduled prior to receipt of the written termination notice, the Association will automatically refund (without any further action by the Member) any dues withdrawn from the former Member's account subsequent to the Association's receipt of such written notice of termination. If an Association Member calls to cancel their Membership, they will be advised to send written notice in accordance with this procedure.

4.7 Donation for the Benefit of the General Public of California. Defendants agree to make a one-time cash donation in the amount of Seventy-Five Thousand Dollars ($75,000.00) to the Health Consumer Alliance, a California health insurance-related entity agreed to by the Parties, for the benefit of the California general public (the "Health Insurance Donation").

4.8 Class Plaintiff Payments. Given the efforts of the Class Plaintiffs on behalf of the Putative Settlement Class Members and the California general public in the Related Actions, such Class Plaintiffs will receive a payment from Defendants to compensate them for their time and expense in connection with serving as Class Plaintiffs. Defendants agree to make a one-time, lump-sum payment of Thirty Thousand Dollars ($30,000), subject to Court approval, to Class Counsel for distribution and payment of Fifteen Thousand Dollars ($15,000) to Class Plaintiff Sandra Lacy and distribution and payment of Fifteen Thousand Dollars ($15,000) to Class Plaintiff Eugene A. Golebiowski.

5. <u>Attorneys' Fees and Expenses</u>

5.1 Separate and apart from the above mentioned consideration, Defendants will pay, for all attorneys' fees and expenses for prosecution of the Related Actions and administration of the Settlement, a one time lump-sum payment in the amount of Six Million Dollars and no cents ($6,000,000.00) in cash to Class Counsel, subject to Court approval. Payment of attorneys' fees and costs will not reduce any benefit being made available to the Settlement Class. Members of the Settlement Class will not be required to pay any portion of Class Counsel's attorneys' fees, costs, or expenses. The Class Notice will advise the Putative Settlement Class Members of Class Counsel's intent to seek fees, including the amount of such fees.

5.2 The attorneys' fees and expenses, as awarded by the Court (the "Fee and Expense Award"), shall be paid to Class Counsel by Defendants, as ordered, within fifteen (15) business days after the Court executes the order awarding such fees and expenses. Class Counsel shall thereafter allocate the Fee and Expense Award among Class Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution, settlement, and administration of the Related Actions. In the event that the Effective Date does not occur, or the Final Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Class Counsel shall within five (5) calendar days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Defendants, the fees and expenses previously paid to them by Defendants, in an amount consistent with such reversal or modification. Each such Class Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner or shareholder of it, agrees (a) that the law firm and its partners or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph; and (b) that the Court may, upon application of Defendants and notice to Class Counsel, summarily issue orders and take whatever other actions it deems appropriate, including, without limitation, issuing judgments and attachment orders and making appropriate findings of and/or sanctions for contempt, against such law firms should any such law firm fail to timely repay fees and expenses pursuant to this Paragraph.

5.3 The procedure for and the allowance or disallowance by the Court of any applications by Class Counsel for attorneys' fees and expenses, including the fees of experts and consultants (the "Fee and Expense Application"), are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Final Judgment and the Settlement of the Related Actions set forth therein.

5.4 The Defendants and their Related Parties shall have no responsibility for and no liability with respect to the allocation among Class Counsel, or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Related Actions, and the Defendants and their respective Related Parties take no position with respect to such matters.

6. **Notice and Administration**

6.1 All costs associated with the Notice Program and subsequent administration will be borne by Defendants and will be paid separately from the attorneys' fees, costs, and expenses set forth in paragraph 5.1. The Parties agree that the Class Notice is to be sent by first class U.S. Mail, to all known Putative Settlement Class Members for whom Defendants have addresses in their records and as further described in Paragraph 11.1.

7. **Preliminary Approval**

7.1 Within fifteen (15) business days after execution of the Stipulation, unless otherwise agreed by the Parties, the Parties shall jointly submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), in the form attached hereto as Exhibit 7, and providing for, *inter alia*, the certification of a class for settlement purposes only, the preliminary approval of the Settlement, and approval for the mailing of the Class Notice (Exhibit 3) and publication of the Summary Notice of Settlement (Exhibit 4). The Class Notice and Summary Notice of Settlement shall include the general terms of the Settlement, the general terms of the Fee and Expense Application as defined in Paragraph 5 hereof, and the date of the Final Approval Hearing as defined below.

8. **Certification of National Settlement Class**

8.1 Solely for purposes of this Stipulation and Proposed Settlement, Defendants agree, only as, and to the extent, expressly set forth herein, that the Parties will jointly move for the certification of a national settlement class as defined in this Stipulation.

