From: RONSIN ATTORNEY SVC    13235267377    01/20/2004 13:37 #627 P.007/023
Jan 20 2004  :45  P.07

LAW OFFICES OF GEORGE A. GALLEGOS
GEORGE A. GALLEGOS (BAR NO. 206606)
328 S. ATLANTIC BLVD., SUITE 100
MONTEREY PARK, CA 91754
Tel.: (626) 576-8988
Fax: (626) 576-7070

Attorney for Plaintiffs
Owen Springer & Susan Springer

**FILED**
JAN 20 2004
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MONTEREY

OWEN SPRINGER, an individual, SUSAN SPRINGER, an individual

    Plaintiffs,

vs.

UNITED INSURANCE COMPANIES, INC., a Texas Corporation, THE MEGA LIFE AND HEALTH INSURANCE COMPANY, a Texas Corporation, NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, a Texas Corporation, J. R. Fortunato, an individual, and DOES 1 through 100, Inclusive,

    Defendants.

Case No.: M68493

COMPLAINT FOR:

1. BREACH OF CONTRACT;

2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;

3. FRAUD;

4. UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES;

5. PROFESSIONAL NEGLIGENCE;

6. NEGLIGENT MISREPRESENTATION;

DEMAND FOR TRIAL BY JURY

**File by Fax**

Plaintiffs Owen Springer and Susan Springer ("Plaintiffs") for their Complaint against Defendants United Insurance Companies, Inc. ("UICI"), the Mega Life and Health Insurance Company ("Mega Life"), the National Association For The Self-Employed ("NASE"), J. R. Fortunato ("Fortunato") and Does 1 through 100 (collectively "Defendants") alleges as follows:

## I.

### NATURE OF THE CASE

1. This action arises out of Defendants' fraudulent and deceptive sales and advertising of health insurance and their subsequent breaches of the policy. Plaintiffs were solicited by Defendants Fortunato and NASE to purchase a health insurance policy. Defendants Fortunato and NASE represented that, among other things, NASE was an independent non-profit organization that sought out the best and most affordable health insurance policy for its self employed members. Defendants also represented that the insurance policy would provide Plaintiffs with 80% to 100% coverage of "usual and customary charges" for medical problems such as surgeries and hospital confinement. Finally, Cross-Defendants represented that this insurance policy could be purchased at a negotiated affordable rate. In order to obtain this insurance policy, Cross-Complainants were required to join Cross-Defendant NASE's association.

2. After obtaining the policy from Defendant Mega Life, Plaintiff Owen Springer underwent open-heart surgery and other medical treatment and Plaintiff Susan Springer sought dental treatment. Rather than provide adequate medical coverage for these surgeries as promised by Defendants and the policy, Defendant Mega Life breached the policy by, among other things, unreasonably denying Plaintiff Owen Springer's claims and paying only a small portion of Plaintiff Susan Springer's dental bill. Rather than providing 80% to 100% coverage of the "usual and customary charges," the policy covered far less of the medical bills actually covered. Moreover, the advertised "affordable" policy was no longer affordable as a result of unforeseen and unexplained rate increases.

3. Plaintiffs have also recently discovered, among other things, that Defendant NASE is not an independent non-profit organization formed for the benefit of the self-employed, but

1. rather, in effect, a marketing arm of Defendants UICI, and its wholly owned subsidiary Mega Life, formed and created by Defendants' officers. Through deceptive marketing, which included, but is not limited to, failing to disclose Defendants' ties with one another, Plaintiffs, as well as many others, were fraudulently induced to join NASE in order to acquire a health insurance policy that was exempt from certain state regulations and as a result provided minimal benefits.

4. As a result of the foregoing, Plaintiffs have been substantially damaged and continue to suffered mental physical and financial hardships.

## II.

## PARTIES

5. Plaintiffs Owen Springer and Susan Springer ("Plaintiffs") are, and at all times material herein, were residents of Monterey County, California.

