2-27-2004 11:56AM    FRO  ARY P  JELKES    LAW + 818 576  3    P. 8

1  LAW OFFICES OF GEORGE A. GALLEGOS
   GEORGE A. GALLEGOS (BAR NO. 206606)
2  328 S. ATLANTIC BLVD., SUITE 100
   MONTEREY PARK, CA 91754
3  Tel.: (626) 576-8988
   Fax: (626) 576-7070
4

5  Attorney for Plaintiff
   Esther Valenzuela
6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA    SF

8              FOR THE COUNTY OF LOS ANGELES  PS    A

9                                SAN DIEGO

10                                          Case No.:  GIN034307

11  ESTHER VALENZUELA, an individual,       COMPLAINT FOR:

12          Plaintiff,                       1.  BREACH OF CONTRACT;

13      vs.                                  2.  BREACH OF THE IMPLIED
                                                 COVENANT OF GOOD FAITH AND
14  UNITED INSURANCE COMPANIES, INC., a          FAIR DEALING;
    Texas Corporation, THE MEGA LIFE AND
15  HEALTH INSURANCE COMPANY, a Texas       3.  FRAUD;
    Corporation, NATIONAL ASSOCIATION
16  FOR THE SELF-EMPLOYED, a Texas          4.  UNLAWFUL, UNFAIR AND
    Corporation, ERIC BUCKINGHAM, an            FRAUDULENT BUSINESS
17  individual, and DOES 1 through 100, Inclusive,  PRACTICES;

18          Defendants.                      5.  PROFESSIONAL NEGLIGENCE;

19                                           6.  NEGLIGENT MISREPRESENTATION;

20

21                                           DEMAND FOR TRIAL BY JURY

22

23

24

25

26

27

28

                                    1

1    Plaintiff Esther Valenzuela ("Plaintiff") for her Complaint against Defendants United

2    Insurance Companies, Inc. ("UICI"), the Mega Life and Health Insurance Company ("Mega Life"),

3    the National Association For The Self-Employed ("NASE"), Agent Eric Buckingham

4    ("Buckingham") and Does 1 through 100 (collectively "Defendants") alleges as follows:

5                                              I.

6                                 **NATURE OF THE CASE**

7         1.    This action arises out of Defendants' fraudulent and deceptive sales and advertising

8    of health insurance and their subsequent breaches of the policy.  Plaintiff was solicited by

9    Defendants Buckingham and NASE to purchase a health insurance policy.  Defendants

10   Buckingham and NASE represented that, among other things, NASE was an independent non-

11   profit organization that sought out the best and most affordable health insurance policy for its self

12   employed members.  Defendants also represented that the insurance policy would allow Plaintiff

13   regular office visits at the doctor of her choice and cover routine physicals and related costs.

14   Finally, Defendants represented that this insurance policy could be purchased at a negotiated

15   affordable rate.  In order to obtain their insurance policy, however, Plaintiff was required to join

16   Defendant NASE's association and pay its membership fees.

17        2.    Relying upon Defendants' representations, Plaintiff sought medical care that was

18   supposed to be covered under the policy.  Rather than providing medical coverage, as promised by

19   Defendants and the policy, however, Mega Life breached the policy by, among other things,

20   refusing to pay the medical bills.

21        3.    Plaintiff has also recently discovered, among other things, that Defendant NASE is

22   not an independent non-profit organization formed for the benefit of the self-employed, but rather,

23   in effect, a marketing arm of Defendant UICI, and its wholly-owned subsidiary Mega Life, formed

24   and created by Defendants' officers.  Through deceptive marketing, which included, but is not

25   limited to, failing to disclose Defendants' ties with one another, Plaintiff, as well as many others,

26   were fraudulently induced to join NASE in order to acquire a health insurance policy that is

27   exempt from certain state regulations, and as a result, provides minimal benefits.

