

1  WILLIAM M. SHERNOFF #38856
   EVANGELINE F. GARRIS #176014
2  SHERNOFF BIDART & DARRAS
3  600 South Indian Hill Boulevard
   Claremont, California 91711
4  Telephone:  909-621-4935
   Facsimile:  909-625-6915
5
6  RANDY D. CURRY #119636
   LAW OFFICES OF RANDY D. CURRY
7  2901 West Coast Highway, Suite 200
   Newport Beach, California 92663
8  Telephone:  949-258-4381
   Facsimile:  949-258-4382
9

10  Attorneys for Plaintiff

11

**FILED**
LOS ANGELES SUPERIOR COURT
DEC 3 0 2003
JOHN A. CLARKE, CLERK
BY 9. L. COLEMAN, DEPUTY

12                SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    FOR THE COUNTY OF LOS ANGELES

14

15  PATRICIA MONTGOMERY,          Case No.:  BC308471

16          Plaintiff,

17      vs.                        COMPLAINT AND DEMAND
                                   FOR JURY TRIAL
18

19  UICI; MID-WEST NATIONAL LIFE   1. Breach of the Duty of Good Faith and
    INSURANCE COMPANY OF              Fair Dealing
20  TENNESSEE, ALLIANCE FOR
    AFFORDABLE SERVICES,           2. Breach of Contract
21  CORNERSTONE AMERICA,
    SPECIALIZED ASSOCIATION        3. False Advertising (Marketing Fraud)
22  SERVICES, JOHN NELSON and DOES
    1 through 100 inclusive,       4. Relief Under Business and Professions
23                                    Code Section 17200
24          Defendants.
                                   5. Negligent Misrepresentation
25
                                   6. Intentional Misrepresentation
26

27

28

                              - 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ALLEGATIONS**

1.   Plaintiff, PATRICIA MONTGOMERY is, and at all times herein mentioned was, a resident and citizen of the State of California.

2.   Defendant, UICI is, and at all relevant times was, a publicly traded corporation, a holding company whose assets included MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, and a corporation organized and existing under entity and by virtue of the laws of the State of Texas and authorized through its wholly owned subsidiaries, including MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, to transact and transacting the business of insurance in this State.

3.   Defendant, MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE ("MID-WEST") is, and at all relevant times herein was, a corporation duly organized and existing under and by virtue of the laws of the State of Texas and authorized to transact and transacting the business of insurance in this State.

4.   Plaintiff is informed and believes and on such information and belief alleges, that Defendant MID-WEST is a wholly owned subsidiary of Defendant UICI. Upon such information and belief, Plaintiff alleges that there exists, and at all relevant times herein mentioned there existed, a unity of interest and ownership between Defendants, MID-WEST and UICI such that any individuality and separateness between Defendants have ceased, and Defendant UICI is the alter ego of Defendant MID-WEST. Plaintiff alleges that MID-WEST is, and at all relevant times herein mentioned was, a mere shell, instrumentality and conduit through which Defendant UICI carried on its business, exercising complete control and dominance of such business that any individuality of separateness of Defendants does not and did not exist.

5.   Defendant, Alliance for Affordable Services ("ALLIANCE") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

— 2 —

1     laws of Texas and authorized to transact and transacting the business of insurance in

2     this State.

3         6.     Defendant, CORNERSTONE AMERICA ("CORNERSTONE") is, and at all

4     relevant times was, a nationwide insurance agency that markets memberships in

5     ALLIANCE and sells MID-WEST policies.  CORNERSTONE is, and at all relevant times

6     was, a corporation duly organized and existing under and by virtue of the laws of Texas,

7     authorized to transact and is transacting the business of insurance in this State.

8         7.     Defendant, SPECIALIZED ASSOCIATED SERVICES ("SAS") is, and at all

9     relevant times was, a corporation duly organized and existing under and by virtue of the

10    laws of Texas, which administers all insurance sold to members of Defendant

11    ALLIANCE.

12        8.     Defendant, JOHN NELSON ("NELSON") is, and at all relevant times was,

13    a resident and citizen of the State of California, County of Los Angeles.

14        9.     The true names and capacities, whether individual, corporate, associate,

15    or otherwise, of Defendants Does 1 through 100, inclusive, are unknown to Plaintiff,

16    who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and

17    believes and thereon alleges that each of Defendants designated herein as a Doe is

18    legally responsible in some manner for the events and happenings referred to herein

19    and legally caused injury and damages proximately thereby to Plaintiff.  Plaintiff will

20    seek leave of this Court to amend this Complaint to insert their true names and

21    capacities in place and instead of the fictitious names when they become known to

22    Plaintiff.

23       10.    At all times herein mentioned, unless otherwise indicated, Defendants

24    were the agents and employees of each of the remaining Defendants, and were at all

25    times acting within the purpose and scope of said agency and employment, and each

26    Defendant has ratified and approved the acts of his agent.

27       11.    Plaintiff hereby reserves the right to amend this complaint as a class

28    action complaint.

