IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

FILED
SALINE COUNTY
CIRCUIT CLERK
2004 JAN 21  AM 10: 29
BY_____
PLAINTIFF

CRISTY TREMOR, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED IN THE STATE OF ARKANSAS

VS.                    CIVIL ACTION NO. CV2004 - 41-3

MEGA LIFE AND HEALTH INSURANCE COMPANY;                    DEFENDANTS
UNITED INSURANCE COMPANIES INC. [UICI] (d/b/a
THE INSURANCE CENTER, UGA - ASSOCIATION FIELD
SERVICES, and ENROLLERS FOR THE NATIONAL
ASSOCIATION FOR THE SELF EMPLOYED); UNITED
GROUP SERVICE CENTERS, INC.; UICI MARKETING
INC.; SPECIALIZED ASSOCIATION SERVICES INC.;
NASE GROUP INSURANCE TRUST FUND; NATIONAL
ASSOCIATION FOR THE SELF-EMPLOYED a/k/a NASE,
STEPHANIE DAVIS, and JOHN DOES 1 - 20

## CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Comes Plaintiff, CRISTY TREMOR, by her Attorney, John Doyle Nalley, Individually and

on behalf of all others similarly situated, being a class as defined below of Arkansas purchasers of

association group health insurance certificates issued by MEGA LIFE AND HEALTH INSURANCE

COMPANY through the NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED a/k/a NASE,

and for her cause of action against the Defendants, MEGA LIFE AND HEALTH INSURANCE

COMPANY [hereinafter "MEGA LIFE"]; UNITED INSURANCE COMPANIES INC. [hereinafter

"UICI"]; UICI d/b/a The Insurance Center, UGA-Association Field Services and Enrollers for the

Page 1

National Association for the Self-Employed; UNITED GROUP SERVICE CENTERS, INC.; UICI

MARKETING INC.; SPECIALIZED ASSOCIATION SERVICES INC.; NASE GROUP

INSURANCE TRUST FUND; and the NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED

a/k/a NASE, STEPHANIE DAVIS, as well as JOHN DOES 1 - 20, states:


### JURISDICTION AND VENUE

1.      This is a class action on behalf of Arkansas residents for declaratory and injunctive

relief and for actual and punitive damages.  The matter in controversy for each class member exceeds

the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity does not

exist.

2.      Venue is proper in this Court pursuant to Arkansas law.  The Defendants are

individuals and corporations subject to personal jurisdiction doing business within this state and /

or a substantial part of the events or omissions that give rise to the claims occurred in this state.

Defendants are subject to personal jurisdiction in Arkansas at the time the action is commenced.

This Court's contacts with the class are sufficient to exercise *in personam* jurisdiction over the class

of policyholders consisting of Arkansas insureds.  The Plaintiff brings this action on her own behalf

and as a statewide Class Action on behalf of all others similarly situated in accordance with Rule 23

of the Arkansas Rules of Civil Procedure.


### PARTIES

3.      The Plaintiff, Cristy Tremor, is an adult resident citizen of Saline County, Arkansas.

Plaintiff was the purchaser and holder of a health insurance certificate issued by the Defendant, Mega

Life. Said certificate was issued under a purported "group association policy" issued to and endorsed by NASE .

4.    Defendant, Mega Life is a foreign insurance company organized and existing under the laws of the State of Oklahoma. Defendant Mega Life's principal place of business is located in Texas. At all times alleged herein, Mega Life was registered to do and actually doing business in the State of Arkansas. Mega Life's registered agent for service of process in the State of Arkansas is The Corporation Company, 425 W. Capitol Avenue, Suite 1700, Little Rock, Arkansas, 72201. Process may be served on the Defendant Mega Life by service on its registered agent at said address or otherwise as provided by the Arkansas Rules of Civil Procedure.

5.    Defendant, United Insurance Companies Inc. [UICI] is a foreign corporation organized and existing under the laws of the State of Delaware. UICI does business as the Insurance Center, UGA - Association Field Services, and Enrollers for the National Association for the Self-Employed. The principal place of business of Defendant UICI is located in Texas. UICI is not registered to do business in the State of Arkansas, but at all times alleged herein was doing business in the State of Arkansas and continues to conduct a substantial business in the State of Arkansas. Said Defendant entered and continues to enter into agreements to be performed in whole or in part in the State of Arkansas, did engage and continues to engage in the marketing, solicitation, administration and servicing of insurance certificates issued in the State of Arkansas through its unincorporated divisions including The Insurance Center, UGA - Association Field Services and Enrollers for National Association for the Self Employed, and did commit and continues to commit torts in whole or in part in this state against residents of this state, including the Plaintiff herein. Service of process may be had on said Defendant by service upon UICI's agent of service of process

Page 3

in the State of Texas, Robert Vlach at 4001 McEwen Drive, Suite 200, Dallas, Texas, 75244.

6.    Defendant, United Group Service Centers, Inc. is a foreign corporation organized and existing under the laws of the State of Texas being incorporated on April 3, 1989. United Group Service Centers' principal place of business is 2121 Precinct Line Road, Hurst, Texas. Defendant, United Group Service Centers, Inc. is not registered to do business in the State of Arkansas. Process may be served on the Defendant, United Group Service Centers, by service on its registered agent for service.

7.    Defendant, UICI Marketing Inc. is a foreign corporation organized and existing under the laws of the State of Delaware. UICI Marketing's principal place of business is at 850 Cannon Drive, Hurst, Texas, 76054. UICI Marketing Inc. is not registered to do business in the State of Arkansas, but at all times alleged herein was doing business in the State of Arkansas. Said Defendant entered into agreements to be performed in whole or in part in the State of Arkansas, did engage in the marketing and solicitation of insurance certificates issued in the State of Arkansas, and did commit a tort in whole or in part in this state against a resident of this state. Said Defendant, UICI Marketing, Inc. may be served with process in this action pursuant to the Arkansas Rules of Civil Procedure.

8.    Defendant, Specialized Association Services, Inc. is a foreign corporation organized and existing under the laws of the State of Texas. Specialized Association Services' principal place of business is at 2121 Precinct Line Road, Hurst, Texas, 76054. Defendant, Specialized Association Services, Inc., is not registered to do business in the State of Arkansas, but at all times alleged herein was doing business in the State of Arkansas. Said Defendant entered into agreements to be performed in whole or in part in the State of Arkansas, did engage in the marketing, solicitation, and

Page 4

administration of insurance certificates and NASE memberships sold in the State of Arkansas, and did commit a tort in whole or in part in this state against a resident of this State. Defendant, Specialized Association Services, Inc. may be served with process in this action pursuant to the Arkansas Rules of Civil Procedure, by service upon its officer and agent for process, Ralph Wolfe, at 2121 Precinct Line Road, Hurst Texas, 76054-3167.

9.     The Defendant, NASE Group Insurance Trust Fund, is a purported "trust" organized and existing under the laws of a state as yet undetermined. At all times alleged herein, NASE Group was doing business in the State of Arkansas. This entity does not maintain a registered agent in Arkansas, but may be served with process upon Ralph Wolfe, c/o National Association for the Self-Employed, 2121 Precinct Line Road, Hurst, Texas, 76054.

10.     Defendant National Association for the Self Employed a/k/a NASE is a foreign corporation organized and existing under the laws of the State of Texas. NASE's principal place of business is located at 2121 Precinct Line Road, Hurst, Texas 76054. At all times alleged herein, NASE was registered to do and actually doing business in the State of Arkansas. Process may also be served on the Defendant, NASE, by service on its registered agent for service.

11.     Defendant, Stephanie Davis, was, at all times mentioned herein, a resident of the State of Arkansas, and an employee and / or agent of Mega Life and NASE. The acts and omissions of Stephanie Davis are imputed to Mega Life and NASE as matter of Arkansas law.

12.     Defendants John Does 1 - 20 are yet unknown individuals, partnerships, and / or corporations or other entities which are subject to the jurisdiction of this Court and who participated in the scheme, fraud, and other acted alleged herein.

## CLASS DEFINITION

13.    Plaintiff brings this action individually and upon behalf of a class pursuant to Rule 23 of the Arkansas Rules of Civil Procedure. The class upon whose behalf this suit if brought is defined as follows: All Arkansas residents who, prior to the filing of this action, enrolled in the NASE and purchased group association health insurance from MEGA issued thru NASE. Excepted from the class of Plaintiffs are:

a.    Present of former officers, directors, employees or producers of the Defendants;

b.    Purchasers, owners and holders of the subject policies who have previously signed a valid release of liability in favor of the Defendants;

c.    Purchasers, owners, and holders of the subject policies who prior to certification of the Class by this Court have filed suit against the Defendants concerning policies subject to this suit alleging causes of action against the Defendants regarding the disclosures practices addressed herein.

14.    Alternatively, the Court should certify such other classes and/or subclasses as it deems appropriate.

## RELATION OF THE DEFENDANTS

15.    MEGA is solely owned by UICI. Defendant UICI is the parent corporation and sole shareholder of both MEGA and UICI Marketing, Inc. UICI is principally owned and is controlled by its Chairman Ronald Jensen and members of his immediate family, including his adult children, through ownership of Onward and Upward, Inc. UICI is the ultimate surviving corporation of United Group Agencies, Inc., United Group Associates, Inc., United Group Trade Association, United Group Insurance Company, and United Group Companies.

