IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID P. NOAKES AND CYNTHIA M. NOAKES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:05cv 442-W<br>) |
| MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES); UNTIED GROUP SERVICE CENTERS, INC.; UICI MARKETING, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; and FICTITIOUS DEFENDANTS 1-20, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### THE MEGA LIFE AND HEALTH INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), The MEGA Life and Health Insurance Company ("MEGA") hereby provides notice of the removal of the proceeding styled "*Noakes v. MEGA Life and Health Insurance Company et al.*" bearing Case No. CV05-64, on the docket of the Circuit Court of Barbour County, State of Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.[1] The following is a short, plain statement of the grounds for removal and a listing of the pleadings to date.

---

[1] MEGA specifically preserves and does not waive any and all applicable defenses pursuant to Federal Rule of Civil Procedure 12, any administrative remedies available under the Certificate, and any right to demand arbitration pursuant to any applicable agreement to arbitrate.

## I. INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

1. On April 6, 2005, Plaintiffs David P. Noakes and Cynthia M. Noakes ("Plaintiffs") filed a complaint (the "Complaint" or "Compl.") against MEGA, UICI,[2] United Group Service Centers, Inc. ("UGSC"), UICI Marketing, Inc., Specialized Association Services, Inc. ("SAS"), NASE Group Insurance Trust (the "Trust"), the National Association for the Self-Employed (the "NASE"), Stephanie Tranchina, and Fictitious Defendants 1-20 (collectively, "Defendants") in the State Court of Barbour County, Alabama. The Complaint seeks damages from the Defendants, including MEGA, arising from the sale of a certificate of health insurance coverage (the "Certificate") and an association membership. (See generally Compl.) The nature of this action is more fully stated in the Complaint, a copy of which is attached hereto. (See Compl., attached hereto and fully incorporated herein as Exhibit "1.") This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

2. <u>The MDL Proceeding</u>. This Action contains factual and legal allegations substantially similar to those presented in at least eight other actions that were transferred to the Northern District of Texas (the "MDL Court") by the Judicial Panel on Multidistrict Litigation for consolidation in <u>In re UICI "Association-Group" Insurance Litigation</u>, MDL 1578. Defendants intend to promptly notify the Judicial Panel on Multidistrict Litigation of this action as a potential tag-along to the MDL-1578 proceeding.

3. <u>Service on MEGA</u>. Defendant MEGA was served with process on April 11, 2005.

4. <u>Service on UICI</u>. Defendant UICI was served with process on April 11, 2005.

---

[2] UICI is incorrectly referred to as United Insurance Companies, Inc. in the Complaint.

5.  <u>Service on UGSC</u>.  Upon information and belief, Defendant UGSC has not been served with process.[3]

6.  <u>Service on UICI Marketing, Inc</u>.  Defendant UICI Marketing, Inc. was served with process on April 11, 2005.

7.  <u>Service on SAS</u>.  Upon information and belief, Defendant SAS was served with process on April 11, 2005.

8.  <u>Service on the NASE</u>.  Upon information and belief, Defendant the NASE was served with process on April 11, 2005.

9.  <u>Service on the Trust</u>.  Upon information and belief, Defendant the Trust has not been served with process.

10. <u>Service on Ms. Tranchina-Hawes</u>.  Upon information and belief, Defendant Stephanie Tranchina-Hawes (formerly Stephanie Tranchina) has not been served with process.

11. <u>Fictitious Defendants</u>.  Fictitious Defendants 1-20 (collectively, "Fictitious Defendants") are fictitious defendants who have not been identified by name or served with process.[4]

12. <u>All Properly Served Defendants Join in This Removal</u>.  In accordance with Alabama state and federal law, all named and properly served Defendants in this action join in and consent to this Notice of Removal.  (<u>See</u> Consents to Removal attached hereto collectively as Exhibit 6).

---

[3] Upon information and belief, UGSC was not properly served because Plaintiffs attempted to serve UICI, which is not a party authorized to accept service of process on behalf of the UGSC.

[4] Plaintiffs failed to identify Fictitious Defendants 1-20, and no Fictitious Defendants have been properly named as parties.  (<u>See generally</u> Compl.)  In any event, the citizenship of "Fictitious Defendants" is not considered for diversity purposes.  <u>See</u> 28 U.S.C. § 1441(a) ("For purposes of removal…the citizenship of defendants sued under fictitious names shall be disregarded").

