IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID P. NOAKES AND CYNTHIA M. NOAKES,

    Plaintiffs

v.

MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES; UNITED GROUP SERVICE CENTERS, INC.; UICI MARKETING, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NATIONAL GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; STEPHANIE TRANCHINA and FICTITIOUS DEFENDANTS 1-20,

    Defendants.

Case No. 2:05cv442-W

## DEFENDANT SPECIALIZED ASSOCIATION SERVICES' MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Specialized Association Services ("SAS") moves the Court pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) to dismiss Plaintiffs' Complaint due to the lack of personal jurisdiction over SAS. In support of this motion, SAS respectfully shows as follows:

### I.    PRELIMINARY STATEMENT

This lawsuit arises from Plaintiffs' purchase of health insurance coverage from Defendant The MEGA Life and Health Insurance Company ("MEGA"). (Compl. ¶ 13). Plaintiffs allege that Defendants failed to disclose their purported interrelationships, improperly

transferred fees among Defendants, and used deceitful rating and pooling practices to avoid regulation by various state departments of insurance.  See generally id.  Plaintiffs specifically allege that SAS "managed" the National Association for the Self-Employed (the "NASE"), another defendant in this lawsuit, and is therefore allegedly liable for the actions of NASE and the other defendants.  However, all of Plaintiffs' causes of action against SAS fail because SAS does not have the requisite minimum contacts with the State of Alabama to establish personal jurisdiction over SAS.

Defendant SAS is a corporation organized under the laws of Texas with its principal place of business in Grapevine, Texas.  SAS is not in any way involved in issuing, administering, or adjusting health insurance coverage in Alabama or elsewhere.  SAS is not required to be registered, licensed, or otherwise qualified to do business in the State of Alabama.  SAS does not have any interest in any business establishment in the State of Alabama.  Moreover, SAS does not maintain any offices, a telephone listing, or employees in Alabama.  In fact, SAS's sole connection with the allegations asserted in the Complaint is that it provides some "back office" administrative services to the NASE.

SAS has no personal "contact" with the State of Alabama sufficient to permit the courts of this State to constitutionally exercise jurisdiction over it.  Moreover, Plaintiffs do not demonstrate that SAS has extensive, wide-ranging, substantial, continuous and systematic activities in Alabama.  Plaintiffs do not demonstrate that their alleged claims arise out of or relate to activities SAS committed in or directed at Alabama.  Since SAS does not have sufficient minimum contacts with the State of Alabama, and this Court's exercise of personal jurisdiction over SAS would violate Alabama's long arm statute and the Due Process Clause of the

Fourteenth Amendment of the United States Constitution, the Court should dismiss Plaintiffs' claims against SAS for lack of personal jurisdiction.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Burden and Standard for Personal Jurisdiction.

The Plaintiffs have the burden of establishing that this Court has personal jurisdiction over a nonresident defendant. See Ex Parte Georgia Farm Bureau Mut. Auto. Ins. Co., 889 So.2d 545, 549 (Ala. 2004) (finding that court lacked personal jurisdiction over nonresident defendant due to lack of minimum contacts). In the present case, the Plaintiffs cannot show that Alabama courts have any basis on which to exercise personal jurisdiction over SAS.

The Alabama Rules of Civil Procedure extend the personal jurisdiction of Alabama courts to the limits of due process under both the state and federal constitutions. See Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala. 2002) (finding that court lacked personal jurisdiction over nonresident defendant). The Alabama long-arm statute states, in relevant part, that a person may be served with process outside of Alabama when the person has "sufficient contacts with this state . . . so that the prosecution against the person in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . ." ALA. R. CIV. P. 4.2(a)(1)(B). Moreover, the Alabama Supreme Court has interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution. See Elliott, 830 So.2d at 730. Therefore, under the Alabama long-arm statute and the Alabama Constitution, this Court must determine whether the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. See id.

