IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID P. NOAKES AND CYNTHIA M. NOAKES,

      Plaintiffs,

v.

MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES); UNTIED GROUP SERVICE CENTERS, INC.; UICI MARKETING, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; and FICTITIOUS DEFENDANTS 1-20,

      Defendants.

Case No. 2:05cv442-W

**DEFENDANT THE NATIONAL ASSOCIATION FOR
THE SELF-EMPLOYED'S MOTION TO DISMISS**

The National Association for the Self-Employed (the "NASE") moves the Court pursuant to Rules 12(b)(6) and 9(b) of the FEDERAL RULES OF CIVIL PROCEDURE to dismiss Plaintiffs' complaint (the "Complaint") for failure to state claims upon which relief can be granted. As grounds for this motion, the NASE respectfully shows:

    1.    Plaintiffs attempt to state causes of action against Defendants for (1) breach of fiduciary and trust duties, (2) breach of contract, (3) fraudulent suppression, (4) civil conspiracy, (5) fraud, (6) breach of implied contract to procure insurance, (7) negligence/wantonness, (8) negligence per se, (9) bad faith refusal to pay, and (10) bad faith refusal to investigate. (Compl. ¶¶ 48-105.) Plaintiffs' claims for bad faith refusal to pay and bad faith refusal to investigate are

not alleged against the NASE.

2. This lawsuit arises from Plaintiffs' purchase of health insurance coverage from Defendant The MEGA Life and Health Insurance Company ("MEGA"). (Compl. ¶ 13.) Plaintiffs allege that Defendants failed to disclose their purported interrelationships, improperly transferred fees among Defendants, and used deceitful rating and pooling practices to avoid regulation by various state departments of insurance. (See generally id.)

3. All of Plaintiffs' causes of action alleged against the NASE fail to state claims upon which relief can be granted pursuant to Rule 12(b)(6) and/or Rule 9(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

4. Plaintiffs' claim for breach of fiduciary and trust duties fails to state a claim upon which relief can be granted because no fiduciary relationship exists between the NASE and Plaintiffs under Alabama law. Indeed, Plaintiffs' allegations fail to establish a fiduciary relationship. See Guinn v. Amer. Integrity Ins. Co., 568 So. 2d 760, 764 (Ala. 1990). To establish a fiduciary relationship, a plaintiff must show that a special relationship existed between the plaintiff and defendant that imposed a duty of care. Bank of Red Bay v. King, 482 So. 2d 274, 284 (Ala. 1985). This relationship is usually one of adviser or counselor. Id. As Plaintiffs have made no such allegation regarding their relationship with the NASE, Plaintiffs' claim for breach of fiduciary and trust duties fails as a matter of law.

5. Further, the NASE is not the trustee of the NASE Group Insurance Trust, and therefore cannot be responsible for performing the "duties and responsibilities as Trustee, and the duties and obligations owed to trust beneficiaries like Plaintiffs" as alleged in the Complaint. (Compl. ¶ 35.) Moreover, there is no allegation here that the NASE held any property in trust for the beneficial ownership of Plaintiffs. Therefore, Plaintiffs have failed to allege any facts

sufficient to assert a cause of action against the NASE for breach of trust duties and such claims fail as a matter of law.

6. Plaintiffs' breach of contract claim should be dismissed because Plaintiffs have failed to assert any facts indicating the existence of a contract between Plaintiffs and the NASE. As the existence of a contract between the parties is an essential element to a breach of contract claim, Plaintiffs' claim fails as a matter of law. Shelton v. Clements, 834 So. 2d 775, 782 (Ala. Civ. App. 2002); Southern Med. Health Sys., Inc. v. Vaughn, 669 So. 2d 98, 99 (Ala. 1995).

7. Plaintiffs have also failed to allege their fraud and fraudulent suppression claims with particularity as required by FEDERAL RULE OF CIVIL PROCEDURE 9(b). Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). "Rule 9(b) may be may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as a consequence of the fraud." Id. Plaintiffs have failed to adequately plead fraud because they have not identified which of the Defendants made each of the misstatements identified in the Complaint. (See generally Compl.) Nor have Plaintiffs specifically identified what each Defendant allegedly omitted. (See generally Compl.)

8. This Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against spurious charges of immoral and fraudulent behavior.' " Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988)(quoting Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S.Ct. 1179,

84 L.Ed.2d 327 (1985)). Plaintiffs' generalized and conclusory statements setting out fraud are insufficient. Id.

9. Plaintiffs' fraudulent suppression claim should also be dismissed because Plaintiffs have not shown any confidential relationship between Plaintiffs and the NASE that gives rise to a duty on the part of the NASE to disclose information. Booker v. United Amer. Ins. Co., 700 So. 2d 1333, 1339 (Ala. 1997); ALA. CODE § 6-5-102 (1975); see also State Farm Fire & Cas. Co. v. Owen, 729 So. 2d 834, 839 (Ala. 1998). Further, Plaintiffs fail to allege facts demonstrating that they were damaged by the NASE's alleged failure to disclose information. As Plaintiffs have failed to properly plead the existence of a confidential relationship or damages, Plaintiffs' claim for fraudulent suppression fails as a matter of law.

