IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID P. NOAKES AND CYNTHIA M. NOAKES,

 Plaintiffs

v.

MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES; UNITED GROUP SERVICE CENTERS, INC.; UICI MARKETING, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NATIONAL GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; STEPHANIE TRANCHINA and FICTITIOUS DEFENDANTS 1-20,

 Defendants.

Case No. 2:05cv442-W

**DEFENDANT UNITED GROUP SERVICE CENTERS, INC.'S
<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

Defendant United Group Service Centers, Inc. ("UGSC"), for its Motion to Dismiss states that this court does not have personal jurisdiction over UGSC, and the Complaint against UGSC should be dismissed pursuant to Rule 12(b)(2) and 12(b)(5) of the FEDERAL RULES OF CIVIL PROCEDURE. As support for this Motion, UGSC states:

**I. INTRODUCTION**

This lawsuit is about an insurance dispute. Plaintiffs David P. and Cynthia M. Noakes ("Plaintiffs") claim that they bought health insurance from defendant The MEGA Life & Health

Insurance Company ("MEGA") and that the terms of that insurance were misrepresented. Plaintiffs seek to recover against, among others, UGSC for a variety of causes of action arising out of the alleged non-disclosure of the purported relationships between the corporate defendants in this matter. However, UGSC does not have the requisite minimum contacts with the State of Alabama, and this Court's exercise of personal jurisdiction over UGSC would violate Alabama's long-arm statute and the due process clause of the Fourteenth Amendment. In addition, the Plaintiffs failed to serve UGSC in compliance with the Alabama Rules of Civil Procedure. For these reasons, Plaintiffs' claims against UGSC should be dismissed pursuant to Rules 12(b)(2) and 12(b)(5) of the FEDERAL RULES OF CIVIL PROCEDURE.

UGSC is a Texas corporation. It is a registered and licensed staff leasing service company that is not in any way involved in issuing, administering, or adjusting health insurance coverage in Texas or elsewhere. UGSC does not do nor has it ever done business in Alabama. UGSC is not required to be registered, licensed, or otherwise qualified to do business in the State of Alabama. UGSC does not have any interest in any business establishment in Alabama. Moreover, UGSC has never maintained any offices, telephone listings, or sales representatives in Alabama. Plaintiffs have not demonstrated that their alleged claims arise out of or relate to activities UGSC committed in or directed at Alabama. Plaintiffs have not demonstrated that UGSC has extensive, continuing, and systematic activities in Alabama. Since UGSC does not have sufficient minimum contacts with the State of Alabama, the Court should dismiss the claims against UGSC for lack of personal jurisdiction.

UGSC has no personal "contact" with the State of Alabama sufficient to permit the courts of this State to constitutionally exercise jurisdiction over it. Plaintiffs have not demonstrated that their alleged claims arise out of or relate to activities UGSC committed in or directed at

Alabama. Plaintiffs have not demonstrated that UGSC has extensive, continuing, and systematic activities in Alabama. Since UGSC does not have sufficient minimum contacts with the State of Alabama, the Court should dismiss the claims against UGSC for lack of personal jurisdiction.

## II. MOTION TO DISMISS PURSUANT TO RULE 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS

### A. UGSC Was Not Properly Served

The Alabama Rules of Civil Procedure provide that a corporation may be served as follows:

> Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

ALA. R. CIV. P. 4(c)(6). The committee comments to this rule make clear that "personal or certified mail service *must be directed to the registered or appointed agent or to a specific person*, such as an 'officer.'" ALA. R. CIV. P. 4(c)(6) cmt. subdivision (c) (2004) (emphasis added).

In the present case, the Plaintiffs merely addressed the service of process to UGSC generally, but failed to direct it to a specific person or to the registered or appointed agent, as required by Rule 4(c)(6). Moreover, the address to which the Plaintiffs sent the service of process is not a proper address for UGSC and, in fact, appears to be an address for another defendant.

In their Complaint, the Plaintiffs recognized that UGSC is a foreign corporation organized and existing under the laws of Texas, yet they failed to conduct even a modicum of due diligence to locate UGSC's registered agent or proper service address information. UGSC's

registered agent and proper address for service of process are a matter of public record. Consequently, the Plaintiffs failed to properly serve UGSC as required under ALA. R. CIV. P. 4(c)(6) and the Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction due to improper service.

