UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID P. NOAKES AND CYNTHIA M. NOAKES,<br><br>Plaintiffs,<br><br>vs.<br><br>MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES); UNTIED GROUP SERVICE CENTERS, INC.; UICI, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; STEPHANIE TRANCHINA and FICTITIOUS DEFENDANTS 1-20,<br><br>Defendants. | Civil Action No. 2:05cv442-W |

**THE MEGA LIFE AND HEALTH INSURANCE COMPANY'S PARTIAL
MOTION TO DISMISS PURSUANT TO RULES 12(B)(6)
AND 9(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The MEGA Life and Health Insurance Company ("MEGA") moves the Court pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure to dismiss Counts One, Three, Four, Five, Seven, and Eight of the Complaint (the "Complaint") filed by Plaintiffs David and Cynthia Noakes ("Plaintiffs"). In support of its motion, MEGA respectfully states as follows:

### I.   PRELIMINARY STATEMENT

Plaintiffs opted out of a national class settlement involving nearly identical claims and nearly identical defendants as those presented in this action (the "Settlement"). Although Plaintiffs had no claims pending before or during the Settlement, Plaintiffs have now filed a "copy-cat" of the complaint underlying the Settlement, asserting claims against unspecified

"Defendants" based on generic allegations of purported wrongdoing in MEGA's sale and administration of health insurance certificates, with little, if any, allegations of fact pertaining to Plaintiffs.[1] In fact, only a handful of the 105 paragraphs making up the Complaint relate directly to Plaintiffs.

Based on these generic, copy-cat allegations, Plaintiffs purport to state claims against unspecified "Defendants" for (1) breach of fiduciary and trust duties; (2) breach of contract; (3) fraudulent suppression; (4) civil conspiracy; (5) fraud; (6) breach of the implied contract to procure insurance; (7) negligence/wantonness; (8) negligence *per se*; (9) bad faith refusal to pay; and (10) bad faith refusal to investigate. However, to the extent these claims are asserted against MEGA,[2] Plaintiffs' claims for breach of fiduciary and trust duties, fraudulent suppression, fraud, unjust enrichment, negligence *per se*, negligence/wantonness, and conspiracy all fail, as a matter of law, and are subject to dismissal.

First, Plaintiffs' claim for breach of fiduciary and trust duties fails because (i) no fiduciary relationship exists between MEGA and Plaintiffs, and (ii) Plaintiffs' allegations are not sufficient to create a trust under Alabama law. Second, Plaintiffs' claims for fraudulent suppression and fraud fail because Plaintiffs fail to allege these claims with the particularity required by Rule 9(b). Plaintiffs' claim for fraudulent suppression further fails because they fail to allege a confidential relationship with MEGA sufficient to impose a duty of disclosure. Third, Plaintiffs' claim for negligence *per se* based on alleged violations of Alabama's insurance statutes and regulations fails because Plaintiffs do not have a private right of action for alleged violations of Alabama's insurance code. Fourth, Plaintiffs' claim for negligence/wantonness

---

[1] Counsel for Plaintiffs has now filed a nearly identical version of this copy-cat complaint in four separate Alabama lawsuits on behalf of four separate groups of plaintiffs.
[2] It appears that cause of action number six, breach of the implied contract to procure insurance, is not asserted against MEGA.

fails because they have failed to plead facts sufficient to create a duty, an essential element of this claim.  <u>Finally</u>, Plaintiffs' civil conspiracy claim fails because no underlying tort supports this claim.

## II.     STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957).  When, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate.  <u>See</u> <u>Powell v. United States</u>, 945 F.2d 374 (11th Cir. 1991).

## III.     ARGUMENT AND AUTHORITIES

**A.     <u>Plaintiffs Have Not Stated a Claim for Breach of Fiduciary and Trust Duties</u>.**

1.     <u>Plaintiffs have failed to allege facts creating a duty</u>.

