UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID P. NOAKES AND CYNTHIA M. NOAKES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 2:05cv442-W |
| MEGA LIFE AND HEALTH INSURANCE | ) | |
| COMPANY; UNITED INSURANCE COMPANIES, | ) | |
| INC. (d/b/a THE INSURANCE CENTER, UGA – | ) | |
| ASSOCIATION FIELD SERVICES); UNTIED | ) | |
| GROUP SERVICE CENTERS, INC.; UICI, INC.; | ) | |
| SPECIALIZED ASSOCIATION SERVICES, INC.; | ) | |
| NASE GROUP INSURANCE TRUST FUND; | ) | |
| NATIONAL ASSOCIATION FOR THE | ) | |
| SELF-EMPLOYED; STEPHANIE TRANCHINA and | ) | |
| FICTITIOUS DEFENDANTS 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## UICI'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative,

pursuant to Rules 12(b)(6) and 9(b), Defendant UICI hereby submits this Motion to Dismiss (the

"Motion") the Complaint ("Complaint") filed by Plaintiffs David and Cynthia Noakes

("Plaintiffs").  In support of its Motion, UICI respectfully states as follows:

## I.  PRELIMINARY STATEMENT

Plaintiffs opted out of a national class action settlement involving nearly identical

claims and nearly identical defendants as those presented in this action (the "Settlement").

Although Plaintiffs had no claims pending before or during the Settlement, Plaintiffs have now

filed a "copy-cat" of the complaint underlying the Settlement, asserting claims against

unspecified "Defendants" based on generic allegations of purported wrongdoing in The MEGA Life and Health Insurance Company's ("MEGA") sale and administration of certificates of health insurance coverage.  Plaintiffs include UICI, a Texas based holding company, and MEGA's parent corporation, as a defendant in their action, even though they fail to allege any interaction, relationship, or transaction with UICI, or that UICI does, or has ever done, business in Alabama.  Despite this dearth of allegations, Plaintiffs purportedly include UICI in the seven separate causes of action they attempt to assert against unspecified "Defendants."

Plaintiffs' claims against UICI must be dismissed because this Court lacks personal jurisdiction over UICI.  UICI does not have the contacts with the State of Alabama necessary for this Court to exercise personal jurisdiction over it.  As set forth in the Affidavit of Mark Hauptman,[1] UICI is a holding company that has never done business in Alabama and is not registered to do business in Alabama.  UICI has no property, employees, agents, or officers in Alabama, and does not pay taxes in Alabama.  Indeed, UICI was served with Plaintiffs' Summons and Complaint through an officer in Texas.  Moreover, UICI is not an insurance company, it does not administer insurance claims, and it is not registered to sell insurance in Alabama or any other state.  Thus, it had no involvement in the sale or administration of the the certificate of health insurance coverage purchased by Plaintiffs (the "Certificate"), which is the basis for Plaintiffs' claims.  Without these minimum contacts, this Court's exercise of jurisdiction over UICI would violate the due process required by the United States Constitution

---

[1] The Hauptman Affidavit is attached hereto and incorporated herein as Exhibit "1," in support of UICI's Rule 12(b)(2) motion only.  The Court may consider written materials, including affidavits, in support of a motion to dismiss for lack of personal jurisdiction.  See Mercantile Capital, LP v. Fed. Transtel, Inc., 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (defendants may present affidavits or other materials evidencing lack of personal jurisdiction) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000).

and Alabama law.  Accordingly, all of Plaintiffs' claims against UICI should be dismissed with prejudice pursuant to Rule 12(b)(2).

