UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID P. NOAKES AND CYNTHIA M. NOAKES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| | ) | Civil Action No. 2:05cv442-W |
| MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES); UNTIED GROUP SERVICE CENTERS, INC.; UICI, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; STEPHANIE TRANCHINA and FICTITIOUS DEFENDANTS 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## UICI MARKETING, INC.'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, pursuant to Rules 12(b)(6) and 9(b), Defendant UICI Marketing, Inc. ("UICI Marketing") hereby submits this Motion to Dismiss (the "Motion") the Complaint ("Complaint") filed by Plaintiffs David and Cynthia Noakes ("Plaintiffs"). In support of its Motion, UICI Marketing respectfully states as follows:

## I.    PRELIMINARY STATEMENT

Plaintiffs opted out of a national class action settlement involving nearly identical claims and nearly identical defendants as those presented in this action (the "Settlement"). Although Plaintiffs had no claims pending before or during the Settlement, Plaintiffs have now filed a "copy-cat" of the complaint underlying the Settlement, asserting claims against unspecified "Defendants" based on generic allegations of purported wrongdoing in The MEGA Life and Health Insurance Company's ("MEGA") sale and administration of certificates of health insurance coverage. Plaintiffs include UICI Marketing, a Texas based corporation, as a defendant in their action, even though they fail to allege any interaction, relationship, or transaction with UICI Marketing, or that UICI Marketing does — or has ever done — business in Alabama. Indeed, Plaintiffs only mention UICI Marketing in *three* of the 106 paragraphs of their Complaint, and in each instance, Plaintiffs do not allege that they had any contact with it. Despite this dearth of allegations, Plaintiffs purportedly include UICI Marketing in the seven separate causes of action they attempt to assert against unspecified "Defendants."

Plaintiffs' claims against UICI Marketing must be dismissed because this Court lacks personal jurisdiction over UICI Marketing. UICI Marketing does not have the contacts with the State of Alabama necessary for this Court to exercise personal

jurisdiction over it. As set forth in the Affidavit of Grant Ezell,[1] UICI Marketing has

never done business in Alabama and is not registered to do business in Alabama. UICI

Marketing has no property, employees, agents, or officers in Alabama, and does not pay

taxes in Alabama. Indeed, UICI Marketing was served with Plaintiffs' Summons and

Complaint through an officer in Texas. Moreover, UICI Marketing is not an insurance

company, it does not administer insurance claims, and it is not registered to sell insurance

in Alabama or any other state. Thus, it had no involvement in the sale or administration

of the certificate of health insurance coverage purchased by Plaintiffs (the "Certificate"),

which is the basis for Plaintiffs' claims. Without these minimum contacts, this Court's

exercise of jurisdiction over UICI Marketing would violate the due process required by

the United States Constitution and Alabama law. Accordingly, all of Plaintiffs' claims

against UICI Marketing should be dismissed with prejudice pursuant to Rule 12(b)(2).

      Alternatively, subject to the Court's ruling on jurisdiction, and without

consenting to jurisdiction in Alabama, UICI Marketing moves to dismiss Plaintiffs'

Complaint pursuant to Rules 12(b)(6) and 9(b) because Plaintiffs have failed to state a

claim against it upon which relief can be granted. First, Plaintiffs' claim for breach of

fiduciary and trust duties fails because (i) no fiduciary relationship exists between UICI

Marketing and Plaintiffs, and (ii) Plaintiffs' allegations are not sufficient to create a trust

---

[1] The Ezell Affidavit is attached hereto and incorporated herein as Exhibit "1," in support of UICI Marketing's Rule 12(b)(2) motion only. The Court may consider written materials, including affidavits, in support of a motion to dismiss for lack of personal jurisdiction. See Mercantile Capital, LP v. Fed. Transtel, Inc., 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (defendants may present affidavits or other materials evidencing lack of personal jurisdiction) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000).

under Alabama law. <u>Second</u>, Plaintiffs' claim for breach of contract fails because UICI Marketing was not a party to the contract between MEGA and Plaintiffs. <u>Third</u>, Plaintiffs' claims for fraudulent suppression and fraud fail because Plaintiffs fail to allege these claims with the particularity required by Rule 9(b). Plaintiffs' claim for fraudulent suppression further fails because they fail to allege a confidential relationship with UICI Marketing sufficient to impose a duty of disclosure. <u>Fourth</u>, Plaintiffs' claim for negligence *per se* based on alleged violations of Alabama's insurance statutes and regulations fails because UICI Marketing is not an insurer, and thus, it is not governed by the Alabama insurance code. Plaintiffs' negligence *per se* claim further fails because Plaintiffs do not have a private right of action for alleged violations of Alabama's insurance code. <u>Fifth</u>, Plaintiffs' claim for negligence/wantonness fails because they have failed to plead facts sufficient to create a duty, an essential element of this claim. <u>Finally</u>, Plaintiffs' civil conspiracy claim fails because no underlying tort supports this claim.[2] Accordingly, all of Plaintiffs' claims against UICI Marketing fail and their Complaint against it should be dismissed with prejudice.

