UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID P. NOAKES AND CYNTHIA M. NOAKES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | 2:05cv442- |
| MEGA LIFE AND HEALTH INSURANCE COMPANY; et al., | ) | WHA-SRW |
| | ) | |
| Defendants. | ) | |

**MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW**

COME NOW the Plaintiffs ("Plaintiffs" or the "Noakes"), by and through the undersigned counsel of record, and hereby move this Court for an Order remanding this action to the Circuit Court of Barbour County, Alabama pursuant to 28 U.S.C.A. § 1447(c). This action is not a case arising out of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiffs assert only claims arising under Alabama common law and statutes. This Court lacks subject matter jurisdiction and this action is not one for which removal is provided by 28 U.S.C. § 1441(a).

The Petition for Removal is not proper based on the grounds of diversity jurisdiction because

1

Plaintiffs submit an affidavit which states with specificity that Plaintiffs do not seek damages exceeding $75,000.00 in the aggregate for all claims stated in the Complaint.[1]  *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994); see also, *Brooks v. Pre-Paid Legal Services, Inc.*, 153 F.Supp.2d 1299 (M.D. Ala. 2001); *Hill v. MONY*, 75 F.Supp.2d 1328 (M.D. Ala. 1999).

### STANDARD OF REVIEW

A removal motion should be strictly construed against removal and all doubts should be resolved in favor of remand.  *Shamrock Oil & Gas v. Sheets*, 331 U.S. 100 (1941); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); and *Paxton v. Weaver*, 553 F.2d 936 (5th Cir. 1977).  Any party who urges federal jurisdiction on a federal court bears the burden of showing that the jurisdiction exists.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989), (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)).

This case can be remanded on the authority of

---

[1] In the interest of time, Plaintiffs submit the unexecuted Affidavit of Plaintiffs as Exhibit "A".  Plaintiffs will timely supplement this filing with the executed Affidavits of Plaintiffs.

2

*Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994), in that the Plaintiffs demand damages in an amount less than $75,000.00. A plain reading of the affidavit demonstrates that Plaintiffs will not seek nor attempt to collect damages in excess of $75,000.00 in the aggregate for all causes of action in this matter. (Attached hereto as Exhibit "A"). Therefore, Plaintiffs' Motion to Remand is due to be **GRANTED**.

### PLAINTIFFS DO NOT SEEK DAMAGES EXCEEDING THE $75,000.00 JURISDICTIONAL LIMIT

The federal courts are courts of limited jurisdiction. While a defendant does have a right, granted by statute, to remove in certain situations, the plaintiff is still master of his own claim. *Burns v. Windsor Insurance Co.*, *supra*. "Plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." See generally, *Wright and Miller,* 14A Federal Practice and Procedure § 3702; *St. Paul's Indemnity Corp. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592 (1938). A defendant's right to remove and a plaintiff's right to choose a forum are not on equal footing. Removal

3

statutes are construed narrowly and when the plaintiff and defendant dispute about jurisdiction, uncertainties are resolved in favor of remand.  *Burns v. Windsor*, supra at 1094; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L. Ed. 2d 1046 (1991); and *Coker v. Amoco Oil Corp.*, 709 F.2d 1433 (11th Cir. 1983).

The removing defendant has the burden of proving the existence of federal jurisdiction.  28 U.S.C.A. § 1441 (a).  A defendant's ability to remove a state case to federal court is not unfettered.  *Tapscott v. M.S. Dealer Service Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996).  In the instant matter, the Defendants' only ground for removal is diversity jurisdiction.  Because Plaintiffs' affidavit demands damages in an amount less than $75,000.00, diversity jurisdiction does not exist.  Therefore, this matter is due to be remanded to Alabama state court.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Remand is due to be **GRANTED**.  Plaintiffs ask this Court to issue an Order remanding this action back to the

4

Circuit Court of Barbour County, Alabama.

                                      Respectfully submitted,

                                      <u>s/James M. Terrell</u>
                                      Phillip M. McCallum(MCC063)
                                      Robert G. Methvin (MET009)
                                      James M. Terrell (TER015)
                                      Attorneys for Plaintiffs

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:  (205) 939-3006
Facsimile:  (205) 939-0399

James B. Pittman, Jr., Esq.
P.O. Box 2525
Daphne, AL 36526-2525

                            <u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on June 17, 2005, I electronically filed the foregoing document with the Court via the CM/ECF system which will deliver notice of the filing to the following individuals:

                      John Bolus, Esq.
                Maynard, Cooper & Gale, P.C.
            1901 6th Ave. North, Suite 2400
               Birmingham, Alabama  35203


                  E. Luckett Robinson
               Henry C. Callaway, Esq.
             Lisa Darnley Cooper, Esq.
                Hand Arendall, L.L.C.
                   P.O. Box 123
              Mobile, Alabama  36601

<pre>
                              s/James M. Terrell
                              OF COUNSEL
</pre>