**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DAVID P. NOAKES AND CYNTHIA M. NOAKES,** )<br>)<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**MEGA LIFE AND HEALTH INSURANCE** )<br>**COMPANY; et al.,** )<br>)<br>    **Defendants.** ) | Case No.<br>2:05cv442-<br>WHA-SRW |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY**

COME NOW the Plaintiffs, David P. Noakes and Cynthia M. Noakes ("Plaintiffs" or the "Noakes"), by and through their attorneys of record, and hereby move this Honorable Court to deny Defendant MEGA Life and Health Insurance Company's ("MEGA's") Motion to Adjourn. As grounds thereto, Plaintiffs states as follows:

There is no federal jurisdiction in this case. Notwithstanding the fact that there is no federal jurisdiction, MEGA now seeks to keep Plaintiffs from having their Motion to Remand heard by this Court. Even though there is no federal jurisdiction, MEGA seeks to transfer this matter to the United States

1

District Court for the District of Texas. Such a tactical maneuver is nothing more than a transparent effort to cause further expense and delay in this case and should not be condoned by the Court.

Plaintiffs respectfully submit that this Honorable Court has jurisdiction to hear their Motion to Remand, and this Court should hear Plaintiffs' Motion to Remand in adherence with the well-established principles of judicial economy. There is absolutely no reason for Plaintiffs to expend the time and money to travel to Texas to have their Motion to Remand heard there, especially when it is obvious that there is no federal jurisdiction in this matter.

I. INTRODUCTION

The primary thrust of MEGA's argument in support of its motion to stay is that nothing should happen in this case until a decision can be made by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on whether to send this case to the Northern District of Texas (the "Transferee Court"). However, because (1) this Court has the discretion to rule on the Motion to Remand; (2) there is no potential that a ruling on the

Motion to Remand by this Court will create conflict with rulings by the Transferee Court; and (3) there is no certainty of when the transfer issue will be resolved; judicial economy and consistency dictate that this Court rule on Plaintiffs' Motion to Remand before ruling on MEGA's Motion to Stay.

## II. ARGUMENT

A. <u>This Court Has The Discretion To Rule On The Motion To Remand And Should Exercise Its Discretion.</u>

Many courts have held, including the Fifth Circuit, where the Transferee Court sits, "panel practice contemplates that a district court may remand a removed case to state court before its transfer order under 28 U.S.C. § 1407 becomes effective." <u>State of Rio de Janeiro of Federated Republic of Brazil v. Philip Morris Inc.</u>, 239 F.3d 714, 715 (5th Cir. 2001); <u>Craft v. United Ins. Co. of Am.</u>, 2002 WL 32509283 at *1 (S.D. Miss. Jan. 17, 2002) (stating that most often "motions to remand are [to] be considered prior to disposing of motions to stay pending MDL transfer"). This case is no different. As such, contrary to MEGA's suggestion,

3

this Court can and should rule on Plaintiffs' Motion to Remand.

    B.   <u>A Ruling On The Motion To Remand Will Not Result In Duplicative, Inconsistent Or Conflicting Rulings By The Transferee Court.</u>

MEGA spends a lot of time arguing that a stay is appropriate because, compared to the cases before the MDL Panel, this case involves "common questions" and "common pretrial issues." (MEGA's Motion to Adjourn). However, these similarities relate, if at all, to the litigation of the underlying claims **AFTER** proper jurisdiction has been resolved. Thus, while these similarities might have relevance to whether the case should be transferred to the Transferee Court, they have no relevance to whether this Court should stay a ruling on the Motion to Remand. As such, the potential similarities in legal theories, discovery and pretrial issues have no relevance to the determination of whether this case is properly in federal court.

Moreover, the relevant inquiry when deciding whether to rule on the motion to remand before the motion to stay is whether <u>the issues presented in the remand motion are common</u> such that a stay might prevent

4

duplicative or inconsistent rulings <u>on various motions to remand</u> pending before the Transferee Court. <u>Speaker</u>, 2003 WL 22938955 at *1 ("I am informed that the MDL court has not yet addressed the fraudulent joinder issue in the context of Texas state substantive law. Therefore any decision expressed by this court will not create a conflict"); <u>Greene</u>, 344 F.Supp.2d at 679 ("The . . . Defendants have not provided the Court any authority establishing that the MDL court has previously considered the issue of Nevada law which is raised [in the motion to remand]; and, in any event, it is clear that a court within the District of Nevada is best-suited for consideration of the matter"). MEGA has not and cannot make any such showing.

Because the facts and issues raised in the Motion to Remand are specific to the Noakes and Eleventh Circuit law, there is no potential that a decision by this Court will create a conflict with any decision of the Transferee Court. As such, this Court should rule on the Motion to Remand.

