FILED

NOV 23 1999

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MATTIE WRIGHT,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )
                                        )    CIVIL ACTION NO.
THE METROPOLITAN LIFE                   )    99-T-1241-N
INSURANCE COMPANY, et al.,              )
                                        )
    Defendants.                         )
                                        )

ORDER

It is ORDERED as follows:

(1) The motion to submit conditional transfer order, etc., filed by defendant Metropolitan Life Insurance Company on November 15, 1999, is granted.

(2) The motion to stay filed by defendant Metropolitan Life Insurance Company on November 4, 1999, is denied.

EXHIBIT 2

(3) The motion to submit additional authority, etc., filed by defendant Metropolitan Life Insurance Company on November 18, 1999, is granted.

(4) The objection, etc., filed by defendant Metropolitan Life Insurance Company on November 18, 1999, is overruled.

The clerk of the court is DIRECTED to provide a copy of this order and the other order entered today to counsel for all parties by facsimile transmittal.

DONE, this the 23rd day of November, 1999.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

SEP-17-01 MON 02:15 PM                       FAX NO.                          P. 10

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MATTIE WRIGHT,                )
                              )
        Plaintiff,            )
                              )
    v.                        )
                              )
METROPOLITAN LIFE             )    CIVIL ACTION NO.
INSURANCE COMPANY, et al.,    )    99-T-1241-N
                              )
        Defendants.           )
                              )
                              )

## ORDER

Plaintiff Mattie Wright initially filed this lawsuit in the Circuit Court of Montgomery County, Alabama on September 8, 1999, alleging that defendants Metropolitan Life Insurance Company and Michael Stinson misrepresented to her that she was purchasing a life insurance policy with Metropolitan Life for which all premiums were paid from her existing two life policies, for which no out-of-pocket premiums would be required, and which provided a 'better deal' for her than her existing policies. Based on this general allegation, Wright charges Metropolitan Life

EOD _11/23/99_

and Stinson with state-law claims for fraudulent and negligent misrepresentations and concealment, and she charges Metropolitan Life with state-law claims for negligent and wanton hiring, training, and supervision. On October 18, 1999, Metropolitan Life removed this lawsuit to federal court, basing removal on diversity-of-citizenship jurisdiction pursuant to 28 U.S.C.A. §§ 1332, 1441. This matter is now before the court on Wright's motion to remand, filed on November 3, 1999.

"Very early in the judicial history of this country, the Supreme Court established the rule of complete diversity of citizenship in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). This rule requires that all plaintiffs and all defendants must be of different citizenships." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989). Metropolitan Life is incorporated in and has its principal place of business in a State other than the State of Alabama. However, because Wright and Stinson are both citizens of the State of Alabama, complete diversity of citizenship is not

2

present in this case. Metropolitan Life contends that Wright fraudulently joined Stinson as a defendant in order to defeat diversity of citizenship.

The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction. The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). In order to establish fraudulent joinder, the removing party must show either "[1] that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Id.; see also Cabalceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state

3

court." <u>Coker</u>, 709 F.2d at 1440-41. The court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. <u>See</u> <u>Cabalceta</u>, 883 F.2d at 1561.

Wright takes issue with Metropolitan Life's contention that Stinson has been fraudulently joined. Wright has not yet had a full opportunity to engage in discovery to prove her claims against Stinson. Moreover, she should not be unjustly cut off at this early stage from pursuit of possibly valid claims. The question then is how should the court assess factual allegations for fraudulent joinder when there has not been a full opportunity for discovery. "The court need not look far for an appropriate threshold standard. A party submitting a pleading must meet, at least, the requirements of Rule 11 of the Federal Rules of Civil Procedure." <u>Sellers v. Foremost Insurance Company</u>, 924 F. Supp. 1116, 1118 (M.D. Ala. 1996) (Thompson, J.).

With regard to factual allegations, Rule 11(b) provides, in part, that, "By presenting to the court ...

