IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LYNN BALDWIN, ET AL., )
 )
 Plaintiffs, )
 )
v. ) CIVIL ACTION NO.
 )
THE PRUDENTIAL INSURANCE CO., ) 96-1264-CB-M
ET AL., )
 )
 Defendants. )
 )
 )

## ORDER

This matter is before the Court on the motion to remand filed by plaintiffs Lynn and Karl Baldwin (tab 4), and the motion to stay filed by defendant Prudential Insurance Company of America ("Prudential") (tab 3). After careful consideration of the motions and the parties' written submissions, the Court GRANTS the motion to remand and DENIES the motion to stay for the reasons set forth below.

I. Procedural Background

This dispute arises out of the sale of various insurance policies by the defendants to the plaintiffs.[1] This case has a rather complicated procedural history, but for the purpose of ruling on the two motions before the Court, a brief summary will suffice. Prudential has been named as the defendant in a number of suits throughout the country comparable to the instant action. Many of these cases have been transferred and consolidated in the United States District Court

---

[1] The individual defendants are all citizens of the State of Alabama for jurisdictional purposes.


EXHIBIT 5

for the District of New Jersey pursuant to 28 U.S.C. § 1407(a) by the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Included in the consolidated cases is a class action pending against Prudential. In the Fall, 1996, the plaintiffs received notices from the United States District Court for the District of New Jersey concerning the pendency of the class action. The notices informed the plaintiffs of their right to "opt out" of the class action. The plaintiffs decided to opt out of the proceedings, and on November 14, 1996, the plaintiffs filed their original complaint in the Circuit Court of Mobile County, Alabama, asserting the following state law causes of action: (1) false representation, (2) concealment and suppression, (3) conversion, (4) breach of fiduciary duty, and (5) civil conspiracy.

On December 23, the defendants removed this case to this Court, and on December 27, the defendants filed a "notice of related action" with the MDL Panel. The defendants informed the MDL Panel that the instant action represents a potential "tag-along action" to the cases already pending in the District of New Jersey. On December 31, the defendants filed the motion to stay now under consideration, asking this Court "to stay all proceedings in this matter pending review by the [MDL Panel]" (tab 3). On January 10, 1997, the MDL Panel issued a conditional transfer order.² The plaintiffs filed a notice of opposition to the proposed transfer, and the MDL Panel scheduled a hearing to consider the propriety of the transfer on

---

²The Court notes that the issuance of a conditional transfer order does not affect the jurisdiction of this Court to consider the underlying motions. "The pendency of a ... conditional transfer order ... does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule of Procedure of the Judicial Panel on Multidistrict Litigation 18.

2

March 21, 1997 [1]

On January 27, the plaintiffs filed the motion to remand now under consideration. On February 7, the plaintiffs filed their brief in opposition to the defendants' motion to stay, and on February 14, the defendants filed their brief in opposition to the plaintiffs' motion to remand. The Court finds that both motions are now ripe for its review.

I. Legal Analysis

A. The Plaintiff's Motion to Remand

Unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court"). Furthermore, "[a] removing defendant has the burden of proving the existence of federal jurisdiction." Tapscott, 77 F.3d at 1356. The defendants do not contend that this Court has original jurisdiction because the case involves [1] a federal question pursuant to 28 U.S.C. § 1331 or [2] parties of diverse citizenship pursuant to 28 U.S.C. §

---

[1] According to the Rules of Procedure of the MDL Panel, "Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court," and "[t]he Clerk of the Panel . . . shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof." Rule of Procedure of the Judicial Panel on Multidistrict Litigation 12(a) and (e). If a party opposing the transfer files a notice of opposition with the Clerk of the Panel during this fifteen-day period, "the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel." Id. at Rule 12(c).

3

1332. Rather, the defendants proffer a rather novel theory to support their contention that this Court has original jurisdiction in this case.

The defendants contend that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), – when read in conjunction with the removal statute, 28 U.S.C. § 1441(a) – confers removal jurisdiction on this Court.[4] In support of their contention, the defendants put forth the following syllogism. First, original federal jurisdiction exists in at least some of the cases currently pending before the United States District Court for the District of New Jersey. Second, the instant action forms part of the same "case or controversy" as those cases for which federal jurisdiction exists. Therefore, this Court has supplemental jurisdiction over the instant action, and as a result, the case has been properly removed to this Court. Because this is the defendants' only argument to support this Court's removal jurisdiction, the sole issue before this Court is whether 28 U.S.C. § 1367(a) standing alone confers removal jurisdiction upon the Court.

In response, the plaintiffs cite a host of cases which reject the defendant's argument, including a recent decision by the Sixth Circuit addressing the exact issue before this Court.

---

[4] 28 U.S.C. § 1367(a) reads as follows:

> [e]xcept as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

4

See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451 (6th Cir. 1996). In rejecting an argument analogous to the one advanced by the defendants, the Sixth Circuit held as follows:

> The action before us was filed in state court. The removal statute allows removal only of a "civil action brought in a State court of which the district courts have original jurisdiction . . . ." 28 U.S.C. § 1441(a) (emphasis added). The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, . . . and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, . . . even if the action which the defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, . . . and even if removal would be efficient.
>
> [T]he plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law . . . . At the time of removal, the plaintiffs' complaint asserted no claim giving the district court diversity or federal-question jurisdiction, . . . so the plaintiffs have properly avoided federal subject-matter jurisdiction.
>
> Without proper removal, a state-court action does not belong in federal court in the first place, and it is wrong to even consider supplemental jurisdiction . . . . Neither the facts nor the claims in the action before us "are so related to claims in the action" over which the federal district court already has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But even if they were so related, that would not transform them into claims over which the federal district court has original jurisdiction.

Id. at 456 (emphasis added) (some citations omitted); see also In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); Sebring Homes v. T.R. Arnold & Associates, Inc., 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) ("The supplemental jurisdiction statute does not confer original jurisdiction on claims or suits." and "[s]ection 1367 provides no original jurisdiction over a separate, but related suit, and does not authorize removal from state court to federal court pursuant to § 1441."); Zewe v. Law Firm of Adams & Reese, 852 F. Supp. 516, 520 (E.D.

5

Ct. 1995) (rejecting the defendant's argument "that this court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims [the plaintiff] asserted in his state court suit because they are so factually related to claims in the federal class action that they form part of the same case or controversy," because "a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court suit which was removed without original jurisdiction.").

The plaintiffs also cite a number of identical cases — cases in which Prudential has removed an action from state court in an effort to have the action consolidated with the cases now pending in the District of New Jersey — in which District Courts have rejected the precise argument proffered by Prudential in the case *sub judice*. See, e.g., Rum v. Prudential Ins. Co. Of America, No. CIV.A. 96-3658, 1996 WL 278819, at *3 (E.D. Pa. 1996 May 23, 1996) ("Prudential's only basis for federal subject matter jurisdiction of this action is its assertion that the original jurisdiction of the District of New Jersey confers supplemental jurisdiction of this action on, apparently, all district courts," but "supplemental jurisdiction, by its terms, is not original jurisdiction, and, therefore cannot satisfy the jurisdictional prerequisite of § 1441(a)."); Clark v. Prudential Ins. Co. Of America, No. LR-C-96-590 (E.D. Ark. Sept. 12, 1996) ("Defendants have pointed the Court to no authority for the proposition that a federal district court may properly invoke supplemental jurisdiction in the absence of any jurisdiction in that same court," and "[t]he supplemental jurisdiction statute provides supplemental jurisdiction to a federal district court only when there is some basis of original jurisdiction."); Wall v. Prudential Ins. Co. Of America, No. CV-96-TMP-2846-W (N.D. Ala. Nov. 13, 1996) ("[T]he supplemental jurisdiction statute, § 1367, does not create original federal

6

jurisdiction that will support removal of a state action for which no other jurisdictional basis exists," and "[s]ection 1367 does nothing more than extend federal jurisdiction that already exists; it does not create federal jurisdiction where it did not otherwise exist."). The Court finds the reasoning underlying the above cases highly persuasive.

Like many of the above courts, this Court begins its analysis by noting that Congress has expressly authorized the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). There can be no dispute that this Court lacks original jurisdiction to hear this case. The parties are not diverse, and the plaintiffs assert no claim arising under federal law. Nevertheless, the defendants contend that — because the United States District Court for the District of New Jersey has original jurisdiction to hear some of the related cases now pending before it — this Court has supplemental jurisdiction over the instant action, and therefore the case has been properly removed. This view ignores the plain language of the removal statute which requires the Court to have *original* — as opposed to supplemental, ancillary, pendent, appellate, etc. — jurisdiction over the action. See Cole v. Prudential Ins. Co. Of America, No. CV-96-7171-MRP (C.D. Cal. 1997) ("When a state court complaint contains not a single claim over which a federal court has original jurisdiction, removal would clearly contradict section 1441(a) which only authorizes the removal of those cases that fall within the original jurisdiction of the federal district courts.").

The defendants' argument also ignores the plain language of the supplemental jurisdiction statute.

7

The Court notes that the plaintiffs exercised their right to opt out of the class action and pursue their claims individually. More importantly, the plaintiffs chose to pursue their claims in state court. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction," and that "plaintiff is still the master of his own claim." Burns v. Windor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). To allow this case to be transferred to the District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing. Even if the District Court in New Jersey ultimately remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable. See Cole, No. CV-96-7171-MRP ("As a matter of simple fairness, [plaintiff] should not be required to go to New Jersey to object to this Court's exercise of jurisdiction over his lawsuit.").

Finally, Congress has provided that, "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This Court has determined that it lacks subject matter jurisdiction to hear this case, and pursuant to Congress' mandate, the Court is remanding the case. To stay these proceedings when the Court clearly lacks subject matter jurisdiction is contrary to Congress' intent. Furthermore, it perpetuates federal interference in a case properly brought in state court and runs afoul of the tradition of limited federal jurisdiction.

III. Conclusion

For the aforementioned reasons, the Court DENIES the defendants' motion to stay and GRANTS the plaintiff's motion to remand. This case is REMANDED to the Circuit Court of

10

Mobile County, Alabama, for any further proceedings.

It is so ORDERED.

DONE this the 14th day of March, 1997.

*/s/ [signature]*
CHIEF DISTRICT JUDGE

11