IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID P. NOAKES AND CYNTHIA M. NOAKES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.2:05-cv442-WHA |
| MEGA LIFE AND HEALTH INSURANCE COMPANY; UNITED INSURANCE COMPANIES, INC. (d/b/a THE INSURANCE CENTER, UGA – ASSOCIATION FIELD SERVICES); UNITED GROUP SERVICE CENTERS, INC.; UICI MARKETING, INC.; SPECIALIZED ASSOCIATION SERVICES, INC.; NASE GROUP INSURANCE TRUST FUND; NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED; and FICTITIOUS DEFENDANTS 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**THE MEGA LIFE AND HEALTH INSURANCE
COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant The MEGA Life and Health Insurance Company ("MEGA") files this opposition to Plaintiffs David and Cynthia Noakes' ("Plaintiffs") Motion to Remand (the "Motion").[1] In support thereof, MEGA respectfully states as follows:

**I. PRELIMINARY STATEMENT**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiffs and the defendants and the amount in

---

[1] MEGA specifically preserves any and all administrative remedies available under the applicable certificate(s) of health insurance coverage and any right to demand arbitration pursuant to any applicable agreement to arbitrate.

controversy exceeds $75,000. Plaintiffs do not dispute that diversity of citizenship exists. Plaintiffs contend only that the amount in controversy requirement is not satisfied. MEGA, however, has demonstrated by a preponderance of the evidence, which includes two uncontroverted expert affidavits, that Plaintiffs sought damages in excess of $75,000 at the time of removal.

Although Plaintiffs' complaint places no limit on the amount of damages sought, Plaintiffs have now offered an unexecuted affidavit in a late-breaking effort to divest this court of jurisdiction. This post-removal "amendment" to Plaintiffs' complaint should be ignored for multiple reasons. First, the amount in controversy must be examined at the time of removal. Although in certain limited circumstances an affidavit can be used to clarify a prior complaint, because Plaintiffs initially chose not to limit their damages, Plaintiffs' new damage clause is an amendment, not a clarification to the complaint. Accordingly, the affidavit has no impact on the amount of damages sought by Plaintiffs at the time of removal. Second, Plaintiffs did not file their affidavit in a timely fashion, and, for this reason alone, it should be disregarded. Finally, Plaintiffs failed to sign their affidavit and did not get it notarized. Thus, the affidavit cannot be considered by this Court.

Because MEGA has established this Court's diversity jurisdiction over this matter and Plaintiffs' affidavit cannot be considered, the Court should deny the Motion to Remand.

In the alternative, should this Court consider Plaintiffs' post-removal, unexecuted affidavit (which it should not), MEGA should be awarded its attorneys' fees and costs relating to this removal. Plaintiffs' failure to include a damages limitation clause caused MEGA to incur needless expense, and the law of this circuit requires that a defendant be reimbursed for all costs and expenses in such a situation.

-3-

## II. ARGUMENT AND AUTHORITIES

**A.     MEGA Has Demonstrated by a Preponderance of the Evidence that the Amount in Controversy Exceeds $75,000.00.**

When the plaintiff fails to specify a damages amount in the complaint, a defendant need only demonstrate that the amount in controversy requirement is satisfied by a preponderance of the evidence.  See Leonard v. Enter. Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002) ("Where a Plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.").  Courts in this circuit have noted that "this relatively low burden of proof 'is warranted because there is simply no estimate of damages to which a court may defer.'"  Fuller v. Exxon Corp., 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999) (quoting Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).

In their Motion, Plaintiffs ignore this pertinent case law and instead incorrectly refer this Court to the "legal certainty" standard set forth in Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994).  This standard applies only when the plaintiff's complaint "specifically requests" damages less than the minimum jurisdictional sum.  Id. at 1095-96.  In those instances, a removing defendant must establish to a "legal certainty" that the plaintiff's claim exceeds the requisite amount.  Id.  Here, Plaintiffs' complaint does not seek a specific damage amount and does not place any limitations on the damages sought.  (See generally Compl.)  Accordingly, the legal certainty standard does not apply.  See Burns, 31 F.3d at 1095-96.

MEGA's Notice of Removal easily satisfies the correct benchmark—the preponderance of the evidence standard. This low threshold can be met by examining verdicts in similar cases and submitting related affidavit testimony. For example, in the Fuller case, the defendant submitted the affidavit of its attorney opining that he was "familiar with verdicts . . . in factually similar cases . . . [and,] in his opinion, 'it would be *more likely than not* that a judgment in excess of $75,000 . . . would be entered in this case." Fuller, 78 F. Supp. 2d at 1298. Likewise, in the case of Davis v. Franklin Life Insurance Co., the citation "to numerous decisions by the Alabama Supreme Court which have upheld punitive damage awards in excess of [the] jurisdictional amount, many of which are cases claiming fraud against insurance companies" along with the affidavit of a law school professor and several articles provided sufficient evidence that the amount in controversy was satisfied. Davis, 71 F. Supp. 2d 1197, 1199-1200 (M.D. Ala. 1999). In support of its Notice of Removal, MEGA has provided the affidavits of two expert witnesses. (See Not. of Removal, Ex. 4 (Affidavit of Forrest S. Latta ("Latta Aff.")), Ex. 5 (Declaration of Professor George L. Priest ("Priest Decl.")).) Both of the expert witnesses specifically reviewed numerous Alabama federal and state decisions that awarded punitive damages well in excess of $75,000, stating that these cases, much like the case at bar, were based on fraud claims against out-of-state insurers. (See Not. of Removal, Ex. 4 (Latta Aff.) ¶¶ 8-17, Ex. 5 (Priest Decl.) ¶ 30.) Plaintiffs have made no efforts to rebut or even address these affidavits. (See generally Pl.s' Mot. to Remand.)

Because MEGA has presented this uncontroverted evidence regarding the damages at issue, it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Davis, 71 F. Supp. 2d at 1199-1200; Fuller, 78 F. Supp. 2d at 1298.

-5-

B.  **Plaintiffs' Post-Removal Attempt to Limit the Amount in Controversy Must Be Disregarded.**

Plaintiffs cannot divest this Court of jurisdiction by filing a post-removal affidavit purporting to limit the amount in controversy. Subject matter jurisdiction must be determined at the time of removal. Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1291-92 (11th Cir. 2000). Thus, an affidavit or other "event[] occurring after removal which may reduce the damages recoverable below the amount in controversy requirement [does] not oust the district court's jurisdiction." Id.; see also Fuller, at 1296-97 (S.D. Ala. 1999) (Plaintiffs could not limit court's jurisdiction by having their attorney file a post-removal affidavit waiving claims to punitive damages).

Here, Plaintiffs have attempted to limit this court's jurisdiction by filing a post-removal affidavit in which they agree to "an irrevocable cap upon the amount of damages which may be sought by or awarded to [them] in this case." (Affidavit of Plaintiffs at 2.) Plaintiffs' complaint contains no similar limitation or cap on damages. (See generally Compl.) Accordingly, Plaintiffs' affidavit should be disregarded for purposes of determining the amount in controversy. See Fuller, at 1296-97; Poore, 218 F.3d at 1291-92.

Under certain circumstances not present in the instant matter, courts have allowed a plaintiff to clarify an otherwise ambiguous damages limitation clause through the use of a post-removal affidavit. For example, in Brooks, the plaintiffs brought suit and sought compensatory damages of $74,500, but failed to specify the amount of punitive damages sought. Brooks, 153 F. Supp. 2d at 1300. There, the court allowed the plaintiffs to use the affidavit to clarify the *ad damnum* clause, which the court noted "could have been drafted more precisely in the first instance." Id. at 1302. Similarly, in the case of Taylor v. Campbell, the plaintiff had limited damages to $48,000 ($2,000 less than the $50,000 limit in place at that time) in the complaint.

Taylor, 852 F. Supp. 978, 979 (M.D. Ala. 1994). However, the $48,000 limitation was expressed in each of the three counts, leaving it unclear as to whether the plaintiff had actually intended to claim only a *total* of $48,000. Id. The court allowed plaintiff to clarify his original intent by filing an affidavit. Id. at 979-80. In addition, where a plaintiff's uncontroverted affidavit establishes that the plaintiff never intended to seek damages in excess of $75,000, the affidavit may be viewed as a clarification of a complaint that was silent on this issue. See Hill v. MONY Life Ins. Co., 75 F. Supp. 2d. 1328, 1330 (M.D. Ala. 1999).

  Unlike the claimants in these cases, Plaintiffs specifically ***chose not*** to include a damages limitation clause in their complaint. (See generally Compl.) Importantly, prior to filing this lawsuit, counsel for Plaintiffs filed nearly identical suits against MEGA on behalf of three other groups of plaintiffs.[2] As opposed to Plaintiffs' complaint, each of the complaints in these three prior cases contained an *ad damnum* clause limiting plaintiffs' recovery to less than the jurisdictional amount. (See Nichols Compl. (Ex. A) at 23; Jackson Compl. (Ex. B) at 25.), Wade Compl. ¶ 160 (Ex. C).) Thus, Plaintiffs deliberately decided not to limit their damages at the time of filing, and, in fact, removed the damages limitation included in the prior versions of these nearly identical complaints. Because federal jurisdiction is determined at the time of removal, Plaintiffs' sudden "change of heart" regarding the amount of damages they seek must be disregarded, and their request for remand denied. See Fuller, at 1296-97; Poore, 218 F.3d at 1291-92.

  Plaintiffs' affidavit should also be disregarded because it was not provided in a timely fashion. Courts considering post-removal affidavits have emphasized that they must be

---

[2] Indeed, most of the paragraphs in these three prior complaints are nearly identical to the paragraphs contained in Plaintiffs' complaint. (Compare Compl. ¶¶ 13-19 with Nichols Compl. ¶¶ 11-17, attached hereto as Exhibit ("A"); Jackson Compl. ¶¶ 12-18, attached hereto as Exhibit ("B"); Wade Compl. ¶¶ 19-25, attached hereto as Exhibit ("C").)

-6-

filed shortly after the case has been removed. See Brooks, 153 F. Supp. 2d at 1302 ("[Plaintiffs] who fail to file damages stipulations soon after removal should be barred from doing so."). This case was removed on May 10, 2005. (See Not. of Removal.) Plaintiffs waited 38 days, until June 17, to file their affidavit, which, as of the time of this filing, still has not been signed or notarized. (Affidavit of Plaintiffs at 2.) This delay provides further grounds for this Court to disregard the affidavit when ascertaining the amount in controversy. See Brooks, 153 F. Supp. 2d at 1302.

Finally, Plaintiffs' affidavit should be disregarded because it has not been executed. To provide competent evidence, an affidavit must be notarized and signed by the individual executing it. See, e.g., Spradley v. Notami Hosps. of Fla., Inc., 892 F.Supp.1459, 1461 n.1 (M.D. Fla. 1995) (refusing to consider affidavit that was neither signed nor notarized). As of this date, Plaintiffs have not properly executed their affidavit. (Affidavit of Plaintiffs at 2.) As a result, this Court should not consider the affidavit for purposes of remand. See Spradley, 892 F. Supp. at 1459.

**C.    In the Alternative, Plaintiffs Should Be Charged with All of MEGA's Costs and Expenses Incurred in Removing this Action.**

In the alternative, if Plaintiffs' post-removal affidavit is considered—which it should not be—then MEGA is entitled to recover its costs and attorneys' fees associated with the removal and responding to this motion to remand. When a defendant removes a case after a plaintiff files a complaint without a damages limitation (or even an ambiguous damages limitation), the *plaintiff* should be charged with the costs associated with removal if the case is ultimately remanded. Brooks, 153 F. Supp. 2d at 1302 (M.D. Ala. 2001). Faced with this situation, a court in this district concluded:

> [P]laintiffs, as a general rule, should pay defendants all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" if the defendants removed on the basis of an unspecified, arguably ambiguous *ad damnum* clause.

Id.  This rule is designed to "encourage precision in pleadings."  Id.  As opposed to the litigants in the two, identical, prior cases filed by Plaintiffs' counsel, these Plaintiffs did not include a provision limiting their damages.  (Compare Compl. with Nichols Compl. (Ex. A) at 23; Jackson Compl. (Ex. B at 25).)  Thus, MEGA reasonably inferred that these Plaintiffs made a conscious decision not to limit their damages, and MEGA removed on the basis of diversity jurisdiction.  Accordingly, Plaintiffs should be charged with all of the costs incurred by MEGA in removing this case and responding to this Motion.  See Brooks, 153 F. Supp. 2d at 1302-03 (removal costs charged against plaintiff that included ambiguous *ad damnum* clause in complaint).

### III.  CONCLUSION AND REQUESTED RELIEF

For the reasons described above, MEGA respectfully requests that this Court proceed with this matter as if it had been originally filed herein.  In the alternative, MEGA requests that it be awarded all costs, expenses, and attorneys' fees incurred in removing this case and responding to Plaintiffs' Motion.  MEGA further requests any other relief to which it may be justly entitled.

DATED:      July 1, 2005

/s E. Luckett Robinson, II
HENRY A. CALLAWAY, III  (CALLH4748)
E. LUCKETT ROBINSON II (ROBIE6110)
Hand Arendall, LLC
Post Office Box 123
Mobile, AL 36601
Telephone:  (251) 432-5511
Facsimile:  (251) 694-6375
Email: hcallaway@handarendall.com
           lrobinson@handarendall.com
Attorneys for Defendant The MEGA Life and Health Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2005, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following:

Phillip W. McCallum, Esq.
Robert G. Methvin, Jr., Esq.
James M. Terrell, Esq.
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL  35205

James Bradford Pittman, Jr.
Of Counsel
Citrin & McGlothren, P.C.
P.O. Box 2525
Daphne, Alabama 36256

John N. Bolus, Esq.
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618

                                                      s/ E. Luckett Robinson, II