9. **Requests for Exclusion from Class**

9.1 Members of the Settlement Class may exclude themselves from the Settlement Class by delivering a written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Preliminary Approval Order and/or Class Notice. All Requests for Exclusion must be in writing and delivered to the Claims Administrator by the Opt-Out Deadline set forth in the Class Notice. The Request for Exclusion form attached hereto as Exhibit 3A will be included in the Class Notice and available on each of the Defendants' existing websites or a website established by the Claims Administrator for purposes of the Settlement. The Request for Exclusion must state: (1) the person's name, address, and telephone number; (2) the certificate or policy number of the health insurance coverage purchased from MEGA or Mid-West, and/or the membership number of the NASE, the AFS or the Alliance Membership; and (3) a statement that the person wishes to be excluded from the Settlement Class. All Requests for Exclusion must be received by the Claims Administrator on or before the Opt-Out Deadline. Such a timely Request for Exclusion will preclude such Settlement Class Member from participating in the Proposed Settlement, and that Settlement Class Member will be unaffected by this Stipulation. Any Member of the Settlement Class or member of the California general public who does not timely submit such a proper written Request for Exclusion will remain a Settlement Class Member and will be bound by the Settlement if Final Approval occurs.

CONFIDENTIAL

**10. Filing Objections Before the Final Approval Hearing**

10.1 The Parties will request that the Court enter an order requiring any Putative Settlement Class Member who wishes to be heard orally at the Final Approval Hearing or who wishes for any objection to be considered to file a written notice of objection by the Objection Date and to include with said objection:

(a) A statement of each objection asserted;

(b) A detailed description of the facts underlying each objection;

(c) A detailed description of the legal authorities, if any, supporting each objection;

(d) A statement of whether the objector intends to appear and argue at the Final Approval Hearing and, if so, how long the objector anticipates needing to present the objection;

(e) All exhibits and affidavits that the objector may offer during the Final Approval Hearing; and

(f) A list of all witnesses that the objector may call to testify live during the Final Approval Hearing, and a summary of their anticipated testimony.

10.2 The agreed upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of Settlement Class Members' right to object to the Settlement, in accordance with such Settlement Class Members' Due Process rights.

10.3 The Preliminary Approval Order and Class Notice will require all Settlement Class Member objectors to file such notice of objection or request to be heard with the Clerk of the Court, and deliver such notice of objection or request to be heard to Class Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 17.1 herein and in the Class Notice, for receipt no later than the Objection Date. The Preliminary Approval Order will further provide as follows: objectors who fail to properly or timely file their objections, along with the required information and documentation set forth above, with the Clerk of the Court or to timely deliver them as provided above shall not be heard during the Final Approval Hearing and their objections shall not be considered by the Court; only Settlement Class Members may object to the Stipulation; and persons who opt-out of the Settlement Class may not object to the Stipulation.

**11. Form and Substance of Notice**

11.1 The Notice Program will consist of the following: (i) approval by the Court of a written Class Notice in the form attached as Exhibit 3 and Summary Notice of Settlement in the form attached as Exhibit 4; (ii) mailing of Class Notice by first-class mail to all known Putative Settlement Class Members for whom Defendants have addresses in their records; (iii) establishment of a post office box and a national toll-free telephone number, subject to Court

approval, for use by Putative Settlement Class Members; (iv) publication of the Summary Notice of Settlement in two newspapers of national circulation; (v) publication of the Class Notice on each of the Defendants' existing websites or a website established by the Claims Administrator for purposes of the Settlement; and (vi) utilization of the post office box, the toll-free telephone number, and the website(s) to provide information regarding the Proposed Settlement and to be available to Putative Settlement Class Members who wish to obtain copies of the Class Notice and Stipulation. Such post office box, toll-free telephone number, and website publications shall be referred to in the Class Notice and Summary Notice of Settlement described herein and shall be maintained until the expiration of the period established by the Court.

## 12. Final Order and Judgment

12.1 Following notice as provided herein, the Final Approval Hearing shall be held by the Court to consider approval of this Stipulation and the Proposed Settlement as fair, reasonable, and adequate. Upon approval by the Court of the Proposed Settlement contemplated by this Stipulation, the Final Order and Final Judgment shall be entered by the Court.

12.2 At the Final Approval Hearing, Class Counsel also will request that the Court approve the Fee and Expense Application.

## 13. Conditions Precedent to Settlement, Effect of Disapproval, Cancellation, or Termination

13.1 The following conditions precedent are agreed to be material to the Proposed Settlement, such that the failure of any of these conditions shall render this Stipulation null and void:

(a) The completion of all confirmatory discovery deemed to be necessary by the Court, if any;

(b) The entry of the Preliminary Approval Order;

(c) The approval of the Class Notice and Notice Program;

(d) The Stipulation shall not have been terminated in accordance with the procedures referenced in Paragraph 13.5 below relating to Requests for Exclusion (as defined in Paragraph 9.1); and

(e) Final Approval by the Court, or the appropriate appellate Court or the expiration of the time in which an appeal must be perfected after Court approval.

13.2 No order of the Court or modification or reversal on appeal of any order of the Court concerning the Settlement Consideration or the amount of any attorneys' fees, expenses, and interest awarded by the Court to the Class Plaintiffs or any of their counsel shall constitute grounds for cancellation or termination of the Stipulation.

CONFIDENTIAL

13.3 If all of the conditions specified in Paragraph 13.1 hereof are not met, then the Stipulation shall be canceled and terminated unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

13.4 Except as provided in Paragraph 13.2 herein, in the event that the Stipulation is not approved by the Court or the appellate court or the Settlement set forth in the Stipulation is terminated, canceled, or otherwise fails to become effective in accordance with its terms, the Parties and the Related Parties shall be restored to their respective positions in the Related Actions as of [5-14-04]. In such event, the terms and provisions of the Stipulation, and any related documents and/or agreements referenced herein shall become null and void and shall have no further force and effect except as otherwise expressly stated herein, and shall not be used in the Related Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. Further, in such event, Defendants reserve their right to challenge class certification, whether on a state or national basis, and all allegations set forth in *In re UICI "Association-Group" Insurance Litigation*, the Related Actions, or any future related actions that may be filed.

13.5 If prior to the Final Approval Hearing, Persons who otherwise would be members of the Settlement Class have submitted timely Requests for Exclusion as set forth in Paragraph 9.1, and if the number of Persons submitting Requests for Exclusion equals or exceeds 60,000 Putative Settlement Class Members, then the Defendants shall have, in their sole and absolute discretion, the option to terminate the Stipulation.

13.6 If a case is commenced with respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, or conservator is appointed under any similar law and in the event of the entry of a final order of a court of competent jurisdiction determining the provision of the Settlement Consideration, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to such Defendant, the releases given and Final Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

## 14. Stipulation Is Not An Admission

14.1 This Stipulation is made solely to buy peace and compromise claims which are expressly contested, disputed, and denied. Neither the Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, regardless of whether or not this Stipulation achieves Final Approval. This provision shall survive the expiration of the Stipulation.

15. **Use of Stipulation and Confirmatory Discovery Materials**

15.1 The Parties may file the Stipulation and/or any document prepared pursuant to or in furtherance of the Stipulation (including the Final Judgment) to affect the Settlement described herein. The Defendants may file the Stipulation and/or any document prepared pursuant to or in furtherance of the Stipulation (including the Final Judgment) in any action for any purpose. Regardless of whether this Stipulation becomes final, the Parties agree that any and all associated negotiations, discussions, and any other confirmatory discovery materials, if any, in whatever form, shall not be used in any manner or for any purpose in any other case, proceeding, regulatory action, or legal matter.

16. **Return of Documents**

16.1 Promptly upon Final Approval, but in no event later than sixty (60) days following Final Approval, the Parties shall each return to the other all documents, records, or other evidence in whatever form (i.e., paper, electronic, cd-rom or otherwise), produced by a Party during confirmatory discovery, if any, or any documents, evidence, depositions, and/or submissions in whatever form (i.e., paper, electronic, cd-rom or otherwise) designated by either of the Parties as confidential, in whole or in part, during the pendency of the Related Actions at the requesting Party's expense. The returning Party shall certify that no copies of such material have been retained by that Party, and that such materials have not been shared with any Party not entitled to see such materials, and have been collected and returned from other Parties who were entitled to see such materials.

17. **Notice to Class Counsel and Defendants' Counsel**

17.1 All notices to Class Counsel and Defendants' Counsel required under this Stipulation shall be sent by first class U.S. Mail, by hand-delivery including messenger or courier service, or by facsimile, to the recipient designated below. Except as otherwise provided in Paragraphs 9.1 and 10.3, timeliness of all submissions and notices shall be measured by postmark if the submission is made by mail, or by the date of actual receipt if the submission is made by hand or facsimile, unless the addressee refuses or delays receipt, in which case it shall be measured by the date the submission or notice would have been delivered absent the delay or refusal. The persons designated to receive notice and/or submissions are as follows:

**Class Counsel**

John L. Malesovas
Malesovas & Martin, L.L.P.
P.O. Box 1709
Waco, Texas 76703-1709
Telephone: 254/753-1777
Facsimile: 254/755-6400

**Defendants' Counsel**

Yvette Ostolaza
Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: 214/746-7805
Facsimile: 214/746-7777

CONFIDENTIAL

Richard T. Phillips
Smith, Phillips, Mitchell & Scott
P.O. Box 1586
Batesville, Mississippi 38606
Telephone: 662/563-4613
Facsimile: 662/563-1546

Dwight M. Francis
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 6000
Dallas, Texas 75201
Telephone: 214/999-3000
Facsimile: 214/999-4667

**18. Submissions to Claims Administrator**

18.1 All submissions to the Claims Administrator required under this Stipulation shall be sent by first class U.S. Mail or by hand-delivery to *In re UICI "Association-Group" Insurance Litigation*, **[ADDRESS]**. Except as otherwise provided in Paragraphs 9.1 and 10.3, timeliness of all submissions and notices shall be measured by the date of postmark if the submission is made by mail, or by the date of actual receipt if the submission is made by hand means, unless the addressee refuses or delays receipt, in which case it shall be measured by the date the submission or notice would have been delivered absent the delay or refusal.

18.2 In the event that the Court appoints a Claims Administrator other than as set forth in Paragraph 1.8, then submissions required by this Stipulation to be made to the Claims Administrator shall be sent to the Court-appointed Claims Administrator.

**19. Administration and Supervision of Claims and Other Settlement Consideration**

19.1 The Claims Administrator acting on behalf of the Settlement Class, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer the claims submitted by Members of the Settlement Class and oversee provision of the Accident Coverage and Membership Discounts to Authorized Claimants. The Verifier shall certify Defendants' compliance with the Portability Injunction, the Disclosures, the Marketing Material Revisions, and the Association Procedure.

19.2 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, or such further approval and further orders of the Court as may be necessary or as circumstances may require, the Accident Coverage and Membership Discounts shall be made available to Authorized Claimants, subject to and in accordance with the following:

(a) Within seventy-five (75) days of the date the Court signs the Final Judgment approving the Settlement or within seventy-five (75) days of the date MEGA and/or Mid-West and/or CLICO and/or another licensed insurance company with the same or better A.M. Best rating as MEGA and Mid-West provides a copy of the Accident Coverage Application to an Insured Class Member after receiving any required regulatory approval of the Accident Coverage and all necessary forms in the state where the Insured Class Member resides, whichever is later, or such other time as may be set by the Court, all Insured Class Members who elect to receive the Accident Coverage described in Paragraph 4.1 shall be required to



DA1:\356729\22\7N9522!.DOC\78416.0030

CONFIDENTIAL

submit to the Claims Administrator a completed Accident Coverage Application (attached hereto as Exhibits 2A and 2B).

(b) Within seventy-five (75) days of the date the Court signs the Final Judgment approving the Settlement, or such other time as may be set by the Court, all Settlement Class Members who elect to rejoin their respective Association shall be required to submit to the Claims Administrator a completed Membership Discount Application for the Association, in the form of Exhibit 9A, 9B, or 9C attached hereto.

(c) Except as otherwise ordered by the Court, all Members of the Settlement Class who elect to rejoin their respective Association pursuant to Paragraph 4.2 of this Stipulation but fail to timely submit a Membership Discount Application within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving the Membership Discount pursuant to the Stipulation and the settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment.

(d) The Accident Coverage Application and the Membership Discount Application will be included in the Class Notice. The Accident Coverage Application will be available on MEGA and Mid-West's websites or a website established by the Claims Administrator for purposes of Settlement, and the Membership Discount Application will be available on the NASE, AFS, and the Alliance's websites or a website established by the Claims Administrator for purposes of Settlement.

19.3 No Person shall have any claim against Class Counsel or any Claims Administrator, or other agent designated by Class Counsel or the Court, including the Verifier, based on the Settlement Consideration provided substantially in accordance with the Stipulation and the Settlement contained therein, or further orders of the Court.

**20. Taxes**

20.1 The Parties further acknowledge and agree that the Plaintiffs, Class Counsel, and the Members of the Settlement Class individually have sole responsibility for payment of any and all taxes that may be assessed against them arising from or relating to any and all payments or benefits conferred under this Stipulation and the Settlement Consideration.

**21. Commitment to Support**

21.1 Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel agree to recommend approval of this Stipulation to the Court and to the Putative Settlement Class Members and to undertake their best efforts, including but not limited to, all reasonable steps and efforts contemplated by this Stipulation that may be necessary and appropriate, by Order of the Court or otherwise, to carry out the terms of this Stipulation. The Parties shall cooperate, assist, and undertake all reasonable actions in order to accomplish the Settlement on a timely basis in

accordance with the schedule established by the Court or by the Parties' agreement in absence of Court Order. Neither Defendants, nor Plaintiffs, nor Class Counsel, nor Defendants' Counsel will aid or encourage or solicit any objections to this Stipulation (or any of its terms or provisions) or to final certification of the Settlement Class, or encourage any Putative Settlement Class Members to elect to opt-out.

22. **Miscellaneous Provisions**

22.1 All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as if fully set forth herein.

22.2 The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Released Claims and the Related Actions. The settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. While retaining their right to deny that the claims advanced in the Related Actions were meritorious, Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Related Actions were filed in good faith and are being settled voluntarily after consultation with competent legal counsel. The Final Judgment also will contain a finding that during the course of the Related Actions, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Parties agree that the terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Related Actions were brought or defended in bad faith or without a reasonable basis.

22.3 The Parties hereby represent and warrant that (i) they are not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Stipulation, (ii) they have been represented and advised by counsel in connection with this Stipulation, which each party makes voluntarily and of its own choice and not under coercion or duress, (iii) they have made their own investigation of the facts and are relying upon their own knowledge and the advice of counsel, (iv) they have no expectation that the other party will disclose facts material to this Stipulation, and (v) they knowingly waive any claim that this Stipulation was induced by any misrepresentation or non-disclosure and any right to rescind or avoid this Stipulation based upon presently existing facts, known or unknown. The Parties agree and stipulate that each Party is relying upon these representations and warranties in entering into this Stipulation. These representations and warranties shall survive the execution of this Stipulation.

22.4 Each of the Parties warrants and represents that he, she, or it is not "insolvent" within the meaning of 11 U.S.C. § 101(32), as of the time this Stipulation is executed and as of the time any payments are transferred or made as required by this Stipulation.

22.5 All agreements made and orders entered during the course of any and all of the Related Actions relating to the confidentiality of information shall survive this Stipulation.

22.6 This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

22.7 This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear his/her/its own costs.

22.8 Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

22.9 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

22.10 The headings in this Stipulation are used for the purpose of convenience only and are not meant to have any legal effect.

22.11 The administration and consummation of the settlement as embodied in this Stipulation shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, implement, interpret, and enforce the Settlement, including but not limited to the Release entered into by the Parties, as set forth in Paragraph 2, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement, including but not limited to orders enjoining Class Members from prosecuting the Released Claims.

22.12 The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

22.13 This Stipulation, including the Exhibits hereto, was executed after arm's length negotiations.

22.14 This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's length negotiations referred to above, all Parties hereto have contributed substantially and materially to the preparation of this Stipulation.

22.15 This Stipulation may be executed in one or more originals, photocopies, or telecopied counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Facsimile signatures shall be considered valid signatures as of the date thereof, although the original signature pages shall thereafter be appended to this Stipulation. A complete set of original executed counterparts shall be filed with the Court.

22.16 This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties, provided, however, that no assignment by any Party shall operate to relieve such Party of its obligations hereunder.

22.17 This Stipulation, along with the exhibits and all related documents referenced herein, constitutes the entire agreement between the Parties and supersedes and replaces all prior negotiations, agreements, or understanding, whether oral or written, among the Parties relating to the subject matter herein.

22.18 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the Parties under this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice-of-law principles.

**CONFIDENTIAL**

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of [MAY 14, 2004].

MALESOVAS & MARTIN, LLP
John L. Malesovas
David H. Martin

[signature]

David H. Martin
P.O. Box 1709
Waco, Texas 76703
Telephone: 254/753-1777
Facsimile: 254/755-6400

CO-LEAD COUNSEL FOR PLAINTIFFS

SMITH, PHILLIPS, MITCHELL & SCOTT
Richard T. Phillips

______________________________
Richard T. Phillips
103 Bates Street
P.O. Box 1586
Batesville, Mississippi 38606
Telephone: 662/563-4613
Facsimile: 662/563-1546

CO-LEAD COUNSEL FOR PLAINTIFFS

WEIL, GOTSHAL & MANGES, LLP
Ralph I. Miller
Yvette Ostolaza

______________________________
Yvette Ostolaza
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: 214/746-7700
Facsimile: 214/746-7777

COUNSEL FOR DEFENDANTS UICI, THE MEGA LIFE AND HEALTH INSURANCE COMPANY, MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, AND UICI MARKETING, INC.