6. Defendant United Insurance Companies, Inc. ("UICI") is, and at all times material herein, was a corporation duly organized and existing under the laws of the State of Texas. Plaintiff is informed and believes, and thereon alleges, that UICI wholly owns Defendant The Mega Life And Health Insurance Company, as a division, subsidiary or affiliate.

7. Defendant The Mega Life And Health Insurance Company ("Mega Life") is, and at all times material herein was, a corporation duly organized and existing under the laws of the State of Texas and authorized to do business in the state of California. Plaintiff is informed and believes, and based thereon alleges, that UICI wholly owns Defendant Mega Life, as a division, subsidiary or affiliate.

8. Defendant National Association For The Self-Employed ("NASE") is, and at all times material herein was, a corporation duly organized and existing under the laws of the State of Texas and authorized to do business in the state of California.

9. Defendant J. R. Fortunato ("Fortunato") is, and at all times material herein was, a resident and citizen of the state of California.

10. Plaintiff does not know the true names and capacities of Defendants sued herein as Doe 1 through 100, inclusive, and therefore sues these Defendants by fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to

3

COMPLAINT

1. allege the true names and capacities of Does 1 through 100, inclusive, when ascertained. Upon information and belief, Plaintiff alleges that each of the fictitiously named Defendants is liable to Plaintiff as alleged in this Complaint and that Plaintiff's claims against these fictitiously named Defendants arose from these liabilities.

11. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein Defendants, and each of them, were agents, partners, employees, subsidiaries, parents, affiliates, sureties or alter egos of one another and in doing the things alleged in this Complaint were acting within the course and scope of such position and with the knowledge and consent of each other.

### III.

### GENERAL ALLEGATIONS

12. In or about June 2001, Plaintiffs were solicited by Defendants Fortunato and NASE to join NASE's organization in order to obtain quality group health insurance at a negotiated and affordable group rate. Although Plaintiffs had no interest in joining NASE, Plaintiffs were required to join and pay membership fees to NASE in order to obtain a health insurance policy from Defendant Mega Life. Based on this requirement, Plaintiffs agreed to join NASE and pay its monthly association dues along with the health insurance premium.

13. On or about June 28, 2001, Defendant Fortunato, a licensed NASE and Mega Life agent, came to Plaintiffs' home in order to enroll them in both NASE and the Mega Life health insurance policy. Plaintiffs disclosed all of their medical history to Defendant Fortunato who filled out the health insurance application based on this information. During this discussion, Plaintiffs informed Fortunato of all of their past medical history. Plaintiffs also informed Plaintiff Fortunato that they desired a health policy that would provide them sufficient coverage for medical problems which required surgery and hospital confinement. Based on this information, Defendant Fortunato advised Plaintiffs of the appropriate coverage, filled out what he deemed appropriate in the application and had Plaintiffs sign the enrollment application for a health insurance policy that provided up to $1,000,000 in medical coverage.

From:RONSIN ATTORNEY SVC          13235267377          01/20/2004 13:38 #627 P.011/023

14. During their conversation, Plaintiff specifically told Defendant Ris that he needed a health insurance plan that covered doctor office visits since he had eczema, for which he was receiving monthly treatments, and because he was a construction worker/carpenter. Defendant Ris assured him that doctor visits were included in the health insurance policy.

15. On or about July 25, 2001, Defendant Mega Life issued Plaintiffs group policy No. 00384, Certificate No. 053076586 (the "Policy").

16. At no time were Plaintiffs ever informed by Defendants, or any of them, of Defendant NASE's relationship with Defendants UICI, Mega Life and each respective company's officers. Instead, Fortunato, as an agent of NASE and Mega Life, advised Plaintiffs that NASE was an independent non-profit organization that represented the interests of self-employed consumers and sought out and negotiated the best and most affordable health insurance policy for its members.

17. At all relevant times, Plaintiff were unaware that Defendant NASE was specifically formed for the purpose of obtaining and marketing health insurance from Defendant Mega Life in violation of California Insurance law, including, but not limited to, Insurance Code Section 10270.97 and Title 10 of the California Code of Regulations § 2695.1 et. seq.

18. At all relevant times, Plaintiff were unaware and never advised that Defendants UICI and Mega Life, and specific individuals of these companies created and effectively used NASE as a marketing arm to sell its own insurance policies. Through Defendants' deceptive marketing, which includes, but is not limited to, failing to disclose the relationship with NASE to these entities, Plaintiff, as well as many other members of the public, were fraudulently induced into joining NASE in order to acquire a health insurance policy. While Plaintiff believed NASE was formed to represent the self-employed, the true purpose of NASE was to profit Defendants UICI, Mega Life and NASE through an illegal marketing scheme which would benefit all companies.

19. Defendants Mega Life and Fortunato, as an agent of NASE and Mega Life, also fraudulently induced Plaintiffs into believing they were obtaining a quality health insurance policy that would provide them 80% to 100% coverage of "usual and customary charges" for medical

5

COMPLAINT

From:RONSIN ATTORNEY SVC        13235267377        01/20/2004 13:38 #627 P.012/023

1  problems such as surgeries and hospital confinement based on their representations and
2  advertising. In reality, however, the Policy is based on "usual and customary charges" that amount
3  to only a minimal portion of actual hospital charges. As a result of these fraudulent
4  misrepresentations, the Policy covered less than 20% of Cross-Complainants' hospital bills.

5    20.  Defendants' advertisements of an "affordable" health insurance policy also proved
6  to be false as a result of the frequent, unforeseen and unexplained raises in their monthly
7  premiums.

8    21.  At all material times herein, the Policy was in full force and effect.

9    22.  In or about August to November 2001, Plaintiff Owen Springer had a series of
10 stress and heart tests which resulted in Plaintiff's open-heart surgery. Plaintiff also required
11 medical services related to, among other things, hepatitis. As a result of these medical services,
12 Owen Springer incurred a significant amount of medical bills.

13   23.  In or about January and February 2002, Defendant Mega Life unreasonably refused
14 to cover Plaintiff's medical bills claiming, among other things, that Plaintiff had a pre-existing
15 condition, despite the fact that Plaintiff fully disclosed his medical conditions to Defendant
16 Fortunato and Mega Life represented that Mega Life would obtain their medical records prior to
17 issuing the Policy.

18   24.  Similarly, Plaintiff Susan Springer used dental and medical services in 2001 and
19 2002, which Mega Life either failed to cover under the policy or were reimbursed far less than the
20 coverage represented in the policy and by Defendants.

21   25.  Mega Life's unreasonable delay in the investigation of Plaintiffs' claim and the
22 processing of Plaintiffs' other claims caused Plaintiffs' medical providers to submit these bills to
23 collection agencies which ultimately ruined their credit and has resulted in a judgment against
24 them. The claims Mega Life did process were done so in a confusing and unintelligible manner.

25   26.  Similarly, Plaintiff Susan Springer has used dental and medical services in 2001
26 and 2002 which either were not covered under the policy or covered far less than the coverage
27 represented in the policy and by Defendants.

28

From:RONSIN ATTORNEY SVC        13235267377         01/20/2004 13:38 #627 P.013/023

27. As of result of Defendants' conduct alleged above, Plaintiffs have suffered damages in an amount according to proof.

## IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(For Breach of Contract Against Defendants UICI, MEGA LIFE, and Does 1 through 100)

28. Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 27 as though set forth fully herein.

29. For good and valuable consideration paid by Plaintiffs to Cross-Defendants UICI and Mega Life pursuant to group policy No. 00384, Certificate No. 053076586, Mega Life agreed to insure Plaintiffs for medical and hospital expenses incurred as a result of sickness or injury. Plaintiffs allege that a contract of insurance took effect, and the Policy was issued, on or about July 25, 2001. Accordingly, the Policy was in full force and effect, and Plaintiffs were insured under the Policy at all relevant times herein.

30. Beginning in or about August 2001, Plaintiff Owen Springer had a series of stress and heart tests which resulted in Plaintiff's open-heart surgery. Plaintiff also required medical services related to, among other things, hepatitis. As a result of these medical services, Owen Springer incurred a significant amount of medical bills.

31. In 2001 and 2002, Plaintiff Susan Springer used dental and medical services which either were not covered under the policy or covered far less than the coverage represented in the policy and by Defendants.

32. Plaintiffs performed all of the conditions required under the Policy (including, but not limited to, timely premium payments, timely notice of claims and cooperation with Mega Life in its investigation of claims).

33. Mega Life breached its contractual duties to Plaintiffs under the Policy in numerous respects, including, but not limited to, failing and/or refusing to pay the benefits promised to Plaintiff under the Policy.

7

COMPLAINT

From:RONSIN ATTORNEY SVC          13235267377          01/20/2004 13:38 #627 P.014/023

34.   As a direct and proximate result of Mega Life's breach of the insurance contract, Plaintiffs have suffered general and consequential damages in excess of the jurisdictional minimum of this Court, in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
(For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Against Defendants UICI, MEGA LIFE, and Does 1 through 100)

35.   Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 34 as though set forth fully herein.

36.   The Policy contained an implied covenant of good faith and fair dealing, which is binding upon the parties thereto and enforceable. Defendants have breached the implied covenant by, among other things:

   a.   unreasonably denying the medical benefits that Plaintiff was entitled;
   b.   failing to promptly and reasonably evaluate and process Cross-Complainants' claims and failing to protect Plaintiff's interest as required by the Policy;
   c.   intentionally relying on vague and ambiguous terms to their advantage and to Plaintiff's detriment;
   d.   maintaining a fraudulent marketing program;
   e.   creating and maintaining an insurance company in violation of Title 10 of the California Code of Regulations § 2695.1 et. seq;
   f.   Plaintiff is informed and believes and thereon alleges that Defendants have breached the implied covenant of good faith and fair dealing by other acts or omissions which Plaintiff is presently unaware. When such acts or omissions are ascertained, Plaintiff will seek leave of Court to amend this Complaint.

37.   As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing within the Policy, Plaintiffs have suffered damages in an amount to be determined at the time of trial.

8

COMPLAINT

From:RONSIN ATTORNEY SVC          13235267377          01/20/2004 13:39 #627 P.015/023

38. In such conduct, Defendants acted in a willful, wanton and malicious manner in callous, conscious and intentional disregard for Plaintiffs' interests, and with knowledge that such conduct would injure Plaintiffs. As a result of such conduct, Plaintiffs are entitled to recover punitive and exemplary damages in an amount according to proof at trial.

39. Defendants' conduct described herein were undertaken by officers or managing agents of the corporate Defendants identified herein as Does 1 through 100, inclusive, who are responsible for marketing, claims operations, communications and/or decisions. The aforementioned conduct of said managing agents and individuals were therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities were unknown to Plaintiffs at this time and are therefore identified and designated herein as Does 1 through 100, inclusive.

### THIRD CAUSE OF ACTION

(For Fraud Against Defendants UICI, MEGA LIFE, NASE, FORTUNATO and Does 1 through 100)

40. Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 39 as though set forth fully herein.

41. Defendants represented and fraudulently induced Plaintiffs into believing that:

   a. NASE is an independent non profit organization formed for the purpose of representing self employed consumers;

   b. NASE independently selected UICI and Mega Life to provide group health insurance and through negotiations Mega Life would provide low cost premiums through a group policy in order to avoid high individual rates;

   c. Plaintiff were obtaining a health insurance policy that would provide them with 80% to 100% coverage of "usual and customary charges" for medical problems such as surgeries and hospital confinement;

   d. Plaintiffs are informed and believe and thereon allege that Defendants made other fraudulent misrepresentations by their acts or omissions of which

9

From:RONSIN ATTORNEY SVC        13235267377        01/20/2004 13:39 #627 P.016/023

Plaintiffs are not presently aware. Once such representations are ascertained, Plaintiffs will seek leave of court to amend this complaint.

42. Defendants failed to advise Plaintiffs that NASE was formed for the purpose of obtaining and marketing health insurance in violation of California law, including, but not limited to, Insurance Code Section 10270.97 and Title 10 of the California Code of Regulations § 2695.1 et. seq.

43. Defendants failed to advise Plaintiffs that Defendants UICI, Mega Life, and specific individuals of these companies specifically created NASE as a marketing arm of their own insurance policies.

44. Defendants failed to advise Plaintiffs that "the usual and customary charges" that the Policy is based upon are far less than the actual hospital costs.

45. Defendants failed to advise Plaintiffs that the initial "affordable" premiums would be would be subject to periodic and unexplained raises.

46. Defendants' affirmative representations were false, knowingly false and made with the intent to defraud and deceive Plaintiff and induce him into joining NASE and purchasing the Policy. Defendants' failure to disclose material facts was also designed to defraud and deceive Plaintiff and to induce him into joining NASE and to purchase the Policy.

47. Plaintiffs were justified in relying on Defendants' representations in joining NASE and purchasing the Policy.

48. As a direct and proximate result of Defendants' fraud and deceit, Plaintiffs have been damaged in an amount subject to proof at trial.

49. In such conduct, Defendants acted in a willful, wanton and malicious manner in callous, conscious and intentional disregard for Plaintiffs' interests, and with knowledge that such conduct would injure Plaintiffs. As a result of such conduct, Plaintiffs are entitled to recover punitive and exemplary damages in an amount according to proof at trial.

50. Defendants' conduct described herein was undertaken by officers or managing agents of the corporate Defendants identified herein as Does 1 through 100, inclusive, who are responsible for marketing, claims operations, communications and/or decisions. The afore-

From:RONSIN ATTORNEY SVC          13235267377          01/20/2004 13:39 #627 P.017/023

mentioned conduct of said managing agents and individuals were therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities were unknown to Plaintiffs at this time and are therefore identified and designated herein as Does 1 through 100, inclusive.

### FOURTH CAUSE OF ACTION
(For Unlawful, Unfair & Fraudulent Business Practices Under Ca Business and Professions Code Section 17200 Against Defendants UICI, MEGA LIFE, NASE, FORTUNATO and Does 1 through 100)

51. Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 50 as though set forth fully herein.

52. Defendants have engaged in a pattern and practice of unlawful, unfair and fraudulent business practices in violation of the California Business & Professions Code, Section 17200 *et seq.* through the fraudulent and deceitful conduct alleged above.

53. Upon information and belief, Defendants engaged in the conduct alleged above for the purpose of defrauding Plaintiffs, as well as other self employed NASE members, into joining NASE in order to obtain health insurance from Defendant Mega Life. Among other things, Defendants acted in concert to permit Defendants Mega Life, NASE and Fortunato to make the fraudulent misrepresentations alleged above so that Plaintiffs and other NASE members would join NASE and purchase Mega Life insurance policies that provided minimal coverage. By engaging in the pattern of unlawful, unfair and fraudulent business practices, Defendants collectively were able to enroll Plaintiffs, as well as hundreds of thousands of other members, in an association (NASE) which Plaintiffs had no interest in except for obtaining health insurance. Through these deceptive marketing practices, Defendants were able to obtain millions of dollars from association dues that they would not have otherwise been able to obtain had they acted lawfully and in good faith.

54. Defendants' pattern and practice of engaging in unlawful, unfair and fraudulent business practices caused actual and substantial harm to Plaintiffs, as well as other NASE

1  members, in an amount not presently ascertained and subject to proof at trial. Defendants threaten
2  to, and unless restrained will continue to, engage in the fraudulent practices alleged above.
3      55.   On behalf of the general public, Plaintiffs respectfully request that an injunction
4  against Defendants be issued to enjoin them from forming and maintaining "groups" which require
5  their insureds to join NASE and other groups in order to obtain insurance coverage. Plaintiffs also
6  respectfully request that an injunction against Defendants be issued to enjoin Defendants from
7  requiring potential insureds to join such "groups" in order to purchase policies of insurance.
8      56.   On behalf of the general public, Plaintiffs respectfully request that an injunction
9  against Defendants be issued to enjoin them from using unfair, deceptive fraudulent
10 representations in the marketing of their insurance coverage.
11     57.   On behalf of the general public, Plaintiffs also respectfully request that this court
12 order UICI, Mega Life, NASE, Ris and DOES 1 through 100, to pay restitutionary relief requiring
13 Defendants to refund all money received from Plaintiffs' membership fees and all profits gained as
14 a result of Defendants' marketing scheme.

## FIFTH CAUSE OF ACTION

**(For Professional Negligence Against Defendant J. R. FORTUNATO and Does 1 through 100)**

18     58.   Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 57
19 as though set forth fully herein.
20     59.   Defendant Fortunato should have been aware that his representation of the Policy
21 did not reflect its actual benefits or the benefits which Plaintiffs sought to obtain.
22     60.   Defendant Fortunato was aware Plaintiffs would rely in good faith on the
23 competence, honesty and expertise of Defendants in obtaining a health insurance policy.
24 Defendant Fortunato had a duty to help Plaintiff procure adequate health insurance coverage as
25 represented and to articulate the actual benefits provided by the Policy.
26     61.   On or about June 28, 2001, Defendant Fortunato represented to Plaintiffs that they
27 were purchasing a medical policy with a $1,000,000 lifetime maximum that would provide them
28 80% to 100% coverage of "usual and customary charges" for medical problems such as surgeries

From:RONSIN ATTORNEY SVC        13235267377        01/20/2004 13:39 #627 P.019/023

and hospital confinement. Defendant Fortunato also represented to Plaintiffs that he properly filled out the health insurance application based on all the information they provided. Finally, Defendant Fortunato represented that Mega Life provided 80 to 100% coverage for dental services. As alleged above, the Policy failed to provide the coverage promised by Defendant Fortunato.

62. Plaintiffs were justified in relying on Defendant Fortunato's representations since Fortunato represented himself as a licensed senior insurance agent who was competent in filling out the health insurance application and knowledgeable about the actual coverage the Policy provided and requested by Plaintiffs.

63. Plaintiffs are informed and believe and thereon allege that Defendants were negligent in other acts or omissions of which Plaintiffs are not presently aware. Once such negligence is ascertained, Plaintiffs will seek leave of court to amend this complaint.

64. As a direct and proximate result of Defendant's professional negligence, Plaintiffs have been damaged in an amount subject to proof at trial.

## SIXTH CAUSE OF ACTION

(For Negligent Misrepresentation Against Defendants UICI, MEGA LIFE, NASE, FORTUNATO and Does 1 through 100)

65. Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 64 as though set forth fully herein.

66. Defendants made the following representations of fact to Plaintiffs:

   a. NASE is an independent non-profit organization formed for the purpose of helping the self-employed when in fact, NASE was formed for the purpose of obtaining and marketing health insurance in violation of California law, including, but not limited to, Insurance Code Section 10270.97 and Title 10 of the California Code of Regulations § 2695.1 et. seq.;

   b. NASE independently selected Defendants UICI and Mega Life to provide group health insurance for its members and through negotiations Mega Life would provide low cost premiums through a group policy in order to avoid

From: RONSIN ATTORNEY SVC       13235267377       01/20/2004 13:39 #627 P.020/023

high individual rates when in fact, Defendants specifically created NASE as a marketing arm of their own insurance policies;

c. membership rate increases must be justified by experience records;

d. Plaintiffs were obtaining a health insurance that would provide them 80% to 100% coverage of "usual and customary charges" for medical problems such as surgeries and hospital confinement, when in reality, "the usual and customary charges" that the Policy takes into account are substantially less than actual hospital costs

e. Plaintiffs are informed and believe and thereon allege that Defendants made other negligent misrepresentations by their acts or omissions of which Plaintiffs are not presently aware. Once such representations are ascertained, Plaintiffs will seek leave of court to amend this complaint.

67. Defendants, negligently, with no reasonable basis, beyond their respective agency authority, and/or recklessly made such representations.

68. Plaintiffs are unaware of the falsity of Defendants' representations and justifiably relied thereon. If Plaintiffs knew that such representations were false, Plaintiffs would not have joined NASE nor obtained the Policy.

69. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs have been damaged in an amount subject to proof at trial.

## V.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff pray for judgment as follows:

### AS TO THE FIRST CAUSE OF ACTION

Plaintiffs pray for judgment as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. For pre-judgment interest at the appropriate legal rate;
4. For costs of suit incurred herein;

14

COMPLAINT

5. For such other relief as the Court deems just and proper.

## AS TO THE SECOND CAUSE OF ACTION

Plaintiffs pray for judgment as follows:

1. For special damages according to proof;
2. For general damages for mental and emotional distress in an amount according to proof;
3. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;
4. For pre-judgment interest at the appropriate legal rate;
5. For costs of suit incurred herein;
6. For such other relief as the Court deems just and proper.

## AS TO THE THIRD CAUSE OF ACTION

Plaintiffs pray for judgment as follows:

1. For special damages according to proof;
2. For general damages for mental and emotional distress in an amount according to proof;
3. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;
4. For costs of suit incurred herein;
5. For such other relief as the Court deems just and proper.

## AS TO THE FOURTH CAUSE OF ACTION

Plaintiffs pray for judgment as follows:

1. For a preliminary and permanent injunction against Defendants, and each of them, restraining, preventing and enjoining Defendants from engaging in such false advertisement and preventing them from collecting membership fees from these potential insureds, before permitting the potential insureds to purchase health insurance.

2. For a preliminary and permanent injunction against Defendants, and each of them, enjoining Defendants from selling insurance policies and accepting premiums from potential insureds when they do so as part of Defendant's fraudulent practice of misrepresenting the nature, extent and quality of that insurance through written and oral representation as alleged above.

3. For a preliminary and permanent injunction against Defendant, and each of them, enjoining Defendant from requiring potential insured to join NASE and collecting membership fees in order that the potential insured be permitted to purchase health insurance from Mega Life.

4. For restitution and a refund of all monies received by Defendants from fees paid by Plaintiff in order to join NASE as required by Defendants before Plaintiff was allowed to purchase insurance coverage from Mega Life.

5. For attorneys' fees incurred in prosecuting this action on behalf of the general public.

6. For costs of suit herein.

7. For such other and further relief as the court deems just and proper.

### AS TO THE FIFTH CAUSE OF ACTION

Plaintiffs pray for judgment as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. For costs of suit incurred herein;
4. For such other relief as the Court deems just and proper.

### AS TO THE SIXTH CAUSE OF ACTION

Plaintiff pray for judgment as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. For costs of suit incurred herein;
4. For such other relief as the Court deems just and proper.

From: RONSIN ATTORNEY SVC          13235267377          01/20/2004 13:40 #627 P.023/023

## DEMAND FOR TRIAL BY JURY

Plaintiffs Owen Springer & Susan Springer hereby demands a trial by jury in this action.

Dated: January 16, 2004

LAW OFFICES OF GEORGE A. GALLEGOS

*[signature]*

George A. Gallegos
Attorney for Plaintiffs
Owen Springer & Susan Springer

17
COMPLAINT