28

                                              2

4.    As a result of the foregoing, Plaintiff has suffered damages.

## II.

## PARTIES

5.    Plaintiff Esther Valenzuela ("Plaintiff") is, and at all times material herein, was a resident of San Diego County, California.

6.    Defendant United Insurance Companies, Inc. ("UICI") is, and at all times material herein, was a corporation duly organized and existing under the laws of the State of Texas. Plaintiff is informed and believes, and thereon alleges, that UICI wholly owns Defendant The Mega Life And Health Insurance Company, as a division, subsidiary or affiliate.

7.    Defendant The Mega Life And Health Insurance Company ("Mega Life") is, and at all times material herein was, a corporation duly organized and existing under the laws of the State of Texas and authorized to do business in the state of California.  Plaintiff is informed and believes, and based thereon alleges, that UICI wholly owns Defendant Mega Life, as a division, subsidiary or affiliate.

8.    Defendant National Association For The Self-Employed ("NASE") is, and at all times material herein was, a corporation duly organized and existing under the laws of the State of Texas and authorized to do business in the state of California.

9.    Defendant Eric Buckingham ("Buckingham") is, and at all times material herein was, a resident of San Diego County and citizen of the state of California.

10.    Plaintiff does not know the true names and capacities of Defendants sued herein as Doe 1 through 100, inclusive, and therefore sues these Defendants by fictitious names pursuant to Section 474 of the California Code of Civil Procedure.  Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100, inclusive, when ascertained.  Upon information and belief, Plaintiff alleges that each of the fictitiously named Defendants is liable to Plaintiff as alleged in this Complaint and that Plaintiff's claims against these fictitiously named Defendants arose from these liabilities.

11.    Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein Defendants, and each of them, were agents, partners, employees, subsidiaries,

1 parents, affiliates, sureties or alter egos of one another and in doing the things alleged in this

2 Complaint were acting within the course and scope of such position and with the knowledge and

3 consent of each other.

### III.

### GENERAL ALLEGATIONS

6      12.    In or about June 2000, Plaintiff was solicited by Defendants Buckingham and

7 NASE to join NASE's organization in order to obtain quality group health insurance at a

8 negotiated and affordable group rate. Although Plaintiff had no interest in joining NASE, Plaintiff

9 was required to join and pay membership fees to NASE in order to obtain a health insurance policy

10 from Defendant Mega Life. Based on this requirement, Plaintiff agreed to join NASE and pay its

11 monthly association dues along with the health insurance premium.

12      13.    On or about June 8, 2000, Defendant Buckingham, a licensed NASE and Mega Life

13 agent, came to Plaintiff's home in order to enroll her in both NASE and the Mega Life health

14 insurance policy. During their conversation, Plaintiff specifically told Defendant Buckingham that

15 she needed a health insurance plan that covered doctor office visits. Defendant Buckingham

16 assured her that doctor visits were included in the health insurance policy.

17      14.    During their meeting, Plaintiff disclosed all of her medical history to Defendant

18 Buckingham who in turn filled out the health insurance application, based on this information.

19 During this discussion, Plaintiff informed Buckingham that she desired a health insurance policy

20 that would cover regular doctor office visits and routine costs such as physicals and

21 immunizations. Defendant Buckingham assured Plaintiff that policy covered under these services.

22 Based on these assurances, Plaintiff signed the enrollment application and chose a health insurance

23 policy that provided up to $1,000,000 in medical coverage.

24      15.    On or about June 16, 2000, Defendant Mega Life issued Plaintiff group policy No.

25 00384, Certificate No. 052853659 (the "Policy").

26      16.    At no time was Plaintiff ever informed by Defendants, or any of them, of Defendant

27 NASE's relationship with Defendants UICI, Mega Life and each respective company's officers.

28 Instead, Buckingham, as an agent of NASE and Mega Life, advised Plaintiff that NASE was an

1  independent non-profit organization that represented the interests of self-employed consumers and

2  sought out and negotiated the best and most affordable health insurance policy for its members.

3        17.    At all relevant times, Plaintiff was unaware that Defendant NASE was specifically

4  formed for the purpose of obtaining and marketing health insurance from Defendant Mega Life in

5  violation of California Insurance law, including, but not limited to, Insurance Code Section

6  10270.97 and Title 10 of the California Code of Regulations § 2695.1 et. seq.

7        18.    At all relevant times, Plaintiff was unaware and never advised that Defendants UICI

8  and Mega Life, and specific individuals of these companies created and effectively used NASE as

9  a marketing arm to sell its own insurance policies. Through Defendants' deceptive marketing,

10  which includes, but is not limited to, failing to disclose the relationship with NASE to these

11  entities, Plaintiff, as well as many other members of the public, were fraudulently induced into

12  joining NASE in order to acquire a health insurance policy. While Plaintiff believed NASE was

13  formed to represent the self-employed, the true purpose of NASE was to profit Defendants UICI,

14  Mega Life and NASE through an illegal marketing scheme which would benefit all companies.

15        19.    Defendant Buckingham, as an agent of NASE and Mega Life, also fraudulently

16  induced Plaintiff into believing she obtained a quality health insurance policy that covered doctor

17  office visits for minor injuries. In reality, however, the Policy purportedly excluded any doctor

18  visits. As a result of this fraudulent misrepresentation, the Policy did not cover those services that

19  Plaintiff specifically sought in the Policy.

20        20.    At all material times herein, the Policy was in full force and effect.

21        21.    Relying upon Defendants' representations, Plaintiff sought medical services such as

22  routine physicals.

23        22.    In or about December 7, 2001, Defendant Mega Life refused to cover Plaintiff's

24  medical bills claiming, among other things, that routing physicals and immunizations were not

25  covered under her Plan, contrary to Defendants' misrepresentations.

26        23.    Defendant Mega Life's denial of these services resulted in unpaid medical bills and

27  caused Plaintiff's medical provider to submit these bills to a collection agency.

28

24.   As of result of Defendants' conduct alleged above, Plaintiff has suffered damages in an amount according to proof.

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(For Breach of Contract Against Defendants UICI, MEGA LIFE, and Does 1 through 100)**

25.   Plaintiff incorporates by reference the allegations made in paragraphs 1 through 24 as though set forth fully herein.

26.   For good and valuable consideration paid by Plaintiff to Defendants UICI and Mega Life, Mega Life agreed to provide Plaintiff health insurance that would cover routine physicals, doctor office visits and related costs. Plaintiff alleges that a contract of insurance took effect, and the Policy was issued, in or about June, 2000. Accordingly, the Policy was in full force and effect, and Plaintiff was insured under the Policy at all relevant times herein.

27.   In or about June 2000, Plaintiff obtained a health insurance policy that was to provide coverage for doctor office visits, routine physicals and related costs. Defendant Buckingham assured her that doctor visits, routine physicals and related costs were included in the health insurance policy selected and paid for by Plaintiff.

28.   Plaintiff performed all of the conditions required under the Policy (including, but not limited to, timely premium payments, timely notice of claims and cooperation with Mega Life in its investigation of claims).

29.   Mega Life breached its contractual duties to Plaintiff under the Policy in numerous respects, including, but not limited to, failing and/or refusing to pay the benefits promised to Plaintiff under the Policy.

30.   As a direct and proximate result of Mega Life's breach of the insurance contract, Plaintiff has suffered general and consequential damages in excess of the jurisdictional minimum of this Court, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Against Defendants UICI, MEGA LIFE, and Does 1 through 100)**

31.   Plaintiff incorporates by reference the allegations made in paragraphs 1 through 30 as though set forth fully herein.

32.   The Policy contained an implied covenant of good faith and fair dealing, which is binding upon the parties thereto and enforceable.  Defendants have breached the implied covenant by, among other things:

    a.   unreasonably denying the medical benefits that Plaintiff was entitled;

    b.   failing to protect Plaintiff's interest as required by the Policy;

    c.   intentionally relying on vague and ambiguous terms to their advantage and to Plaintiff's detriment;

    d.   maintaining a fraudulent marketing program;

    e.   creating and maintaining an insurance company in violation of Title 10 of the California Code of Regulations § 2695.1 et. seq;

    f.   Plaintiff is informed and believes and thereon alleges that Defendants have breached the implied covenant of good faith and fair dealing by other acts or omissions which Plaintiff is presently unaware.  When such acts or omissions are ascertained, Plaintiff will seek leave of Court to amend ther Complaint.

33.   As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing within the Policy, Plaintiff has suffered damages in an amount to be determined at the time of trial.

34.   In such conduct, Defendants acted in a willful, wanton and malicious manner in callous, conscious and intentional disregard for Plaintiff's interests, and with knowledge that such conduct would injure Plaintiff.  As a result of such conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount according to proof at trial.

35.    Defendants' conduct described herein were undertaken by officers or managing agents of the corporate Defendants identified herein as Does 1 through 100, inclusive, who are responsible for marketing, claims operations, communications and/or decisions. The afore-mentioned conduct of said managing agents and individuals were therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities were unknown to Plaintiff at ther time and are therefore identified and designated herein as Does 1 through 100, inclusive.

## THIRD CAUSE OF ACTION

**(For Fraud Against Defendants UICI, MEGA LIFE, NASE, BUCKINGHAM and Does 1 through 100)**

36.    Plaintiff incorporates by reference the allegations made in paragraphs 1 through 35 as though set forth fully herein.

37.    Defendants represented and fraudulently induced Plaintiff into believing that:

    a.    NASE is an independent non profit organization formed for the purpose of representing self employed consumers;

    b.    NASE independently selected UICI and Mega Life to provide group health insurance and through negotiations Mega Life would provide low cost premiums through a group policy in order to avoid high individual rates;

    c.    Plaintiff was obtaining a health insurance policy that would provide coverage of doctor office visits;

    d.    Plaintiff is informed and believes and thereon alleges that Defendants made other fraudulent misrepresentations by their acts or omissions of which Plaintiff is not presently aware. Once such representations are ascertained, Plaintiff will seek leave of court to amend ther complaint.

38.    Defendants failed to advise Plaintiff that NASE was formed for the purpose of obtaining and marketing health insurance in violation of California law, including, but not limited

1    to, Insurance Code Section 10270.97 and Title 10 of the California Code of Regulations § 2695.1

2    et. seq.

3       39.    Defendants failed to advise Plaintiff that Defendants UICI, Mega Life, and specific

4    individuals of these companies specifically created NASE as a marketing arm of their own

5    insurance policies.

6       40.    Defendants failed to advise Plaintiff that doctor office visits, routine physicals and

7    related costs were not included in the Policy.

8       41.    Defendants' affirmative representations were false, knowingly false and made with

9    the intent to defraud and deceive Plaintiff and induce her into joining NASE and purchasing the

10    Policy. Defendants' failure to disclose material facts was also designed to defraud and deceive

11    Plaintiff and to induce her into joining NASE and to purchase the Policy.

12       42.    Plaintiff was justified in relying on Defendants' representations in joining NASE

13    and purchasing the Policy.

14       43.    As a direct and proximate result of Defendants' fraud and deceit, Plaintiff has been

15    damaged in an amount subject to proof at trial.

16       44.    In such conduct, Defendants acted in a willful, wanton and malicious manner in

17    callous, conscious and intentional disregard for Plaintiff's interests, and with knowledge that such

18    conduct would injure Plaintiff. As a result of such conduct, Plaintiff is entitled to recover punitive

19    and exemplary damages in an amount according to proof at trial.

20       45.    Defendants' conduct described herein was undertaken by officers or managing

21    agents of the corporate Defendants identified herein as Does 1 through 100, inclusive, who are

22    responsible for marketing, claims operations, communications and/or decisions. The afore-

23    mentioned conduct of said managing agents and individuals were therefore undertaken on behalf

24    of the corporate Defendants. Said corporate Defendants further advanced knowledge of the

25    actions and conduct of said individuals whose actions and conduct were ratified, authorized and

26    approved by managing agents whose precise identities were unknown to Plaintiff at ther time and

27    are therefore identified and designated herein as Does 1 through 100, inclusive.

28

2-27-2004 12:01PM    FRO MARY P. JELKES  LAW + 818 576 7 3                    P. 17

## FOURTH CAUSE OF ACTION

**(For Unlawful, Unfair & Fraudulent Business Practices Under Ca Business and Professions Code Section 17200 Against Defendants UICI, MEGA LIFE, NASE, BUCKINGHAM and Does 1 through 100)**

46.    Plaintiff incorporates by reference the allegations made in paragraphs 1 through 45 as though set forth fully herein.

47.    Defendants have engaged in a pattern and practice of unlawful, unfair and fraudulent business practices in violation of the California Business & Professions Code, Section 17200 *et. seq.* through the fraudulent and deceitful conduct alleged above.

48.    Upon information and belief, Defendants engaged in the conduct alleged above for the purpose of defrauding Plaintiff, as well as other self employed NASE members, into joining NASE in order to obtain health insurance from Defendant Mega Life.  Among other things, Defendants acted in concert to permit Defendants Mega Life, NASE and Buckingham to make the fraudulent misrepresentations alleged above so that Plaintiff and other NASE members would join NASE and purchase Mega Life insurance policies that provided minimal coverage.  By engaging in the pattern of unlawful, unfair and fraudulent business practices, Defendants collectively were able to enroll Plaintiff, as well as hundreds of thousands of other members, in an association (NASE) which Plaintiff had no interest in except for obtaining health insurance.  Through these deceptive marketing practices, Defendants were able to obtain millions of dollars from association dues that they would not have otherwise been able to obtain had they acted lawfully and in good faith.

49.    Defendants' pattern and practice of engaging in unlawful, unfair and fraudulent business practices caused actual and substantial harm to Plaintiff, as well as other NASE members, in an amount not presently ascertained and subject to proof at trial.  Defendants threaten to, and unless restrained will continue to, engage in the fraudulent practices alleged above.

50.    On behalf of the general public, Plaintiff respectfully requests that an injunction against Defendants be issued to enjoin them from forming and maintaining "groups" which require their insureds to join NASE and other groups in order to obtain insurance coverage.  Plaintiff also

10

1 respectfully request that an injunction against Defendants be issued to enjoin Defendants from

2 requiring potential insureds to join such "groups" in order to purchase policies of insurance.

3     51.    On behalf of the general public, Plaintiff respectfully requests that an injunction

4 against Defendants be issued to enjoin them from using unfair, deceptive fraudulent

5 representations in the marketing of their insurance coverage.

6     52.    On behalf of the general public, Plaintiff also respectfully requests that this court

7 order UICI, Mega Life, NASE, Buckingham and DOES 1 through 100, to pay restitutionary relief

8 requiring Defendants to refund all money received from Plaintiff's membership fees and all profits

9 gained as a result of Defendants' marketing scheme.

10 **FIFTH CAUSE OF ACTION**

11 **(For Professional Negligence Against Defendant ERIC BUCKINGHAM and Does 1 through**

12 **100)**

13     53.    Plaintiff incorporate by reference the allegations made in paragraphs 1 through 52

14 as though set forth fully herein.

15     54.    Defendant Buckingham should have been aware that his representation of the

16 Policy did not reflect its actual benefits or the benefits which Plaintiff sought to obtain.

17     55.    Defendant Buckingham should have been aware Plaintiff would rely in good faith

18 on the competence, honesty and expertise of Defendants in obtaining a health insurance policy.

19 Defendant Buckingham had a duty to help Plaintiff procure adequate health insurance coverage as

20 represented and to articulate the actual benefits provided by the Policy.

21     56.    On or about June 8, 2000, Defendant Buckingham misrepresented that the Policy

22 covered doctor office visits, routine physicals and related costs.

23     57.    As alleged above, the Policy failed to provide the coverage promised by Defendant

24 Buckingham.

25     58.    Plaintiff was justified in relying on Defendant Buckingham's representations since

26 Buckingham represented himself as a licensed senior insurance agent who was competent in filling

27 out the health insurance application and knowledgeable about the actual coverage the Policy

28 provided.

11

1   59.   Plaintiff is informed and believes and thereon alleges that Defendants were

2   negligent in other acts or omissions of which Plaintiff is not presently aware.  Once such

3   negligence is ascertained, Plaintiff will seek leave of court to amend this complaint.

4   60.   As a direct and proximate result of Defendant's professional negligence, Plaintiff

5   has been damaged in an amount subject to proof at trial.

6                     **SIXTH CAUSE OF ACTION**

7   **(For Negligent Misrepresentation Against Defendants UICI, MEGA LIFE, NASE,**

8   **JEFFREY BUCKINGHAM and Does 1 through 100)**

9   61.   Plaintiff incorporates by reference the allegations made in paragraphs 1 through 60

10   as though set forth fully herein.

11   62.   Defendants made the following representations of fact to Plaintiff:

12   a.   NASE is an independent non-profit organization formed for the purpose of

13         helping the self-employed when in fact, NASE was formed for the purpose

14         of obtaining and marketing health insurance in violation of California law,

15         including, but not limited to, Insurance Code Section 10270.97 and Title 10

16         of the California Code of Regulations § 2695.1 et. seq.;

17   b.   NASE independently selected Defendants UICI and Mega Life to provide

18         group health insurance for its members and through negotiations Mega Life

19         would provide low cost premiums through a group policy in order to avoid

20         high individual rates when in fact, Defendants specifically created NASE as

21         a marketing arm of their own insurance policies;

22   c.   Plaintiff was obtaining a health insurance that would provide coverage for

23         doctor's office visits, routine physicals and related costs;

24   d.   Plaintiff is informed and believes and thereon alleges that Defendants made

25         other negligent misrepresentations by their acts or omissions of which

26         Plaintiff is not presently aware.  Once such representations are ascertained,

27         Plaintiff will seek leave of court to amend this complaint.

28

63.     Defendants, negligently, with no reasonable basis, beyond their respective agency authority, and/or recklessly made such representations.

64.     Plaintiff is unaware of the falsity of Defendants' representations and justifiably relied thereon.  If Plaintiff knew that such representations were false, Plaintiff would not have joined NASE nor obtained the Policy.

65.     As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has been damaged in an amount subject to proof at trial.

## V.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff pray for judgment as follows:

### AS TO THE FIRST CAUSE OF ACTION

Plaintiff prays for judgment as follows:

1.     For special damages according to proof;
2.     For general damages according to proof;
3.     For pre-judgment interest at the appropriate legal rate;
4.     For costs of suit incurred herein;
5.     For such other relief as the Court deems just and proper.

### AS TO THE SECOND CAUSE OF ACTION

Plaintiff prays for judgment as follows:

1.     For special damages according to proof;
2.     For general damages for mental and emotional distress in an amount according to proof;
3.     Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;
4.     For pre-judgment interest at the appropriate legal rate;
5.     For costs of suit incurred herein;
6.     For such other relief as the Court deems just and proper.

13

## AS TO THE THIRD CAUSE OF ACTION

Plaintiff prays for judgment as follows:

1.    For special damages according to proof;

2.    For general damages for mental and emotional distress in an amount according to proof;

3.    Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

4.    For costs of suit incurred herein;

5.    For such other relief as the Court deems just and proper.

## AS TO THE FOURTH CAUSE OF ACTION

Plaintiff prays for judgment as follows:

1.    For a preliminary and permanent injunction against Defendants, and each of them, restraining, preventing and enjoining Defendants from engaging in such false advertisement and preventing them from collecting membership fees from these potential insureds, before permitting the potential insureds to purchase health insurance.

2.    For a preliminary and permanent injunction against Defendants, and each of them, enjoining Defendants from selling insurance policies and accepting premiums from potential insureds when they do so as part of Defendant's fraudulent practice of misrepresenting the nature, extent and quality of that insurance through written and oral representation as alleged above.

3.    For a preliminary and permanent injunction against Defendant, and each of them, enjoining Defendant from requiring potential insured to join NASE and collecting membership fees in order that the potential insured be permitted to purchase health insurance from Mega Life.

2-27-2004 12:04PM    FROM ARY P. JELKES  LAW + 818 576 7___

4.    For restitution and a refund of all monies received by Defendants from fees paid by Plaintiff in order to join NASE as required by Defendants before Plaintiff was allowed to purchase insurance coverage from Mega Life.

5.    For attorneys' fees incurred in prosecuting ther action on behalf of the general public.

6.    For costs of suit herein.

7.    For such other and further relief as the court deems just and proper.

## AS TO THE FIFTH CAUSE OF ACTION

Plaintiff prays for judgment as follows:

1.    For special damages according to proof;

2.    For general damages according to proof;

3.    For costs of suit incurred herein;

4.    For such other relief as the Court deems just and proper.

## AS TO THE SIXTH CAUSE OF ACTION

Plaintiff prays for judgment as follows:

1.    For special damages according to proof;

2.    For general damages according to proof;

3.    For costs of suit incurred herein;

4.    For such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Esther Valenzuela hereby demands a trial by jury in ther action.

Dated: November 21, 2003                    LAW OFFICES OF GEORGE A. GALLEGOS

George A. Gallegos
Attorney for Plaintiff Esther Valenzuela

15



## CT System

**Service of Process Transmittal Form**

Los Angeles, California

**02/27/2004**

**Via Federal Express (2nd Day)**

TO:  Robert B Vlach General Counsel
UICI
9151 Grapevine Hwy
North Richland Hills, TX  76180

**RECEIVED**

MAR 0 1 2004

**UICI LEGAL**

RE:  **PROCESS SERVED IN CALIFORNIA**

FOR  THE MEGA LIFE AND HEALTH INSURANCE COMPANY Domestic State: Ok

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Esther Valenzuela  vs United Insurance Companies, Inc., et al incl., The Mega Life and Health Insurance Company |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Stipulation, Notice to Litigants |
| 3. COURT: | Superior Court of California, County of San Diego<br>Case Number GIN034307 |
| 4. NATURE OF ACTION: | Complaint for alleged breach of contract. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Los Angeles, California |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 02/27/2004 at 15:15 |
| 7. APPEARANCE OR ANSWER DUE: | Within 30 days |
| 8. ATTORNEY(S): | George A. Gallegos<br>Law Offices of George A. Gallegos<br>(626) 576-8988<br>328 S. Atlantic Blvd #100<br>Monterey Park, CA  91754 |
| 9. REMARKS: | i-Note sent 02/27/2004 to BJOHNSON@UICI.NETi-Note sent 02/27/2004 to BVLACH@UICI.NET |

CC:  Brenda Johnson
UICI
9151 Grapevine Hwy
North Richland Hills, TX  76180

SIGNED  CT Corporation System

PER  Jere J. Keprios /GA
ADDRESS  818 West Seventh Street
Los Angeles, CA  90017
SOP WS 0006106608

Information contained on this transmittal form is recorded for C T Corporation System's record keeping  purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The  recipient is responsible for interpreting the documents and for taking the appropriate action.