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

~ - 3 ~

COMPLAINT AND DEMAND FOR JURY TRIAL

04-Jan-06 10:15    From-GARDERE \.   .E SEWELL    +2149994967    T-909  P.05/22  F-992

1      12.    This action is by individuals who are victims of Defendants' elaborate and

2   fraudulent nationwide marketing scheme developed by Defendants to sell medical

3   insurance. Defendants prey on individual insurance consumers and small business

4   owners who work hard to make ends meet and who cope with difficulties in obtaining

5   quality medical insurance at affordable prices.

6      13.    On or about January 4, 2003, MONTGOMERY was solicited to join

7   ALLIANCE, which promised quality group health insurance at affordable group rates.

8   ALLIANCE "enrollers", in this case Defendant NELSON, have a convincing sales pitch.

9   By joining ALLIANCE, insurance consumers, including MONTGOMERY, are told they

10   become members of a large group that enjoys true buying power. The major benefit

11   promised by ALLIANCE is the ability to purchase ALLIANCE "endorsed" medical

12   insurance at affordable group rates. ALLIANCE "endorses" MID-WEST medical

13   insurance plans on behalf of ALLIANCE members. MONTGOMERY and other

14   insurance consumers are never told the truth. In reality, ALLIANCE is controlled by

15   UICI and the only medical insurance ALLIANCE endorses is that of MID-WEST, a

16   wholly owned subsidiary of UICI. ALLIANCE enrollers, in this case Defendant

17   NELSON, are appointed agents of MID-WEST who are appointed to sell MID-WEST

18   policies.

19      14.    Based on this solicitation and the sales pitch, MONTGOMERY agreed to

20   join ALLIANCE and pay ALLIANCE membership fees in order to obtain MID-WEST

21   medical insurance which promised $1,000,000 in coverage. On January 14, 2002, MID-

22   WEST issued MONTGOMERY group policy number 00401, certificate number

23   AM0543213, covering MONTGOMERY.

24      15.    The sales pitch that MONTGOMERY fell for is the same sales pitch more

25   than 300,000 U.S. insurance consumers have fallen for in joining ALLIANCE, and

26   paying membership fees, in order to obtain so-called negotiated affordable group rates

27   on medical insurance.

28      This illegal and fraudulent marketing scheme works as follows:

- 4 -

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-4915
TELEPHONE (909) 621-4935

04-Jan-06  10:15     From-GARDERE W. & SEWELL                    +2149994967                    T-909   P.06/22   F-992

1   ALLIANCE "enrollers" and "benefit consultants", in this case Defendant NELSON

2   receive leads resulting from a multi-million dollar marketing campaign paid for by

3   CORNERSTONE, a nationwide insurance agency that exclusively sells ALLIANCE

4   memberships and MID-WEST policies to insurance consumers through a network of

5   agency offices throughout the United States. CORNERSTONE is owned and controlled

6   by Defendant UICI. Currently, there are more than 300,000 ALLIANCE members.

7   ALLIANCE members are never told of the relationship between UICI, MID-WEST,

8   CORNERSTONE and the ALLIANCE "enrollers" and "benefits consultants" like

9   Defendant NELSON, who receive UICI stock options as part of their compensation

10  package as CORNERSTONE agents selling ALLIANCE memberships and MID-WEST

11  policies.

12      MONTGOMERY, like more than 300,000 other ALLIANCE members, was

13  promised affordable group rates for medical insurance. ALLIANCE members are

14  promised that ALLIANCE negotiates with various insurance companies on their behalf

15  and, based on those negotiations, endorses MID-WEST to its members. ALLIANCE

16  members are never told that the only medical insurance company endorsed by

17  ALLIANCE is MID-WEST. ALLIANCE members are also never told that ALLIANCE

18  does not negotiate medical insurance premiums on their behalves, with MID-WEST or

19  any other insurance company. ALLIANCE members are never told there is no attempt

20  to obtain affordable group rates.

21      ALLIANCE is controlled by UICI and its wholly owned subsidiary, MID-WEST,

22  which benefits from a not for profit tax status currently enjoyed by ALLIANCE in

23  operating as a marketing conduit for UICI and MID-WEST. At all times herein,

24  ALLIANCE had no physical office address and operates with only a post office box and

25  a toll-free phone number. ALLIANCE has no employees.

26      Defendant SAS administers ALLIANCE memberships and answers the toll-free

27  ALLIANCE phone number. SAS operates across the street from the UICI building in

28  Hurst, Texas. SAS is owned by Jeffrey Jensen. Jeffrey Jensen's father, Ronald

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5405
TELEPHONE (909) 621-4935

-5-

04-Jan-06 10:15    From-GARDERE \. .E SEWELL          +2149994967                T-909   P.07/22   F-992

1   Jensen, is the founder and chairman of the board of UICI. Ronald Jensen is the former

2   owner of SAS.

3       In order to maintain an appearance of propriety, ALLIANCE has a board of

4   directors. The directors have no involvement in the day-to-day operations of ALLIANCE

5   and have no physical offices at ALLIANCE, because ALLIANCE operates through a

6   post office box and has no physical location. These board members meet for the

7   purpose of endorsing MID-WEST medical insurance policies to the ALLIANCE

8   membership and rubberstamping business decisions presented by Defendants. SAS

9   representatives, including Jeffrey Jensen, commonly attend ALLIANCE board of

10  directors meetings. ALLIANCE board of directors member Howard Segal is the

11  custodian of records for the minutes of the ALLIANCE board meetings. The minutes,

12  however, are maintained at the SAS building in Hurst, Texas. Howard Segal is an

13  attorney in New York City.

14      Over 300,000 ALLIANCE members are never advised of these facts. The

15  ALLIANCE members are defrauded by Defendants in this elaborate and fraudulent

16  nationwide marketing scheme designed by Defendants to line their own pockets. The

17  scheme has allowed defendants to avoid premium rate approval by Departments of

18  Insurance throughout the United States yet has allowed Defendants to avoid issuing

19  policies on a guaranteed issue basis.

20      16.   At all relevant times, the MID-WEST insurance coverage was in full force

21  and effect.

22      17.   At no time did the Defendants ever advise MONTGOMERY of the

23  following:

24      a).   ALLIANCE is an organization formed and incorporated to maintain an

25  association for the purpose of obtaining insurance in violation of California law,

26  including, but not limited to, *Ins. Code* §10270.97.

27      b).   UICI and its wholly-owned subsidiaries, including MID-WEST, were aware

28  of the ALLIANCE marketing scheme, supported the scheme and profited by it.

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

- 6 -

1    c).    The ALLIANCE endorsement of MID-WEST and UICI was designed to

2    create monetary profits for Defendants.

3         The true standard between ALLIANCE and its ALLIANCE endorsed insurance

4    carriers including MID-WEST were that each would profit to the benefit of all involved in

5    the illegal marketing scheme.

6         18.    MONTGOMERY made medical claims under the MID-WEST policy.  MID-

7    WEST has failed to pay her claims and rescinded her policy.  Defendants' rescission of

8    the policy, by letter dated October 11, 2002, was based on medical records obtained in

9    its post-claim underwriting process.  Post claim underwriting violates *Ins. Code* §10384.

10

11                          FIRST CAUSE OF ACTION

12            (Breach of the Duty of Good Faith and Fair Dealing)

13          (Against Defendants UICI, MID-WEST and DOES 1 through 100)

14        19.    Plaintiff refers to each and every paragraph of the General Allegations and

15    incorporate those paragraphs as though set forth in full in this cause of action.

16        20.    Defendants, UICI, MID-WEST and DOES 1 through 100, inclusive, have

17    breached their duty of good faith and fair dealing owed to Plaintiff in the following

18    respects:

19        A.    Unreasonable and bad faith denial of medical, surgical and hospital

20    benefits at a time when defendants knew that Plaintiff was entitled to these benefits.

21        B.    Failing to reasonably and promptly investigate and process

22    Plaintiff's claim for medical and hospital benefits in conformity with the representations

23    of Defendants.

24        C.    Not attempting in good faith to effectuate a prompt, fair, and

25    equitable settlement of Plaintiff's claim for medical and hospital expense benefits where

26    Defendants' liability had become reasonably clear.

27        D.    Maintaining an illegal marketing scheme in order to sell medical

28    insurance.

- 7 -

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

1       E.     Violating *Ins. Code* §10270.97 and *Ins. Code* §10384.

2       F.     Maintaining an illegal marketing scheme in order to avoid prior

3 premium rate approvals by Departments of Insurance throughout the United States.

4       G.     Selling so-called association group insurance yet failing to issue

5 policies on a guaranteed issue basis.

6       H.     Plaintiff is informed and believes and thereon alleges that

7 Defendants, and each of them, have breached their duty of fair dealing and good faith

8 owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware.

9 Plaintiff will seek leave of Court to amend this Complaint at such time as Plaintiff

10 discovers the other acts or omissions of Defendants constituting such breach.

11     21.    As a proximate result of the aforementioned unreasonable and bad faith

12 conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future,

13 damages under the Policy, plus interest, and other economic and consequential

14 damages, for a total amount to be shown at the time of trial.

15     22.    As a further proximate result of the unreasonable and bad faith conduct of

16 Defendants, and each of them, Plaintiff was compelled to retain legal counsel to obtain

17 the benefits due under the Policy. Therefore, Defendants, and each of them, are liable

18 to Plaintiff for those attorney fees reasonably necessary and incurred in order to obtain

19 these benefits in a sum to be determined at trial.

20     23.    As a further proximate result of the aforementioned wrongful conduct of

21 defendants, Plaintiff has suffered, and will continue to suffer, anxiety, worry, mental and

22 emotional distress, and other incidental damages and out-of-pocket expenses, all to

23 Plaintiff's general damage in a sum to be determined at the time of trial.

24     24.    Defendants' business practices and conduct described herein were

25 intended by Defendants to cause injury to Plaintiff or was despicable conduct carried or

26 by Defendants with a willful and conscious disregard of the rights of Plaintiff, subjecting

27 Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, and was

28 intentional misrepresentations, deceit or concealment of material facts known to

-8-

1  Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise

2  cause injury, such as to constitute malice, oppression, or fraud under *Civil Code* §3294,

3  thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set

4  an example of Defendants.

5      25.    Defendants' conduct described herein was undertaken by officers or

6  managing agents of the corporate Defendants identified herein as Does 1 through 100,

7  inclusive, who are responsible for marketing, claims operations, communications and/or

8  decisions. The afore-described conduct of said managing agents and individuals were

9  therefore undertaken on behalf of the corporate Defendants. Said corporate

10  Defendants further advance knowledge of the actions and conduct of said individuals

11  whose actions and conduct were ratified, authorized and approved by managing agents

12  whose precise identities were unknown to Plaintiff at this time and are therefore

13  identified and designated herein as Does 1 through 100, inclusive.

14

15  **SECOND CAUSE OF ACTION**

16  **(Breach of Contract)**

17  **(Against Defendants UICI, MID-WEST and DOES 1 through 100)**

18      26.    Plaintiff refers to each and every preceding paragraph and incorporate

19  those paragraphs as though set forth in full in this cause of action.

20      27.    At all relevant times MONTGOMERY was insured by MID-WEST under

21  group health insurance policy number 00401, certificate number AM0543213 (the

22  policy). The Policy promised that benefits would be paid if Plaintiff incurred medical,

23  surgical and/or hospital expenses due to injury or sickness.

24      28.    Plaintiff has performed all duties on her part to be performed under the

25  Policy, including the payment of premiums.

26      29.    MONTGOMERY incurred medical expenses properly payable in

27  accordance with the terms of the Policy.

28      30.    MONTGOMERY submitted claims for medical benefits to MID-WEST in

SHERNOFF | BIDART | DARRAS
THE LAW OFFICES OF
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

-9-

1    Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise

2    cause injury, such as to constitute malice, oppression, or fraud under *Civil Code* §3294,

3    thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set

4    an example of Defendants.

5        25.    Defendants' conduct described herein was undertaken by officers or

6    managing agents of the corporate Defendants identified herein as Does 1 through 100,

7    inclusive, who are responsible for marketing, claims operations, communications and/or

8    decisions.  The afore-described conduct of said managing agents and individuals were

9    therefore undertaken on behalf of the corporate Defendants.  Said corporate

10    Defendants further advance knowledge of the actions and conduct of said individuals

11    whose actions and conduct were ratified, authorized and approved by managing agents

12    whose precise identities were unknown to Plaintiff at this time and are therefore

13    identified and designated herein as Does 1 through 100, inclusive.

14

15                    SECOND CAUSE OF ACTION

16                      (Breach of Contract)

17        (Against Defendants UICI, MID-WEST and DOES 1 through 100)

18        26.    Plaintiff refers to each and every preceding paragraph and incorporate

19    those paragraphs as though set forth in full in this cause of action.

20        27.    At all relevant times MONTGOMERY was insured by MID-WEST under

21    group health insurance policy number 00401, certificate number AM0543213 (the

22    policy).  The Policy promised that benefits would be paid if Plaintiff incurred medical,

23    surgical and/or hospital expenses due to injury or sickness.

24        28.    Plaintiff has performed all duties on her part to be performed under the

25    Policy, including the payment of premiums.

26        29.    MONTGOMERY incurred medical expenses properly payable in

27    accordance with the terms of the Policy.

28        30.    MONTGOMERY submitted claims for medical benefits to MID-WEST in

- 9 -

COMPLAINT AND DEMAND FOR JURY TRIAL

04-Jan-06  10:17    From-GARDERE W. .E SEWELL                      +2148804067                T-909  P.11/22  F-992

1   accordance with the terms and conditions of the Policy and applicable law.

2       31.    Plaintiff's claims were denied and Defendants rescinded the policy based

3   on post claim underwriting in violation of *Ins. Code* §10384.

4       32.    As a direct and proximate result of MID-WEST's breach of the subject

5   insurance contract, Plaintiff has suffered contractual damages under the Policy and

6   other, incidental damages and out-of-pocket expenses, all in a sum to be determined at

7   trial.

8

9                        **THIRD CAUSE OF ACTION**

10                 **(False Advertising – Marketing Fraud)**

11      **(Against Defendants UICI, MID-WEST, ALLIANCE, CORNERSTONE, SAS,**

12                   **NELSON and DOES 1 through 100)**

13      33.    Plaintiff refers to each and every preceding paragraph and incorporate

14  those paragraphs as though set forth in full in this cause of action.

15      34.    Defendants represented that by joining ALLIANCE, Plaintiff would receive

16  quality group health insurance without paying expensive individual rates. Defendants

17  represented that they selected UICI and MID-WEST to provide group insurance through

18  negotiations to avoid high individual rates. Defendants failed to advise Plaintiff that

19  ALLIANCE was organized to maintain an association for the purpose of obtaining

20  insurance in violation of California law, including, but not limited to, *Ins. Code*

21  §10270.97. Further, Defendants failed to advise MONTGOMERY that UICI and its

22  wholly-owned subsidiaries, including MID-WEST, were aware of ALLIANCE marketing

23  scheme, supported the scheme and profited by it.

24      35.    Plaintiff is informed and believes and thereon alleges that Defendants

25  made these representations with no reasonable grounds for believing them to be true,

26  or should have known them not to be true.

27

28

                                    – 10 –

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

04-Jan-06 10:17   From-GARDERE ... E SEWELL                +2140004067      T-909   P.12/22   F-992

36.  These representations were made by Defendants with the intent to induce Plaintiff to purchase the policy and to pay premiums thereon.  Had Plaintiff known the actual facts, Plaintiff would not have taken such actions.

37.  MONTGOMERY was justified in relying on the representations of NELSON as an agent of MID-WEST and ALLIANCE, as NELSON represented himself as a knowledgeable agent licensed in this State to transact the business of insurance. In justifiably relying on the misrepresentations of NELSON and misrepresentations of the other Defendants, MONTGOMERY purchased the policy, pay premiums thereon, and did not seek coverage elsewhere.

38.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, fraudulently misrepresented other matters regarding the MID-WEST Policy by their acts or omissions of which Plaintiff is presently unaware, but which may be determined through discovery in this action.  Plaintiff will seek leave of court to amend this complaint at such time as Plaintiff discovers the other acts or omissions of Defendants, and each of them, which would constitute further intentional misrepresentation on the part of these Defendants.

39.  As a proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer the future, damages under the policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

40.  As a further proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined that the time of trial.

41.  Defendants intended to cause injury to Plaintiff or this despicable conduct was carried on with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship.  This conduct constitutes an intentional misrepresentation, deceit or concealment of a material fact known to Defendants and Does 1 through 100 with the intention to deprive Plaintiff of property, legal rights or to

LAW OFFICES OF
SHERNOFF | BIDART | DARRAS

- 11 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1   otherwise cause injury such as to constitute malice, oppression or fraud under *Civil*

2   *Code* §3294. Therefore, Plaintiff is entitled to punitive damages in an amount

3   appropriate to punish or set an example of defendants.

4        42.    Defendants' conduct described herein was undertaken by the corporate

5   Defendant's officers or managing agents, identified herein as DOES 1 through 100,

6   inclusive, who were responsible for advertising, underwriting, claims operations,

7   communications and/or decisions. The aforementioned conduct of said managing

8   agents and individuals was therefore taken on behalf of the corporate Defendants. Said

9   corporate Defendants had advance knowledge of the actions and conduct of said

10  individuals whose actions and conduct were ratified, authorized, and approved by

11  managing agents and by other corporate officers, directors or managing agents whose

12  precise identities are unknown to Plaintiff at this time and are therefore identified and

13  designated herein as DOES 1 through 100, inclusive.

### FOURTH CAUSE OF ACTION

(Business & Professions Code §17200, et seq.)

(Against Defendants UICI, MID-WEST, ALLIANCE, CORNERSTONE, SAS, NELSON and DOES 1 through 100)

19       43.    Plaintiff refers to each and every preceding paragraph and incorporates

20  said paragraphs as though set forth in full in this cause of action.

21       44.    Defendants UICI, MID-WEST, ALLIANCE, CORNERSTONE, SAS,

22  NELSON, and Does 1 through 100, inclusive, by their conduct, concealed from Plaintiff

23  and failed to disclose to Plaintiff that they have the unfair and illegal practice of requiring

24  potential insurance to join ALLIANCE in order to purchase health insurance coverage.

25  Plaintiff believes and on that basis alleges that ALLIANCE is an unlawful "group" set up

26  for the sole purpose of selling insurance and that this is done by UICI, MID-WEST and

27  ALLIANCE for the purpose of wrongfully obtaining further profits by obtaining

28  membership fees from potential insureds, in addition to the insurance premiums, to the

SHERNOFF | BIDART | DARRAS
THE LAW OFFICES OF
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-4685
TELEPHONE (909) 621-4935

- 12 -

04-Jan-06  10:18   From-GARDERE W... E SEWELL                    +2149994967          T-909   P.14/22   F-992

1   detriment of the insureds.

2       45.   In order to purchase insurance from MID-WEST, Plaintiff and many others

3   were required to pay membership fees to join ALLIANCE even though they have no

4   desire to utilize the other services purportedly offered by the organization, and the

5   requirement of membership in this group is contrary to the law of California.

6       46.   Defendants, and each of them, have committed acts of unfair competition

7   as defined under California law and by *Business and Professions Code* §17200, *et.*

8   *seq.*, by setting up a "group" for the sale of insurance to Plaintiff and many other

9   persons in California and throughout the United States.

10      47.   Defendants have committed the following acts of unfair competition as

11  well, thus violating *Business and Professions Code* §17200 et seq.:

12          a.)   Post claim underwriting in violation of *Ins. Code* §10384;

13          b.)   Maintaining an illegal marketing scheme in order to avoid prior

14  premium rate approvals by the Department of Insurance of the State of California; and

15          c.)   Selling so-called association group insurance yet failing to issue

16  policies on a guaranteed issue basis.

17      48.   Plaintiff is informed and believes and on that basis alleges that the

18  unlawful practices alleged above are continuing in nature and are a widespread

19  practices engaged in by Defendants.

20      49.   On behalf of the general public, Plaintiff respectfully requests that an

21  injunction against Defendants be issued to enjoin them from forming and maintaining

22  "groups" which require their insureds to join ALLIANCE and other groups in order to

23  obtain insurance coverage. Plaintiff also respectfully requests that an injunction against

24  Defendants be issued to enjoin Defendants from requiring potential insureds to join

25  such "groups" in order to purchase policies of insurance. Plaintiff also respectfully

26  requests an injunction against Defendants be issued to enjoin them from violating *Ins.*

27  *Code* §10384, from avoiding prior rate approval and/or from failing to issue policies on a

28  guaranteed issue basis.

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5409
TELEPHONE (909) 621-4935

– 13 –

04-Jan-06  10:18    From-GARDERE W... E SEWELL              +2149994967          T-909  P.15/22  F-992

50.    On behalf of the general public, Plaintiff respectfully requests that an injunction against Defendants be issued to enjoin them from using unfair, deceptive for fraudulent representations in the marketing of their insurance coverage.

51.    On behalf of the general public, Plaintiff respectfully requests that this court order Defendants to pay restitutionary relief requiring Defendant's to disgorge and divest all money received from membership fees, only to the extent that it constitutes restitution, as a result of the scheme of marketing fraud alleged in this complaint, and all monies not paid due to violations of *Ins. Code* §10384.

52.    Plaintiff respectfully requests an award of attorneys' fees upon prevailing in her request for injunctive relief.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### (Against Defendants UICI, MID-WEST, NELSON and DOES 1 through 100)

53.    Plaintiff refers to each and every preceding paragraph as though set forth in full in this cause of action.

54.    Defendants represented in writing and orally that by joining the ALLIANCE, Plaintiff would receive quality group health insurance without paying expensive individual rates. Defendants represented that they selected UICI and MID-WEST to provide group insurance through negotiations to avoid high individual rates. Defendants failed to advise Plaintiff that ALLIANCE was organized to maintain an association for the purpose of obtaining insurance in violation of California law, including, but not limited to, *Ins. Code* §10270.97. Further, Defendant failed to advise Plaintiff that UICI and its wholly-owned subsidiaries, including MID-WEST, were aware of the ALLIANCE marketing scheme, supported the scheme and profited by it.

55.    Plaintiff was justified in relying on the representations of NELSON as an agent of MID-WEST and ALLIANCE, as he represented himself as a knowledgeable agent licensed in this State to transact the business of insurance. In justifiably relying

- 14 -

COMPLAINT AND DEMAND FOR JURY TRIAL

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

1    on the misrepresentations of NELSON and the other Defendants, Plaintiff purchased

2    the policy, paid premiums thereon, and did not seek coverage elsewhere.

3        56.    Plaintiff is informed and believes and thereon alleges that Defendants, and

4    each of them, negligently misrepresented other matters regarding the MID-WEST policy

5    by their acts or omissions of which Plaintiff is presently unaware, but which may be

6    determined through discovery in this action.  Plaintiff will seek leave of court to amend

7    this complaint at such time as Plaintiff discovers the acts or omissions of Defendants,

8    and each of them, which would constitute further intentional misrepresentation on the

9    part of these Defendants.

10        57.    As a proximate result of Defendants' conduct, Plaintiff has suffered, and

11    will continue to suffer the future, damages under the policy, plus interest, and other

12    economic and consequential damages, for a total amount to be shown at the time of

13    trial.

14        58.    As a further proximate result of the aforementioned wrongful conduct of

15    Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to

16    Plaintiff's general damage in a sum to be determined that the time of trial.

17

18                                SIXTH CAUSE OF ACTION

19                                (Intentional Misrepresentation)

20    (Against Defendants UICI, MID-WEST, ALLIANCE, CORNERSTONE, SAS, NELSON

21                                AND DOES 1 though 100)

22        59.    Plaintiff refers to each and every preceding paragraph and incorporate

23    said paragraphs as though set forth in full in this cause of action.

24        60.    Defendants represented that by joining ALLIANCE, Plaintiff would receive

25    quality group health insurance without paying expensive individual rates.  Defendants

26    represented that they selected UICI and MID-WEST to provide group insurance through

27    negotiations to avoid high individual rates.  Defendants failed to advise Plaintiff that

28    ALLIANCE was organized to maintain an association for the purpose of obtaining

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

- 15 -

COMPLAINT AND DEMAND FOR JURY TRIAL

04-Jan-06  10:19    From-GARDERE W. ..E SEWELL    +2149994967    T-909  P.17/22  F-992

1    insurance in violation of California law, including, but not limited to, *Ins. Code*

2    §10270.97. Further, Defendants failed to advise Plaintiff that UICI and its wholly-owned

3    subsidiaries, including MID-WEST, were aware of the ALLIANCE marketing scheme,

4    supported the scheme and profited by it.

5         61.    Plaintiff was justified in relying on the representations of NELSON as an

6    agent of MID-WEST and ALLIANCE, as he represented himself as a knowledgeable

7    agent licensed in this State to transact the business of insurance. In justifiably relying

8    on the misrepresentations of NELSON and the other Defendants, Plaintiff purchased

9    the policy, paid premiums thereon, and did not seek coverage elsewhere.

10        62.    Plaintiff is informed and believes and thereon alleges that Defendants, and

11   each of them, negligently misrepresented other matters regarding the MID-WEST policy

12   by their acts or omissions of which Plaintiff is presently unaware, but which may be

13   determined through discovery in this action. Plaintiff will seek leave of court to amend

14   this complaint at such time as Plaintiff discovers the other acts or omissions of

15   Defendants, and each of them, which would constitute further intentional

16   misrepresentation on the part of these Defendants.

17        63.    As a proximate result of defendants' conduct, Plaintiff has suffered, and

18   will continue to suffer the future, damages under the policy, plus interest, and other

19   economic and consequential damages, for a total amount to be shown at the time of

20   trial.

21        64.    As a further proximate result of the aforementioned wrongful conduct of

22   Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to

23   Plaintiff's general damage in a sum to be determined that the time of trial.

24        65.    Defendants' conduct described herein was intended by the Defendants to

25   cause injury to Plaintiff or was despicable conduct was carried on with a willful and

26   conscious disregard of the rights of Plaintiff and subjected the Plaintiff to cruel and

27   unjust hardship in conscious disregard of the her rights and was intentional

28   misrepresentation, deceit or concealment of a material fact known to Defendants and

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5490
TELEPHONE (909) 621-4935

- 16 -

04-Jan-06  10:19    From-GARDERE W  E SEWELL    +2149994967    T-909  P.18/22  F-992

1  Does 1 through 100 with the intention to deprive the Plaintiff of property, legal rights or

2  to otherwise cause injury such as to constitute malice, oppression or fraud under *Civil*

3  *Code* §3294, thereby entitling the Plaintiff to punitive damages in an amount appropriate

4  to punish or set an example of Defendants.

5       66.  Defendants' conduct described herein was undertaken by the corporate

6  Defendant's officers or managing agents, identified herein as DOES 1 through 100,

7  inclusive, who were responsible for advertising, underwriting, claims operations,

8  communications and/or decisions.  The aforementioned conduct of said managing

9  agents and individuals was therefore taken on behalf of the corporate Defendants.  Said

10  corporate Defendants had advance knowledge of the actions and conduct of said

11  individuals whose actions and conduct were ratified, authorized, and approved by

12  managing agents and by other corporate officers, directors or managing agents whose

13  precise identities are unknown to Plaintiff at this time and are therefore identified and

14  designated herein as DOES 1 through 100, inclusive.

15

16  <center>PRAYER</center>

17       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

18  them, as follows:

19  <center>FIRST CAUSE OF ACTION</center>

20       1.  Damages for delay and denial of policy benefits, including policy benefits,

21  and other economic and consequential damages, in a sum to be determined at the time

22  of trial;

23

24       2.  General damages for mental and emotional distress and other incidental

25  damages in a sum to be determined at the time of trial;

26       3.  Punitive and exemplary damages in an amount appropriate to punish or

27  set an example of Defendants;

28

<center>- 17 -</center>

<center>COMPLAINT AND DEMAND FOR JURY TRIAL</center>

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5484
TELEPHONE (909)621-4935

4.    For pre-judgment interest at the appropriate legal rate;

5.    For costs of suit incurred herein;

6.    For attorney fees incurred to obtain the benefits under the Policy in a sum to be determined at the time of trial.

### SECOND CAUSE OF ACTION

7.    Damages for delay and denial of policy benefits including policy benefits and other economic and consequential damages, in a sum to be determined at the time of trial;

8.    For pre-judgment interest at the appropriate legal rate; and

9.    For costs of suit incurred herein.

### THIRD CAUSE OF ACTION

10.    Damages for delay and denial of Policy benefits, plus interest, including prejudgment interest, and other economic and consequential damages, in a sum to be determined at the time of trial;

11.    General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

12.    Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

13.    For prejudgment interest at the appropriate legal rate;

14.    For costs of suit incurred herein; and

15.    For such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

16.    For a preliminary and a permanent injunction against defendants, and each of them, restraining, preventing and enjoining defendants from selling insurance

- 18 -

COMPLAINT AND DEMAND FOR JURY TRIAL

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-5498
TELEPHONE (909) 621-4935

1  policies and accepting premiums from their insureds when defendants engage in the

2  illegal practice of setting up "groups" and preventing them from collecting membership

3  fees from these potential insureds, before permitting the potential insureds to purchase

4

5  health insurance;

6      17.    For a preliminary and permanent injunction against Defendants, and each

7  of them, restraining, preventing and enjoining Defendants from selling insurance

8  policies and accepting premiums from potential insureds when they do so as part of

9  Defendant's fraudulent practice of misrepresenting the nature, extent and quality of that

10  insurance through written and oral misrepresentation as alleged above;

11

12      18.    For a preliminary and permanent injunction against Defendants, and each

13  of them, restraining, preventing and enjoining Defendants from requiring potential

14  insureds to join ALLIANCE or any other "group" and collecting membership fees from

15  these potential insureds in order that the potential insureds be permitted to purchase

16  health insurance from MID-WEST, UICI and its subsidiaries;

17

18      19.    For a preliminary and permanent injunction against Defendants, and each

19  of them, restraining, preventing and enjoining Defendants from denying claims for

20  insurance benefits by their insureds when to do so would contradict the written and oral

21  representation made in the marketing of the relevant policies as alleged above and

22

23  when to do so would violate *Ins. Code* §10384;

24      20.    For a preliminary and permanent injunction against Defendants, and each

25  of them, restraining, preventing and enjoining Defendants from using any "group" to

26  avoid premium rate approval by the Department of Insurance and/or failing to issue

27

28  policies on a guaranteed issue basis.

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
640 SOUTH FRONT HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-6459
TELEPHONE (909) 621-4935

-19-

21.    For restitution and disgorgement of all monies received by Defendants from fees paid by their insureds in order to join the "groups" as required by Defendants, before their insureds were allowed to purchase insurance coverage from MID-WEST, only to the extent that it constitutes restitution;

22.    For attorneys fee's incurred in prosecuting this action on behalf of the general public;

23.    For costs of suit herein; and

24.    For such other and further relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION

25.    Damages under the policy in an amount to be determined according to proof at the time of trial;

26.    For costs of suit incurred herein, and

27.    For such other and further relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION

28.    Damages for delay in providing benefits under the Policy, plus interest, including prejudgment interest, and other economic and consequential damages, in a sum to be determined at the time of trial;

29.    General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

30.    Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

31.    For pre-judgment interest at the appropriate legal rate;

32.    For costs of suit incurred herein; and

33.    For such other and further relief as the Court deems just and proper.

- 20 -

COMPLAINT AND DEMAND FOR JURY TRIAL

THE LAW OFFICES OF
SHERNOFF | BIDART | DARRAS
600 SOUTH INDIAN HILL BOULEVARD
CLAREMONT, CALIFORNIA 91711-4488
TELEPHONE (909) 621-4935

04-Jan-06  10:21    From-GARDERE . . E SEWELL              +2149994967         T-909  P.22/22  F-992



1   Dated: December 30, 2003                    SHERNOFF BIDART & DARRAS

2

3

4                                                EVANGELINE F. GARRIS
                                                 WILLIAM M. SHERNOFF
5                                                Attorneys for Plaintiff

6

7                              JURY DEMAND

8         Plaintiff, PATRICIA MONTGOMERY, hereby demands a jury trial in this action.

9

10  Dated: December 30, 2003                    SHERNOFF BIDART & DARRAS

11

12

13                                               EVANGELINE F. GARRIS
                                                 WILLIAM M. SHERNOFF
14                                               Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

COMPLAINT AND DEMAND FOR JURY TRIAL