16.    According to documents filed with the Securities and Exchange Commission, UICI

was established to provide a vehicle for insurance agents to accumulate wealth. This was initially accomplished though a series of reinsurance agreements between UICI with AEGON whereby UICI coinsured health insurance policies issued by AEGON. In 1997, UICI assumed all policies of health insurance previously issued by AEGON through UICI and began selling its own policies through its two principal subsidiaries, Mega Life and Mid-West National Life Insurance Company.

17.    At the time of the transactions giving rise to this suit, UICI group association certificates issued through Mega Life were administered by a centralized unincorporated division of UICI known as the Insurance Center. The Insurance Center handles operational aspects of UICI's group association certificates including the design, underwriting, customer service, compliance, actuarial and risk management.

18.    Through its "Self-Employed Agency Division", the UICI insurance operations concentrate on the sale of health insurance policies to self employed individuals and small business people. The "Self-Employed Agency Division" includes the unincorporated UGA-Association Field Services which markets Mega Life policies though a field force to certain "association groups" established by officers and employees of UICI. The principal association through which UICI and Mega Life market their policies is the National Association for the Self Employed a/k/a NASE.

19.    NASE purports to be an "independent, not for profit" association formed by and for the benefit of self employed and small business owners. NASE represents itself as independently researching and endorsing unaffiliated health insurance carriers for the benefits of its association members.

20.    NASE was established in 1981 by insurance agent Keith Wood, Ronald Jensen's former business partner and co-owner of UICI. NASE has remained since its formation under the

control of UICI, its predecessors, and Jenson family owned businesses. The only health insurance policies endorsed by NASE since its establishment have been products offered by and through Jensen-owned businesses.

21.     NASE originated in Texas where state law prohibits the formation of an association solely for the purpose of marketing insurance, prohibits an association from marketing insurance unless it has been in existence for two years and requires that the consumer be informed of any relationships between the association and any insurance company endorsed by the association. NASE was formed as a "shell corporation" to be held two years and then transformed into an "association" for the purpose of enrolling prospective purchasers "endorsed" health insurance products offered by UICI and Jenson -owned insurance sales entities.

22.     NASE Group Trust was formed by UICI and Mega Life for the purpose of being the named insured under the NASE "group policies:. The "trust" is deceptively named to create the impression that it acts in a fiduciary or trustee" capacity for the benefit of association members in connection with the "group insurance policy". In fact, the "trust" either is a mere token entity formed solely for the purpose of acting as the "insured" under the "group policy", or exists solely to allow UICI and Mega Life to completely control the insurer / insured relationship as to policyholders who purchase though NASE.

23.     At the time of the transactions giving rise to this suit, NASE was managed by Defendant, Specialized Association Management. Specialized Association Management is wholly owned and controlled by Ronald Jensen and his children through Onward and Upward, Inc. Onward and Upward, Inc. is a substantial stockholder in UICI and considered a "related party" of UICI for SEC purposes. Specialized Association Management is run by Jeff Jenson, Ronald Jenson's son,

and Vernon R. Wolfe, a former Officer and Director of UICI and Mega Life. Wolfe also currently serves as an undisclosed member of the NASE Board of Directors under the title of Assistant Treasurer and Secretary.

24.    Defendant United Group Service Centers, Inc., is the entity responsible for training UICI agents. The officers of United Group Service Centers are the same as Specialized Association Management.

25.    Mega Life, UICI and NASE are under common control and ownership and operate as a unified business arrangement. The arrangement is designed so as to create the impression that each entity operated independently. NASE purports to be a "non-profit" association formed by the "self employed" for the purpose of advancing the interests of small business owners. In fact, NASE was formed, and is operated, by UICI and Mega as a marketing tool and profit center for the insurance company defendants.

26.    Defendants, UICI and Mega maintain control over all health insurance products and benefits offered by NASE. UICI and Mega exert complete control or significant influence over NASE decisions regarding these products through their relationship with Specialized Association Management and the strategic placement of individuals associated with the UICI, Mega and entities owned and controlled by the Jensen family on the NASE board of directors and in officer positions.

## FACTS COMMON TO THE CLASS

27.    This suit arises from an "association / group trust" mass marketing and administration scheme devised and employed by the Defendants to sell insurance policies to the Plaintiff and members of the Plaintiff Class. Pursuant to said scheme the Defendants reap windfall

### 1. The Defendants' Marketing Scheme

29.     UICI's wholly owned subsidiary, UICI Marketing, Inc., is the lead generation and

advertising arm of the Defendants' nationwide sales scheme.  UICI Marketing generates leads by

using NASE's supposedly independent endorsement of Mega Life in internet advertising, print ads,

signs, direct mail, and telemarketing.[1]  Defendants employ web advertisements including the NASE

web page at www.nase.org which contains links for "affordable health insurance for the self

employed" and invites viewers to "click here to request a free quote."  When those links are

highlighted, a page appears captioned "NASE.Affordable Health Insurance" that states "the group

negotiating power of NASE makes it possible to offer valuable benefits to our members.  One of

these benefits is access to health insurance coverage.  The NASE endorses several financially strong

insurance carriers that offer a variety of products and plans customized to meet the special needs of

the self employed individual or small business owners."  The NASE web page conceals the fact that

the only insurance company offered to NASE members is Mega Life, which is a financially related

insurance company and jointly controlled with the association.

30.     Once leads are generated, UICI Marketing provides them to UICI agents and bills

NASE for generating the leads.  At the time of the transactions giving rise to this suit, UICI agents

operated under the fictitious business name of "Enrollers of the National Association for the Self

Employed."  This name appeared prominently on UICI field offices through the nation.  These field

officers are, in fact, manned by insurance agents employed under contracts with UICI through its

---

[1]The Defendants' print advertisements and direct mailings typically state "At Last
Affordable Health & Life Insurance for the Self Employed" through the National Association for
the Self Employed, and provide 1-800 numbers to call.  When the number is dialed, the caller is
routed by UICI Marketing's telephone center to a local NASE Field Office and UICI agent.

profits from the sale and administration of policies sold through NASE at the expenses of, and

without the knowledge of, the Plaintiff policyholders. Said scheme involves:

(1) the illegal concealment and non-disclosure by the Defendants of incestuous relationships among the corporate Defendants, as well as mutual and intertwined ownership, establishment and control of the Defendant entities, including NASE and Mega Life, the insurance agency whose products the supposed independent "association: endorses;

(2) the undisclosed transfer and application by the Defendants of NASE "membership dues" and initiation "fees" to the insurance company whose products NASE endorses, and application of "Association Fees" to premiums and the costs of insurance in breach and violation of the terms of the contracts between the Defendants and the Plaintiff policyholders;

(3) the establishment and administration of illusory or dry "trusts" and violation of trust duties to the Plaintiffs; and

(4) use of the "group / association" and "trust" relationships so established to (a) reap millions of dollars of ill-gotten gains for the Defendants at the expense of the Plaintiffs, (b) avoid effective regulation of activities of the Defendants by state insurance regulators throughout the nation, and (c) create and exploit insurance "death spiral" situations pursuant to which the Defendants continually profit at the expense of, and to the damage of, an ongoing influx and turnover of health insurance purchasers and policyholders including the named Plaintiff and each member of the Plaintiff class.

28.    Plaintiff and each class member, as defined herein, are or have been holders of health

insurance certificates issued by Mega through the combined sales and marketing efforts of UICI,

UICI Marketing, Mega, United Group Service Centers, Specialized Association Services, and NASE.

Each certificate was issued as purported "group association insurance" with the master policies being

held by the NASE Group Insurance Trust. The Mega Life policies of insurance of each member of

the Plaintiff Class were sold and administered by the Defendants pursuant to the Defendants'

deceptive and fraudulent scheme from which this suit arises.

unincorporated sales division UGA - Association Field Services. UICI agents are trained to approach potential leads as NASE Enrollers and fellow self employed individuals, not as the insurance agents they in fact are. Training sessions and agent newsletters by the Defendants emphasize the importance of NASE in the marketing of insurance, identifying NASE as the "greatest selling machine on earth." Defendants' sales training tapes emphasize that "the NASE approach increases sales and increases persistency."[2]

31.    The UICI agent "enrollment applications" are actually insurance application forms. The agents collect the first month's payment, including an "association initiation fee" (also known as an association registration fee), and "association dues," in addition to the first month's premium payment. The "initiation fee" is represented to be a one time payment for joining NASE. In fact, the initiation or registration fee, as well as portions of the NASE association dues, were treated by the Defendants as *undisclosed premium payments*. Said association "fees" and "dues" were, in fact, a cost of insurance added by the Defendant insurance companies to premium payments.

32.    Defendants' association/group trust arrangements are designed to conceal the true nature of the business relationship between the supposedly independent association and the insurance company. The arrangement represents NASE as an independent entity that evaluates various insurance policies in order to obtain the best available "group insurance." In fact, the association, trust and insurance company are jointly owned and/or controlled and the only health insurance made

---

[2]Defendants' training materials state: "If you position yourself properly and again, we've learned as a fellow self-employed person and NASE enroller, you're a lot more empathetic with them. You're an assistant buyer. You're a consultant to them and they appreciate that. And, you know, it feels like much lower pressure presentation. The whole temperature of a presentation is different, isn't it, if we're in there as a NASE enroller as opposed to an insurance agent." UICI agents are also furnished with brochures which emphasize NASE membership and its endorsement of Mega Life.

available to NASE members are Mega Life products.

33.     The Arkansas Insurance Department has adopted regulations designed to prevent this deception by requiring an insurer to disclose proprietary interests in and control of associations endorsing their products.  These state regulations, based on standard NAIC recommendations, state in pertinent that advertisements "shall not state or imply that an insurer or a policy has been approved or endorsed by any...association...unless such is the fact, and unless any proprietary relationship between an organization and the insurer is disclosed.  If the entity making the endorsement or testimonial has been formed by the insurer or is owned or controlled by the insurer or the person or persons who own or control the insurer such fact shall be disclosed."[3]  Instead of disclosing the relationships as required by law, Defendants engage in the active concealment and misrepresentation of these relationships.  Defendants affirmatively conceal this information from the general public and prospective purchasers through the use of management agreements with controlled entities such as Specialized Association Management, and contractual agreements between former executives and agents.

34.     The Defendants conceal and do not disclose to purchasers, as required by law, the relationship between the endorsing association (NASE) and the other Defendants in this case, including the insurance company whose products are being endorsed.  Defendants represent that the Mega Life health insurance policies are "endorsed" by NASE, which is presented by the Defendants as an independent association.  Defendants, however, concealed and failed to disclose to the Plaintiff the proprietary and control relationship existing between the endorsing association and the other

---

[3]See, e.g. Arkansas Insurance Department Regulations; and Texas Administration Code, Title 28, Insurance, §21.107(d).

Defendant entities that had formed and control the association. Defendants also conceal and fail to

disclose the transfer among the Defendant entities of association "fees" and funds paid by members

of the Plaintiff class.

35.    The Defendants' concealment and failure to disclose the aforesaid relationships and

facts, among others, which Defendants know may justifiably induce members of the Plaintiff class

to purchase Mega Life insurance policies subjects the Defendants to the same liability to the Plaintiff

and the members of the Plaintiff class as though the Defendants had affirmatively represented the

non-existence of said facts, said Defendants being under a duty to disclose the aforesaid matters.

### 2.  Mis-appropriation of "Association Fees"

36.    NASE and the other Defendants represent that NASE is an "Independent, not for

profit" association formed by and for the benefit of self-employed and small business owners. In

fact, NASE generates millions of dollars in profits which are funneled to the insurance company-

Defendants and UICI-owned entities through (1) the payment of services fees on management

agreements and (2) fraudulently concealed premium payments.

37.    The Defendants ensure that the association will be "not for profit" by transferring

association funds to and among the other Defendants which maintain control over the associations's

accounts. All profits are removed from the association, thereby generating income for Mega Life

and UICI. The existence of such agreements among the Defendants is concealed from consumers,

including the Plaintiff and class members herein. Said consumers are affirmatively denied the

opportunity to discover the arrangements by the terms of proxies drafted by the Defendants pursuant

to which Association members relinquish their right to obtain information about the association's

finances.[4]

38.    The NASE "enrollment applications" are actually insurance application forms. The UICI agents collect the first month's payment including an "association initiation fee" (also known as an association registration fee) and "association dues" in addition to the first month's premium payment. The "initiation fee" is represented to be a one time payment for joining NASE. In fact, the initiation or registration fee, as well as portions of the NASE association dues, were treated by the Defendants as *undisclosed premium payments*. Said association "fees" and "dues" were added by the Defendant insurance companies to premium payments.

39.    UICI and Mega Life's collection of association dues and initiation fees as concealed premium payments is in direct conflict with the language of the health insurance policies issued to the members of the Plaintiff class. Each such policy purports to state the premiums in the "Certificate Schedule." Each policy further states that premiums are based on "the applicable table of premium rates." There is no provision in the policy or in the UICI and Mega Life's "table of premium rates" for inclusion of the initiation/registration fee or "association dues," or any part thereof, as premium payments. The Defendants mis-application of association fees and dues constitutes a breach by Mega Life and UICI of the contracts of insurance between Mega Life and the members of the Plaintiff class.

### 3. *Violation of Trust Duties*

---

[4]Members of a *legitimate* association are notified of, and given the opportunity to participate in, regularly scheduled meetings where the membership votes to elect officers and are informed of executive decisions. In sham arrangements, such as the ones organized by the Defendants, efforts are made to conceal the relationships and financial inter-mingling of funds and to insure that association "members" do not have access to accurate information which would reveal the true nature of the Defendants' arrangements and dealings.

40.    NASE Group Trust was formed by UICI and Mega Life for the sole purpose of being the "named insured" under the NASE "group policy." The NASE Group Insurance Trust was and is, in fact, an "illusory" or "dry" trust established solely for the purpose of furthering the Defendants fraudulent health insurance scheme throughout the U.S. with the administration and control of the trust and the policies being assigned to Mega Life and UICI.

41.    Pursuant to the Defendants' "Association/Group Trust" marketing and administration scheme Mega Life issues master "group policies" to the NASE Group Trust which issues only "certificates" to individual insurer, including the members of the Plaintiff class. This procedure enables the insurance company to insulate the insurer/insured relationship from the Plaintiff "certificate holders" so that Mega Life and the "trust" may modify the policy and otherwise bypass more stringent regulations applicable to individual health insurance policies.

42.    The Plaintiffs, including the names Plaintiff and each member of the Plaintiff class, are or have been holders of health insurance certificates to purported "Group Association policies" held by the NASE Group Insurance Trust. All NASE participating members, including the Plaintiffs herein, are trust beneficiaries under the NASE Group Trust. Mega Life, UICI, and the other corporate Defendants have assumed the trustee's discretionary, fiduciary duties, including responsibilities for providing the management administration of the insurance programs for the NASE membership and performing such functions as may be necessary for the maintenance of those programs. Mega Life, UICI, and the other corporate Defendants, misused and abused the trust relationship by charging additional premiums, improperly transferring and applying association fees and dues, thereby preventing NASE participating members from gaining access to competitive insurance products. This course of conduct, and the acts described in the preceding paragraphs of

Page 16

this Complaint, breached fiduciary duties of Mega Life, UICI, and the other corporate Defendants, said Defendants having assumed the discretionary, fiduciary duties of the trustee and the trust by the acts alleged herein.

43.    NASE, on behalf of itself and its participating members, including the Plaintiff and all members of the Plaintiff class, delegated to Mega Life, UICI, and the other corporate Defendants as the agents the management and administration of the NASE insurance programs. Said Defendants assumed control over the management and administration of said programs including the exchange and transfer of administrative fees, association dues, and other funds of the Plaintiffs and the policies held and administered by the trust. Said arrangement created an agency relationship between NASE and its participating members, including the Plaintiffs int his action, on the one hand, and Mega Life/UICI and the other corporate Defendants, on the other, as well as a fiduciary relationship with fiduciary obligations and duties by said Defendants to the association member/policyholders who are members of the Plaintiff class. The acts of the Defendants, as alleged in this Complaint, constitute actionable violation of the trust and fiduciary duties owed by the Defendants to the Plaintiffs under said arrangement.

### 4. The "Death Spiral"

44.    The Defendants materially suppressed and affirmatively concealed true and accurate information regarding the transactions between the Defendants and the Plaintiffs, as described above, for the intentional purpose of inducing the plaintiffs to purchase association memberships and health insurance policy certificated. Said actions were part of a calculated and conscious "death spiral" scheme on the part of the Defendants.

45.    The undisclosed application by the Defendants of the Plaintiffs' Association Dues

and Fees to offset premiums and cost of insurance in the Plaintiffs' policies helped enable the Defendants to illustrate and charge "teasor rates" which were artificially low and set at an amount below that which would be actuarially recommended. These "teasor rates" were utilized by the Defendants to induce customers into believing that the offered insurance was actually bargains priced as a result of the Association's "group buying power". Defendants knew at the time of sale that the premiums were artificially low and were less than those that would be required to carry the Plaintiff's policies over time.

46.     The sales by the Defendants to the Plaintiffs were made pursuant to the improper and deceptive means alleged in this Complaint for the purpose of putting on the books of the insurance company Defendant books of business intentionally set for an insurance "death spiral". The "death spiral" causes insurers with health problems to become isolated and eventually eliminated from the Defendant's insured population. Defendant Mega designs its premiums so that they will escalate over time causing the policy to become uncompetitively expensive and initiating the "death spiral". In a "death spiral" the policyholder population continually shifts to eliminate insureds who have had policies for a period of time. This insures a continual influx of insureds who are subject to waiting periods and contestability.

## CONDUCT AS THE CLASS REPRESENTATIVE

47.     Plaintiff, Cristy Tremor is a 43 year old resident of Benton, Arkansas. Ms. Tremor was a co-owner of a tanning salon in 2002. Ms. Tremor was covered by insurance through her husband's employer until they were divorced in March of 2002.

48.     Plaintiff spent several months seeking a health insurance policy to replace the benefits

Page 18

she had through her husband's employer. While looking for various alternatives, Plaintiff saw an advertisement on the Internet for NASE. The advertisement stated "Affordable Health & Life Insurance for the Self Employed" through The National Association for the Self Employed, and provided a form to fill out on-line, which would be followed up by a call from a representative of NASE. Plaintiff was called by Stephanie Davis, a representative of NASE, who made an appointment to meet Ms. Tremor in her home.

49.     Ms. Davis and another NASE representative came to Ms. Tremor's home in Benton, Saline County, Arkansas, in the spring of 2002. At this meeting, Ms. Davis represented herself to be a NASE Enroller, and made a sales presentation to Ms. Tremor concerning NASE. Ms. Davis represented that NASE was an independent business organization founded for the purpose of representing self employed and small business people like Ms. Tremor. Ms. Davis further represented that NASE had several hundred thousand members, and because of its size NASE was able to obtain discount rates on insurance for its members. Ms. Davis presented Ms. Tremor with sales pamphlets containing these same representations and stating:

### Endorsed Health Benefits

### Your NASE Membership Keeps Working For You

The NASE is continually researching quality benefit programs for you. Your Membership in NASE makes it possible for us to negotiate valuable benefits at competitive rates.

### The Associations Commitment To You

Your association has long recognized the need for affordable no-nonsense healthcare coverage for the "little guy". Your Association is committed to making quality healthcare benefits available to you.

**Your Association Endorsed Carrier**

Your association endorse The MEGA Life and Health Insurance Company to provide health care protection to its members.  MEGA's financial resources and dedication to service have made the Company an industry leader in protected association members across the nation.

50.    Ms. Tremor told Ms. Davis that she was currently not covered by health insurance and needed a policy that would provide health insurance coverage. Ms. Davis showed Ms. Tremor several different plans, along with premium rate quotes, and told her that she had to join NASE to qualify for the coverage. Ms. Tremor was not told that there were monthly dues in association with NASE. She was told that there was a one time initiation fee with NASE.

51.    Ms. Tremor agreed to purchase a policy and executed the NASE Application. Ms. Tremor tendered a check for her insurance premium.

52.    The Plaintiff's insurance certificate was issued to her and identifies NASE Group Insurance Trust as policyholder of said policy.

53.    At no time did Ms. Davis or the Defendants in this case disclose to Ms. Tremor: (1) that the NASE "Enroller" Ms. Davis, was an insurance agent under contract with UICI; (2) that there existed a proprietary relationship between NASE and Mega Life and/or UICI; (3) that NASE was controlled by Mega Life and UICI; or (4) that the retained "initiation fee" and "dues" were undisclosed premium charges to go to Mega Life and the other Defendants. Defendants intentionally concealed this information at the time of the sale and in documents received after the sale.

54.    At a later date, Mega Life issued to Cristy Tremor a Preferred Provider Organization Plan Certificate, for the policy which insured Plaintiff. The policy was accompanied by a letter from the Insurance Center on Mega Life letterhead which was signed by the Vice President of New

Business / Underwriting of Mega Life. The letter state in pertinent part:

> For your convenience, your billing amount will include charges for your insurance as well as any optional benefits chosen and your Association dues, if applicable. Please note the premium for each of the coverage(s) plans issued is stated on the Schedule Page of the enclosed document(s).

55.    After receipt of the policy, Mega Life began drafting Ms. Tremor's personal checking in an amount greater than the amount  Ms. Tremor was told that the monthly amount that would be. It was several months before Plaintiff realized that the actual amount that was being debited from her account monthly was excessive.  This draft included Ms. Tremor's premium for the PPO plan and NASE dues.

56.    When Ms. Tremor contacted Ms. Davis, the representative who sold her the policy, Ms. Davis told her that she no longer worked for NASE, and that Plaintiff would have to contact someone else.  Ms. Davis gave her a name of someone in Little Rock, Arkansas.  After several tries, Ms. Tremor got in touch with someone, who told her that there was nothing she could do about it, and that she would have to contact someone in Texas.  Plaintiff was given a number in Texas, but was unable to reach anyone for several days.  When Ms. Tremor did reach someone, she was told that she would have to cancel her policy in writing and that they would not refund the amount that was the difference between what Plaintiff had been told her premium would be and what was being debited from her account, as that additional amount was for dues to NASE.

57.    Ms. Tremor told the representative she spoke to in Texas to cancel the policy, and also wrote a letter to that effect.  Plaintiff then called her bank to tell them that no more debits were to be made for that policy.  Plaintiff was never refunded any amount of money, despite repeated requests.

58.     The sale to the named Plaintiff, the administration of the Plaintiff's policy and certificate and association funds were all made as a part of the Defendant's deceptive scheme as alleged above, as were the sales and administration of the policies, premiums, and association fees of all members of the Plaintiff class.

## CLASS ALLEGATIONS

### *Rule 23 (b)(1)*

59.     This case is appropriate for class certification under Rule 23 (b) (1) of the Arkansas Rules of Civil Procedure. The facts of this case are such that the prosecution of separate actions by the individual members of the Plaintiff Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants disclosure practices and pricing practices. The Defendants are required by the terms of the health insurance contracts to deal with all members of the class in the same way as to disclosure and pricing practices; the relief sought in this action includes a combination of both injunctive and monetary relief as a result of such practices; other individual suits have already been filed relating to such practices, and even more suit will probably be filed in the future.

### *Rule 23 (b)(2)*

60.     The facts of this case are also such that the Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. Final relief of an injunctive nature settling the legality or illegality of the behavior of the Defendants with respect to the class as a whole is appropriate. The relief sought in this action is primarily injunctive and the money damages sought are incidental or ancillary to the

primary prayer for injunctive relief. The money damages sought are (1) actual damages arising from violation by Defendants of disclosure and pricing obligations under Arkansas insurance regulations, and (2) punitive damages, both of an equitable nature and secondary to the general scheme of injunctive relief being sought herein; and past conduct of the parties involving other fictitious groups. The case, thus, is also appropriate for class certification under Rule 23 (b) (2) of the Arkansas Rules of Civil Procedure.

### *Rule 23 (b) (3)*

61.    The facts of this case are also such that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The case is appropriate for class certification under Rule 23 (b)(3) of the Arkansas Rules of Civil Procedure.

62.    Plaintiff and each class member purchase a Mega Life policy, paid NASE dues and initiation fees (also called association registration fees), and incurred premium increases based upon facts concealed by and / or controlled by Defendants in the marketing, administration and servicing of Mega Life policies and NASE memberships.  Defendants, for instance:

(a)    Concealed that NASE was formed for and is a marketing tool of UICI and Mega Life and does not evaluate, compare or consider any other insurance for its members;

(b)    Concealed the common ownership / control among the Defendants and deceptively represented the Defendants were separate and independent;

(c)    Concealed that initiation fees and association dues were in fact undisclosed premium payments representing a cost of selling the policies; and

(d)     Concealed that premium rate increases were not needed to pay future claims as stated in form letters delivered to the class, but were in fact an attempt to increase operating income of UICI and Mega Life.

63.     Questions of law or fact common to the Class which predominate over any questions affecting only individual members include, but are not limited to, the following:

(a)     Whether the Defendants breached their duty to disclose the proprietary and financial relationship between UICI Mega Life and NASE;

(b)     Whether the Defendants fraudulently concealed the proprietary and financial relationship between UICI, Mega Life, the Jenson family and NASE;

(c)     Whether the Defendant Mega Life breached the terms of its insurance agreements by charging premiums beyond the amount disclosed on its policy schedule pages;

(d)     Whether the Defendants fraudulently concealed that initiation fees (also known as association registration fees) and association dues were undisclosed premium charges;

(e)     Whether the Defendants UICI and Mega Life should refund premium reserves computed on the "original incurred date" basis where said reserve method has now been changed resulting in an increase in operating income;

(f)     Whether the Defendants engaged in a deliberate course of fraudulent and deceptive conduct in their disclosure and insurance pricing practices;

(g)     Whether Defendants disseminated false and deceptive advertising and sales material designed to conceal the true purpose of NASE;

(h)     Whether the Defendants disseminated false and deceptive advertising and sales

Page 24

materials designed to induce sales of UICI and Mega Life health insurance policies by representing that NASE was an independent organization formed for the purpose of representing small business persons;

(i)     Whether the Defendants disseminated false and deceptive advertising and sales material designed to induce sales of UICI and Mega Life health insurance policies by representing that NASE used its group buying power to negotiate discount insurance rates;

(j)     Whether Defendants disseminated false and deceptive advertising and sales material designed to conceal the true relationship between NASE, Mega Life, UICI, and the Jenson family;

(k)     Whether the Trust agreements between NASE, NASE Group Trust, Mega Life and / or UICI impose fiduciary duties upon Mega Life and UICI through NASE and NASE Group Trust's abrogation and assignment of duties to Mega Life and / or UICI;

(l)     Whether the actions of the Defendants with regard to the sale and service of class members policies, and concealment and / or lack of disclosure to members of the Plaintiff Class with regard to said products constitutes actionable misconduct giving rise to an action for damages for fraud, intentional misrepresentation, fraudulent inducement, fraudulent concealment, breach of contract, negligence, and/or fraudulent and deceptive sales practices, and whether the said actions of the Defendants were of such a nature as to render the Defendants liable for punitive damages in an amount sufficient to punish the wrongdoers, to deter like conduct by

Page 25

the Defendants in the future, and to serve as an example to deter similar conduct by others.

64. This action is properly brought as a class action under Rule 23 of the Arkansas Rules of Civil Procedure for the following reasons:

(a) The Class consists of thousands of persons and is thus so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) The questions of law and fact common the Class predominate over any questions affecting only individual members;

(c) The claims asserted by the Plaintiff are typical of the claims of the members of the Class;

(d) Plaintiff will fairly and adequately protect the interests of the Class, and the Plaintiff has retained attorneys experienced in complex class action health insurance litigation; and

(e) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons, among others:

(i) Given the size of individual Class members' claims, and the complexity of the actuarial and other issues involved in this litigation, few, if any class members could afford to seek legal redress individually for the wrongs of Defendants committed against them;

(ii) This action will cause an orderly and expeditious administration of the claims of the Plaintiff Class, economies of time, effort and expense will be fostered and uniformity of decisions will be insured;

(iii)    Other available means of adjudicating the claims of the Plaintiff and members of the Class - such as thousands of individual actions brought separately and pursued independently in the court of this state -are impracticable and inefficient;

(iv)    Without a class action, many members of the Plaintiff Class will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendant continues to retain and reap the proceeds of its wrongful conduct;

(v)    When the liability of Defendants have been adjudicated, damage claims of all members of the Class can be determined by the Court;

(vi)    This action presents no difficulties that would impede management by the Court as a class action.

Class certification, thus, is appropriate under either Rule 23(b)(1)(A), 23(b)(2) or 23(b)(3) of the Arkansas Rules of Civil Procedure.

<u>**CAUSE OF ACTION**</u>

65.    Causes of action are stated against each of the Defendants on behalf of the Named Plaintiff and all members of the Plaintiff Class for fraudulent concealment, breach of contract, common law liability for actual and punitive damages for non-disclosure, breach of fiduciary and trust duties, civil conspiracy, unjust enrichment, violation of applicable deceptive advertising and trade practices acts, and for other equitable relief as requested herein, including declaratory and injunctive relief.

## COUNT 1:
### FRAUDULENT CONCEALMENT

66.    The allegations of Paragraphs 1 through 64, above, are repeated and incorporated in this as though fully copied herein. The Defendants fraudulently and intentionally concealed material facts from the Plaintiffs for the purpose of inducing the Plaintiffs to purchase insurance pursuant to the Defendants' deceptive insurance marketing and administration scheme. Said concealment by the Defendants was calculated, willful and intentional and renders the Defendants liable to the Plaintiffs for actual and punitive damages as though the Defendants had affirmatively stated the non-existence of the matters the Defendants concealed. The acts of the Defendants as aforesaid render Defendants liable to the Plaintiffs and causes of action are hereby stated for fraudulent concealment, fraud and deceit.

## COUNT II:
### BREACH OF CONTRACT

67.    The allegations of Paragraphs 1 through 64, are repeated and incorporated in this Count as though fully copied herein. The actions of the Defendants, including he transfer and misappropriation of association dues and fees to premiums and profits of the insurance company and other defendants constitute breach of contract and conversion. Plaintiffs hereby state such causes of action against the Defendants for actual and punitive damages, as well as appropriate restorative, equitable and injunctive relief, for conversion and breach of contract.

## COUNT III:
### COMMON LAW LIABILITY FOR NON-DISCLOSURE

68.    The allegations of Paragraphs 1 through 64, above, are repeated and incorporated in this Count as though fully copied herein. The above stated facts and the Defendants' mass marketing

Page 28

and insurance administration scheme were known to the Defendants at the time of the sales to the Plaintiff and each member of the Plaintiff Class. As a part of the Defendants' scheme, said facts were concealed from the Plaintiffs and not disclosed by the Defendants to the Plaintiffs at the time of sale or thereafter, although Defendants knew that said facts could justifiably induce the Plaintiffs to refrain from purchasing the policies of insurance. The Defendants were under a duty to disclose said matters and the failure of the Defendants to disclose said facts to the Plaintiffs subject the Defendants to common law liability as though they had affirmatively misrepresented the existence of said matters.

69.    The Plaintiff and each member of the Plaintiff Class allege a cause of action against the Defendants and each of them for common law liability for non-disclosure, and seek actual and punitive damages and appropriate injunctive relief, as set forth herein.

## COUNT IV:
## BREACH OF FIDUCIARY AND TRUST DUTIES

70.    The allegations of Paragraphs 1 through 64 are repeated and incorporated in this Count as though fully copied herein. Plaintiffs are trust beneficiaries and stand in a relationship of trust and confidence with the Defendants NASE and the NASE Group Trust. The facts alleged above constitute a breach and violation of the fiduciary and trust duties of said Defendants to the Plaintiffs, for which a cause of action is hereby stated.

71.    Defendants, UICI, Mega Life and the other corporate Defendants, assumed management and control of the discretionary and fiduciary functions of NASE and the NASE Group Trust, including responsibilities for management and administration of the Plaintiffs' insurance policies, thereby stepping into the shoes of fiduciaries and assuming fiduciary duties as to the

Plaintiffs.

72.    Mega Life, UICI, and the other corporate Defendants, misused and abused the trust relationship to charge additional premiums, improperly transfer and apply association fees and dues, and prevent NASE participating members from gaining access to competitive insurance products. This course of conduct, and the concealment by the Defendants of facts alleged in this Complaint, breached fiduciary and trust duties of the Defendants to the Plaintiffs. Causes of action are hereby stated against each of the Defendants for breach and violation of the Defendants' trust and fiduciary duties to the Plaintiffs.

## COUNT V:
### CIVIL CONSPIRACY

73.    The allegations of Paragraphs 1 through 64 are repeated and incorporated in this Count as though fully copied herein. The acts of the Defendants, as aforesaid, constitute a civil conspiracy giving rise to a cause of action for civil conspiracy which cause of action is hereby stated as to each of the Defendants.

## COUNT VI:
### UNJUST ENRICHMENT

74.    The allegations of Paragraphs 1 through 64 are repeated and incorporated in this Count as though fully copied herein. The Defendants obtained funds and profits from the Plaintiffs by fraud and the taking of undue advantage of the Plaintiffs in the manners set forth in this Complaint. Said actions of the Defendants give rise to a cause of action on behalf of the Plaintiff Class under the equitable remedy of unjust enrichment, which cause of action is hereby stated.

## COUNT VII:
## VIOLATION OF DECEPTIVE ADVERTISING
## AND TRADE PRACTICES ACT

75.    The allegations of Paragraphs 1 through 64 are repeated and incorporated in this Count as though fully copied herein. The actions of the Defendants as alleged above are in violation of statutory sections of applicable Deceptive Trade Practices Act or acts, including the Texas Deceptive Trade Practices Act, § 17.46(a), and (b)(2) and (5) and other applicable provisions of the Texas Business and Commercial Code and the Arkansas Deceptive Trade Practices Act. The conduct of the Defendants in the handling of the Plaintiffs' business as aforesaid constitutes an unconscionable course of action in violation of applicable Deceptive Advertising and Trade Practices Acts, including Texas Business & Commercial Doe Ann. § 17, 50. Defendants committed the aforesaid violations of DTPAs knowingly and intentionally, giving rise to liability for punitive as well as actual damages, for which causes of action are hereby stated.

## COUNT VIII:
## DECLARATORY JUDGMENT, INJUNCTIVE AND
## OTHER EQUITABLE RELIEF

76.    The allegations of Paragraphs 1 through 64 are repeated and incorporated in this Count as though fully copied herein. The facts of this case demonstrate the existence of an actual controversy, show standing and ripeness, and establish that a declaratory judgment will serve the useful purpose of settling the legal relations in issue between the members of the Plaintiff Class and the Defendants.

77.    Plaintiffs pray for a *declaratory judgment* pursuant to Arkansas law. The relief sought under said Act is a judgment on behalf of the Plaintiff Class declaring that the practices of

Page 31

the Defendants alleged above violate the terms of the Plaintiffs' contracts of insurance with Mega

Life; that the Defendants failed to comply with the terms of said contracts of insurance when they

applied association fees and dues to the premium costs of insurance without advising the members

of the Plaintiff Class; and that the Defendants otherwise violated their duties to the members of the

Plaintiff Class, including trust and/or fiduciary duties and statutory and common law duties as set

forth in the preceding paragraphs of this Complaint.

78.    Plaintiffs also seek on behalf of the Plaintiff Class preventive and prospective

*injunctive relief* in the form of an order of the trial court ordering the Defendant, Mega Life, to

comply with the terms of its contracts of insurance with the members of the Plaintiff Class and

enjoining Mega Life, NASE, the NASE Group Trust, and the other Defendants from mishandling,

misappropriating and transferring without the permission or knowledge of the Plaintiffs the funds,

fees and expenses paid by the members of the Plaintiff Class. Such relief is necessary in that there

exists no other adequate remedy at law to prevent the Defendants from continuing or resuming the

improper practices alleged above.

79.    By way of restorative injunctive relief, incidental to the declaratory judgment and

prospective injunctive relief sought above, Plaintiffs seek on behalf of the Plaintiff Class a

mandatory injunction compelling the Defendants to credit to the accounts of the Class Members the

appropriate accumulation funds and/or credits for amounts mis-appropriated from said accounts.

Said relief is incidental to the declaratory and injunctive relief sought herein, and flows directly from

obligations and liability to the class as a whole on the claims forming the basis of the injunctive and

declaratory relief. Such incidental restorative injunctive modification of the accounts and policies

of the Class Members is capable of computation by means of objective mathematical standards, is

not dependent on any intangible, subjective differences among class members or their circumstances, and will not require any separate hearings or litigation between the Defendants and any individual Class Member.

80.     The Plaintiff and members of the Plaintiff Class seek such other injunctive and declaratory relief as the Court deems proper including a ruling from this Court enjoining the Defendants from: (a) soliciting health insurance policies as endorsed by NASE without disclosing that NASE was established for the purpose of selling insurance and disclosing the proprietary and controlling interest UICI, Mega Life and their related parties have in NASE; and (b) collecting initiation fees and association dues as undisclosed premium payments. Plaintiffs also seek an Order of this Court requiring said Defendants to comply with the terms of Mega Life's policies concerning premium charges and ordering that said Defendants be disgorged of NASE initiation fees and association dues, and the premium rate increases represented by the Defendants as necessary for Mega Life "to be able to pay future claims."

81.     By virtue of the relationship between the Defendants and the members of the Plaintiff Class, and the facts alleged above, equity requires that a constructive trust be established over the monies paid by the Plaintiffs and other members of the Plaintiff Class, including initiation fees, association dues, and premium rate increases, and other fees charged by Defendants. Defendants should be ordered to re-credit the Plaintiffs' accounts with fees, association dues, and premium rate increases, and other fees charged by Defendants in excess of the premiums stated on the schedule pages of the Plaintiff's policies. Plaintiffs pray for such other and further equitable relief as the Court seems proper.

## RELIEF

82.    The relief sought by the Plaintiffs in this case includes the declaratory, injunctive and equitable relief identified in Paragraphs 75 through 80, above, including a declaratory judgment pursuant to Arkansas law, declaring (1) that the practices of the Defendants violate the terms of the Plaintiffs contracts of insurance with Mega Life; (2) that the Defendants failed to comply with the terms of said contracts of insurance when they used association fees and dues as premium costs of insurance without so advising the members of the Plaintiff Class; and (3) that the Defendants otherwise violated their duties to the members of the Plaintiff Class, including trust and/or fiduciary duties as set forth in the preceding paragraphs of this Complaint.

83.    Plaintiffs also seek on behalf of the Plaintiff Class prospective and restorative injunctive relief in the form of (1) an Order of the Court enjoining Mega Life, NASE, the NASE Group Trust, and the other Defendants from mishandling, misappropriating and transferring without the permission or knowledge of the Plaintiffs, and in violation of the terms of the Plaintiffs' contracts, funds, fees and expenses paid by the members of the Plaintiff Class; (2) by way of restorative injunctive relief incidental to the declaratory judgment and prospective injunctive relief, a mandatory injunction compelling the Defendants to credit the accounts of the Class Members the amounts misappropriated from said accounts. The Plaintiff and members of the Plaintiff Class seek other injunctive and declaratory relief including an order enjoining the Defendants from soliciting health insurance policies "endorsed" by NASE without disclosing the relationship between NASE, UICI and Mega Life. Plaintiffs also request that the Defendants be disgorged of the initiation fees, association dues, and premium rate increases represented by the Defendants as necessary for Mega Life "to be able to pay future claims," and that a constructive trust be established over the monies

Page 34

paid by the Plaintiffs and other members of the Plaintiff Class, including initiation fees, association dues, and premium rate increases, and other fees charged by Defendants, together with such other and further equitable relief as the Court deems proper.

84.    Each member of the Plaintiff Class has incurred *actual damages* as a result of the Defendants' wrongdoing, as aforesaid, which damages are capable of independent, objective mathematical computation. The Plaintiffs should be awarded actual damages in such amounts as are sufficient to compensate in full the Plaintiff and all members of the Plaintiff Class for the losses and damages actual incurred as a result of the Defendants' wrongdoing, including all costs and expenses incurred in the prosecution of this case.

85.    The actions of the Defendants, as alleged aforesaid, were willful and intentional and constitute fraud, fraudulent concealment, and violation of statutory and common law duties, including duties of trust. Said actions include intentional and/or grossly negligent actions rendering the Defendants liable for punitive, as well as actual, damages. The misrepresentations, omissions and concealment of material facts by the Defendants were intentional and deliberate acts, and were part of a willful scheme or course of conduct whereby the Defendants sought to and did induce the Plaintiffs and members of the Plaintiff Class to pay initiation fees, dues and incur other costs and expenses on the basis of said fraudulent misrepresentations and omissions of material facts. Said acts on the part of the Defendants constitute intentional, willful and fraudulent conduct on the part of the Defendants, rendering the Defendants liable for punitive damages, as well as for attorney's fees and expenses incurred in pursuing this litigation.

86.    The Defendants should be assessed with punitive damages in an amount sufficient to punish the Defendants, to deter like conduct by the Defendants in the future, and to serve as an

example to deter others from engaging in similar deceptive conduct with regard to the sales and servicing of association group insurance policies and disclosure with regard thereto.

## PRAYER

WHEREFORE, the Plaintiff, CRISTY TREMOR, Individually and On Behalf of All others Similarly Situated in the State of Arkanss, sues and demands judgment against the Defendants, MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES INC. [UICI] (d/b/a THE INSURANCE CENTER, UGA - ASSOCIATION FIELD SERVICES, and ENROLLERS FOR THE NATIONAL ASSOCIATION FOR THE SELF EMPLOYED); UNITED GROUP SERVICE CENTERS, INC.; UICI MARKETING INC.; SPECIALIZED ASSOCIATION SERVICES INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED a/k/a NASE, and JOHN DOES 1-20, as follows:

(a)    Determining that this action is a proper class action and certifying an appropriate class as described above pursuant to Rule 23 of the Arkansas Rules of Civil Procedure;

(b)    Granting injunctive and/or declaratory relief in the form of an Order of this Court (1) enjoining the Defendants from (a) soliciting health insurance policies as endorsed by NASE without disclosing that NASE was established for the purpose of selling insurance and disclosing the proprietary and controlling interest UICI, Mega Life and its related parties have in NASE; and (b) collecting initiation fees and association dues as undisclosed premium payments; (2) ordering the Defendants to comply with the terms of Mega Life's policies concerning premium charges; (3) ordering that the Defendants be disgorged of the Plaintiffs' initiation fees and association dues, and premium rate increases represented as necessary for Mega Life "to be able to pay future claims", and

(4) ordering the other declaratory, injunctive and equitable relief sought above, and such other relief as the Court deems proper;

(c)    Awarding Plaintiff and members of the Plaintiff Class actual damages in such amounts as are sufficient to compensate in full the Plaintiff and all members of the Plaintiff Class for the losses and damages actually incurred as a result of the Defendants' wrongdoing;

(d)    Awarding punitive damages in an amount adequate to punish the Defendants and serve as an example to deter similar conduct by the Defendants or others in the future.

(e)    Awarding the Named Plaintiff and members of the Plaintiff Class their costs and expenses incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and all other costs herein, and awarding a sum by way of compensation to the Named Plaintiff for her actions in bringing the Defendants to justice; and

(f)    Granting such other and further relief as the Court deems just and proper, including imposition of a constructive trust and/or such extraordinary equitable or injunctive relief as permitted by law, equity or statutory provisions as the Court deems proper to prevent unjust enrichment of the Defendants and to ensure that Plaintiff and the members of the Plaintiff Class have an effective remedy for the damage caused and injury suffered as a result of the Defendants' wrongdoing as aforesaid.

Plaintiff respectfully demands a JURY TRIAL.

Respectfully submitted this the _21st_ day of January, 2004.

JOHN DOYLE NALLEY
Attorney for Plaintiffs
Arkansas Bar No. 86132
P.O. Box 606
Benton, Arkansas 72018
(501) 315-7491

**LOVELL & NALLEY**
Attorneys at Law
501 North Main Street
Post Office Box 606
Benton, Arkansas 72018

Mr. John Doyle Nalley
Attorney at Law
P.O. Box 606
Benton, Arkansas   72018





FROM THE LAW OFFICES OF:

## LOVELL & NALLEY

Attorneys at Law
501 North Main Street • Post Office Box 606
Benton, Arkansas 72018

**FOR:**

Mega Life and Health Insurance Company
c/o The Corporation Company
425 West Capitol Avenue, Suite 1700
Little Rock, Arkansas 72201

RETURN POSTAGE GUARANTEED







## CT System

**Service of Process Transmittal Form**

Little Rock, Arkansas

01/23/2004

Via Federal Express (2nd Day)

TO: Robert B Vlach General Counsel
UICI
9151 Grapevine Hwy
North Richland Hills, TX 76180

**RECEIVED**
JAN 2 6 2004
UICI LEGAL

RE: **PROCESS SERVED IN ARKANSAS**

FOR    THE MEGA LIFE AND HEALTH INSURANCE COMPANY Domestic State: Ok

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Cristy Tremor, et al, Plaintiffs vs MEGA LIFE AND HEALTH INSURANCE COMPANY, et al, DEFENDANTS |
| 2. DOCUMENT(S) SERVED: | 1/21/04 letter, Summons, Class Action Complaint, self-addressed stamped envelope |
| 3. COURT: | Circuit Court of Saline County, Ar Case Number CV200441 |
| 4. NATURE OF ACTION: | Class action suit skg. damages as a result of "association/group trust" mass marketing and administration scheme devised and employed to sell insurance policies et al. |
| 5. ON WHOM PROCESS WAS SERVED: | The Corporation Company, Little Rock, Arkansas |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 01/23/2004 with Postmarked Date 01/21/2004 |
| 7. APPEARANCE OR ANSWER DUE: | 30 days |
| 8. ATTORNEY(S): | John Doyle Nalley POB 606 Benton, AR 72018 |
| 9. REMARKS: | Name discrepancy noted. i-Note sent 01/23/2004 to BJOHNSON@UICI.NETi-Note sent 01/23/2004 to BVLACH@UICI.NET |

CC:    Brenda Johnson
UICI
9151 Grapevine Hwy
North Richland Hills, TX 76180

SIGNED    CT Corporation System

PER    Supervisor of Process /SP
ADDRESS  425 West Capitol Avenue
Suite 1700
Little Rock, AR 72201
SOP WS 0006010807

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

**LOVELL & NALLEY**
Attorneys at Law
501 North Main Street
Post Office Box 606
Benton, Arkansas 72018

John F. Lovell, Jr.
John Doyle Nalley

Telephone
Benton/Little Rock Area
315-7491
Fax: 315-7493
Area Code (501)

January 21, 2004

Re:    *Cristy Tremor, Individually and on Behalf of all Others*
       *Similarly Situated in the State of Arkansas vs. Mega Life and*
       *Health Insurance, et al*
       *Saline County Circuit Court No. CV 2004-41*

Mega Life and Health Insurance Company
The Corporation Company
425 West Capitol Avenue, Suite 1700
Little Rock, Arkansas 72201

Dear Sir/Madam:

Enclosed herewith is a Complaint and Summons filed against Mega Life and Health Company, by Cristy Tremor, Individually and on Behalf of all Others Similarly Situated in the State of Arkansas.

You, as agent, have thirty (30) days within which to file an answer to this Complaint and, if you do not file a response within the time required by law, a default judgment may be entered against Mega Life and Health Insurance Company.

Thank you for your assistance and please make your return to me in the enclosed stamped, return envelope.

Sincerely,

John Doyle Nalley

JDN:cp
Enclosures

CERTIFIED LETTER NO.:  7002 2410 0004 8564 7459
RETURN RECEIPT REQUESTED

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

# SUMMONS

The Sheriff of        County is commanded to summons:

**Mega Life and Health Insurance Company c/o The Corporation Company, 425 W. Capitol Avenue, Suite 1700, Little Rock, AR  72201, Registered Agent for Service**

_____

PLAINTIFF:  Cristy Tremor, Individually and on behalf of all others Similarly
                  Situated in the State of Arkansas                         Court Division: Civil
(If not represented by an attorney,
give address)_____

VS.

DEFENDANT: Mega Life and Health Insurance Company; United Insurance Companies Inc. [UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National Association for the Self Employed); United Group Service Centers, Inc.,; UICI Marketing Inc.,; Specialized Association Services Inc.,; NASE Group Insurance Trust Fund; National Association for the Self-Employed a/k/a NASE, Stephanie Davis, and John Does 1 - 20

Case Number: CU2004- 41

Plaintiff's Attorney: John Doyle Nalley, P.O. Box 606, Benton, AR 72018

THE STATE OF ARKANSAS TO DEFENDANT:  Mega Life and Health Insurance Company
                                      NOTICE

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.
2.      The attached Complaint will be considered admitted by you an a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense.  Your pleading or answer must met the following requirements.
     A.     It must be in writing, an otherwise comply with the Arkansas Rules of Civil Procedure.
     B.     It must be filed in the court clerk's office within **Thirty (30)** days from the day you were served with this summons.
3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allotted.
4.      Additional notices:

       Witness my hand and seal of the court this                        1-21-2004
                                                       (Date)

ADDRESS OF CLERK'S OFFICE:
**SALINE COUNTY COURTHOUSE,
BENTON, ARKANSAS  72015**             DOUG KIDD, CIRCUIT CLERK
                                                   (Clerk)
                                        By Lena Hodge        D.C..

(SEAL)

STATE OF ARKANSAS, COUNTY OF_____.

On this _____ day of _____, 2004, at _____ o'clock_____M., I have duly served the within Summons on Defendant,_____
By delivering a copy thereof (or stating the substance thereof) together with a copy of the complaint to:
_____ _____ in person.

_____    A member of the defendant's family above 15 years of age at defendant's usual place of abode. namely
         _____

_____    The duly designated agent for service of process for the defendant, namely_____

**LOVELL & NALLEY**

Attorneys at Law
501 North Main Street
Post Office Box 606
Benton, Arkansas 72018

John F. Lovell, Jr.
John Doyle Nalley

April 19, 2004

Telephone
Benton/Little Rock Area
315-7491
Fax: 315-7493
Area Code (501)

*Re:*    ***Cristy Tremor, Individually and on Behalf of all Others
Similarly Situated in the State of Arkansas vs. Mega Life and
Health Insurance, et al
Phillips County Circuit Court No. CV 2004-41***

```
RECEIVED
APR 2 6 2004
UICI LEGAL
```

UICI Marketing, Inc.
c/o Mr. Robert Vlach
Agent for Service
2301 W. Plano Parkway, #300
Plano, Texas  75075-8436

Dear Mr. Vlach:

Enclosed herewith is a Complaint and Summons filed against UICI Marketing, Inc., by Cristy
Tremor, Individually and on Behalf of all Others Similarly Situated in the State of Arkansas.

You, as agent, have thirty (30) days within which to file an answer to this Complaint, and, if you do
not file a response within the time required by law, a default judgment may be entered against
Specialized Association Services, Inc..

Thank you for your assistance and please make your return to me in the enclosed stamped, return
envelope.

Sincerely,

*John Doyle Nalley*

John Doyle Nalley

JDN:cp
Enclosures

CERTIFIED LETTER NO.:  7002 2410 0004 8564 6278
RETURN RECEIPT REQUESTED

## SUMMONS

The Sheriff of                County is commanded to summons:

**UICI Marketing, Inc., c/o Mr. Robert Vlach, Agent for Service, 4001 McEwen Drive, Suite 200, Dallas, TX, 75244**

PLAINTIFF:   Cristy Tremor, Individually and on behalf of all others Similarly
                 Situated in the State of Arkansas                                  Court Division: Civil
(If not represented by an attorney,
give address)_____

VS.

DEFENDANT: Mega Life and Health Insurance Company; United Insurance Companies Inc. [UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National Association for the Self Employed); United Group Service Centers, Inc.,; UICI Marketing Inc.,; Specialized Association Services Inc.,: NASE Group Insurance Trust Fund; National Association for the Self-Employed a/k/a NASE, Stephanie Davis, and John Does 1 - 20

Case Number: CV2004 - 41

Plaintiff's Attorney: John Doyle Nalley, P.O. Box 606, Benton, AR 72018

THE STATE OF ARKANSAS TO DEFENDANT: **UICI Marketing, Inc.**
                                         NOTICE
1.     You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.
2.     The attached Complaint will be considered admitted by you an a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must met the following requirements.
       A.     It must be in writing, an otherwise comply with the Arkansas Rules of Civil Procedure.
       B.     It must be filed in the court clerk's office within **Thirty (30)** days from the day you were served with this summons.
3.     If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allotted.
4.     Additional notices:

       Witness my hand and seal of the court this          3 - 31 - 2004
                                                              (Date)

ADDRESS OF CLERK'S OFFICE:
SALINE COUNTY COURTHOUSE,                         DOUG KIDD, CIRCUIT CLERK
BENTON, ARKANSAS    72015                                    (Clerk)

(SEAL)                                           By _Lana Hodge_ D.C.

STATE OF ARKANSAS, COUNTY OF_____.

On this _____ day of _____, 2004, at _____ o'clock_____M., I have duly served the within Summons on Defendant,_____.
By delivering a copy thereof (or stating the substance thereof) together with a copy of the complaint to:
____   _____ in person.

____   A member of the defendant's family above 15 years of age at defendant's usual place of abode, namely

____   The duly designated agent for service of process for the defendant, namely_____







FROM THE LAW OFFICES OF:

**LOVELL, NALLEY & PAYNE**

Attorneys at Law
501 North Main Street • Post Office Box 606
Benton, Arkansas 72018

FOR:

UICI Marketing, Inc.
c/o Mr. Robert Vlach
Agent for Service
2301 W. Plano Parkway, #300
Plano, Texas 75075-8436

RETURN POSTAGE GUARANTEED

7002 2410 0004 8564 6278

# LOVELL & NALLEY
### Attorneys at Law
501 North Main Street
Post Office Box 606
Benton, Arkansas 72018

John F. Lovell, Jr.
John Doyle Nalley

April 12, 2004

Telephone
Benton/Little Rock Area
315-7491
Fax: 315-7493
Area Code (501)

*Re:*    *Cristy Tremor, Individually and on Behalf of all Others*
*Similarly Situated in the State of Arkansas vs. Mega Life and*
*Health Insurance, et al*
*Saline County Circuit Court No. CV 2004-41*

United Insurance Company, Inc. [UICI]
c/o Mr. Robert Vlach
2301 W. Plano Parkway, #300
Plano, Texas   75075-8436

RECEIVED
APR 14 2004
UICI LEGAL

Dear Mr. Vlach:

Enclosed herewith is a Complaint and Summons filed against United Insurance Company, Inc.
[UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National
Association for the Self Employed), by Cristy Tremor, Individually and on Behalf of all Others
Similarly Situated in the State of Arkansas.

You, as agent, have thirty (30) days within which to file an answer to this Complaint, and, if you do
not file a response within the time required by law, a default judgment may be entered against
Specialized Association Services, Inc..

Thank you for your assistance and please make your return to me in the enclosed stamped, return
envelope.

Sincerely,

John Doyle Nalley

JDN:cp
Enclosures

CERTIFIED LETTER NO.:   7002 2410 0004 8564 6117
RETURN RECEIPT REQUESTED

## SUMMONS

The Sheriff of _____ County is commanded to summons:

United Insurance Company, Inc. [UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National Association for the Self Employed), c/o Mr. Robert Vlach, Agent for Service, 4001 McEwen Drive, Suite 200, Dallas, TX, 75244

PLAINTIFF:   Cristy Tremor, Individually and on behalf of all others Similarly
Situated in the State of Arkansas                                    Court Division: Civil

(If not represented by an attorney,
give address)_____

VS.

DEFENDANT: Mega Life and Health Insurance Company; United Insurance Companies Inc. [UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National Association for the Self Employed); United Group Service Centers, Inc.; UICI Marketing Inc.,; Specialized Association Services Inc.,; NASE Group Insurance Trust Fund; National Association for the Self-Employed a/k/a NASE, Stephanie Davis, and John Does 1 - 20

Case Number: CU2004-41

Plaintiff's Attorney: John Doyle Nalley, P.O. Box 606, Benton, AR 72018

THE STATE OF ARKANSAS TO DEFENDANT: United Insurance Company, Inc. [UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National Association for the Self Employed)

NOTICE

1.        You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.

2.        The attached Complaint will be considered admitted by you an a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must met the following requirements.

        A.        It must be in writing, an otherwise comply with the Arkansas Rules of Civil Procedure.

        B.        It must be filed in the court clerk's office within Thirty (30) days from the day you were served with this summons.

3.        If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allotted.

4.        Additional notices:

        Witness my hand and seal of the court on        3-31-2004
                                                                    (Date)

ADDRESS OF CLERK'S OFFICE:
SALINE COUNTY COURTHOUSE,                              DOUG KIDD, CIRCUIT CLERK
BENTON, ARKANSAS    72015                                          (Clerk)

                                                          By _____ D.C.

(SEAL)

STATE OF ARKANSAS, COUNTY OF_____.

On this _____ day of_____, 2004, at _____ o'clock_____M., I have duly served the within Summons on Defendant,_____
By delivering a copy thereof (or stating the substance thereof) together with a copy of the complaint to:
                                                    _____ in person.

____    _____

____    A member of the defendant's family above 15 years of age at defendant's usual place of abode, namely
        _____

____    The duly designated agent for service of process for the defendant, namely_____
        _____





FROM THE LAW OFFICES OF:

**LOVELL, NALLEY & PAYNE**

Attorneys at Law
501 North Main Street • Post Office Box 606
Benton, Arkansas 72018

FOR: United Insurance Company, Inc. [UICI]
c/o Mr. Robert Vlach
2301 W. Plano Parkway, #300
Plano, Texas  75075-8436

RETURN POSTAGE GUARANTEED



7002 2410 0004 8564 6117



## CT System

**Service of Process Transmittal Form**
Little Rock, Arkansas

01/23/2004

Via Federal Express (2nd Day)

> **RECEIVED**
>
> JAN 2 6 2004
>
> **UICI LEGAL**

TO: Robert B Vlach General Counsel
UICI
9151 Grapevine Hwy
North Richland Hills, TX  76180

RE:    **PROCESS SERVED IN ARKANSAS**

FOR       THE MEGA LIFE AND HEALTH INSURANCE COMPANY Domestic State: Ok

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:          Cristy Tremor, et al, Plaintiffs vs MEGA LIFE AND HEALTH INSURANCE
                             COMPANY, et al, DEFENDANTS

2. DOCUMENT(S) SERVED:       1/21/04 letter, Summons, Class Action Complaint, self-addressed stamped
                             envelope

3. COURT:                    Circuit Court of Saline County, Ar
                             Case Number CV200441

4. NATURE OF ACTION:         Class action suit skg. damages as a result of "association/group trust" mass
                             marketing and administration scheme devised and employed to sell insurance
                             policies et al.

5. ON WHOM PROCESS WAS SERVED:   The Corporation Company, Little Rock, Arkansas

6. DATE AND HOUR OF SERVICE:     By Certified mail on 01/23/2004 with Postmarked Date 01/21/2004

7. APPEARANCE OR ANSWER DUE:     30 days

8. ATTORNEY(S):       John Doyle Nalley
                      POB 606
                      Benton, AR  72018

9. REMARKS:       Name discrepancy noted.
                  i-Note sent 01/23/2004 to BJOHNSON@UICI.NETi-Note sent 01/23/2004 to
                  BVLACH@UICI.NET

CC:    Brenda Johnson
       UICI
       9151 Grapevine Hwy
       North Richland Hills, TX  76180

| | |
|---|---|
| SIGNED | CT Corporation System |
| PER | Supervisor of Process /SP |
| ADDRESS | 425 West Capitol Avenue |
| | Suite 1700 |
| | Little Rock, AR  72201 |
| | SOP WS 0006010807 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to
permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount
of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is
responsible for interpreting the documents and for taking the appropriate action.

**LOVELL & NALLEY**

Attorneys at Law
501 North Main Street
Post Office Box 606
Benton, Arkansas 72018

John F. Lovell, Jr.
John Doyle Nalley

Telephone
Benton/Little Rock Area
315-7491
Fax: 315-7493
Area Code (501)

January 21, 2004

Re:  *Cristy Tremor, Individually and on Behalf of all Others*
     *Similarly Situated in the State of Arkansas vs. Mega Life and*
     *Health Insurance, et al*
     *Saline County Circuit Court No. CV 2004-41*

Mega Life and Health Insurance Company
The Corporation Company
425 West Capitol Avenue, Suite 1700
Little Rock, Arkansas  72201

Dear Sir/Madam:

Enclosed herewith is a Complaint and Summons filed against Mega Life and Health Company, by Cristy Tremor, Individually and on Behalf of all Others Similarly Situated in the State of Arkansas.

You, as agent, have thirty (30) days within which to file an answer to this Complaint and, if you do not file a response within the time required by law, a default judgment may be entered against Mega Life and Health Insurance Company.

Thank you for your assistance and please make your return to me in the enclosed stamped, return envelope.

Sincerely,

John Doyle Nalley

JDN:cp
Enclosures

CERTIFIED LETTER NO.:  7002 2410 0004 8564 7459
RETURN RECEIPT REQUESTED

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

# SUMMONS

The Sheriff of                County is commanded to summons:

**Mega Life and Health Insurance Company c/o The Corporation Company, 425 W. Capitol Avenue, Suite 1700, Little Rock, AR  72201, Registered Agent for Service**

PLAINTIFF:  **Cristy Tremor, Individually and on behalf of all others Similarly
                   Situated in the State of Arkansas**                                   Court Division: Civil
(If not represented by an attorney,
give address)

VS.

DEFENDANT: **Mega Life and Health Insurance Company; United Insurance Companies Inc. [UICI] (d/b/a The Insurance Center, UGA-Association Field Services, and Enrollers for the National Association for the Self Employed); United Group Service Centers, Inc.,; UICI Marketing Inc.,; Specialized Association Services Inc.,; NASE Group Insurance Trust Fund; National Association for the Self-Employed a/k/a NASE, Stephanie Davis, and John Does 1 - 20**

Case Number CU2004 - 41

Plaintiff's Attorney: **John Doyle Nalley, P.O. Box 606, Benton, AR 72018**

THE STATE OF ARKANSAS TO DEFENDANT:  **Mega Life and Health Insurance Company**
                                                                NOTICE

1.        You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.
2.        The attached Complaint will be considered admitted by you an a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense.  Your pleading or answer must met the following requirements.
         A.        It must be in writing, an otherwise comply with the Arkansas Rules of Civil Procedure.
         B.        It must be filed in the court clerk's office within **Thirty (30)** days from the day you were served with this summons.
3.        If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allotted.
4.        Additional notices:

         Witness my hand and seal of the court this                                     1-21-2004
                                                                                                    (Date)

ADDRESS OF CLERK'S OFFICE:
**SALINE COUNTY COURTHOUSE,
BENTON, ARKANSAS   72015**                                      DOUG KIDD, CIRCUIT CLERK
                                                                                     (Clerk)
(SEAL)                                                                    By _____ D.C.,

STATE OF ARKANSAS, COUNTY OF_____.

On this _____ day of _____, 2004, at _____ o'clock_____M., I have duly served the within Summons on Defendant,_____.
By delivering a copy thereof (or stating the substance thereof) together with a copy of the complaint to:
_____ _____ in person.

_____   A member of the defendant's family above 15 years of age at defendant's usual place of abode, namely
        _____

_____   The duly designated agent for service of process for the defendant, namely_____