13. <u>Removal is Timely</u>. Thirty (30) days have not expired since service was made on any Defendant, making removal proper in accordance with 28 U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

14. <u>Removal is Proper</u>. There is diversity of jurisdiction in this Court because there is complete diversity of citizenship between the Defendants and Plaintiffs, and more than $75,000 in controversy, exclusive of interest and costs. <u>See</u> 28 U.S.C. § 1332.

15. <u>Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants</u>. Plaintiffs are citizens of Alabama. (<u>See</u> Compl. ¶ 1.) Defendants are citizens of Texas, Florida, Oklahoma, and Delaware. Accordingly, complete diversity exists. <u>See</u> 28 U.S.C. § 1332(a)(1).

16. <u>Plaintiffs' Citizenship</u>. At the time Plaintiffs filed their Complaint, they were citizens of Alabama. (<u>See</u> Compl. ¶ 1.) At the time of filing of this Notice of Removal, upon information and belief, Plaintiffs remain citizens of the State of Alabama. (<u>See</u> <u>id.</u>)

17. <u>MEGA</u>. At the time the Complaint was filed, MEGA was a corporation organized under the laws of the State of Oklahoma with its principal place of business in Texas, and MEGA remains, at the time of filing of this Notice of Removal, a company organized under the laws of the State of Oklahoma with its principal place of business in Texas.

18. <u>UICI</u>. At the time the Complaint was filed, UICI was a corporation organized under the laws of the State of Delaware with its principal place of business in Texas, and UICI remains, at the time of filing of this Notice of Removal, a corporation organized under the laws of the State of Delaware with its principal place of business in Texas.[5]

19. <u>UICI Marketing, Inc.</u> At the time the Complaint was filed, UICI Marketing, Inc. was incorporated under the laws of the State of Delaware with its principal place of business in

---

[5] UICI's separate joinder in this Notice of Removal is made expressly without waiver of its right to challenge this Court's *in personam* jurisdiction over it.

DA1:\405171\04\8_MR04!.DOC\78416.0030

Texas, and UICI Marketing, Inc. remains at the time of filing of the Notice of Removal incorporated under the laws of the State of Delaware with its principal place of business in Texas.[6]

20.  <u>The NASE</u>.  At the time the Complaint was filed, upon information and belief, the NASE was incorporated under the laws of the State of Texas with its principal place of business in Texas, and the NASE remains at the time of filing of the Notice of Removal, upon information and belief, incorporated under the laws of the State of Texas with its principal place of business in Texas.

21.  <u>SAS</u>.  At the time the Complaint was filed, upon information and belief, SAS was incorporated under the laws of the State of Texas with its principal place of business in Texas, and SAS remains, at the time of filing of the Notice of Removal, upon information and belief, incorporated under the laws of the State of Texas with its principal place of business in Texas.

22.  <u>Citizenship of parties not properly served is not considered for removal</u>.  The citizenship of parties that have not been properly served with process is not considered for purposes of removal. 28 U.S.C. § 1441(b). Regardless, contrary to the allegations in the Complaint, at the time the Complaint was filed, Ms. Tranchina-Hawes was a citizen of the State of Florida, and Ms. Tranchina-Hawes has continued to be, to the time of the filing of the Notice of Removal, a citizen of the State of Florida. (<u>See</u> Declaration of Stephanie Tranchina-Hawes, attached hereto and fully incorporated herein as Exhibit "2.")

23.  <u>The Amount in Controversy Exceeds the Sum or Value of $75,000</u>.  In the Complaint, Plaintiff seeks many categories of damages such that the amount in controversy in this action exceeds $75,000. (<u>See generally</u> Compl.) Plaintiffs have not placed any limitations

---

[6] UICI Marketing, Inc's separate joinder in this Notice of Removal is made expressly without waiver of its right to challenge this Court's *in personam* jurisdiction over it.

on the damages sought. (See generally id.) Accordingly, the "legal certainty" standard does not apply. MEGA need only demonstrate by a *preponderance of the evidence* that the amount in controversy exceeds $75,000. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (M.D. Ala. 2002) ("Where a Plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.") A review of the actual and punitive damages sought by Plaintiffs in this action reveals that they seek an amount well in excess of $75,000.

24.     **The Damages Sought by Plaintiffs**. Plaintiffs seek to recover premiums paid under the Certificate. (See generally Compl.) As set forth in the concurrently filed Declaration of JoAnn Jones, these premiums total approximately $6,006.00, exclusive of interest. (See Declaration of JoAnn Jones ("Jones Decl."), attached hereto and fully incorporated herein as Exhibit "3," ¶ 3.) Moreover, Plaintiffs seek recovery for insurance claims submitted for payment that were denied. (Compl. ¶ 47.) These denied claims total $1,220.[7] (Jones Decl. ¶ 2.) In addition, Plaintiffs allege that they will suffer "damages in the future." (Compl. ¶¶ 56, 71, 75, 81, 87, 105) Plaintiffs also seek damages for "severe mental and emotional distress." (Id. ¶¶ 99, 105.)[8] Finally, Plaintiffs seek punitive damages. (Id. ¶ 25.)

---

[7] MEGA asserts that these insurance claims were properly denied in accordance with the terms of the Certificate.

[8] Damages for mental anguish and emotional distress are included in the amount in controversy. See e.g. Kirkland v. SSL Americas, Inc., 236 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003). Such awards alone often exceed the amount in controversy. See e.g. Ford Motor Co. v. Sperau, 708 So. 2d 11, 114-115 (Ala. 1998) (mental anguish damage award of $700,000 for two plaintiffs); Duck Head Apparel Co. v. Hoots, 659 So. 2d 897, 908 (Ala. 1995) (affirming judgment as to mental anguish damages conditioned upon acceptance by three plaintiffs of remittitur of mental anguish award to $2,000,000, $1,000,000 and $500,000 respectively.)

25. <u>Assessing the Amount of Punitive Damages</u>. Claims for punitive damages are included in the calculation of the amount in controversy for purposes of 28 U.S.C. § 1332. See <u>Holley Equip. Co. v. Credit Alliance Corp.</u>, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered."). A defendant can demonstrate that the amount in controversy will exceed $75,000 by tendering expert testimony concerning the amount of punitive damages sought and providing analysis of awards in similar cases. See <u>Davis v. Franklin Life Ins. Co.</u>, 71 F. Supp. 2d 1197, 1199-2000 (M.D. Ala. 1999); <u>Jackson v. Am. Bankers Ins. Co. of Fla.</u>, 976 F. Supp. 1450, 1451 (S.D. Ala. 1997). In the instant case, MEGA tenders the expert testimony of two witnesses who have analyzed the claims brought by Plaintiffs and similar cases in this venue, and both have concluded that the amount in controversy sought by the plaintiff in this case exceeds $75,000.

26. <u>Expert Qualifications of Forest S. Latta</u>. MEGA offers the affidavit of Forrest S. Latta, a member of the Alabama State Bar since 1983. (See Affidavit of Forrest S. Latta ("Latta Aff."), attached hereto and fully incorporated herein as Exhibit "4," ¶ 2.) Mr. Latta's practice includes civil litigation in which plaintiffs sue insurance companies seeking damages for alleged breach of contract, fraud, and/or bad faith arising from alleged misconduct at the point of sale, or of failure to pay claims. (<u>Id.</u> ¶ 3.) Mr. Latta has been studying Alabama punitive damages for the past 20 years and has published lists and compilations of verdicts such as *Large Punitive Damage Verdicts in Alabama 1994-1995*, ALABAMA DEFENSE LAWYERS JOURNAL 19 (Oct. 1996) and *Large Punitive Damages Verdicts in Alabama 1982-1992*, ALABAMA DEFENSE LAWYERS JOURNAL 26 (Apr. 1993). (<u>Id.</u> ¶ 4) In the course of his studies of punitive damage awards, Mr. Latta has become familiar with the size of damages awards assessed against foreign

insurance companies in cases alleging fraud or bad faith. (Id. ¶ 4.) Mr. Latta has testified many times in federal courts as an expert witness on the subject of the amount in controversy, and he has testified in Alabama state courts as an expert witness on the subject of punitive damages in fraud cases. (Id. ¶ 5.) Mr. Latta has also testified before the Alabama Legislature on the subject of punitive damages, given numerous professional bar presentations, and written published articles on issues relating to punitive damages and jury awards. (Id. ¶ 5.)

27.  Mr. Latta's Examination of Damage Awards in Similar Cases. In the course of forming his opinion on the present case, and in the course of his studies, Mr. Latta has examined the complaints, jury verdicts, and judgments in a large number of Alabama cases involving allegations of fraud against an insurance company. (Latta Aff. ¶¶ 8-12, 15.) Many of these cases involve similar or identical allegations to those made by Plaintiffs. (Id. ¶ 8-11.) Mr. Latta has also analyzed a number of verdicts from the Third Judicial Circuit, consisting of Bullock County and Barbour County, where this case is pending. (Id. ¶ 12.) These cases involved fraud allegations similar to those made by Plaintiffs and resulted in verdicts substantially in excess of $75,000. (Id.) In addition, Mr. Latta has analyzed a recent empirical survey of every fraud case tried to a jury in Alabama during 2002-2004 with the "Average Verdict" exceeding $800,000. (Id. ¶ 16.)

28.  Opinion of Mr. Latta. Mr. Latta has reviewed the Complaint and underlying allegations in this action. (Latta Aff. ¶¶ 6-7.) Based on his experience as a practicing attorney, his review of the case precedents in Alabama of the last 20 years, and his research and study of Alabama, U.S. Supreme Court, and other authorities, he has opined that "this case certainly involves an amount in controversy greater than $75,000." (Id. ¶ 17.)

29. <u>Expert Qualifications of Professor George L. Priest</u>. Professor Priest holds a chair as the John M. Olin Professor of Law and Economics at Yale Law School. (Declaration of Professor George L. Priest ("Priest Decl."), attached hereto and fully incorporated herein as Exhibit "5," ¶ 2.) His affidavit establishes that he has been one of the preeminent scholars in the field of theoretical and empirical studies of the litigation and settlement process for over two decades. (<u>Id.</u> ¶¶ 4-12.) He has been admitted as an economic expert and presented economic testimony on remedial questions such as the quantum of damages in many state and federal courts including federal courts in the Northern, Middle, and Southern Districts of Alabama. (<u>Id.</u> ¶ 13.)

30. <u>Opinion of Professor Priest</u>. Professor Priest has reviewed the Complaint and underlying allegations in this action. (<u>Id.</u> ¶ 16-17.) Based upon his research and study of damages verdicts awarded in Alabama and affirmed by the Alabama Supreme Court involving allegations such as the Plaintiffs' on the part of an out-of-state insurance company like MEGA, it is his opinion "that the amount in controversy in this action involving punitive damages alone exceeds $75,000." (<u>Id.</u> ¶ 30.) He concludes that the "full amount in controversy, including both compensatory and punitive damages, exceeds $75,000 for each Plaintiff <u>a fortiori</u>." (<u>Id.</u> ¶ 30.)

31. The testimony of Mr. Latta and Professor Priest establishes that the amount in controversy exceeds $75,000. <u>See, e.g.</u>, <u>Davis v. Franklin Life Ins. Co.</u>, 71 F. Supp. 2d 1197 (M.D. Ala. 1999) (relying on Professor Priest's opinion to support defendant's assertion that amount in controversy met). Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

32. Since this matter involves a claim between citizens of Alabama, as plaintiffs, and citizens of Oklahoma, Texas, Florida, and Delaware, as defendants, and the amount in

DA1:\405171\04\8_MR04!.DOC\78416.0030

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, the United States District Court for the Middle District of Alabama, Northern Division, has original jurisdiction pursuant to 28 U.S.C. § 1332.[9]

### III. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

33.   <u>Venue</u>. Pursuant to 28 U.S.C. § 1441(a), (b), and (c), this case may be removed to the United States District Court for the Middle District of Alabama.

34.   <u>Process and Papers</u>. In accordance with 28 U.S.C. § 1446, copies of all papers filed in the State Court of Barbour County, State of Alabama and served on Defendant MEGA, including the Complaint, are attached hereto as Exhibit 1.

### IV. CONCLUSION AND REQUESTED RELIEF

For the reasons described above, MEGA respectfully requests that this Court proceed with this matter as if it had been originally filed herein. MEGA further requests any other relief to which it may be justly entitled.

---

[9] MEGA reserves the right to supplement this Notice of Removal if discovery indicates that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Plaintiffs' purported fraud and misrepresentation claims may be disguised claims for benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (29 U.S.C. § 1132). Plaintiffs may be attempting to recover benefits under an employee benefit plan funded by a group insurance policy, in which case, Plaintiffs' state law claims are preempted by Section 514 of ERISA, 29 U.S.C. § 1144.

DATED:     May 10, 2005

_____
HENRY A. CALLAWAY, III (CALLH4748)
E. LUCKETT ROBINSON, II (ROBIE6110)
LISA DARNLEY COOPER (COOPL8509)
Hand Arendall, LLC
Post Office Box 123
Mobile, AL 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375

Attorneys for Defendant The MEGA Life and Health Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, May 10, 2005, served a copy of the foregoing pleading on all counsel of record by placing a copy of same in United States Mail, properly addressed and first class postage prepaid, as follows:

Phillip W. McCallum, Esq.
Robert G. Methvin, Jr., Esq.
James M. Terrell, Esq.
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203-2618

James B. Pittman, Jr., Esq.
Davis & Fields, P.C.
27180 Pollard Road
Daphne, AL 36526

_____

DA1:\405171\04\8_MR04!.DOC\78416.0030