Due process requires "minimum contacts" between the nonresident defendant and the forum state such that the maintenance of the suit does not offend "traditional notions of fair play

and substantial justice." See Ex Parte Alloy Wheels Int'l, Ltd., 882 So.2d 819, 822-23 (Ala. 2003) (finding that court lacked personal jurisdiction over nonresident defendant due to lack of minimum contacts) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The critical question regarding the sufficiency of a nonresident's contacts is whether the contacts were such that the nonresident defendant "should reasonably anticipate being haled into court" in the forum state. See id. (quoting Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Alabama uses a two-part analysis to determine whether personal jurisdiction exists over a nonresident defendant: (1) determining whether it is foreseeable to the nonresident defendant that he could be sued in Alabama; and (2) determining the degree of contacts that the nonresident defendant has with Alabama. See Keelean v. Central Bank of the South, 544 So.2d 153, 156-57 (Ala. 1989), overruled on other grounds, Professional Ins. Corp. v. Sutherland, 700 So.2d 347 (Ala. 1997).

With regard to the types of contacts that are sufficient to give this Court personal jurisdiction over a nonresident defendant, the Alabama long-arm statute states, in relevant part:

> (2) *Sufficient contacts*. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:
>    (A) transacting any business in this state;
>    (B) contracting to supply services or goods in this state;
>    . . .
>    (D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;
>    . . .
>    (F) having an interest in, using, or possessing real property in this state;
>    (G) contracting to insure any person, property, or risk located within this state at the time of contracting;
>    . . .

> (I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

ALA. R. CIV. P. 4.2(a)(2).

Alabama recognizes that two categories of contacts can form the basis for personal jurisdiction over a nonresident defendant – general and specific contacts. See id. at 550-51. However, in order for a court to exercise personal jurisdiction based on either general or specific contacts, a defendant must have *purposefully directed* its actions toward the forum state. Georgia Farm Bureau, 889 So.2d at 551. "General contacts" consist of the nonresident defendant's contacts with Alabama that are unrelated to the cause of action. See id. at 550. General contacts must be "continuous and systematic" to confer personal jurisdiction over a nonresident defendant in Alabama. *See id.* (quoting Helicopteros Nacionales de Columbia, S.A., v. Hall, 466 U.S. 408, 414 n. 9, 415 (1984)). "Specific contacts" consist of the nonresident defendant's contacts with Alabama that are related to the cause of action. *See id.* at 551 (citing Burger Kin Corp. v. Rudzewicz, 471 U.S. 462, 472-75 (1985)). Jurisdiction based on specific contacts only exists if there is a "clear, firm nexus between the acts of the defendant and the consequences complained of." Duke v. Young, 496 So.2d 37, 39 (Ala. 1986). In the present case, the Plaintiffs cannot meet her burden of establishing either general or specific jurisdiction over SAS.

**B.    This Court Lacks General Jurisdiction Over SAS.**

To show general jurisdiction, the Plaintiffs must show that SAS's contacts with the state of Alabama were "continuous and systematic." Georgia Farm Bureau, 889 So.2d at 550. SAS

has not maintained continuous and systematic contacts with the state of Alabama and the Plaintiffs have failed to allege such contacts. Further, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U.S. 325, 253 (1958), cited in <u>Keelean</u>, 544 So.2d at 157. SAS's conduct was not purposefully directed at Alabama, and SAS has not sought the benefits or protections of Alabama laws. The unilateral conduct of other defendants in Alabama may not be attributed to SAS in order to establish personal jurisdiction. Therefore, this Court may not exercise general personal jurisdiction over SAS. It is undisputed that:

- SAS does not do business in Alabama;

- SAS is not required to be registered, licensed or otherwise qualified to do business in the State of Alabama;

- SAS has never been required to file any type of tax return with respect to the State of Alabama;

- SAS has no employees located in the State of Alabama;

- No officers or directors of SAS reside in the State of Alabama;

- SAS does not maintain any offices in the State of Alabama;

- SAS does not own any assets or maintain any bank accounts in the State of Alabama;

- SAS does not own real or personal property in the State of Alabama;

- SAS does not maintain a telephone listing in the State of Alabama;

- SAS does not have any sales representatives in the State of Alabama;

- SAS does not advertise its services in the State of Alabama;

- SAS is not required to and does not maintain a registered agent in the State of Alabama;

- SAS does not directly derive substantial revenue from goods, services or products consumed in the State of Alabama;

- SAS is a separate and independent entity from any of the other defendants in this lawsuit; and

- SAS does not solicit, sell, issue, underwrite or administer any insurance policy or certificate of insurance sold in Alabama.

See Affidavit of Alisa Davis ("Davis Affidavit"), attached hereto and incorporated herein, at ¶¶ 5-21.

All administrative services SAS performs for the NASE are performed at SAS's offices in Grapevine, Texas—not in Alabama. Id., ¶¶ 3-29. Because SAS has had no personal contacts with this State, much less continuous and systematic contacts, it is clear that SAS has not purposely availed itself of the protections of the State of Alabama. See Hanson, 357 U.S. at 253, cited in Keelean, 544 So.2d at 157; see also Burger King, 471 U.S. at 475; Hall, 466 U.S. at 414.

In Hall, the Supreme Court of the United States held that the defendant's contacts with the forum state of Texas were not sufficient to satisfy the requirement of the Due Process Clause of the Fourteenth Amendment. Hall, 466 U.S. at 418-19. In that case, the defendant's contacts with the forum state consisted of the following: (1) a visit to Texas by the corporation's chief executive officer to negotiate a transportation services contract; (2) acceptance of checks drawn on a Texas bank; (3) the purchase of helicopters and equipment from a Texas manufacturer; and (4) trips by the non-resident corporation's prospective pilots for training and other related visits. Id. Even in light of these contacts over a seven-year period, the Supreme Court of the United

States held that the defendant's contacts were not sufficient to subject the non-resident corporation to the personal jurisdiction of the forum. Id.

SAS has no personal contacts with the State of Alabama, much less contacts as significant as the contacts made by the defendant in Hall. Applying the standard in Hall, it is clear that SAS cannot be subject to personal jurisdiction in this State. SAS does not have minimum contacts with Alabama necessary for personal jurisdiction, and it has not purposefully directed its business activities at Alabama. As stated above, SAS does not do business in this forum and has little or no personal contacts with Alabama. Therefore, SAS did not maintain "continuous and systematic contacts" with Alabama, and this Court cannot maintain general jurisdiction over SAS.

      C.    **This Court Lacks Specific Jurisdiction Over SAS**.

Plaintiffs' causes of action do not arise out of an act done or transaction consummated by SAS in Alabama. Consequently, this Court may not exercise specific personal jurisdiction over SAS. See, e.g., Georgia Farm Bureau, 889 So.2d at 552; Elliott, 830 So.2d at 732-33.

SAS had absolutely no contacts with the Plaintiffs in Alabama and never made any representations or statements to the Plaintiffs. See Davis Affidavit, ¶¶ 4-27. SAS does not own, maintain, operate, control, or possess real property or business establishments in the State of Alabama. Id., ¶ 13. SAS does not have a telephone number or bank account in the State of Alabama. Id., ¶¶ 12 and 14. SAS did not solicit, sell, issue, underwrite, or administer the insurance policy or certificate of insurance referenced in the Plaintiffs' Complaint. Id., ¶ 20. SAS did not endorse or make any representations to the Plaintiffs concerning the insurance policy or certificate of insurance referenced in the Plaintiffs' Complaint. Id., ¶¶ 22-23. SAS does not insure self-employed individuals or small business owners under the insurance policy

referenced in the Plaintiffs' Complaint.  Id., ¶ 24.  Furthermore, SAS did not participate in any way in the handling of the health insurance claims allegedly submitted to MEGA by the Plaintiffs.  Id. ¶ 28.

The Plaintiffs do not allege, nor can they, that their claims arise out of the administrative functions that SAS allegedly performs on behalf of the NASE.  Consequently, SAS does not have the requisite contacts with Alabama to subject it to specific personal jurisdiction in this or any other action in Alabama.  As Plaintiffs have failed to meet their burden of establishing personal jurisdiction over SAS, this Court should dismiss the Plaintiffs' Complaint against SAS.

### D. Plaintiffs' allegations that SAS "managed" the NASE are insufficient to establish personal jurisdiction over SAS.

Plaintiffs allege that SAS "managed" the NASE when the actions giving rise to this lawsuit occurred.  (Compl. ¶ 19).  This is simply an attempt to bootstrap SAS to the personal jurisdiction that purportedly exists over the NASE.  This effort fails because SAS does not control the NASE.  See Davis Affidavit, ¶ 29.  SAS merely provides "back office" administrative services to the NASE.  Id., ¶ 4.  As such, SAS cannot be held liable for the NASE's conduct and thus cannot be subject to the personal jurisdiction of this Court based on the NASE's conduct.

Plaintiffs allege that SAS managed the NASE.  However, under Alabama law, even when a party establishes the existence of a more substantial parent-subsidiary relationship between defendants, a parent company doing business through its subsidiary in a state does not necessarily subject the parent to personal jurisdiction in that state.  Ex Parte British Steel Corp., 426 So.2d 409, 412 (Ala. 1983), quoting Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 336-67 (1925).  Specifically, in the parent-subsidiary context, Alabama courts determine whether there is separate corporate existence between the two companies to determine whether personal jurisdiction over one is sufficient for personal jurisdiction over the other.  British Steel Corp.,

426 So.2d at 412. "[S]eparate corporate existence will not be recognized where a corporation is so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another . . ." Id., quoting Forest Hill Corp. v. Latter & Blum, 29 So.2d 298, 302 (Ala. 1947), quoted with approval in Woods v. Comm. Contractors, Inc., 384 So.2d 1076, 1079 (Ala. 1980). Therefore, only if a subsidiary operates as the alter ego of its parent will the parent be subject to personal jurisdiction based on the subsidiary's actions. Id.

Because Plaintiffs merely allege that SAS "managed" the NASE—not that the two companies operated as one and the same—it is even more difficult to find that personal jurisdiction exists over one due to the conduct of the other. Analogizing to the standard applied in the parent-subsidiary context, it is obvious that SAS may not be subject to personal jurisdiction based on the NASE's purported contacts, even if Plaintiffs prove that SAS managed the NASE, which it does not. SAS and the NASE operate as two separate and distinct entities. SAS did not organize the NASE, it does not control the NASE, and it does not operate the NASE. As such, Plaintiffs' attempt to tie SAS to the NASE in order to establish personal jurisdiction over SAS fails.

> E. **Exercising jurisdiction over SAS would not comport with traditional notions of fair play and substantial justice.**

Due process mandates that personal jurisdiction may be maintained over a nonresident defendant only if it does not offend "traditional notions of fair play and substantial justice." Ex Parte Alloy Wheels Int'l, Ltd., 882 So.2d 819, 823 (Ala. 2003), quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957). This requirement is inherent in determining whether the nonresident defendant could have foreseen being haled into court in the forum state, as well as whether the defendant has certain minimum contacts with the forum state. Id.

As stated above, SAS has had no contacts with the Plaintiffs in Alabama. In fact, SAS has had little or no contact with *anyone* in the State of Alabama. Since SAS does not have these requisite minimum contacts, this Court's exercise of personal jurisdiction over SAS would offend traditional notions of fair play and substantial justice in violation of the Due Process Clause of the Fourteenth Amendment. See Asahi Metal Indus. Co. v. Superior Court of Alabama, Solano County, 480 U.S. 102, 113-14 (1987).

Moreover, it is unreasonable for an Alabama court to exercise personal jurisdiction over a Texas corporation providing services *in Texas* to a third party that may do business in Alabama. See., e.g., Asahi Metal Indus. Co., 480 U.S. at 113-14 (exercise of personal jurisdiction must be reasonable in light of forum's interest in litigation in question); Burger King, 471 U.S. 462, 475-76 (1985) (holding that purposeful availment requirement for exercise of personal jurisdiction ensures that nonresident defendant will not be haled into jurisdiction based on unilateral activity of third party). Because exercising jurisdiction over SAS would not comport with traditional notions of fair play and substantial justice, this Court should dismiss the Plaintiffs' Complaint against SAS.

### III.   CONCLUSION

For the foregoing reasons, SAS respectfully requests that this Court dismiss Plaintiffs' Complaint against SAS for lack of personal jurisdiction pursuant to FEDERAL. R. CIV. P. 12(b)(2). SAS also requests that this Court grant it such other relief to which it is justly entitled.

Respectfully Submitted,


  /s/ John N. Bolus
John N. Bolus
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Phone: (205) 254-1025
Fax: (205) 254-1999

**ATTORNEYS FOR DEFENDANT SPECIALIZED ASSOCIATION SERVICES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via *United States Mail, First Class, postage pre-paid* to the parties listed below on the  18th  day of May, 2005.

Phillip W. McCallum
McCallum & Methvin, PC
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205


Henry Callaway
E. Luckett Robinson
Hand Arendall, LLP
P.O. Box 123
Mobile, AL 36601



   /s/ John N. Bolus
OF COUNSEL