10. In fact, Plaintiffs have not established a causal connection between the NASE's alleged fraud, fraudulent suppression or negligence and any harm to Plaintiffs. All three causes of action require a plaintiff to show that the defendant's actions proximately caused the plaintiff's damages. Luck v. Primus Automotive Financial Services, Inc., 763 So. 2d 243, 245-46 (Ala. 2000) (fraud by misrepresentation); Compass Bank v. Snow, 823 So. 2d 667, 672 (Ala. 2001) (fraudulent suppression); Kmart Corp. v. Bassett, 769 So. 2d 282, 284 (Ala. 2000) (negligence) (citations omitted). As there are no allegations in the Complaint that show how Plaintiffs were harmed by the NASE's alleged misrepresentations, omissions, or negligence, these claims fail as a matter of law.

11. Plaintiffs' negligence claim should be dismissed because Plaintiffs have not shown that the NASE owed any duty to them. Further, Alabama courts have consistently refused to impose such duties in commercial arms' length transactions such as the one that forms the basis of Plaintiffs' complaint. See, e.g., State Farm Fire & Cas. Co., 729 So. 2d at 843.

12. Plaintiffs' negligence per se claim fails as a matter of law because Plaintiffs do not have a private right of action for alleged violations of Alabama's insurance statutes or code. See Amer. Auto. Ins. Co. v. McDonald, 812 So. 2d 309, 312 (Ala. 2001). Only the insurance commissioner has the authority to bring an action against an insurer believed to be violating Alabama's Insurance Code. Id.

13. Plaintiffs' claim against the NASE for breach of implied contract to procure insurance also fails as a matter of law. As stated above, a cause of action based on an implied contract must contain all of the essential elements of an express contract: (1) agreement; (2) consideration; (3) two or more contracting parties; (4) legal object; and (5) capacity. Freeman, 401 So. 2d at 13. As Plaintiffs have not alleged any facts to show there was an agreement between Plaintiffs and the NASE—implied or otherwise—that the NASE would procure insurance for them, Plaintiffs' claim for breach of implied contract should be dismissed.

14. Plaintiffs' cause of action against the NASE for wantonness should also be dismissed. "Wantonness involves the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." Lilya v. Greater Gulf State Fair, Inc., 855 So. 2d 1049, 1056 (Ala. 2003), citing Alfa Mut. Ins. Co. v. Rousch, 723 So. 2d 1250, 1256 (Ala. 1998); see also ALA. CODE § 6-11-20(b)(3) (1975). As Plaintiffs have not pleaded a single fact supporting their conclusion that the NASE acted or failed to act with knowledge that any injury would result to Plaintiffs, their cause of action for wantonness fails as a matter of law.

15. In the Complaint, Plaintiffs assert both contract and tort claims against the NASE. Plaintiffs must choose to have their recovery sound in contract or in tort. When a complaint shows that the defendant's conduct constituted both a breach of contract and a tort, the plaintiff

may sue *either* for breach of contract or tort. Tennessee Coal, Iron & R. Co. v. Sizemore, 62 So. 2d 459, 464 (1952); see also Holcomb v. Escambia County Hospital Board, 278 So. 2d 699, 704 (1973) and H.R.H. Metals, Inc. v. Miller ex rel. Miller, 833 So.2d 18, 25 (Ala. 2002). "[The plaintiff] has an election in that respect." Sizemore, 62 So. 2d at 464. As such, Plaintiffs may not maintain both contract and tort actions against the NASE.

16. Plaintiffs must assert a valid underlying cause of action to succeed on their conspiracy claim. Triple J Cattle, Inc. v. Chambers, 621 So. 2d 1221, 1225 (Ala. 1993). If the underlying causes of action fail as a matter of law, the conspiracy claim must also fail. Id.; Allied Supply Co. v. Brown, 585 So. 2d 33, 36 (Ala. 1991). Plaintiffs allege that Defendants conspired together to commit a variety of wrongs against them. But as shown above, none of Plaintiffs' claims against the NASE are actionable. As such, Plaintiffs' conspiracy claim against the NASE also fails as a matter of law.

17. Further, Plaintiffs has failed to plead any facts sufficient to support a cause of action against the NASE for conspiracy and this claim should be dismissed. Under Alabama law, a plaintiff must show " a combination of two or more individuals to accomplish a lawful end by unlawful means" to succeed on a conspiracy claim. Triple J Cattle, Inc., 621 So. 2d at 1225. Plaintiffs have failed to do so, and as such their conspiracy claim fails as a matter of law.

For these reasons, Plaintiffs' claims against the NASE should be dismissed pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 9(b). A brief in support of this motion is filed concurrently herewith.

Respectfully Submitted,


   /s/ John N. Bolus
John N. Bolus
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Phone: (205) 254-1025
Fax: (205) 254-1999

**ATTORNEYS FOR DEFENDANT
THE NATIONAL ASSOCIATION FOR THE
SELF-EMPLOYED**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via *United States Mail, First Class, postage pre-paid* to the parties listed below on the  18th  day of May, 2005.

Phillip W. McCallum
McCallum & Methvin, PC
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205


Henry Callaway
E. Luckett Robinson
Hand Arendall, LLP
P.O. Box 123
Mobile, AL 36601

  /s/ John N. Bolus
OF COUNSEL