### III. MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION

#### A. Standard for Personal Jurisdiction and Plaintiffs' Burden.

The Alabama Rules of Civil Procedure extend the personal jurisdiction of Alabama courts to the limits of due process under both the state and federal constitutions. *See Elliott v. Van Kleef*, 830 So.2d 726, 729 (Ala. 2002) (finding that court lacked personal jurisdiction over nonresident defendant). The Alabama long-arm statute states, in relevant part, that a person may be served with process outside of Alabama when the person has "sufficient contacts with this state . . . so that the prosecution against the person in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . ." ALA. R. CIV. P. 4.2(a)(1)(B). Moreover, the Alabama Supreme Court has interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution. *See Elliott,* 830 So.2d at 730. Therefore, under the Alabama long-arm statute and the Alabama Constitution, this Court must determine whether the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *See id.*

Due process requires "minimum contacts" between the nonresident defendant and the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *See Ex Parte Alloy Wheels Int'l, Ltd.*, 882 So.2d 819, 822-23 (Ala. 2003) (finding that court lacked personal jurisdiction over nonresident defendant due to lack of

minimum contacts) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The critical question regarding the sufficiency of a nonresident's contacts is whether the contacts were such that the nonresident defendant "should reasonably anticipate being haled into court" in the forum state. *See id.* (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Alabama uses a two-part analysis to determine whether personal jurisdiction exists over a nonresident defendant: (1) determining whether it is foreseeable to the nonresident defendant that he could be sued in Alabama; and (2) determining the degree of contacts that the nonresident defendant has with Alabama. *See Keelean v. Central Bank of the South*, 544 So.2d 153, 156-57 (Ala. 1989), overruled on other grounds, *Professional Ins. Corp. v. Sutherland*, 700 So.2d 347 (Ala. 1997).

With regard to the types of contacts that are sufficient to give this Court personal jurisdiction over a nonresident defendant, the Alabama long-arm statute states, in relevant part:

> (2) *Sufficient contacts*. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:
>
>   (A)  transacting any business in this state;
>   (B)  contracting to supply services or goods in this state;
>     . . .
>   (D)  causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;
>     . . .
>   (F)  having an interest in, using, or possessing real property in this state;
>   (G)  contracting to insure any person, property, or risk located within this state at the time of contracting;
>     . . .
>   (I)  otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred

> to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

ALA. R. CIV. P. 4.2(a)(2).

The Plaintiffs have the burden of establishing that this Court has personal jurisdiction over a nonresident defendant. *See Ex Parte Georgia Farm Bureau Mut. Auto. Ins. Co.*, 889 So.2d 545, 549 (Ala. 2004) (finding that court lacked personal jurisdiction over nonresident defendant due to lack of minimum contacts). Alabama recognizes that two categories of contacts can form the basis for personal jurisdiction over a nonresident defendant – general and specific contacts. *See id.* at 550-51. "General contacts" consist of the nonresident defendant's contacts with Alabama that are unrelated to the cause of action. *See id.* at 550. General contacts must be "continuous and systematic" to confer personal jurisdiction over a nonresident defendant in Alabama. *See id.* (quoting *Helicopteros Nacionales de Columbia, S.A., v. Hall*, 466 U.S. 408, 414 n. 9, 415 (1984)). "Specific contacts" consist of the nonresident defendant's contacts with Alabama that are related to the cause of action. *See id.* at 551 (citing *Burger Kin Corp. v. Rudzewicz*, 471 U.S. 462, 472-75 (1985)). Jurisdiction based on specific contacts only exists if there is a "clear, firm nexus between the acts of the defendant and the consequences complained of." *Duke v. Young*, 496 So.2d 37, 39 (Ala. 1986). In the present case, the Plaintiffs cannot meet their burden of establishing either general or specific jurisdiction over UGSC.

**B.     This Court Lacks General Personal Jurisdiction Over UGSC.**

To show general jurisdiction, the Plaintiffs must show that UGSC's contacts with the state of Alabama were "continuous and systematic." *Georgia Farm Bureau,* 889 So.2d at 550. UGSC has not maintained continuous and systematic contacts with the state of Alabama and the

Plaintiffs have failed to allege such contacts. Therefore, this Court may not exercise general personal jurisdiction over UGSC. It is undisputed that:

- UGSC does not do nor has it ever done business in Alabama;

- UGSC does not contract-lease people in Alabama;

- UGSC is not required to be registered, licensed, or otherwise qualified to do business in the State of Alabama;

- UGSC has never been required to file any type of tax return with respect to the State of Alabama;

- UGSC has never filed any type of tax return with respect to the State of Alabama;

- UGSC has never had any employees located in the State of Alabama;

- UGSC's officers and directors do not reside in the State of Alabama;

- UGSC has never maintained any offices in the State of Alabama;

- UGSC has never owned any assets or maintained any bank accounts in the State of Alabama;

- UGSC has never owned real or personal property in the State of Alabama;

- UGSC has never maintained a telephone listing in the State of Alabama;

- UGSC has never had any sales representatives in the State of Alabama;

- UGSC does not advertise its services in the State of Alabama;

- UGSC has never been required to maintain a registered agent in the State of Alabama;

- UGSC does not directly derive substantial revenue from goods, services, or products consumed in the State of Alabama;

- UGSC is a completely separate and independent entity from any of the other defendants in this lawsuit; and

- UGSC has never solicited, sold, issued, underwritten, or administered any insurance policy certificate sold in Alabama.

*See* Affidavit of Cindy Pagel (attached hereto as Exhibit A), ¶¶ 4-21. It is clear under Alabama law that, with no personal contacts, UGSC did not maintain "continuous and systematic" contacts with the State of Alabama, and this Court cannot maintain general jurisdiction over UGSC.

    **C.**    **This Court Lacks Specific Jurisdiction Over UGSC**.

Plaintiffs' causes of action do not arise out of an act done or transaction consummated specifically by UGSC in Alabama. Consequently, this Court may not exercise specific personal jurisdiction over UGSC. *See, e.g., Georgia Farm Bureau,* 889 So.2d at 552; *Elliott*, 830 So.2d at 732-33.

UGSC had absolutely no contacts with the Plaintiffs in Alabama and never made any representations or statements to the Plaintiffs. *See* Exhibit A, ¶¶ 4-27. UGSC has never owned, maintained, operated, controlled, or possessed real property or business establishments in the State of Alabama. *Id*., ¶ 13. UGSC has never had a telephone number or bank account in the State of Alabama. *Id*., ¶¶ 12 and 14. UGSC did not solicit, sell, issue, underwrite, or administer the insurance policy certificates referenced in the Plaintiffs' Complaint. *Id.*, ¶ 21. UGSC did not endorse nor did it make any representations to the Plaintiffs concerning the insurance policy certificates referenced in the Plaintiffs' Complaint. *Id.*, ¶¶ 23-24. UGSC does not insure self-employed individuals or small business owners under the insurance policy certificates referenced in the Plaintiffs' Complaint. *Id.*, ¶ 25.

The Plaintiffs allege that UGSC trained agents of UICI, a co-defendant in this case. (Complaint ¶ 20). The Plaintiffs' argument for this Court's exercise of personal jurisdiction over

UGSC appears to be that UGSC made some unspecified effort to sell or market insurance certificates issued by MEGA. (Complaint ¶¶ 22-26). However, the Plaintiffs have failed to demonstrate a "clear, firm nexus" between UGSC's alleged training of UICI agents (which UGSC has never done) and the injuries the Plaintiffs allegedly suffered. *See, e.g., Duke*, 496 So.2d at 39. Moreover, UGSC does not and never has "trained" agents of UICI and was *not* involved in the marketing or sale of any insurance coverage issued to the Plaintiffs or to any other Alabama resident, or to any resident of any state. *See* Exhibit A ¶¶ 20-21. Furthermore, UGSC did not participate in any way in the handling of the claims submitted by the Plaintiffs regarding their health insurance coverage. *Id.* ¶ 28.

Based on the Plaintiffs' failure to demonstrate **any** connection between UGSC's alleged training of UICI agents and the injuries the Plaintiffs allegedly suffered, let alone a "clear, firm nexus," it is clear that UGSC does not have the requisite minimum contacts with Alabama. Consequently, UGSC has had no contacts with the State of Alabama or the Plaintiffs and is not subject to specific personal jurisdiction in this or any other action in Alabama.

### D.     The Exercise of Jurisdiction Does Not Comport with Traditional Notions of Fair Play and Substantial Justice.

The exercise of personal jurisdiction over a nonresident defendant is permitted only when there are sufficient minimum contacts between the defendant and the forum state such that the assertion of personal jurisdiction is consistent with the traditional notions of fair play and substantial justice. *See Alloy Wheels,* 882 So.2d at 822-23. As stated above, UGSC has had no contacts with the Plaintiffs in Alabama. UGSC has no or very little contact with the state of Alabama. Since UGSC does not have the requisite minimum contacts with the state of Alabama, to exercise personal jurisdiction over UGSC would "offend traditional notions of fair play and substantial justice" in violation of the Due Process Clause of the Fourteenth Amendment. *See*

*Asahi Metal Indus. Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 113-14 (1987) (nonresident defendant's activity must be purposely directed toward forum state for exercise of personal jurisdiction to be proper; exercise of personal jurisdiction, even when foreign corporate defendant has established sufficient contacts with forum, must also be reasonable in light of forum's interest in litigation in question). Moreover, it is unreasonable for an Alabama court to exercise personal jurisdiction over a Texas corporation providing services *in* Texas to a third party that may do business in Alabama. *See., e.g., Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (holding that purposeful availment requirement for exercise of personal jurisdiction ensures that nonresident defendant will not be haled into jurisdiction based on unilateral activity of third party).

IV.   CONCLUSION

For the foregoing reasons, UGSC respectfully requests that this Court dismiss the Plaintiffs' claims against UGSC for lack of personal jurisdiction pursuant to Rules 12(b)(2) and 12(b)(5) of the FEDERAL RULES OF CIVIL PROCEDURE. UGSC also requests that this Court grant it such other relief to which it is justly entitled.

Respectfully Submitted,

  /s/ John N. Bolus
John N. Bolus
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Phone: (205) 254-1025
Fax: (205) 254-1999

**ATTORNEY FOR DEFENDANT
UNITED GROUP SERVICE CENTERS, INC.**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document has been served via *United States Mail, First Class, postage pre-paid* to the parties listed below on the  18th  day of May, 2005.

Phillip W. McCallum
McCallum & Methvin, PC
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205


Henry Callaway
E. Luckett Robinson
Hand Arendall, LLP
P.O. Box 123
Mobile, AL 36601


                /s/ John N. Bolus
                OF COUNSEL