The facts alleged in the Complaint do not state a claim against MEGA for breach of fiduciary duty.  There is not a duty to disclose in this case because, under Alabama law, an insurer such as MEGA does not stand in a confidential relationship with an insured.  <u>See</u> <u>State Farm Fire & Cas. Co. v. Owen</u>, 729 So. 2d 834, 842 (Ala. 1998).  If there is no confidential relationship sufficient to require a duty to disclose, there certainly cannot exist the heightened fiduciary relationship generally alleged by Plaintiffs.  In <u>Owen</u>, 729 So. 2d at 842, an action filed by an insured against her property insurer, the court held that the existence of a duty to disclose is a question of law and that the insurer owed no duty to disclose that premiums would be based on the appraisal value of the plaintiff's diamond ring, even though the insurer would pay no more than the replacement cost.  <u>See</u> <u>Owen</u>, 729 So. 2d at 839-42.  After determining that the duty to disclose can arise from a confidential relationship or from special circumstances, the

court considered whether, as a matter of law, the insurer had a duty to disclose. See id. In doing so, the court concluded that there was no such duty:

> In the first instance, the obligation to communicate could arise from the confidential relations of the parties. [Plaintiff] does not contend that her relationship with State Farm was a fiduciary relationship, nor would the evidence in this case support such a finding. *See Hardy v. Blue Cross & Blue Shield,* 585 So. 2d 29 (Ala.1991); *King v. National Foundation Life Ins. Co.,* 541 So. 2d 502 (Ala.1989). Thus, the imposition of a duty of disclosure could have been justified only if this case presented "special circumstances" mandating disclosure.

Id. at 842. In other words, the court equated a confidential relationship with that of a fiduciary nature and found that none could exist. Id. Accordingly, an insurer such as MEGA cannot owe a fiduciary duty as a matter of law.

The case of King v. National Foundation Life Ins. Co., 541 So. 2d 502 (Ala. 1989), cited by the Owen court, also supports this proposition. In King, a first party insurance case brought against a medical insurer, the court held that there was no confidential relationship between the insurer and insured to support plaintiffs' claims for fraudulent suppression. King, 541 So. 2d at 505-06. Furthermore, the King court found that an insurer's silence as to internal operating procedures did not amount to fraud under Alabama law. King, 541 So. 2d at 505-06; see also Hardy, 585 So. 2d 29. Both the King and Owen cases rejected as a matter of law the argument that an insurer has any confidential relationship with an insured and owes any duty to disclose facts related to its internal operating procedures. See King, 541 So. 2d at 505-06; Owen 729 So. 2d at 843. If insurers have no such confidential relationship with an insured, then surely Plaintiffs cannot sustain a claim that MEGA owes a higher duty such as a fiduciary duty.

Moreover, none of Plaintiffs' allegations elevate their insured/insurer relationship with MEGA to a fiduciary one. Plaintiffs claim that they applied for and obtained a certificate of health insurance coverage from MEGA in December 2002 (the "Certificate"). (Compl. ¶¶ 43-

45.) They further allege that MEGA assumed certain vague "management and administrative" functions of codefendant the National Association for the Self-Employed (the "NASE"), "thereby stepping into the shoes of fiduciaries and assuming fiduciary duties as to the Plaintiffs." (Id. ¶ 50.)  These allegations, even if true, cannot support a claim for breach of fiduciary duty.  Otherwise, every insurer performing these routine functions would necessarily be in a confidential, fiduciary relationship with their insureds, a conclusion that contradicts well-established Alabama law.  See Owen, 729 So. 2d at 843; King, 541 So. 2d at 505-06.  Plaintiffs also allege MEGA failed to inform them how premiums would be calculated, the nature of the relationship between the Defendants, and how MEGA would administer insurance coverage.  (Compl. ¶ 52.)  Since insurers have no duty to disclose such internal operating procedures, these allegations also fail to create any fiduciary duty owed by MEGA.  See King, 541 So. 2d at 505-06.

To the extent Plaintiffs allege that MEGA assumed any role in recommending insurance for Plaintiffs, Alabama law is equally clear that an insurance company or agent does not owe a fiduciary duty to a prospective insured.  See Guinn v. Am. Integrity Ins. Co., 568 So. 2d 760, 764 (Ala. 1990).  The Guinn court wrote:

> Until such a contractual relationship has been established, the parties remain in the relationship of salesperson and prospective customer. The salesperson and his principal may be liable for damages if he misrepresents material facts in an attempt to induce the prospective customer to enter into the contract . . . . However, that potential liability does not indicate the existence of a fiduciary relationship.

Guinn, 568 So. 2d at 764 (internal citations omitted).  Since the Plaintiffs allege they were new customers of MEGA and the NASE (Compl. ¶¶ 43-44.), Guinn bars any claim that MEGA or any other Defendant owed Plaintiffs a duty to select insurance.  Id.

Thus, Plaintiffs have not alleged facts sufficient to impose a fiduciary duty on MEGA, and Plaintiffs' claim for breach of fiduciary duty should be dismissed.

2. <u>Plaintiffs' allegations are not sufficient to establish the existence of a trust under Alabama law</u>.

Plaintiffs' claim for breach of trust duties also fails because Plaintiffs fail to allege the existence of a trust.

The Alabama Supreme Court has repeatedly held that for a trust to exist, one person must hold legal title to some form of property and another person hold beneficial ownership in the property. <u>See</u> <u>Underwood v. Bank of Huntsville</u>, 494 So. 2d 619, 620-21 (Ala. 1986); <u>Birmingham Trust & Sav. Co. v. Marx</u>, 159 So. 483, 487 (Ala. 1935). Plaintiffs do not allege that MEGA or any other defendant held any property in trust for the beneficial ownership of Plaintiffs. (<u>See generally</u> Compl.) Indeed, Plaintiffs make clear that MEGA did *not* hold any property for their benefit. (Compl. ¶ 49 ("Plaintiffs stand in a relationship of trust and confidence with NASE and MEGA, *as well as the trust holding the master policy from which Plaintiffs were issued a 'certificate.'*") (emphasis added).) Therefore, Plaintiffs have failed to allege the existence of a trust and their claim for breach of trust duties fails as a matter of law and should be dismissed with prejudice. <u>See</u> <u>Marx</u>, 159 So. at 487.

**B.     <u>Plaintiffs Fail to State A Claim for Fraud or Fraudulent Suppression</u>.**

1. <u>Plaintiffs' claims for fraud and fraudulent suppression fail because Plaintiffs do not allege these claims with the requisite particularity</u>.

Plaintiffs' vague allegations of fraud by unspecified "Defendants" fail to state a claim against MEGA for fraud or fraudulent suppression.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity*." FED. R. CIV. P. 9(b) (emphasis added). To satisfy Rule 9(b), the complaint must set forth: (1) precisely what statements were

-6-

made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud.  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).  In other words, "general, conclusory allegations of fraud" are inadequate.  Morrow v. Green Tree Servicing, L.L.C., 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (citing Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 568 (11th Cir. 1994)).

Moreover, "[c]ourts interpret Rule 9 (b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud."  McAllister Towing & Transp. Co., Inc. v. Thorns Diesel Serv., Inc., 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001) (where complaint did not contain specific allegations with respect to each separate defendant, plaintiff failed to plead a claim for fraud).  Thus, "a plaintiff does not satisfy [the Rule 9 (b)] requirement by simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements."  Id.; see also Sky Techs. Partners, L.L.C. v. Midwest Research Inst., 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000) (complaint was deficient under Rule 9(b) where the Plaintiff failed to identify those employees or representatives of the defendants who made the allegedly fraudulent statements).

Plaintiffs' allegations of fraud and fraudulent suppression fail to satisfy any of these requirements.  First, Plaintiffs make no attempt to specify which of the many Defendants allegedly made any misrepresentations or failed to disclose a material fact.  (See generally Compl.)  Rather, Plaintiffs allege only that unspecified "Defendants" made misrepresentations or failed to disclose facts.  (See e.g., Compl. ¶ 29 ("The Defendants conceal and do not disclose . . .

-7-

Defendants represent . . ."), ¶ 67 ("Defendants failed to disclose . . ."), ¶ 77 ("Defendants . . . misrepresented the material facts described above to Plaintiffs.").)  Due to this failure alone, Plaintiffs' claims for fraud and fraudulent suppression should be dismissed.  See <u>McAllister Towing & Transp. Co., Inc.</u>, 131 F. Supp. 2d at 1301.

In addition to failing to specify which of the many "Defendants" in this action purportedly misrepresented or failed to disclose a material fact, Plaintiffs fail to allege when or where these purported misrepresentations or omissions occurred.  (<u>See generally</u> Compl.)  Indeed, the only specific allegations about the Plaintiffs' particular transaction are summarized in four paragraphs where Plaintiffs simply acknowledge enrolling in the NASE, acknowledge paying premiums, and allege that the "miniscule payment of claims by MEGA was in direct contravention" of certain unidentified representations allegedly made by defendant Stephanie Tranchina at some unspecified time and place.  (<u>See</u> <u>id.</u> ¶¶ 43-46.)  Because no facts regarding fraud or suppression are alleged with any particularity, let alone the particularity required by Rule 9, Plaintiffs' claims for fraud and fraudulent suppression fail and are due to be dismissed.  <u>See</u> <u>Brooks</u>, 116 F.3d 1371; <u>Friedlander v. Nims</u>, 755 F.2d 810, 813-14 (11th Cir. 1985) (dismissal for failure to comply with Rule 9(b); <u>Cooper</u>, 19 F.3d at 568 (Rule 9(b) not satisfied where plaintiff failed to allege details of fraudulent acts, when they occurred, and who engaged in them); <u>Morrow</u>, 360 F. Supp. 2d at 1250-51 (same).

2. <u>Plaintiffs' claim for fraudulent suppression further fails because Plaintiffs do not allege a confidential relationship with MEGA sufficient to impose a duty of disclosure</u>.

Plaintiffs' fraudulent suppression claim should also be dismissed because Plaintiffs have not shown any confidential relationship between Plaintiffs and MEGA that imposes upon MEGA a duty of disclosure.

-8-

To state a claim for fraudulent suppression, a plaintiff must show the defendant had a duty of disclose an existing material fact either because of a confidential relationship between the plaintiff and the defendant, or because of the particular circumstances of the case. See Booker v. United Am. Ins. Co., 700 So. 2d 1333, 1339 (Ala. 1997) (duty to disclose essential element of fraudulent suppression claim). Whether a party has a duty of disclosure is initially an issue of law for the court to determine. See Owen, 729 So. 2d at 841-42. Under Alabama law, there is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship. King, 541 So. 2d at 505-06; see also ALA. CODE § 6-5-102 (1975) ("The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.").

In Owen, the Alabama Supreme Court concluded that no special circumstances or confidential relationship imposed a duty upon an insurer to disclose to its insured how premiums would be calculated and claims would be paid. Owen, 729 So. 2d at 842-43. In concluding that no such duty existed, the court stated:

> To uphold [plaintiff's] claim, we would have to rule that it is the responsibility of every insurer at the point of sale to explain fully to potential customers the insurer's internal procedures, its ratemaking process, and its business practices. To impose that responsibility strikes us as highly impractical, and it is a responsibility we have not imposed in the past.

Id. at 843 (citation omitted). The court further found that simply claiming that the insurer has superior knowledge was not sufficient to create a duty to disclose. See id. (no duty to disclose internal procedures and practices because "in practically any transaction, particularly those involving specialized areas like insurance, one party will have greater knowledge than the other"); see also Surrett v. TIG Premier Ins. Co., 869 F. Supp. 919, 925 (M.D. Ala. 1994)

("Superior knowledge of a fact, without more, does not impose upon a party a legal duty to disclose such information.")

Likewise, in <u>King</u>, the plaintiffs' fraudulent suppression claim against their medical insurer failed because no confidential relationship existed that would require the insurance company to disclose its internal operating procedures for handling certain claims. <u>King</u>, 541 So. 2d at 505-06.

Here, Plaintiffs fail to allege facts demonstrating that any duty is owed. Plaintiffs make the conclusory allegation that they stand in a "relationship of confidence and trust" with MEGA, but do not explain how such relationship arose. (<u>See</u> Compl. ¶ 49.) Plaintiffs further allege that the Defendants concealed the true nature of the business relationships among the Defendants, but they provide no explanation as to how MEGA could possibly be under a duty to disclose these purported relationships. (<u>See</u> Compl. ¶¶ 28-29.) Plaintiffs also assert that "Defendants have vastly superior knowledge and expertise regarding the terms and conditions of the insurance they were offering," but Plaintiffs provide no facts indicating that MEGA's "vastly superior knowledge" is somehow greater or more significant than the knowledge of any other insurance provider. (<u>Id.</u> ¶ 35.) In short, none of these allegations are sufficient to create a duty of disclosure on the part of an insurance company. <u>See</u> <u>King</u>, 541 So. 2d at 505-06; <u>Owen</u>, 729 So. 2d at 842-43. Accordingly, Plaintiffs' claim for fraudulent suppression fails as a matter of law.

C. **Plaintiffs Cannot State A Claim Against MEGA for Negligence Per Se Because Plaintiffs Do Not Have a Private Right of Action Under the Alabama Insurance Code**.

Plaintiffs' negligence *per se* claim against MEGA is based on its alleged violation of Alabama's insurance statutes. (<u>See</u> Compl. ¶ 91.) This claim fails because Plaintiffs have no private right of action under Alabama's insurance code.

Alabama's insurance code provides no private right of action for violation of its provisions. See Am. Auto. Ins. Co. v. McDonald, 812 So. 2d 309, 312 (Ala. 2001). In McDonald, an automobile lessee brought an action against his lessor and an insurer for selling insurance without a license. McDonald, 812 So. 2d at 311. The court held that the lessee did not have a private right of action against the insurer for an alleged violation of Alabama's insurance statutes. Id. at 311-12. The court explained:

> One claiming a private right of action within a statutory scheme must show clear and convincing evidence of legislative intent to impose civil liability for a violation of the statute. The Insurance Code explicitly provides in § 27-11-4 that the insurance commissioner has the authority to bring an action against any insurer he believes is violating the Insurance Code. In addition, the regulations promulgated by the Department of Insurance pursuant to the Insurance Code provide that an individual may demand a hearing before the commissioner to requite alleged violations of the Insurance Code. Nothing in the Insurance Code suggests that the Legislature intended to create a private right of action against one who violates § 27-3-27 by selling insurance without a license.

Id. at 311-312; see also C.B. v. Bobo, 659 So. 2d 98, 102 (Ala. 1995) (plaintiffs' statutory negligence claim failed to state a claim upon when relief can be granted because statute created a duty owed to the general public, not to specific individuals).

Likewise, in Liberty National Life Insurance Company v. University of Alabama Health Services Foundation, 881 So. 2d 1013 (Ala. 2003), the court held that a cancer insurer could not recover in a private cause of action against a state university hospital for violations of a state statute governing the hospital's itemized statement to a patient. The Liberty National Life Insurance Company court held that the statute contained no language suggesting that the legislature intended to create a cause of action for violation of the statutory provisions, and thus,

the plaintiff was not entitled to bring such an action under a negligence per se argument or otherwise.  Liberty Nat'l. Ins. Co., 881 So. 2d at 1026, n.7.

Plaintiffs allege that "Defendants" are liable for negligence *per se* because their "actions constitute violations of Alabama insurance statutes and regulations governing rating and pooling practices for group health insurance."  (Compl. ¶ 91.)  However, because the Alabama insurance code provides no private right of action for violation of its provisions, Plaintiffs' claim against MEGA for negligence *per se* based on its purported violations of the code fails as a matter of law and should be dismissed with prejudice.  See McDonald, 812 So. 2d at 311-12; Liberty Nat'l. Ins. Co., 881 So. 2d at 1026 n.7.

**D.    Plaintiffs' Negligence/Wantonness Claim Should Be Dismissed Because Plaintiffs Fail to Plead Facts Supporting Essential Elements of Their Claims**.

1.    Plaintiffs' negligence claim fails because Plaintiffs have not pleaded facts sufficient to create a duty.

Plaintiffs' negligence claim should be dismissed because Plaintiffs fail to adequately allege facts giving rise to a duty, an essential element of their claim.  In Alabama, to prevail on a negligence claim, a plaintiff must show (1) a duty to a foreseeable plaintiff, (2) breach of duty, (3) causation, and (4) damage.  See Alfa Life Ins. Corp. v. Hughes, 861 So. 2d 1088, 1103 (Ala. 2003); see also Chatman v. City of Prichard, 431 So. 2d 532, 534 (Ala. 1983) (tort of negligence requires the existence of some duty to the plaintiff).  "It is elementary that where there is no duty, there can be no negligence."  Gilbert v. Gwin-McCollum Funeral Home, Inc., 268 Ala. 372, 377 (Ala. 1958).

Here, Plaintiffs do not plead any facts giving rise to a duty between MEGA and Plaintiffs.  As discussed supra, Plaintiffs' allegations concerning fiduciary and trust obligations fail, as a matter of law, to create any duty owed by MEGA.  See King, 541 So. 2d at 505-06; Owen, 729 So. 2d at 839-42; Marx, 159 So. at 487.  The only additional factual allegations made

by Plaintiffs concern purported obligations of MEGA relating to (i) the amount and calculation of Plaintiffs' insurance premiums and (ii) the payment of claims. (See Compl. ¶¶ 30-32; 37-46; 58-62). All of these allegations, however, are the subject of Plaintiffs' breach of contract claim. (See id. ¶¶ 58-63.) Under Alabama law, contractual based allegations cannot support a negligence claim. See Brown-Marx Assocs., Ltd. v. Emigrant Sav. Bank, 703 F.2d 1361, 1371 (11th Cir. 1983) ("[T]he Alabama Supreme Court has stated that an ordinary breach of contract will not give rise to a tort."); Tennessee Coal, Iron & R. Co. v. Sizemore, 62 So. 2d 459, 464 (Ala. 1952) (defendant cannot be liable in both contract and tort for breach of identical duties). Accordingly, Plaintiffs' allegations relating to premiums charged and claims paid are insufficient to create a tort duty.

Further, Plaintiffs' conclusory allegation that "Defendants owed duties of diligence, due care, and fair dealings to Plaintiffs," without any explanation of how such duty arose or why it exists, should be disregarded. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation omitted).

As a result, Plaintiffs have failed to plead any facts which would give rise to a duty because Plaintiffs' negligence claim is merely a restatement of their breach of contract claim, and Plaintiffs' generic, conclusory allegations should be disregarded. Consequently, Plaintiffs' negligence claim should be dismissed. See, e.g., Alfa Life Ins. Co., 861 So. 2d at 1103; Chatman, 431 So. 2d at 534.

E.  **Plaintiffs' Civil Conspiracy Claims Fails Because MEGA Did Not Conspire With Any Other Defendant to Commit an Underlying Tort**.

Plaintiffs' civil conspiracy claim against MEGA fails as a matter of law because the Complaint demonstrates that MEGA did not conspire with any other defendant to commit a

wrongful act. "A conspiracy cannot exist in the absence of an underlying tort." Willis v. Parker, 814 So. 2d 857, 867 (Ala. 2001). "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and when the underlying wrong provides no cause of action, then neither does the conspiracy." Jones v. BP Oil Co., Inc., 632 So. 2d 435, 439 (Ala. 1993). As demonstrated above, the only claims against MEGA not currently subject to dismissal are Plaintiffs' claims for (1) breach of contract, (2) Bad Faith Refusal to Pay, and (3) Bad Faith Refusal to Investigate. MEGA, the only party to the contract other than Plaintiffs and the only party against whom the bad faith allegations are brought, cannot conspire with itself to commit bad faith or a breach of contract. See State Farm Fire & Cas. Co. v. Middleton, 65 F. Supp. 2d 1240, 1247 (M.D. Ala. 1999) (civil conspiracy claim requires an agreement between *two or more persons* to accomplish an unlawful end). Accordingly, Plaintiffs' conspiracy claim also fails as a matter of law.

## IV.   CONCLUSION

Because they fail to state a claim upon which relief can be granted, MEGA respectfully requests that the Court dismiss with prejudice Counts One, Three, Four, Five, Seven, and Eight of Plaintiffs' Complaint. MEGA further requests any other relief to which it is justly entitled.

/s/ Henry Callaway
HENRY A. CALLAWAY, III
E. LUCKETT ROBINSON, II
Attorneys for The MEGA Life and Health
Insurance Company

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Tel:    (251) 432-5511
Fax:   (251) 694-6375

DA1:\404669\05\8_8T05!.DOC\78416.0030

-15-

**CERTIFICATE OF SERVICE**

      I hereby certify that I have, on May 18, 2005, served a copy of the foregoing pleading on all counsel of record by electronic service and by placing a copy of same in United States Mail, properly addressed and first class postage prepaid, as follows:

Phillip W. McCallum, Esq.
Robert G. Methvin, Jr., Esq.
James M. Terrell, Esq.
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama  35205

James B. Pittman, Jr., Esq.
Davis & Fields, P.C.
27180 Pollard Road
Daphne, AL 36526

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203-2618


                        /s/ Henry Callaway

DA1:\404669\05\8_8T05!.DOC\78416.0030