Alternatively, subject to the Court's ruling on jurisdiction, and without consenting to jurisdiction in Alabama, UICI moves to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 9(b) because Plaintiffs have failed to state a claim against it upon which relief can be granted.  First, Plaintiffs' claim for breach of fiduciary and trust duties fails because (i) no fiduciary relationship exists between UICI and Plaintiffs, and (ii) Plaintiffs' allegations are not sufficient to create a trust under Alabama law.  Second, Plaintiffs' claim for breach of contract fails because UICI was not a party to the contract between MEGA and Plaintiffs.  Third, Plaintiffs' claims for fraudulent suppression and fraud fail because Plaintiffs fail to allege these claims with the particularity required by Rule 9(b).  Plaintiffs' claim for fraudulent suppression further fails because they fail to allege a confidential relationship with UICI sufficient to impose a duty of disclosure.  Fourth, Plaintiffs' claim for negligence *per se* based on alleged violations of Alabama's insurance statutes and regulations fails because UICI is not an insurer, and thus, it is not governed by the Alabama insurance code.  Plaintiffs' negligence *per se* claim further fails because Plaintiffs do not have a private right of action for alleged violations of Alabama's insurance code.  Fifth, Plaintiffs' claim for negligence/wantonness fails because they have failed to plead facts sufficient to create a duty, an essential element of this claim.  Finally, Plaintiffs' civil conspiracy claim fails because no underlying tort supports this claim. [2]  Accordingly, all of Plaintiffs' claims against UICI fail and their Complaint against it should be dismissed with prejudice.

---

[2]  It appears that Count Six — Breach  of Implied Contract to Procure Insurance, Count Nine – Bad Faith Refusal to Pay, and Count Ten – Bad Faith Refusal to Investigate are not asserted against UICI.  (See Compl. ¶¶ 82-85, 93-99, 100-105.)

## II.  MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)
## FOR LACK OF PERSONAL JURISDICTION

**A.    Standard for Determining Whether *In Personam* Jurisdiction Exists in Diversity Matters.**

When adjudicating a motion to dismiss for lack of personal jurisdiction, where no evidentiary hearing is held, a plaintiff bears the initial burden of establishing a *prima facie case of jurisdiction* over the nonresident defendant.  See Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); see also Butler v. Beer Across Am., 83 F. Supp. 2d 1261, 1263 (N.D. Ala. 2000).  Here, Plaintiffs fail to establish the requisite *prima facie* case of jurisdiction over UICI, a nonresident defendant.

Personal jurisdiction over a non-resident defendant in a diversity action is determined by the law of the forum in which the federal court sits.  See Berry v. Salter, 179 F. Supp. 2d 1345, 1348 (M.D. Ala. 2001) ("When a federal court exercises subject matter jurisdiction based on diversity of citizenship, the personal jurisdiction analysis is the same as that of the state court in which the federal court resides.").  Alabama's long-arm statute "permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution."  Mercantile Capital, LP, 193 F. Supp. 2d at 1248; see also Banton Indus., Inc. v. Dimatic Die & Tool Co., 801 F.2d 1283, 1284 (11th Cir. 1986).  Thus, this Court must determine whether the exercise of personal jurisdiction over UICI comports with due process.  See id.

Due process permits this Court to "exercise personal jurisdiction over a nonresident defendant only so long as there exists 'minimum contacts' between the defendant and the forum state."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).  "The critical question with regard to the nonresident defendant's contacts is whether the contacts

are such that the nonresident defendant 'should reasonably anticipate being haled into court in the forum state.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). Plaintiffs bear the burden of establishing "minimum contacts" through either specific or general jurisdiction. See Consol. Dev. Corp., 216 F.3d at 1291.

To establish specific jurisdiction, a plaintiff must demonstrate that the nonresident defendant's activities within the forum state are related to the cause of action alleged in the complaint. See id. The requisite minimum contacts will exist to support the exercise of specific jurisdiction "only where the [nonresident] defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." Burger King Corp., 471 U.S. at 475. Consequently, the nonresident defendant's "own conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagon, 444 U.S. at 297.

In the alternative, even where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general jurisdiction* over a defendant based on the defendant's general business contacts with the forum state. See Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 415 (1984) When evaluating general jurisdiction, courts apply a more stringent minimum contacts test, requiring plaintiff to demonstrate the defendant's continuous and systematic general business contacts with the forum state. Id.; see also Consol. Dev. Corp., 216 F.3d at 1292. Courts impose this heightened burden because general jurisdiction is predicated on facts not related to the events

5

giving rise to the suit.  Id.  Such contacts include transacting business in Alabama, owning real property in Alabama, contracting to supply good or services in Alabama, and causing tortuous injury through an act or omission in Alabama or outside Alabama, if the person regularly conduct business in, derives substantial revenue from, or has a persistent course of conduct in Alabama.  See Ala. R. Civ. P. 4.2; Berry, 179 F. Supp. 2d at 1348.

Even if minimum contacts exist through specific or general jurisdiction, this Court must then consider whether exercising personal jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice.  See Butler, 83 F. Supp. 2d at 1268 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1251 (11th Cir. 2000) (even though minimum contacts existed, failure to satisfy factors for traditional notions of fair play and substantial justice barred exercise of personal jurisdiction) (citing Burger King Corp., 471 U.S. at 476).  The relevant inquiry is whether the district court's exercise of personal jurisdiction over a nonresident defendant with minimum contacts is reasonable.  See Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1358 (11th Cir. 2000), aff'd, No. 02-13246, 2002 WL 31651923 (11th Cir. Nov. 12, 2002).  The Eleventh Circuit has identified five significant factors in evaluating reasonableness:

a.    the burden on the defendant;

b.    the forum State's interest in adjudicating the dispute;

c.    the plaintiff's interest in obtaining convenient and effective relief;

d.    the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

e.    the shared interest of the several States in furthering the fundamental substantive social policies.

See Future Tech. Today, Inc., 218 F.3d at 1251 (holding that it would be unreasonable to subject defendant to defending a lawsuit in Florida based upon defendant entering into one service arrangement, over the telephone, without ever setting foot in Florida).

**B.**     **Constitutional Due Process Prevents this Court From Exercising Personal Jurisdiction over UICI.**

This Court should not exercise personal jurisdiction over UICI for several significant reasons.  First and foremost,  far from establishing a *prima facie* case for jurisdiction, Plaintiffs' own allegations affirmatively demonstrate that UICI lacks contacts with Alabama sufficient to warrant an exercise of personal jurisdiction.  Second, the evidence presented herein clearly shows that UICI does not have sufficient contacts with Alabama to warrant an exercise of personal jurisdiction.  Finally, even if this Court were to find contacts sufficient to establish personal jurisdiction, this Court's exercise of personal jurisdiction over UICI would violate traditional notions of fair play and substantial justice.

**1.**     **Plaintiffs' Complaint Does Not Establish A Prima Facie Case of Personal Jurisdiction Over UICI.**

Although Plaintiffs attempt to entangle UICI into their claims by asserting their allegations against unspecified "Defendants," Plaintiffs do not allege UICI (as opposed to any other defendant) conducted any activities in Alabama related to their causes of action.  (See generally Compl.)  Rather, they specifically allege that the Certificate, the contract upon which their claims are based, is a contract between themselves and MEGA, not UICI.  (See id. ¶ 32.)

Moreover, Plaintiffs do not allege UICI is registered to, or actually did, conduct any business in the State of Alabama, much less that it had continuous or systematic business contacts therein.  (See generally id.)  Rather, Plaintiffs allege that UICI is a foreign corporation

organized and existing under the laws of the state of Delaware, with a principal place of business in Texas.  (See id. ¶ 3.)

Thus, *Plaintiffs' own allegations* demonstrate UICI's lack of contacts with Alabama and the causes of action alleged in the Complaint.  (Id.)

### 2.  UICI Does Not Have Any Contacts with Alabama to Provide this Court with Specific or General Jurisdiction.

#### a.    This Court Lacks Specific Jurisdiction Over UICI.

This Court does not have specific jurisdiction over UICI because UICI did not conduct activities in Alabama related to the causes of action alleged in the Complaint.  Each of Plaintiffs' causes of action are predicated on the sale and/or administration of their Certificate. (See generally Compl.)  The Certificate is a contract of insurance between Plaintiffs and MEGA. (See id. ¶ 14.)  Moreover, UICI is not an insurer, and does not participate in the business of insurance (or any other business ) in Alabama.  (Id. ¶¶ 6-7.)  As such, UICI was not involved in the sale or administration of the Certificate.  (Id. ¶3.)  Consequently, Plaintiffs cannot demonstrate that UICI conducted activities in Alabama that are related to the causes of action alleged in their Complaint.  See Consol. Dev. Corp., 216 F.3d at 1291.  Further, because UICI does not conduct any business in Alabama, Plaintiffs cannot demonstrate that it "purposely avail[ed] itself of the privilege of conducting activities" therein, or that it "invok[ed] the benefits and protections" of Alabama's law.  Id.  Accordingly, Plaintiffs cannot establish specific jurisdiction over UICI in Alabama.  Id.

#### b.    This Court Lacks General Jurisdiction Over UICI.

This Court does not have general jurisdiction over UICI because UICI did not have continuous and systematic contacts with the State of Alabama.  UICI is a Delaware corporation headquartered in Texas that is not registered to, and does not conduct, business in

Alabama.  (See Hauptman Aff. ¶¶ 2, 4.)  UICI does not have any employees in Alabama, does

not own property in Alabama, and pays no taxes in Alabama.  (Id. ¶ 4.)  UICI does not even have

a registered agent for service of process in Alabama.  (See id. ¶ 4.)  Indeed, UICI was served

with Plaintiffs' Summons and Complaint through an officer in Texas.  (See id. ¶ 5.)  In fact, the

only relationship between UICI and the State of Alabama is UICI's ownership of MEGA, a

subsidiary that does business in Alabama.  (Id. ¶¶ 2, 3.)  However, the mere ownership of a

subsidiary conducting business in Alabama is not a sufficient basis to confer jurisdiction over a

parent company.  See S. Ala. Pigs, LLC v. Farmer Feeders, Inc., 305 F. Supp. 2d 1252, 1258-59

(M.D. Ala. 2004) (mere ownership of a subsidiary conducting business in Alabama is an

insufficient basis to confer jurisdiction over a parent company).  Hence, because UICI does not

have "continuous and systematic" business contacts with the State of Alabama, this Court does

not have general jurisdiction over UICI.  See Ala. R. Civ. P. 4.2; Helicopteros Nacionales de

Columbia, 466 U.S. at 415; see also Consol. Dev. Corp., 216. F.3d at 1292.

> 3.  **Even if Minimum Contacts Did Exist (Which They Do Not), Asserting Personal Jurisdiction over UICI Would Not Comport with Traditional Notions of Fair Play and Substantial Justice.**

Under the Eleventh Circuit's enumerated factors, even if the Complaint

established *prima facie* evidence of UICI's minimum contacts with Alabama — which it does

not — this Court's exercise of personal jurisdiction over UICI would not comport with

traditional notions of fair play and substantial justice.

First, it would place an undue burden on UICI to be haled into a state where it has

no connection and has not conducted any activities.  See Madara v. Hall, 916 F.2d 1510, 1520

(11th Cir. 1990) (forcing defendant, who had only visited Florida eight times, to adjudicate

plaintiffs libel suit would impose an undue burden).  Second, because UICI has no interaction

with its citizens, Alabama has little interest in protecting its citizens rights against UICI, and thus, Alabama has no interest in adjudicating this dispute.  See Future Tech. Today, Inc., 218 F.3d at 1251 (Florida did not have a strong state interest "in haling people into Florida courts from all over the country for entering into one service arrangement, over the telephone without ever setting foot in Florida.")  Third, dismissal of UICI will not prevent Plaintiffs from obtaining convenient and effective relief in Alabama because the defendants with whom Plaintiffs allege that they conducted business will remain defendants to the Complaint.  (See generally Compl.) Finally, the "fundamental social policies" and the "shared interest of the several states" will only be furthered by respecting UICI's separate corporate form and its right to due process, including not being haled into Court in a place it has no contacts.  See S. Ala. Pigs, LLC, 305 F. Supp. 2d at 1258-59 (dismissing defendant because of lack of personal jurisdiction where plaintiff attempted to establish jurisdiction based on alter ego theory, but court rejected contention finding that plaintiffs presented no evidence to pierce the corporate veil).

In sum, because this Court has neither specific or general jurisdiction over UICI, and because an exercise of personal jurisdiction over UICI would offend traditional notions of fair play and substantial justice, this Court should dismiss with prejudice Plaintiffs' Complaint against UICI pursuant to Rule 12(b)(2).

### III.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST UICI PURSUANT TO RULES 9(B) AND 12(B)(6).

In the alternative, subject to and without waiving UICI's foregoing motion to dismiss pursuant to Rule 12(b)(2) or consenting to jurisdiction in Alabama, UICI moves to dismiss all of Plaintiffs' claims asserted against it pursuant to Rules 12(b)(6) and 9(b).

A.    **Plaintiffs Have Not Stated a Claim for Breach of Fiduciary and Trust Duties**.

        1.      **Plaintiffs have failed to allege facts creating a fiduciary relationship.**

        Count One for Breach of Fiduciary and Trust Duties fails to state a claim upon which relief can be granted because no fiduciary relationship exists between UICI and Plaintiffs under Alabama law, and the allegations of Plaintiffs' Complaint, even if taken as true (which they are not), do not establish a fiduciary relationship.

        A fiduciary relationship arises when

> [O]ne person occupies toward another such a position of adviser or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests . . . It arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another.

Power Equip. Co., Inc. v. First Ala. Bank, 585 So. 2d 1291, 1297-98 (Ala. 1991).

        Plaintiffs try to entangle UICI into their claims by asserting them against unspecified "Defendants."  (See generally Compl.)  Far from alleging facts establishing that UICI was an advisor or counselor — or that Plaintiffs placed their confidence in UICI and UICI accepted those confidences — Plaintiffs  allege no transaction, relationship, or even contact with UICI.  (Id.)  To the contrary, the only contact specifically alleged by Plaintiffs is to MEGA, not UICI.  (See id. ¶¶ 50-51.)  Specifically, Plaintiffs allege a contractual relationship with MEGA based on the Certificate.  (See id. ¶ 32.)

        Yet, Plaintiffs make two conclusory allegations that unspecified "Defendants" owed them a fiduciary duty.  (See Compl. ¶ 52 ("Moreover, in light of the special relationship and fiduciary duties owed by *Defendants* to Plaintiffs, Plaintiffs were legally entitled to honest advice . . . ." (emphasis added)), ¶ 55 ("Defendants breached the above-described duties and

obligations.").)  Not only should these vague and conclusory allegations be disregarded,[3] they fail to establish any relationship, fiduciary or otherwise, between UICI and Plaintiffs.  See Power Equip. Co., Inc., 585 So. 2d at 1297-98.

Given their failure to allege any facts showing a relationship with UICI, as opposed to any defendant, Plaintiffs' claim for breach of fiduciary duty fails as a matter of law, and should be dismissed.  Id.

> 2.    **Plaintiffs' allegations are not sufficient to establish the existence of a trust under Alabama law.**

Plaintiffs' claim for breach of trust duties also fails because Plaintiffs fail to allege the existence of a trust.

The Alabama Supreme Court has repeatedly held that for a trust to exist, one person must hold legal title to some form of property and another person hold beneficial ownership in the property.  See Underwood v. Bank of Huntsville, 494 So. 2d 619, 620-21 (Ala. 1986); Birmingham Trust and Savings Co. v. Marx, 159 So. 483, 487 (Ala. 1935).  Plaintiffs do not allege that UICI or any other defendant held any property in trust for the beneficial ownership of Plaintiffs.  (See generally Compl.)  Therefore, Plaintiffs have failed to allege the existence of a trust and their claim for breach of trust duties fails as a matter of law and should be dismissed with prejudice.  See Marx, 159 So. at 487.

**B.    Plaintiffs' Breach of Contract Claim Fails As a Matter of Law Because UICI Was Not a Party to the Alleged Contract.**

Plaintiffs' breach of contract claim against UICI fails as a matter of law because UICI was not a party to the alleged contract.  The predicate for a breach of contract claim is the "existence of a valid contract binding the parties in the action."  Jones v. Alfa Mut. Ins. Co., 875

---

[3] See S. Fla. Water Mgmt Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

So. 2d 1189, 1195 (Ala. 2003).  Plaintiffs do not allege that UICI was a party to *any* contract

with Plaintiffs.  (<u>See generally</u> Compl.)  To the contrary, Plaintiffs specifically allege that their

contract is with MEGA, <u>not</u> UICI.  (<u>See id.</u> ¶ 32.)  Because UICI cannot be held liable for

breaching a contract to which it was not a party, Plaintiffs' breach of contract claim against UICI

should be dismissed with prejudice.  <u>See</u> <u>Pate v. Rollison Logging Equip., Inc.</u>, 628 So. 2d 337,

342-43 (Ala. 1993) (non-party to a contract cannot be held liable for breach).

**C.**    **<u>Plaintiffs Fail to State A Claim for Fraud or Fraudulent Suppression.</u>**

       1.    **Plaintiffs' claims for fraud and fraudulent suppression fail because
           Plaintiffs do not allege these claims with the requisite particularity.**

Plaintiffs' vague allegations of fraud by unspecified "Defendants" fail to state a

claim against UICI for fraud or fraudulent suppression.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated *with particularity*."  FED. R. CIV. P. 9(b) (emphasis

added).  To satisfy Rule 9(b), the complaint must set forth: (1) precisely what statements were

made in what documents or oral representations or what omissions were made, (2) the time and

place of each such statement and the person responsible for making (or, in the case of omissions,

not making) same, (3) the content of such statements and the manner in which they misled the

Plaintiff, and (4) what the defendants obtained as a consequence of the fraud.  <u>Brooks v. Blue</u>

<u>Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1371 (11th Cir. 1997).  In other words,

"general, conclusory allegations of fraud" are inadequate.  <u>Morrow v. Green Tree Servicing,</u>

<u>L.L.C.</u>, 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (citing <u>Cooper v. Blue Cross & Blue</u>

<u>Shield of Fla., Inc.</u>, 19 F.3d 562, 568 (11th Cir. 1994)).

Moreover, "[c]ourts interpret Rule 9(b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud." McAllister Towing & Transp. Co., Inc. v. Thorns Diesel Serv., Inc., 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001) (where complaint did not contain specific allegations with respect to each separate defendant, plaintiff failed to plead a claim for fraud). Thus, "a plaintiff does not satisfy [the Rule 9(b)] requirement by simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements." Id.; see also Sky Techs. Partners, L.L.C. v. Midwest Research Inst., 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000) (complaint was deficient under Rule 9(b) where the Plaintiff failed to identify those employees or representatives of the defendants who made the allegedly fraudulent statements).

Plaintiffs' allegations of fraud and fraudulent suppression fail to satisfy any of these requirements. First, Plaintiffs make no attempt to specify which of the many Defendants allegedly made any misrepresentations or failed to disclose a material fact. (See generally Compl.) Rather, Plaintiffs allege only that unspecified "Defendants" made misrepresentations or failed to disclose facts. (See e.g., Compl. ¶ 29 ("The Defendants conceal and do not disclose . . . Defendants represent . . ."), ¶ 67 ("Defendants failed to disclose . . ."), ¶ 77 ("Defendants . . . misrepresented the material facts described above to Plaintiffs.").) Due to this failure alone, Plaintiffs' claims for fraud and fraudulent suppression should be dismissed. See McAllister Towing & Transp. Co., Inc., 131 F. Supp. 2d at 1301.

In addition to failing to specify which of the many "Defendants" in this action purportedly misrepresented or failed to disclose a material fact, Plaintiffs fail to allege a single conversation or interaction with UICI or its representatives. (See generally Compl.) Indeed, only four paragraphs in Plaintiffs' entire Complaint pertain to their interaction with the

defendants and none of these paragraphs mention UICI, much less allege that UICI misrepresented or omitted a material fact to Plaintiffs.  (See id. ¶¶ 43-46.)  Instead, Plaintiffs simply acknowledge enrolling in the NASE, paying premiums, and allege that the "miniscule payment of claims by MEGA was in direct contravention" of certain unidentified representations allegedly made by defendant Stephanie Tranchina at some unspecified time and place.  (Id.)  Because Plaintiffs do not allege contact with UICI, much less allege facts regarding a misrepresentation or omission, Plaintiffs' claims for fraud and fraudulent suppression fail and should be dismissed with prejudice.  See Brooks, 116 F.3d 1371; Friedlander v. Nims, 755 F.2d 810, 813-14 (11th Cir. 1985) (dismissal for failure to comply with Rule 9(b); Cooper, 19 F.3d at 568 (Rule 9(b) not satisfied where plaintiff failed to allege details of fraudulent acts, when they occurred, and who engaged in them); Morrow, 360 F. Supp. 2d at 1250-51 (same).

2.    **Plaintiffs' claim for fraudulent suppression further fails because Plaintiffs do not allege a confidential relationship with UICI sufficient to impose a duty of disclosure.**

Plaintiffs' fraudulent suppression claim should also be dismissed because Plaintiffs fail to allege any confidential relationship between Plaintiffs and UICI that imposes upon UICI a duty of disclosure.

To state a claim for fraudulent suppression, a plaintiff must show the defendant had a duty to disclose an existing material fact either because of a confidential relationship between the plaintiff and the defendant, or because of the particular circumstances of the case. See Booker v. United Ins. Co., 700 So. 2d 1333, 1339 (Ala. 1997).  None of Plaintiffs' allegations indicate that such a confidential relationship existed between Plaintiffs and UICI.

As discussed above, the Complaint is devoid of a single allegation that UICI had any contact with Plaintiffs.  (See generally Compl.)  Instead, Plaintiffs acknowledge that all

contacts pertaining to their transaction were either with MEGA or the NASE. (See id. ¶¶ 43-46.)

Accordingly, because no relationship is alleged in the Complaint, a confidential relationship

necessary to establish a duty of disclosure cannot exist between UICI and Plaintiffs. See Power

Equip., Inc., 585 So. 2d at 1297-98 (where no fiduciary relationship exists, there can be no

breach of fiduciary duty). Hence, Plaintiffs' claim for fraudulent suppression fails as a matter of

law and should be dismissed with prejudice. Id.

**D.      Plaintiffs Cannot State A Claim Against UICI for Negligence *Per Se* Because UICI
          Is Not an Insurer and Plaintiffs Do Not Have a Private Right of Action Under the
          Alabama Insurance Code.**

          Plaintiffs' negligence *per se* claim against UICI is based on its alleged violation

of Alabama's insurance statutes and regulations. (See Compl. ¶ 91.) This claim fails both

because UICI, which is not an insurer, is not subject to Alabama's insurance statutes and

regulations, and because Plaintiffs do not have a private right of action under Alabama's

insurance statutes and regulations.

          The Alabama insurance code defines an insurer as "[e]very person engaged as

indemnitor, surety or contractor in the business of entering into contracts of insurance." ALA.

CODE § 27-1-2. Plaintiffs do not, and cannot, allege that UICI falls within the definition of

"insurer" under Alabama law.[4] (See generally Compl.). Because UICI is not an insurer under

the Alabama insurance code, UICI is not governed by its statutes or regulations. See ALA. CODE

§ 27-1-2 et seq. Accordingly, Plaintiffs' claim of negligence *per se* fails as a matter of law and

should be dismissed with prejudice.

          Moreover, even if this Court were to find that UICI is governed by Alabama's

insurance code, which it is not, the Alabama insurance code provides no private right of action to

---

[4] Plaintiffs specifically allege that they entered into a contract of insurance with MEGA. (See Compl. ¶ 32.)

Plaintiffs for violation of its provisions.  See Am. Auto. Ins. Co. v. McDonald, 812 So. 2d 309,

312 (Ala. 2001).  In McDonald, an automobile lessee brought an action against his lessor and an

insurer for selling insurance without a license.  McDonald, 812 So. 2d at 311.  The court held

that the lessee did not have a private right of action against the insurer for an alleged violation of

Alabama's insurance statutes.  Id. at 311-12.  The court explained:

> One claiming a private right of action within a statutory scheme
> must show clear and convincing evidence of legislative intent to
> impose civil liability for a violation of the statute.  The Insurance
> Code explicitly provides in § 27-11-4 that the insurance
> commissioner has the authority to bring an action against any
> insurer he believes is violating the Insurance Code.  In addition,
> the regulations promulgated by the Department of Insurance
> pursuant to the Insurance Code provide that an individual may
> demand a hearing before the commissioner to requite alleged
> violations of the Insurance Code.  Nothing in the Insurance Code
> suggests that the Legislature intended to create a private right of
> action against one who violates § 27-3-27 by selling insurance
> without a license.

Id. at 311-312; see also C.B. v. Bobo, 659 So. 2d 98, 102 (Ala. 1995) (plaintiffs' statutory

negligence claim failed to state a claim upon when relief can be granted because statute created a

duty owed to the general public, not to specific individuals).

Likewise, in Liberty National Life Insurance Company v. University of Alabama

Health Services Foundation, 881 So. 2d 1013 (Ala. 2003), the court held that a cancer insurer

could not recover in a private cause of action against a state university hospital for violations of a

state statute governing the hospital's itemized statement to a patient.  The Liberty National Life

Insurance Company court held that the statute contained no language suggesting that the

legislature intended to create a cause of action for violation of the statutory provisions, and thus,

the plaintiff was not entitled to bring such an action under a negligence *per se* argument or

otherwise.  Liberty Nat'l. Ins. Co., 881 So. 2d at 1026, n.7.

Plaintiffs allege that "Defendants" are liable for negligence *per se* because their "actions constitute violations of Alabama insurance statutes and regulations governing rating and pooling practices for group health insurance." (Compl. ¶ 91.) However, because the Alabama insurance code provides no private right of action for violation of its provisions, Plaintiffs' claim against UICI for negligence *per se* based on its purported violations of the code fails as a matter of law and should be dismissed with prejudice. See McDonald, 812 So. 2d at 311-12; Liberty Nat'l. Ins. Co., 881 So. 2d at 1026 n.7.

**E.      Plaintiffs' Negligence/Wantonness Claim Should Be Dismissed Because Plaintiffs' Fail to Plead Facts Supporting Essential Elements of Their Claims.**

Plaintiffs' negligence claim should be dismissed because Plaintiffs fail to adequately allege facts giving rise to a duty, an essential element of their claim.

In Alabama, to prevail on a negligence claim, a plaintiff must show (1) a duty to a foreseeable plaintiff, (2) breach of duty, (3) causation, and (4) damage. See Alfa Life Ins. Co. v. Hughes, 861 So. 2d 1088, 1103 (Ala. 2003); see also Chatman v. City of Prichard, 431 So. 2d 532, 534 (Ala. 1983) (tort of negligence requires the existence of some duty to the plaintiff). "It is elementary that where there is no duty, there can be no negligence." Gilbert v. Gwin-McCollum Funeral Home, Inc., 268 Ala. 372, 377 (Ala. 1958).

Here, Plaintiffs do not plead any facts giving rise to a duty between UICI and Plaintiffs. Only four paragraphs of Plaintiffs' Complaint actually relate to Plaintiffs interaction with defendants. (See Compl. ¶¶ 43-46.) Of these four paragraphs, none mention UICI or any interaction between Plaintiffs and UICI. (Id.) Plaintiffs simply make the conclusory allegation that unspecified "Defendants" "owed duties of diligence, due care, and fair dealings to

Plaintiffs." (Compl. ¶ 87.) This conclusory allegation should be disregarded. See <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004).

Thus, because Plaintiffs fail to allege any contact with UICI that would give rise to a duty, their negligence claim fails and should be dismissed with prejudice. <u>Gilbert</u>, 268 Ala. at 377

**F.    <u>Plaintiffs' Civil Conspiracy Claims Fails Because There is No Underlying Tort.</u>**

Plaintiffs' civil conspiracy claim against UICI fails as a matter of law because the Complaint demonstrates that UICI did not conspire with any other defendant to commit a wrongful act. "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and when the underlying wrong provides no cause of action, then neither does the conspiracy." <u>Jones v. BP Oil Co., Inc.</u>, 632 So. 2d 435, 439 (Ala. 1993). Given that each of Plaintiffs purported causes of action against UICI fail as a matter of law, Plaintiffs' claim for civil conspiracy has no basis and should be dismissed with prejudice. See <u>id.</u>

**IV. <u>CONCLUSION</u>**

Wherefore, because this Court cannot exercise personal jurisdiction over UICI, this Court should dismiss with prejudice Plaintiffs' Complaint against UICI in its entirety, pursuant to Rule 12(b)(2). In the alternative, subject to this Court's ruling on personal jurisdiction, and without waiving its foregoing motion to dismiss pursuant to Rule 12(b)(2) or consenting to jurisdiction in Alabama, UICI respectfully requests, pursuant to Rules 9(b) and 12(b)(6), that the Court dismiss with prejudice Plaintiffs' Complaint against it because Plaintiffs have failed to state a claim upon which relief can be granted.

Defendant UICI further requests that this Court grant such other relief to which it is justly entitled.

Respectfully submitted,


/s/ Henry Callaway
HENRY C. CALLAWAY
E. LUCKETT ROBINSON, II
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Tel:    (251) 432-5511
Fax:    (251) 694-6375



COUNSEL FOR THE MEGA LIFE AND
HEALTH INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that I have on this day, May 18, 2005, served a copy of the foregoing pleading on all counsel of record by electronic service and by placing a copy of same in United States Mail, properly addressed and first class postage prepaid, as follows:

Robert G. Methvin, Jr., Esq.
Phillip W. McCallum, Esq.
James M. Terrell, Esq.
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205

James B. Pittman, Jr., Esq.
Davis & Fields, P.C.
27180 Pollard Road
Daphne, AL 36526

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203-2618


                                        /s/ Henry Callaway