---

[2] It appears that Count Six — Breach of Implied Contract to Procure Insurance, Count Nine — Bad Faith Refusal to Pay, and Count Ten — Bad Faith Refusal to Investigate are not asserted against UICI Marketing. (<u>See</u> Compl. ¶¶ 82-85, 93-99, 100-105.)

## II.    MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION

### A.    Standard for Determining Whether In Personam Jurisdiction Exists in Diversity Matters.

When adjudicating a motion to dismiss for lack of personal jurisdiction, where no evidentiary hearing is held, a plaintiff bears the initial burden of establishing a *prima facie* case of jurisdiction over the nonresident defendant. See Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); see also Butler v. Beer Across Am., 83 F. Supp. 2d 1261, 1263 (N.D. Ala. 2000). Here, Plaintiffs fail to establish the requisite *prima facie* case of jurisdiction over UICI Marketing, a nonresident defendant.

Personal jurisdiction over a non-resident defendant in a diversity action is determined by the law of the forum in which the federal court sits. See Berry v. Salter, 179 F. Supp. 2d 1345, 1348 (M.D. Ala. 2001) ("When a federal court exercises subject matter jurisdiction based on diversity of citizenship, the personal jurisdiction analysis is the same as that of the state court in which the federal court resides."). Alabama's long-arm statute "permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." Mercantile Capital, LP, 193 F. Supp. 2d at 1248; see also Banton Indus., Inc. v. Dimatic Die & Tool Co., 801 F.2d 1283, 1284 (11th Cir. 1986). Thus, this Court must determine whether the exercise of personal jurisdiction over UICI Marketing comports with due process. See id.

v

Due process permits this Court to "exercise personal jurisdiction over a nonresident defendant only so long as there exists 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "The critical question with regard to the nonresident defendant's contacts is whether the contacts are such that the nonresident defendant 'should reasonably anticipate being haled into court in the forum state.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). Plaintiffs bear the burden of establishing "minimum contacts" through either specific or general jurisdiction. See Consol. Dev. Corp., 216 F.3d at 1291.

To establish specific jurisdiction, a plaintiff must demonstrate that the nonresident defendant's activities within the forum state are related to the cause of action alleged in the complaint. See id. The requisite minimum contacts will exist to support the exercise of specific jurisdiction "only where the [nonresident] defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." Burger King Corp., 471 U.S. at 475. Consequently, the nonresident defendant's "own conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen, 444 U.S. at 297.

In the alternative, even where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general jurisdiction* over a defendant based on the defendant's general business contacts with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)  When evaluating general jurisdiction, courts apply a more stringent minimum contacts test, requiring plaintiff to demonstrate the defendant's continuous and systematic general business contacts with the forum state. Id.; see also Consol. Dev. Corp., 216 F.3d at 1292.  Courts impose this heightened burden because general jurisdiction is predicated on facts not related to the events giving rise to the suit. Id.  Such contacts include transacting business in Alabama, owning real property in Alabama, contracting to supply good or services in Alabama, and causing tortuous injury through an act or omission in Alabama or outside Alabama, if the person regularly conduct business in, derives substantial revenue from, or has a persistent course of conduct in Alabama.  See Ala. R. Civ. P. 4.2; Berry, 179 F. Supp. 2d at 1348.

Even if minimum contacts exist through specific or general jurisdiction, this Court must then consider whether exercising personal jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. See Butler, 83 F. Supp. 2d at 1268 (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)); Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1251 (11th Cir. 2000) (even though minimum contacts existed, failure to satisfy factors for traditional notions of fair play and substantial justice barred exercise of personal

jurisdiction) (citing <u>Burger King Corp.</u>, 471 U.S. at 476). The relevant inquiry is whether the district court's exercise of personal jurisdiction over a nonresident defendant with minimum contacts is reasonable. <u>See</u> <u>Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.</u>, 207 F.3d 1351, 1358 (11th Cir. 2000), <u>aff'd</u>, No. 02-13246, 2002 WL 31651923 (11th Cir. Nov. 12, 2002). The Eleventh Circuit has identified five significant factors in evaluating reasonableness:

> (1)    the burden on the defendant;
>
> (2)    the forum State's interest in adjudicating the dispute;
>
> (3)    the plaintiff's interest in obtaining convenient and effective relief;
>
> (4)    the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and
>
> (5)    the shared interest of the several States in furthering the fundamental substantive social policies.

<u>See</u> <u>Future Tech. Today, Inc.</u>, 218 F.3d at 1251 (holding that it would be unreasonable to subject defendant to defending a lawsuit in Florida based upon defendant entering into one service arrangement, over the telephone, without ever setting foot in Florida).

**B.    <u>Constitutional Due Process Prevents this Court from Exercising Personal Jurisdiction over UICI Marketing</u>.**

This Court should not exercise personal jurisdiction over UICI Marketing for several significant reasons. First and foremost, far from establishing a *prima facie* case for jurisdiction, Plaintiffs' own allegations affirmatively demonstrate that UICI Marketing lacks contacts with Alabama sufficient to warrant an exercise of personal

jurisdiction. Second, the evidence presented herein clearly shows that UICI Marketing

does not have sufficient contacts with Alabama to warrant an exercise of personal

jurisdiction. Finally, even if this Court were to find contacts sufficient to establish

personal jurisdiction, this Court's exercise of personal jurisdiction over UICI Marketing

would violate traditional notions of fair play and substantial justice.

1.      **Plaintiffs' Complaint Does Not Establish a Prima Facie Case of Personal Jurisdiction over UICI Marketing.**

Although Plaintiffs attempt to entangle UICI Marketing into their claims

by asserting their allegations against unspecified "Defendants," Plaintiffs do not allege

UICI Marketing (as opposed to any other defendant ) conducted any activities in

Alabama related to their causes of action. (See generally Compl.) Rather, they

specifically allege that the Certificate, the contract upon which their claims are based, is a

contract between themselves and MEGA, not UICI Marketing. (See id. ¶ 32.)

Moreover, Plaintiffs do not allege UICI Marketing is registered to, or

actually did, conduct any business in the State of Alabama, much less that it had

continuous or systematic business contacts therein. (See generally id.) Rather, Plaintiffs

allege that UICI Marketing is a foreign corporation organized and existing under the laws

of the state of Delaware, with a principal place of business in Texas. (See id. ¶ 5.) Thus,

*Plaintiffs' own allegations* demonstrate UICI Marketing's lack of contacts with Alabama

and the causes of action alleged in the Complaint. (Id.)

2.    **UICI Marketing's Limited Contacts Do Not Provide this Court with Specific or General Jurisdiction.**

a.    This Court Lacks Specific Jurisdiction over UICI Marketing.

This Court does not have specific jurisdiction over UICI Marketing because UICI Marketing did not conduct activities in Alabama related to the causes of action alleged in the Complaint. Each of Plaintiffs' causes of action are predicated on the sale and/or administration of their Certificate. (See generally Compl.) The Certificate is a contract of insurance between Plaintiffs and MEGA. (See id. ¶ 32.) UICI Marketing is not an insurer, and does not participate in the business of insurance in Alabama. (See Ezell Aff. ¶ 3.) As such, UICI Marketing did not sell or administer the Certificate. (See id. ¶¶ 6-7.) Although UICI Marketing does advertise and generates sales leads, it does not utilize the leads to make direct sales to consumers of insurance or any other products or services. (Id. ¶ 5.) It sells its leads to third parties. (Id.) Thus, Plaintiffs cannot demonstrate that UICI Marketing conducted activities in Alabama related to the causes of action alleged in the Complaint. See Consol. Dev. Corp., 216 F.3d at 1291.

Further, the generation of leads through the alleged activities of direct mailings, telephone calls, and internet advertising to Alabama residents, without more, does not constitute sufficient contacts to warrant an exercise of specific jurisdiction. See Mkt./Media Research, Inc. v. Union Tribune Publ'g Co., 951 F.2d 102, 105-106 (6th Cir. 1991) (exertion of personal jurisdiction over defendant would violate due process even though defendants made phone calls and sent mail to plaintiff in forum state.); Sea Lift,

<u>Inc. v. Refinadora Costarricense de Petroleo, S.A.</u>, 792 F.2d 989, 994 (11th Cir. 1986) ("A direct solicitation by a foreign defendant of the business of a forum resident has been held to be a 'purposeful availment' in cases where either a *continuing relationship or some in-forum performance on the part of the plaintiff* was contemplated.") (citations omitted) (emphasis added).

Finally, because UICI Marketing does not conduct business in Alabama, Plaintiffs cannot demonstrate that it "purposely avail[ed] itself of the privilege of conducting activities" therein, or that it "invok[ed] the benefits and protections" of Alabama's law. See <u>Consol. Dev. Corp.</u>, 216 F.3d at 1291.

Accordingly, Plaintiffs cannot establish specific jurisdiction over UICI Marketing in Alabama. <u>Id.</u>

        b.      This Court Lacks General Jurisdiction over UICI Marketing.

This Court does not have general jurisdiction over UICI Marketing because UICI Marketing did not have continuous and systematic contacts with the State of Alabama. UICI Marketing is a Delaware corporation, with its principal place of business in Texas, that is not registered to, and does not conduct, business in Alabama. (<u>See</u> G. Ezell Aff. ¶¶ 2-3.) UICI Marketing does not have any employees in Alabama, does not own property in Alabama, and pays no taxes in Alabama. (<u>Id.</u> ¶ 3.) UICI Marketing does not even have a registered agent for service of process in Alabama. (<u>Id.</u>) Indeed, UICI Marketing was served with Plaintiffs' Summons and Complaint through an officer in Texas. (<u>Id.</u> ¶ 4; <u>see also</u> Summons attached to Compl.)

UICI Marketing does mail promotional materials and telemarkets to some Alabama residents.  (See G. Ezell Aff. ¶ 5.)  However, if UICI Marketing receives an affirmative response to a promotional material or telemarketing call, it sells this "lead" information to another entity.  (Id.)  UICI Marketing does not utilize the leads to make direct sales to consumers in Alabama or elsewhere.  (Id.)

Such limited contact, which did *not* include a direct sale to Plaintiffs or any other Alabama resident, does not create the continuous and systematic contacts necessary to support personal jurisdiction.  See BMW of N. Am., Inc. v. Gore, 646 So. 2d 619, 622 (Ala. 1994), rev'd on other grounds, 517 U.S. 559 (1996) (foreign manufacturer that did not sell automobiles directly to consumers did not have such sufficient contacts with the State of Alabama to confer general jurisdiction).

Hence, because UICI Marketing does not have "continuous and systematic" business contacts with the State of Alabama, this Court does not have general jurisdiction.  See Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414 n.9; see also Consol. Dev. Corp., 216 F.3d at 1292.

**3.      Even if Minimum Contacts Did Exist (Which They Do Not), Asserting Personal Jurisdiction over UICI Marketing Would Not Comport with Traditional Notions of Fair Play and Substantial Justice.**

Under the Eleventh Circuit's enumerated factors, even if the Complaint established *prima facie* evidence of UICI Marketing's minimum contacts with Alabama — which it does not — this Court's exercise of personal jurisdiction over UICI Marketing would not comport with traditional notions of fair play and substantial justice.

First, it would place an undue burden on UICI Marketing to be haled into a state where it has no connection and has conducted only minimal activities. <u>See</u> <u>Madara v. Hall</u>, 916 F.2d 1510, 1520 (11th Cir. 1990) (forcing defendant, who had only visited Florida eight times, to adjudicate plaintiff's libel suit would impose an undue burden).

Second, because UICI Marketing does not sell insurance or any other product or service in Alabama, Alabama has little interest in protecting its citizens rights against UICI Marketing, and thus, Alabama has little interest in adjudicating this dispute. <u>See</u> <u>Future Tech. Today, Inc.</u>, 218 F.3d at 1250-51. In <u>Future Technology</u>, defendants, an Illinois company, contacted plaintiffs by telephone regarding updating their computer system for the year 2000. <u>Id.</u> at 1248. All of the contracts were signed via mail, electronic mail, fax, or telephone, but defendant never stepped foot in the state of Florida. The Eleventh Circuit affirmed the district court's dismissal based on personal jurisdiction because such an exercise of jurisdiction would offend traditional notions of fair play and substantial justice. <u>See Id.</u> at 1251 ("this Court cannot conclude a strong interest in haling people into Florida courts from all over the country for entering into one service arrangement, over the telephone without ever setting foot in Florida.") Similarly, UICI Marketing has such limited contacts with Alabama that this Court has little interest in resolving any of Plaintiffs claims against UICI Marketing. <u>Id.</u>

Third, dismissal of UICI will not prevent Plaintiffs from obtaining convenient and effective relief in Alabama because the defendants with whom Plaintiffs

allege that they conducted business will remain defendants to the Complaint. (See generally Compl.)

Finally, the "fundamental social policies" and the "shared interest of the several states" will only be furthered by respecting UICI Marketing's separate corporate form and its right to due process, including not being haled into Court in a place it has no contacts. See S. Ala. Pigs, LLC v. Famer Feeders, Inc., 305 F. Supp. 2d 1252, 1258-59 (M.D. Ala. 2004) (dismissing defendant because of lack of personal jurisdiction where plaintiff attempted to establish jurisdiction based on alter ego theory, but court rejected contention finding that plaintiffs presented no evidence to pierce the corporate veil).

In sum, because this Court has neither specific or general jurisdiction over UICI Marketing and because an exercise of personal jurisdiction over UICI Marketing would offend traditional notions of fair play and substantial justice, this Court should dismiss with prejudice Plaintiffs' Complaint against UICI Marketing pursuant to Rule 12(b)(2).

## III.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST UICI MARKETING PURSUANT TO RULES 9(B) AND 12(B)(6).

In the alternative, subject to and without waiving UICI Marketing's foregoing motion to dismiss pursuant to Rule 12(b)(2) or consenting to jurisdiction in Alabama, UICI Marketing also moves to dismiss all of Plaintiffs' claims asserted against it pursuant to Rules 12(b)(6) and 9(b).

**A.     Plaintiffs Have Not Stated a Claim for Breach of Fiduciary and Trust Duties.**

      **1.     Plaintiffs Have Failed to Allege Facts Creating a Fiduciary Relationship.**

Count One for Breach of Fiduciary and Trust Duties fails to state a claim upon which relief can be granted because no fiduciary relationship exists between UICI Marketing and Plaintiffs under Alabama law, and the allegations of Plaintiffs' Complaint, even if taken as true (which they are not), do not establish a fiduciary relationship.

A fiduciary relationship arises when:

> [O]ne person occupies toward another such a position of adviser or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests . . . It arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another.

Power Equip. Co. v. First Ala. Bank, 585 So. 2d 1291, 1297-98 (Ala. 1991).

Plaintiffs try to entangle UICI Marketing into their claims by asserting them against unspecified "Defendants." (See generally Compl.) Far from alleging facts establishing that UICI Marketing was an advisor or counselor — or that Plaintiffs placed their confidence in UICI Marketing and UICI Marketing accepted those confidences — Plaintiffs allege no transaction, relationship, or even contact with UICI Marketing. (Id.) To the contrary, the only contact specifically alleged by Plaintiffs is to MEGA, not UICI Marketing. (See id. ¶¶ 50-51.) Specifically, Plaintiffs allege a contractual relationship with MEGA based on their Certificate. (See id. ¶ 32.)

Yet, Plaintiffs make two conclusory allegations that unspecified "Defendants" owed them a fiduciary duty. (See Compl. ¶ 52 ("Moreover, in light of the special relationship and fiduciary duties owed by *Defendants* to Plaintiffs, Plaintiffs were legally entitled to honest advice . . . ." (emphasis added)), ¶ 55 ("Defendants breached the above-described duties and obligations.").) Not only should these vague and conclusory allegations be disregarded,[3] they fail to establish any relationship, fiduciary or otherwise, between UICI Marketing and Plaintiffs. See Power Equip. Co., 585 So. 2d at 1297-98.

Given their failure to allege any facts showing a fiduciary relationship with UICI Marketing, as opposed to any defendant, Plaintiffs' claim for breach of fiduciary relationship fails as a matter of law, and should be dismissed. See id.

### 2. Plaintiffs' Allegations Are Not Sufficient to Establish the Existence of a Trust Under Alabama Law.

Plaintiffs' claim for breach of trust duties also fails because Plaintiffs fail to allege the existence of a trust.

The Alabama Supreme Court has repeatedly held that for a trust to exist, one person must hold legal title to some form of property and another person hold beneficial ownership in the property. See Underwood v. Bank of Huntsville, 494 So. 2d 619, 620-21 (Ala. 1986); Birmingham Trust & Sav. Co. v. Marx, 159 So. 483, 487 (Ala. 1935). Plaintiffs do not allege that UICI Marketing or any other defendant held any property in trust for the beneficial ownership of Plaintiffs. (See generally Compl.)    In

---

[3] See S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

fact, the three paragraphs of Plaintiffs' Complaint that mention UICI Marketing allege that it conducts lead generation and advertising. (<u>See</u> Compl. ¶¶ 14, 25, 26.) Because, Plaintiffs have failed to allege the existence of a trust, their claim for breach of trust duties fails as a matter of law and should be dismissed with prejudice. <u>See Marx,</u> 159 So. at 487.

**B.      Plaintiffs' Breach of Contract Claim Fails as a Matter of Law Because UICI Marketing Was Not a Party to the Alleged Contract.**

Plaintiffs' breach of contract claim against UICI Marketing fails as a matter of law because UICI Marketing was not a party to the alleged contract. The predicate for a breach of contract claim is the "existence of a valid contract binding the parties in the action." <u>Jones v. Alfa Mut. Ins. Co.,</u> 875 So. 2d 1189, 1195 (Ala. 2003). Plaintiffs do not allege that UICI Marketing was a party to *any* contract with Plaintiffs. (<u>See generally</u> Compl.) To the contrary, Plaintiffs specifically allege that their contract is with MEGA, <u>not</u> UICI Marketing. (<u>See id.</u> ¶ 32.) Because UICI Marketing cannot be held liable for breaching a contract to which it was not a party, Plaintiffs' breach of contract claim against UICI Marketing should be dismissed with prejudice. <u>See Pate v. Rollison Logging Equip., Inc.,</u> 628 So. 2d 337, 342-43 (Ala. 1993) (non-party to a contract cannot be held liable for breach).

## C.    Plaintiffs Fail to State A Claim for Fraud or Fraudulent Suppression.

### 1.    Plaintiffs' Claims for Fraud and Fraudulent Suppression Fail Because Plaintiffs Do Not Allege These Claims with the Requisite Particularity.

Plaintiffs' vague allegations of fraud by unspecified "Defendants" fail to state a claim against UICI Marketing for fraud or fraudulent suppression.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity.*" FED. R. CIV. P. 9(b) (emphasis added). To satisfy Rule 9(b), the complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). In other words, "general, conclusory allegations of fraud" are inadequate. Morrow v. Green Tree Servicing, L.L.C., 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (citing Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 568 (11th Cir. 1994)).

Moreover, "[c]ourts interpret Rule 9(b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud." McAllister Towing & Transp. Co. v. Thorn's Diesel Serv., Inc., 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001) (where complaint did not contain

specific allegations with respect to each separate defendant, plaintiff failed to plead a claim for fraud). Thus, "a plaintiff does not satisfy [the Rule 9(b)] requirement by simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements." Id.; see also Sky Techs. Partners, L.L.C. v. Midwest Research Inst., 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000) (complaint was deficient under Rule 9(b) where the Plaintiff failed to identify those employees or representatives of the defendants who made the allegedly fraudulent statements).

      Plaintiffs' allegations of fraud and fraudulent suppression fail to satisfy any of these requirements. First, Plaintiffs make no attempt to specify which of the many Defendants allegedly made any misrepresentations or failed to disclose a material fact. (See generally Compl.) Rather, Plaintiffs allege only that unspecified "Defendants" made misrepresentations or failed to disclose facts. (See, e.g., Compl. ¶ 29 ("The Defendants conceal and do not disclose . . . Defendants represent . . ."), ¶ 67 ("Defendants failed to disclose . . ."), ¶ 77 ("Defendants . . . misrepresented the material facts described above to Plaintiffs.").) Due to this failure alone, Plaintiffs' claims for fraud and fraudulent suppression should be dismissed. See McAllister Towing & Transp. Co., 131 F. Supp. 2d at 1301.

      In addition to failing to specify which of the many "Defendants" in this action purportedly misrepresented or failed to disclose a material fact, Plaintiffs fail to allege a single conversation or interaction with UICI Marketing or its representatives. (See generally Compl.) Only three paragraphs in the Complaint mention UICI

Marketing.  (See Compl. ¶¶ 14, 25, 26.)  In those three allegations, Plaintiffs allege that

UICI Marketing generated leads that they sold to another party.  (Id. ¶¶ 25, 26.)  Nowhere

do Plaintiffs reference a conversation or interaction with UICI Marketing, much less a

misrepresentation or omission made by UICI Marketing to Plaintiffs.  (Id. ¶¶ 14, 25, 26.)

Where Plaintiffs do allege interaction with the defendants, UICI

Marketing is not even mentioned.  (See id. 43-46.)  Instead, Plaintiffs simply

acknowledge enrolling the NASE, paying premiums, and allege that the "miniscule

payment of claims by MEGA was in direct contravention" of certain unidentified

representations allegedly made by defendant Stephanie Tranchina, at some unspecified

time and place.  (Id.)

Because Plaintiffs do not allege contact with UICI Marketing, much less

allege facts regarding a misrepresentation or omission, Plaintiffs' claims for fraud and

fraudulent suppression fail and should be dismissed with prejudice.  See Brooks,

116 F.3d at 1371; Friedlander v. Nims, 755 F.2d 810, 813-14 (11th Cir. 1985) (dismissal

for failure to comply with Rule 9(b); Cooper, 19 F.3d at 568 (Rule 9(b) not satisfied

where plaintiff failed to allege details of fraudulent acts, when they occurred, and who

engaged in them); Morrow, 360 F. Supp. 2d at 1250-51 (same).

    **2.**    **Plaintiffs' Claim for Fraudulent Suppression Further Fails Because Plaintiffs Do Not Allege a Confidential Relationship with UICI Marketing Sufficient to Impose a Duty of Disclosure.**

Plaintiffs' fraudulent suppression claim should also be dismissed because Plaintiffs have not alleged any confidential relationship between Plaintiffs and UICI Marketing that imposes upon UICI Marketing a duty of disclosure.

To state a claim for fraudulent suppression, a plaintiff must show the defendant had a duty to disclose an existing material fact either because of a confidential relationship between the plaintiff and the defendant, or because of the particular circumstances of the case.  See Booker v. United Am. Ins. Co., 700 So. 2d 1333, 1339 (Ala. 1997).  None of Plaintiffs' allegations indicate that such a confidential relationship existed between Plaintiffs and UICI Marketing.

As discussed above, the Complaint is devoid of a single allegation that UICI Marketing had any contact with Plaintiffs.  (See generally Compl.)  Instead, Plaintiffs acknowledge that all contacts pertaining to their transaction were either with MEGA or the NASE.  (See id. ¶¶ 43-46.)  Accordingly, because no relationship is alleged in the Complaint, a confidential relationship necessary to establish a duty of disclosure cannot exist between UICI Marketing and Plaintiffs.  See Power Equip., 585 So. 2d at 1297-98 (where no fiduciary relationship exists, there can be no breach of fiduciary duty).  Hence, Plaintiffs' claim for fraudulent suppression fails as a matter of law and should be dismissed with prejudice.  Id.

**D.**    <u>Plaintiffs Cannot State a Claim Against UICI Marketing for Negligence Per</u>
<u>Se Because UICI Marketing Is Not an Insurer and Plaintiffs Do Not Have a</u>
<u>Private Right of Action Under the Alabama Insurance Code.</u>

Plaintiffs' negligence per se claim against UICI Marketing is based on its

alleged violation of Alabama's insurance statutes and regulations.  (<u>See</u> Compl. ¶ 91.)

This claim fails both because UICI Marketing, which is not an insurer, is not subject to

Alabama's insurance statutes and regulations, and because Plaintiffs do not have a private

right of action under Alabama's insurance statutes or regulations.

The Alabama insurance code defines an insurer as "[e]very person

engaged as indemnitor, surety or contractor in the business of entering into contracts of

insurance." ALA. CODE § 27-1-2.  Plaintiffs do not, and cannot, allege that UICI

Marketing falls within the definition of "insurer" under Alabama law.[4]  (<u>See generally</u>

Compl.)  Because UICI Marketing is not an insurer under the Alabama insurance code,

UICI Marketing is not governed by its statutes or regulations.  <u>See</u> ALA. CODE § 27-1-2 <u>et</u>

<u>seq.</u>  Accordingly, Plaintiffs' claim of negligence *per se* fails as a matter of law and

should be dismissed with prejudice.

Moreover, even if this Court were to find that UICI Marketing is governed

by Alabama's insurance code, which it is not, the Alabama insurance code provides no

private right of action to Plaintiffs for violation of its provisions.  <u>See</u> Am. Auto. Ins. Co.

<u>v. McDonald</u>, 812 So. 2d 309, 312 (Ala. 2001).  In <u>McDonald</u>, an automobile lessee

---

[4] Plaintiffs specifically allege that they entered into a contract of insurance with MEGA.  (<u>See</u> Compl.
¶ 32.)

brought an action against his lessor and an insurer for selling insurance without a license.

McDonald, 812 So. 2d at 311. The court held that the lessee did not have a private right

of action against the insurer for an alleged violation of Alabama's insurance statutes. Id.

at 311-12. The court explained:

> One claiming a private right of action within a statutory
> scheme must show clear and convincing evidence of
> legislative intent to impose civil liability for a violation of
> the statute. The Insurance Code explicitly provides in § 27-
> 11-4 that the insurance commissioner has the authority to
> bring an action against any insurer he believes is violating
> the Insurance Code. In addition, the regulations
> promulgated by the Department of Insurance pursuant to
> the Insurance Code provide that an individual may demand
> a hearing before the commissioner to requite alleged
> violations of the Insurance Code. Nothing in the Insurance
> Code suggests that the Legislature intended to create a
> private right of action against one who violates § 27-3-27
> by selling insurance without a license.

Id. at 311-312; see also C.B. v. Bobo, 659 So. 98, 102 (Ala. 1995) (plaintiffs' statutory

negligence claim failed to state a claim upon when relief can be granted because statute

created a duty owed to the general public, not to specific individuals).

Likewise, in Liberty National Life Insurance Company v. University of

Alabama Health Services Foundation, P.C., 881 So. 2d 1013 (Ala. 2003), the court held

that a cancer insurer could not recover in a private cause of action against a state

university hospital for violations of a state statute governing the hospital's itemized

statement to a patient. The Liberty National Life Insurance Company court held that the

statute contained no language suggesting that the legislature intended to create a cause of

action for violation of the statutory provisions, and thus, the plaintiff was not entitled to

bring such an action under a negligence *per se* argument or otherwise.  <u>Liberty Nat'l Ins.</u>
<u>Co.</u>, 881 So. 2d at 1026, n.7.

Plaintiffs allege that "Defendants" are liable for negligence *per se* because
their "actions constitute violations of Alabama insurance statutes and regulations
governing rating and pooling practices for group health insurance."  (Compl. ¶ 91.)
However, because the Alabama insurance code provides no private right of action for
violation of its provisions, Plaintiffs' claim against UICI Marketing for negligence *per se*
based on its purported violations of the code fails as a matter of law and should be
dismissed with prejudice.  <u>See</u> <u>McDonald</u>, 812 So. 2d at 311-12; <u>Liberty Nat'l Ins. Co.</u>,
881 So. 2d at 1026 n.7.

**E.     <u>Plaintiffs' Negligence/Wantonness Claim Should Be Dismissed Because</u>**
**<u>Plaintiffs Fail to Plead Facts Supporting Essential Elements of Their Claims.</u>**

Plaintiffs' negligence claim should be dismissed because Plaintiffs fail to
adequately allege facts giving rise to a duty, an essential element to their claim.

In Alabama, to prevail on a negligence claim, a plaintiff must show (1) a
duty to a foreseeable plaintiff, (2) breach of duty, (3) causation, and (4) damage.  <u>See</u>
<u>Alfa Life Ins. Co. v. Hughes</u>, 861 So. 2d 1088, 1103 (Ala. 2003); <u>see also</u> <u>Chatman v.</u>
<u>City of Prichard</u>, 431 So. 2d 532, 534 (Ala. 1983) (tort of negligence requires the
existence of some duty to the plaintiff).  "It is elementary that where there is no duty,
there can be no negligence."  <u>Gilbert v. Gwin-McCollum Funeral Home, Inc.</u>, 268 Ala.
372, 377 (Ala. 1958).

Here, Plaintiffs do not plead any facts giving rise to a duty between UICI Marketing and Plaintiffs. (See generally Compl.) Only three paragraphs of Plaintiffs' Complaint actually relate to UICI Marketing. (See id. ¶¶ 14, 25, 26.) Of these three paragraphs, none mention any negligent conduct on the part of UICI Marketing, or any interaction between Plaintiffs and UICI Marketing. (Id.) Instead, Plaintiffs' negligence claim simply makes the conclusory allegation that unspecified "Defendants" "owed duties of diligence, due care, and fair dealings to Plaintiffs." (Compl. ¶ 87.) This conclusory allegation should be disregarded. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004).

Thus, because Plaintiffs fail to allege any contact with UICI Marketing that would give rise to a duty, their negligence claim fails and should be dismissed with prejudice. See Gilbert, 268 Ala. at 377.

**F.**   **Plaintiffs' Civil Conspiracy Claims Fails Because There Is No Underlying Tort.**

Plaintiffs' civil conspiracy claim against UICI Marketing fails as a matter of law because the Complaint demonstrates that UICI Marketing did not conspire with any other defendant to commit a wrongful act. "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and when the underlying wrong provides no cause of action, then neither does the conspiracy." Jones v. BP Oil Co., 632 So. 2d 435, 439 (Ala. 1993). Given that each of Plaintiffs purported causes of action against UICI Marketing fail as a matter of law, Plaintiffs' claim for civil conspiracy has no basis and should be dismissed with prejudice. See id.

## IV.  <u>CONCLUSION</u>

Wherefore, because this Court cannot exercise personal jurisdiction over UICI Marketing, this Court should dismiss with prejudice Plaintiffs' Complaint against UICI Marketing in its entirety, pursuant to Rule 12(b)(2).

In the alternative, subject to this Court's ruling on personal jurisdiction, and without waiving its foregoing motion to dismiss pursuant to Rule 12(b)(2) or consenting to jurisdiction in Alabama, UICI Marketing respectfully requests, pursuant to Rules 9(b) and 12(b)(6), that the Court dismiss with prejudice Plaintiffs' Complaint against it because Plaintiffs have failed to state a claim upon which relief can be granted.

Defendant UICI Marketing further requests that this Court grant such other relief to which it is justly entitled.

Respectfully submitted,


<u>/s/ Henry Callaway</u>
HENRY C. CALLAWAY
E. LUCKETT ROBINSON, II
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Tel:    (251) 432-5511
Fax:    (251) 694-6375

Attorneys for UICI Marketing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, May 18, 2005, served a copy of the foregoing pleading on all counsel of record by electronic service and by placing a copy of same in United States Mail, properly addressed and first class postage prepaid, as follows:

Robert G. Methvin, Jr., Esq.
Phillip W. McCallum, Esq.
James M. Terrell, Esq.
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205

James B. Pittman, Jr., Esq.
Davis & Fields, P.C.
27180 Pollard Road
Daphne, AL 36526

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203-2618

/s/ Henry Callaway