### C. To Avoid Undue Delay, Promote Judicial Efficiency And In The Interest Of Expediency, This Court Should Rule On The Motion To Remand.

Finally, in determining whether to rule on a motion to remand before a motion to stay, the court should weigh the interest of expediency. Id. As the court stated in Greene:

> It is unknown when the multi-litigation panel will issue a conditional transfer order to the MDL court. Even once it does so, the Plaintiffs are then provided an opportunity to contest the transfer, which will result in proceedings that further delay determination of the motion to remand.

Id. The present case is no different. Indeed, should the MDL issue a CTO, Plaintiffs intend to file a written opposition to the Order. Moreover, before any CTO can become effective, a briefing schedule will established and the matter will be set for hearing at the next "appropriate" hearing session of the Panel. As it stands, the timing of these events in their entirety is uncertain.

Moreover, other than simply arguing that this case is similar to those before the Transferee Court, MEGA has provided no practical reason why this Court should not exercise its discretion and rule on the Motion to

Remand, especially in light of the fact that the motion has been fully briefed. Indeed, if the motion is granted there is no reason for the transfer order to be made effective or for the parties to expend additional resources litigating the transfer issue. Likewise, if the motion is denied and this case is ultimately transferred, the remand issue already will have been resolved and no further jurisdictional barriers will exist so the parties can more efficiently proceed to the merits. In short, ruling on the motion to remand simply makes sense.

Again, a stay of the proceedings in this case would only serve to cause Plaintiffs unnecessary expense and delay of the ultimate remand of this case. MEGA's Motion to Adjourn flies in the face of the very purpose of the Multi-District Litigation statute, which is to conserve judicial resources and decrease expenses to the parties. Indeed, many courts have seen fit to deny similar motions to stay. (<u>See</u> Order Denying Defendants' Motion to Stay and Remand Order in the matter styled as <u>Mattie Wright v. Metropolitan Life Insurance Company, et al.</u> and designated as CV-99-T-

7

1241-N in the United States District Court for the Middle District of Alabama; attached hereto as Exhibit 2); (See Order denying Defendants' Motion to Stay and Remand Order in the matter styled as Mellanee Rogers v. Metropolitan Life Insurance and Annuity Company and designated as CV-00-T-294-E in the United States District Court for the Middle District of Alabama; attached hereto as Exhibit 3); (See Civil Docket Sheet in the matter styled as Baldwin, et al., v. Metropolitan Annuity, et al. and designated as CV-00-T-155-E in the United States District Court for the Middle District of Alabama; attached hereto as Exhibit 4); (See also Order in the matter styled as Baldwin, et al., v. Prudential Insurance Company and designated as 96-1264-CB-M in the United States District Court for the Southern District of Alabama; attached hereto as Exhibit 5).

### III. CONCLUSION

This Court has jurisdiction to hear Plaintiffs Motion to Remand, and Plaintiffs respectfully request that this Honorable Court exercise such jurisdiction. There is absolutely no reason for Plaintiffs to travel

to Texas to have a United States District Court Judge hear Plaintiffs' Motion to Remand, when this Honorable Court can appropriately decide the merits of the motion.  Any delay of this proceeding will adversely affect Plaintiffs' ability to prosecute this action and cause undue hardship and prejudice upon Plaintiffs.

For all of the foregoing reasons, Plaintiffs respectfully request this Honorable Court enter an Order **DENYING** MEGA's Motion to Adjourn and proceed with a ruling on their Motion to Remand.

                                Respectfully submitted,

                                <u>s/James M. Terrell</u>
                                Phillip M. McCallum(MCC063)
                                Robert G. Methvin (MET009)
                                James M. Terrell (TER015)
                                Attorneys for Plaintiffs

**OF COUNSEL:**
**MCCALLUM, METHVIN & TERRELL, P.C.**
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:  (205) 939-3006
Facsimile:  (205) 939-0399

James B. Pittman, Jr., Esq.
P.O. Box 2525
Daphne, AL 36526-2525

**CERTIFICATE OF SERVICE**

 I hereby certify that on June 17, 2005, I electronically filed the foregoing document with the Court via the CM/ECF system which will deliver notice of the filing to the following individuals:

> John Bolus, Esq.
> MAYNARD, COOPER & GALE, P.C.
> 1901 6th Ave. North, Suite 2400
> Birmingham, Alabama  35203


> E. Luckett Robinson
> Henry C. Callaway, Esq.
> Lisa Darnley Cooper, Esq.
> HAND ARENDALL, L.L.C.
> P.O. Box 123
> Mobile, Alabama  36601


      s/James M. Terrell
      OF COUNSEL