4

a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Thus, Rule 11 recognizes, as the 1993 Advisory Committee Notes state, that "a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation." Nonetheless, as the Committee Notes further state, "Tolerance of factual contentions ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties [or] make claims ... without any factual

5

basis or justification." Thus, Rule 11 requires that a litigant be able to provide some showing that "the allegations and other factual contentions have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

With regard to legal contentions, Rule 11(b) provides, in part, that, "By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Therefore, to block a fraudulent-joinder charge based on lack of legal support, a plaintiff need only show that her claim against a resident defendant is warranted by existing law or by a

nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

The court believes that, because a fraudulent-joinder charge based on statute of limitations raises a concern already addressed by Rule 11--that is, that a plaintiff may have good reason to believe, based on the facts (as known) and the law, that a limitations statute has not run but the plaintiff may need discovery to confirm the fact--Rule 11's standards should apply to such a charge. Therefore, to block a fraudulent-joinder charge based on statute of limitations, a plaintiff who has not been able to engage in full discovery must be able to provide some showing that her claim against the resident defendant has an evidentiary support both in fact and in law or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Applying these standards, the court concludes that Stinson has not been fraudulently joined as a defendant. The dispute between the parties centers on whether the claims against Stinson are time-barred because the point

7

in time in which Wright discovered or should have discovered the alleged misrepresentations was, according to Metropolitan Life and Stinson, more than two years ago. In 1997, in <u>Foremost Ins. Co. v. Parham</u>, 693 So. 2d 409, 417 (Ala. 1997), the Alabama Supreme Court reaffirmed that the two-year limitations period for fraud claims begins when the alleged victim discovered or should have discovered the fraud. The appellate court also added, however, that the duty placed in the victim to discover the fraud would henceforth no longer be that of "justifiable reliance" but rather would be what had been the standard prior to 1989, that is, "reasonable reliance." 693 So.2d at 421-22. While this court agrees with the defendants that the decision of the Alabama Supreme Court in <u>Foremost</u> poses a significant obstacle to Wright's successful pursuit of her claims, the court cannot conclude that that obstacle is insurmountable.

First, it must be remembered that the <u>Foremost</u> decision is a relatively recent decision, and there has not yet been a sufficient opportunity for the full

8

development of the nuances that will surely follow based on factual scenarios that may prove sufficiently compelling to warrant qualifications and exceptions to some of the sweeping legal statements in the opinion. To be sure, the Foremost decision reflected a return to the earlier law; but how that return will play out is uncertain. Second, the Foremost decision does not call for, as the defendants suggest, a blanket application of a two-year limitations period from when the fraud allegedly occurred. Under the "reasonable reliance" standard, articulated in Foremost, the factfinder is afforded "greater flexibility in determining the issue of reliance based on all of the circumstances surrounding a transaction, including the mental capacity, educational background, relative sophistication, and bargaining power of the parties." 693 So. 2d at 421 (emphasis added). And, of course, there is the very important factor of whether general circumstances, and in particular, the language in the insurance contract, put the alleged victim on notice of the fraud outside the limitations period.

9

All these factors have yet to be developed in this case, and, without their development, this court cannot conscientiously apply the *Foremost* standard here.

In addition and alternatively, it must be kept in mind that the issue before the court is *fraudulent* joinder, not *mistaken* joinder. See James F. Archibald III, Note, *Reintroducing "Fraud" to the Doctrine of Fraudulent Joinder*, 78 Va.L.Rev. 1377, 1398 (1992). The issue before the court is whether the plaintiff sought to join the resident defendant with the *specific intent* to defeat diversity jurisdiction. The fraudulent joinder test—whether a cause of action exists against the resident defendant—is nothing more than a rough proxy for this intent determination; the test obviates the need to look at the actual motive of the plaintiff or her attorney. However, where there are other circumstances that point away from the presence of intentional fraud, even in the face of a perhaps weak case against the resident defendant, these other circumstances should not be overlooked. The plaintiff's intent is not "irrelevant

10

to the fraudulent joinder inquiry; instead, de-emphasis on the issue of actual intent is a result of the difficulty inherent in ascertaining it." Id. at 1399.

Here, the contention--the fact that the claims are so weak or even meritless reflects that Wright sought to join Stinson with the specific intent to defeat removal jurisdiction--is undermined by what would be the additional fact that Wright brings the same weak or meritless claims against Metropolitan Life. In other words, Wright brings the same so-called weak or meritless claims against both a resident defendant (Stinson) and a non-resident defendant (Metropolitan Life). Thus, the fact that Wright's case against Stinson may be weak or meritless tells us nothing regarding "why" a state resident was joined as a defendant because Wright's case against Metropolitan Life is equally as weak or meritless.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to remand, filed by plaintiff Mattie Wright on November 3, 1999, is granted and that this cause is remanded to the Circuit Court of Montgomery

11

County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23rd day of November, 1999.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE